IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT EARL COUNCIL AKA KINETIK JUSTICE, *et al,*, <br><br> Plaintiffs, <br><br> v. <br><br> KAY IVEY, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-00712-ECM-JTA <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS MOORE, COLE, MCDOLE, CAMPBELL, PTOMEY, AND ENGLISH'S MOTION FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION** |

The Court, having reviewed all materials submitted in support of and in opposition to Plaintiffs Lee Edward Moore Jr., Jerame Aprentice Cole, Frederick Denard McDole, Michael Campbell, Arthur Charles Ptomey Jr., and Alimireo English's ("Plaintiffs'") Motion for a Preliminary Injunction and Provisional Class Certification, and all other pleadings and arguments by counsel properly before the Court, and after careful consideration, hereby GRANTS the Motion for Preliminary Injunction and Provisional Class Certification and ORDERS as follows:

As to Plaintiffs' motion for a preliminary injunction, the Court finds that Plaintiffs have demonstrated a likelihood of success on the merits of their claims that Defendants Ivey, Marshall, Gwathney, Littleton, and Simmons ("Defendants") have violated the *Ex Post Facto* Clause and the Equal Protection Clause of the United States Constitution in their operation of the parole system. The Court also finds that Plaintiffs have demonstrated that the balance of harms tips sharply in favor of a preliminary injunction because Plaintiffs and others would suffer irreparable harm if Defendants were to continue their unlawful conduct in operating the parole system, while Defendants would suffer no real harm from being required to comply with these constitutional requirements.

Accordingly, IT IS HEREBY ORDERED that, until such time as a trial on the merits may be had or until further order of the Court, Defendants KAY IVEY, Governor of the State of Alabama; STEVE MARSHALL, Attorney General of the State of Alabama; LEIGH GWATHNEY, Chair of the Board of Pardons and Paroles ("Parole Board"); and DARRYL LITTLETON and GABRELLE SIMMONS, Associate Parole Board members, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are HEREBY ENJOINED AND RESTRAINED as follows:

1. Defendants Ivey and Marshall are prohibited from instructing their agents and Defendant Parole Board members (a) to ensure that individuals who have been sentenced to incarceration for offenses Alabama deems "violent" are not granted parole, and (b) to disregard the actuarially- and evidence-based risk assessments for considering parole applications mandated by Alabama law.

2. Defendants Gwathney, Littleton, and Simmons are prohibited from issuing parole decisions deviating from the pre-2019 Parole Guidelines and practices. In the event the Parole Board decides to deny parole to any parole applicant with a "low" or "moderate" Ohio Risk Assessment System ("ORAS") risk assessment level, the Parole Board shall first provide a detailed, individualized written explanation of the evidence and reasons supporting the deviation from the Guidelines and/or ORAS risk assessment level and provide the parole applicant an opportunity to respond.

3. Defendants Gwathney, Littleton, and Simmons are required to revert immediately to the Parole Guidelines and practices in place prior to October 1, 2019.

4.  Defendants Gwathney, Littleton, and Simmons are prohibited from scheduling parole reconsideration dates more than two years from the date of parole denial for all applicants except in exceptional cases, with such cases not exceeding 15% per year.

5.  Defendants Ivey, Marshall, Gwathney, Littleton, and Simmons are prohibited from continuing to benefit from their unconstitutional increase of incarcerated people's sentences since October 1, 2019, as follows:

    a.  Defendants Gwathney, Littleton, and Simmons shall review the parole application files of every individual denied parole since October 1, 2019, in an order of priority to be specified by the Court or a Special Master appointed by the Court, at a rate of 1,000 applications per month, and issue revised parole decisions for those individuals such that the decisions deviate from the pre-2019 Parole Guidelines and/or parole recommendations for all applicants with ORAS "low" and "moderate" risk assessments in no more than 20% of cases per month, and provide a detailed individualized written explanation of the evidence and reasons supporting the deviation, to which the parole applicant may provide evidence and a written response; and

    b.  In the event parole is denied to an applicant as a result of the review described in paragraph (a), Defendants Gwathney, Littleton, and Simmons shall not establish reconsideration dates that are longer than two years from the parole applicant's last hearing date and shall make appropriate changes in the parole hearing calendars to ensure the honoring of such revised reconsideration dates.

The Court hereby appoints a special master to oversee Defendants Ivey, Marshall, Gwathney, Littleton, and Simmons' compliance with the above preliminary injunctive relief while this action is pending.

As to Plaintiffs' motion for provisional class certification, the Court hereby provisionally certifies pursuant to Federal Rule of Civil Procedure 23(b)(2) the following class and subclass for purposes of the present preliminary injunction: (a) the Parole Denial Class ("Class") consisting of all incarcerated persons within ADOC's custody and housed within correctional facilities owned and operated by ADOC who were denied parole while in the custody of ADOC at any time after October 1, 2019; and (b) the Discriminatory Parole Denial Subclass ("Subclass") consisting of all Black members of the Parole Denial Class.

The Court finds that the Class and Subclass are each so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class and Subclass; the claims and defenses of the representative parties are typical of the claims or defenses of the Class and Subclass; and the representative parties will fairly and adequately protect the interests of the class. Moreover, Defendants have acted and refused to act on grounds that apply generally to the Class and Subclass, such that preliminary injunctive relief is appropriate respecting the Class and Subclass as a whole. The Court appoints Altshuler Berzon LLP, Justice Catalyst Law, and Faraino LLC as counsel for the provisionally certified Class and Subclass.

**IT IS SO ORDERED.**

_____     _____
Date                                Hon. Emily C. Marks
                                    Chief United States District Judge