1    SB67

2    167635-9

3    By Senator Ward

4    RFD: Judiciary

5    First Read: 03-MAR-15

6    PFD: 03/02/2015

**ACT No. 2015 - 185**



MAY 12 2015
RECEIVED
GOVERNOR'S OFFICE

Exhibit 4

SB67

1    SB67

2

3

4    <u>ENROLLED</u>, An Act,

5              Relating to crimes and offenses and supervision; to

6    amend Sections 12-25-32 and 12-25-33, Code of Alabama 1975,

7    relating to the Alabama Sentencing Commission; to amend

8    Sections 13A-5-3, 13A-5-6, 13A-5-9, 13A-5-11, 13A-5-13,

9    13A-7-7, 13A-8-4, 13A-8-5, 13A-8-8, 13A-8-9, 13A-8-10.2,

10   13A-8-10.3, 13A-8-18, 13A-8-19, 13A-9-3, 13A-9-4, 13A-9-7,

11   13A-9-14, 13A-12-212, 13A-12-213, and 13A-12-291, Code of

12   Alabama 1975, relating to crimes and offenses to create a

13   Class D felony offense classification and to reclassify

14   certain crimes and offenses based on such Class D

15   classification and to revise certain driver license suspension

16   provisions for drug related offenses; to amend Sections

17   14-14-2, 14-14-4, 14-14-5, 15-12-21, 15-18-8, 15-18-171,

18   15-18-172, 15-18-174, 15-18-176, 15-18-180, 15-18-182,

19   15-22-24, 15-22-26, 15-22-28, 15-22-29, 15-22-31, 15-22-32,

20   15-22-33, 15-22-36, 15-22-36.2, 15-22-37, 15-22-50, 15-22-51,

21   15-22-52, 15-22-53, and 15-22-54, Code of Alabama 1975,

22   relating to sentences and punishment to revise medical

23   furlough provisions, to provide for split sentencing

24   provisions for Class C and D felonies, to provide for

25   supervision and treatment requirements and guidelines for

Exhibit 4

SB67

1 community corrections programs, to provide for supervision and

2 treatment requirements and guidelines for parolees and

3 probationers, to provide for parole release guidelines, to

4 provide for sanctions for parole and probation violations, to

5 provide guidelines for early release from supervision for

6 parolees and probationers, and to expand the automated victim

7 notification system; to amend Section 29-2-20, Code of Alabama

8 1975, relating to the Joint Prison Oversight Committee; to

9 amend Section 36-18-25, Code of Alabama 1975, relating to DNA

10 samples; to add Sections 13A-8-4.1, 13A-8-8.1, 13A-8-18.1,

11 13A-9-3.1, and 13A-9-6.1 to the Code of Alabama 1975 to add

12 certain crimes and offenses based on new crime classifications

13 established; to provide for the crime of theft of services

14 third degree; to add Sections 15-22-26.1, 15-22-36.3, and

15 15-22-57 to the Code of Alabama 1975 relating to the Board of

16 Pardons and Paroles; to provide for a mandatory supervision

17 period on a straight sentence; to provide that the court shall

18 retain jurisdiction of a person for purposes of collecting

19 court-ordered fines, fees, costs, or restitution; to provide

20 for alternative treatments; to provide federal aid provisions

21 for felony offenders; to provide for limited driving permits;

22 to provide for release into federal custody for persons whose

23 federal sentence exceeds their state sentence; to provide for

24 the utilization of certain faith-based treatment services; to

25 provide for certain requirements for the detainment of

Exhibit 4

SB67

1    juveniles; and in connection therewith would have as its

2    purpose or effect the requirement of a new or increased

3    expenditure of local funds within the meaning of Amendment 621

4    of the Constitution of Alabama of 1901, now appearing as

5    Section 111.05 of the Official Recompilation of the

6    Constitution of Alabama of 1901, as amended.

7    BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

8         Section 1. Sections 12-25-32 and 12-25-33, Code of

9    Alabama 1975, are hereby amended to read as follows:

10        "§12-25-32.

11        "For the purposes of this article, the following

12   terms have the following meanings:

13        "(1) COMMISSION. The Alabama Sentencing Commission,

14   established as a state agency under the Supreme Court by this

15   chapter.

16        "(2) CONTINUUM OF PUNISHMENTS. An array of

17   punishment options, from probation to incarceration, graduated

18   in restrictiveness according to the degree of supervision of

19   the offender including, but not limited to, all of the

20   following:

21        "a. Active incarceration. A sentence, other than an

22   intermediate punishment or unsupervised probation, that

23   requires an offender to serve a sentence of imprisonment. The

24   term includes time served in a work release program operated

25   as a custody option by the Alabama Department of Corrections

Exhibit 4

SB67

1     or in the Supervised Intensive Restitution program of the

2     Department of Corrections pursuant to Article 7, commencing

3     with Section 15-18-110, of Chapter 18 of Title 15.

4          "b. Intermediate punishment. A sentence that may

5     include assignment to any community based punishment program

6     or may include probation with conditions or probation in

7     conjunction with a period of confinement. Intermediate

8     punishments include, but are not limited to, all of the

9     following options:

10         "1. A split sentence pursuant to Section 15-18-8.

11         "2. Assignment to a community punishment and

12    corrections program pursuant to the Alabama Community

13    Punishment and Corrections Act or local acts.

14         "3. Assignment to a community based manual labor

15    work program pursuant to Sections 14-5-30 to 14-5-37,

16    inclusive.

17         "4. Intensive probation supervision pursuant to

18    Section 15-22-56.

19         "5. Cognitive and behavioral training.

20         "6. Community service work.

21         "7. County probation.

22         "8. Day fines or means-based fines.

23         "9. Day reporting.

24         "10. Drug or alcohol testing.

25         "11. Drug court programs.

Exhibit 4

SB67

1          "12. Educational programs.

2          "13. Electronic monitoring.

3          "14. Home confinement or house arrest.

4          "15. Ignition interlock.

5          "16. Intermittent confinement.

6          "17. Jail and prison diversion programs.

7          "18. Job readiness and work.

8          "19. Literacy and basic learning.

9          "20. Pretrial diversion programs.

10         "21. Residential drug treatment.

11         "22. Residential community based punishment programs

12    in which the offender is required to spend at least eight

13    hours per day, or overnight, within a facility and is required

14    to participate in activities such as counseling, treatment,

15    social skills training, or employment training, conducted at

16    the residential facility or at another specified location.

17         "23. Restorative justice as established in Section

18    12-17-226.6.

19         "(i) Victim impact panels.

20         "(ii) Voluntary victim offender conferencing.

21         "(iii) Voluntary victim offender mediation.

22         "24. Self-help groups.

23         "25. Sobrietor or breath alcohol remote monitoring.

24         "26. Substance abuse education and treatment.

25         "27. Treatment alternatives to street crime (TASC).

Exhibit 4

SB67

1          "28. Voice recognition, curfew restriction, or
2     employment monitoring.

3          "29. Work release, other than those work release
4     programs operated by the Alabama Department of Corrections, as
5     a custody option.

6          "c. Unsupervised probation. A sentence in a criminal
7     case that includes a period of probation but does not include
8     supervision, active incarceration, or an intermediate
9     punishment.

10          "d. Post-release supervision. A mandatory period of
11     supervision following sentences of active incarceration as
12     defined in paragraph a. that may include one or more
13     intermediate punishment options.

14          "(3) COURT. Unless otherwise stated, a district or
15     circuit court exercising jurisdiction to sentence felony
16     offenders.

17          "(4) EVIDENCE-BASED PRACTICES. Policies, procedures,
18     programs, and practices proven by widely accepted and
19     published research to reliably produce reductions in
20     recidivism.

21          "(4) (5) FELONY OFFENSE. A noncapital felony
22     offense.

23          "(5) (6) INITIAL VOLUNTARY STANDARDS. The voluntary
24     sentencing standards effective on October 1, 2006. These
25     standards were based on statewide historic sentences imposed

Exhibit 4

SB67

1    with normative adjustments designed to reflect current

2    sentencing policies.

3              "~~(6)~~ (7) NONVIOLENT OFFENSE. All offenses which are

4    not violent offenses.

5              "~~(7)~~ (8) NONVIOLENT OFFENDER. Any offender who does

6    not qualify as a violent offender pursuant to subdivision ~~(13)~~

7    (14).

8              "~~(8)~~ (9) OFFENDER. A person convicted of a

9    noncapital felony offense.

10             "~~(9)~~ (10) RELEASE AUTHORITY. Any public official,

11   agency, or other entity authorized by law to release a

12   sentenced offender from incarceration or other conditions of a

13   sentence.

14             "~~(10)~~ (11) VALIDATED RISK AND NEEDS ASSESSMENT. An

15   ~~instrument designed to assess an offender's relative risk for~~

16   ~~reoffending~~ actuarial tool that has been validated and

17   established by administrative rule in Alabama to determine the

18   likelihood of an offender engaging in future criminal

19   behavior. The Board of Pardons and Paroles and the Department

20   of Corrections shall adopt compatible tools to conduct a

21   validated risk and needs assessment upon offenders within the

22   jurisdiction of the state. A validated risk and needs

23   assessment shall include, but not be limited to, an offender's

24   prior criminal history, the nature and severity of the present

25   offense, and potential for future violence.

Exhibit 4

SB67

1      "~~(11)~~ (12) TRUTH-IN-SENTENCING STANDARDS. ~~The~~ Truth

2      in sentencing is ~~sentencing standards that are~~ scheduled to

3      become effective October 1, 2020. ~~These standards shall be~~

4      ~~based on statewide historic time served for offenses with~~

5      ~~adjustments designed by the commission to reflect current~~

6      ~~sentencing policies.~~

7      "~~(12)~~ (13) UNDER SUPERVISION. All offenders under

8      the supervision of any criminal justice agency or program

9      including, but not limited to, any of the following entities:

10      "a. The Alabama Department of Corrections.

11      "b. State or county probation offices.

12      "c. Community corrections programs pursuant to

13      Alabama Community Corrections Act.

14      "d. Jails.

15      "e. State or local law enforcement agencies.

16      "f. Any court.

17      "~~(13)~~ (14) VIOLENT OFFENDER. A violent offender is

18      an offender who has been convicted of a violent offense, or

19      who is determined by the trial court judge or a release

20      authority to have demonstrated a propensity for violence,

21      aggression, or weapons related behavior based on the criminal

22      history or behavior of the offender while under supervision of

23      any criminal justice system agency or entity.

24      "~~(14)~~ (15) VIOLENT OFFENSE.

Exhibit 4

SB67

1        "a. For the purposes of this article, a violent

2  offense includes each of the following offenses, or any

3  substantially similar offense to those listed in this

4  subdivision created after June 20, 2003:

5        "1. Capital murder pursuant to Sections 13A-6-2 and

6  13A-5-40.

7        "2. Murder pursuant to Section 13A-6-2.

8        "3. Manslaughter pursuant to Section 13A-6-3.

9        "4. Criminally negligent homicide pursuant to

10  Section 13A-6-4.

11        "5. Assault I pursuant to Section 13A-6-20.

12        "6. Assault II pursuant to Section 13A-6-21.

13        "7. Compelling street gang membership pursuant to

14  Section 13A-6-26.

15        "8. Kidnapping I pursuant to Section 13A-6-43.

16        "9. Kidnapping II pursuant to Section 13A-6-44.

17        "10. Rape I pursuant to Section 13A-6-61.

18        "11. Rape II pursuant to Section 13A-6-62.

19        "12. Sodomy I pursuant to Section 13A-6-63.

20        "13. Sodomy II pursuant to Section 13A-6-64.

21        "14. Sexual torture pursuant to Section 13A-6-65.1.

22        "15. Sexual abuse I pursuant to Section 13A-6-66.

23        "16. Enticing a child to enter a vehicle for immoral

24  purposes pursuant to Section 13A-6-69.

25        "17. Stalking pursuant to Section 13A-6-90.

Exhibit 4

SB67

1          "18. Aggravated stalking pursuant to Section

2     13A-6-91.

3          "19. Soliciting a child by computer pursuant to

4     Section 13A-6-110.

5          "20. Domestic violence I pursuant to Section

6     13A-6-130.

7          "21. Domestic violence II pursuant to Section

8     13A-6-131.

9          "22. Burglary I pursuant to Section 13A-7-5.

10         "23. Burglary II pursuant to Section 13A-7-6.

11         "24. Burglary III pursuant to <u>subdivision (1) or</u>

12    <u>subdivision (2) of subsection (a) of</u> Section 13A-7-7.

13         "25. Arson I pursuant to Section 13A-7-41.

14         "26. Criminal possession of explosives pursuant to

15    Section 13A-7-44.

16         "27. Extortion I pursuant to Section 13A-8-14.

17         "28. Robbery I pursuant to Section 13A-8-41.

18         "29. Robbery II pursuant to Section 13A-8-42.

19         "30. Robbery III pursuant to Section 13A-8-43.

20         "31. Pharmacy robbery pursuant to Section 13A-8-51.

21         "32. Terrorist threats pursuant to Section

22    13A-10-15.

23         "33. Escape I pursuant to Section 13A-10-31.

Exhibit 4

SB67

1         "34. Promoting prison contraband I pursuant to

2    Section 13A-10-36, involving a deadly weapon or dangerous

3    instrument.

4         "35. Intimidating a witness pursuant to Section

5    13A-10-123.

6         "36. Intimidating a juror pursuant to Section

7    13A-10-127.

8         "37. Treason pursuant to Section 13A-11-2.

9         "38. Discharging a weapon into an occupied building,

10   dwelling, automobile, etc., pursuant to Section 13A-11-61.

11        "39. Promoting prostitution I pursuant to Section

12   13A-12-111.

13        "40. Production of obscene matter involving a minor

14   pursuant to Section 13A-12-197.

15        "41. Trafficking pursuant to Section 13A-12-231.

16        "42. Child abuse pursuant to Section 26-15-3.

17        "43. Elder abuse pursuant to Section 38-9-7.

18        "44. Terrorism pursuant to Section 13A-10-152.

19        "45. Hindering prosecution for terrorism pursuant to

20   Section 13A-10-154.

21        "46. Domestic violence III pursuant to subsection

22   (d) of Section 13A-6-132.

23        "47. Domestic violence by strangulation or

24   suffocation pursuant to Section 13A-6-138.

Exhibit 4

SB67

1          "48. Human trafficking I pursuant to Section

2    13A-6-152.

3          "49. Human trafficking II pursuant to Section

4    13A-6-153.

5          "50. Hindering prosecution in the first degree

6    pursuant to Section 13A-10-43.

7          "46. 51. Any substantially similar offense for which

8    an Alabama offender has been convicted under prior Alabama law

9    or the law of any other state, the District of Columbia, the

10   United States, or any of the territories of the United States.

11         "b. The basis for defining these offenses as violent

12   is that each offense meets at least one of the following

13   criteria:

14         "1. Has as an element, the use, attempted use, or

15   threatened use of a deadly weapon or dangerous instrument or

16   physical force against the person of another.

17         "2. Involves a substantial risk of physical injury

18   against the person of another.

19         "3. Is a nonconsensual sex offense.

20         "4. Is particularly reprehensible.

21         "c. Any attempt, conspiracy, or solicitation to

22   commit a violent offense shall be considered a violent offense

23   for the purposes of this article.

24         "d. Any criminal offense which meets the criteria

25   provided in paragraph b. enacted after 2003.

Exhibit 4

SB67

1          "§12-25-33.

2          "To achieve the goals recognized by the Legislature

3     in Chapter 25 and Section 12-25-31, the commission shall:

4          "(1) Develop, maintain, and modify as necessary a

5     system of statewide voluntary sentencing standards for use in

6     felony cases which shall take into account historical

7     sentencing data, concerning time actually served for various

8     felony offenses, sentences imposed for various felony

9     offenses, and such other factors as appear historically

10    relevant to determining both the duration and disposition of

11    sentences in felony cases. The standards shall recognize a

12    continuum of punishments in recommending the disposition of

13    sentences.

14         "(2) Educate judges, prosecutors, defense attorneys,

15    victim's service officers, community corrections officials,

16    probation officers, and other personnel, where appropriate, in

17    the use of the voluntary sentencing standards and worksheets.

18         "(3) Develop, distribute, and periodically update

19    sentencing worksheets for the use of courts in determining

20    both the duration and disposition of sentences in felony

21    cases.

22         "(4) Prepare, distribute, and periodically update a

23    form for sentencing courts to record the sentence of the

24    offender and the reason or reasons for any departure from the

25    voluntary sentencing standards.

Exhibit 4

SB67

1          "(5) Develop and distribute voluntary standards for
2     sentencing courts that include recommended intermediate
3     punishment options.

4          "(6) Evaluate validated risk and needs assessment
5     instruments used by the Board of Pardons and Paroles, the
6     Department of Corrections, and other agencies and entities and
7     assist in developing an offender risk and needs assessment
8     instrument for use in felony cases, based on a study of
9     Alabama felons, that is intended to be predictive of the
10    relative risk that a felon will become a threat to public
11    safety.

12         "(7) Collect, analyze, and maintain data regarding
13    sentencing practices in felony cases, including the use of the
14    voluntary sentencing standards, and recommend changes or
15    modifications of the standards and worksheets as the
16    commission deems appropriate.

17         "(8) Collect and analyze information including
18    sentencing data, crime trends, and existing correctional
19    resources to enable the commission to make recommendations
20    regarding projected correctional resource needs and to make
21    recommendations to the Governor, the Legislature, the Chief
22    Justice, and the Attorney General in the annual report of the
23    commission. This annual report should also include data
24    showing the impact of the initial voluntary standards and the

Exhibit 4

SB67

1    truth-in-sentencing standards by race, gender, and location of

2    the offender.

3           "(9) Study felony statutes in the context of

4    sentencing patterns as they evolve and make recommendations

5    for the revision of criminal offense statutes to provide more

6    specific offense definitions and more narrowly prescribed

7    ranges of punishment.

8           "(10) Study bills introduced in the Legislature

9    affecting criminal laws and procedure and prepare impact

10   statements of proposed legislation on Alabama's criminal

11   justice system, including the prison population.

12          "(11) Report upon its work and recommendations

13   annually to the Governor, the Legislature, the Chief Justice,

14   and the Attorney General, to include the number of

15   incarcerated inmates that are currently only serving a

16   sentence for a nonviolent offense and who also have a violent

17   offense in their criminal history. The Department of

18   Corrections shall provide to the commission any information

19   necessary to complete such report.

20          "(12) Conduct the research necessary to determine

21   the appropriate point values for offenses classified as Class

22   D felonies for purposes of the sentencing guidelines and

23   establish such point values within the sentencing range set

24   forth in Section 13A-5-6.

Exhibit 4

SB67

1              "~~(12)~~ (13) Perform such other functions as may be

2       required by law or necessary to carry out the duties of the

3       commission prescribed in this chapter and this article.

4              Section 2. Sections 13A-5-3, 13A-5-6, 13A-5-9,

5       13A-5-11, 13A-5-13, 13A-7-7, 13A-8-4, 13A-8-5, 13A-8-8,

6       13A-8-9, 13A-8-10.2, 13A-8-10.3, 13A-8-18, 13A-8-19, 13A-9-3,

7       13A-9-4, 13A-9-7, 13A-9-14, 13A-12-212, 13A-12-213, and

8       13A-12-291 Code of Alabama 1975, are hereby amended to read as

9       follows:

10             "§13A-5-3.

11             "(a) Offenses are designated as felonies,

12      misdemeanors or violations.

13             "(b) Felonies are classified according to the

14      relative seriousness of the offense into ~~three~~ four

15      categories:

16             "(1) Class A felonies;

17             "(2) Class B felonies; ~~and~~

18             "(3) Class C felonies~~.~~ ; and

19             "(4) Class D felonies.

20             "(c) Misdemeanors are classified according to the

21      relative seriousness of the offense into three categories:

22             "(1) Class A misdemeanors;

23             "(2) Class B misdemeanors; and

24             "(3) Class C misdemeanors.

25             "(d) Violations are not classified.

Exhibit 4

SB67

1          "§13A-5-6.

2          "(a) Sentences for felonies shall be for a definite

3      term of imprisonment, which imprisonment includes hard labor,

4      within the following limitations:

5          "(1) For a Class A felony, for life or not more than

6      99 years or less than 10 years.

7          "(2) For a Class B felony, not more than 20 years or

8      less than 2 years.

9          "(3) For a Class C felony, not more than 10 years or

10     less than 1 year and 1 day and must be in accordance with

11     subsection (b) of Section 15-18-8 unless sentencing is

12     pursuant to Section 13A-5-9.

13         "(4) For a Class D felony, not more than 5 years or

14     less than 1 year and 1 day and must be in accordance with

15     subsection (b) of Section 15-18-8.

16         "(4) (5) For a Class A felony in which a firearm or

17     deadly weapon was used or attempted to be used in the

18     commission of the felony, or a Class A felony criminal sex

19     offense involving a child as defined in Section 15-20-21(5)

20     15-20A-4, not less than 20 years.

21         "(5) (6) For a Class B or C felony in which a

22     firearm or deadly weapon was used or attempted to be used in

23     the commission of the felony, or a Class B felony criminal sex

24     offense involving a child as defined in Section 15-20-21(5)

25     15-20A-4, not less than 10 years.

Exhibit 4

SB67

```
 1              "(b) The actual time of release within the
 2       limitations established by subsection (a) of this section
 3       shall be determined under procedures established elsewhere by
 4       law.
 5              "(c) In addition to any penalties heretofore or
 6       hereafter provided by law, in all cases where an offender is
 7       designated as a sexually violent predator pursuant to Section
 8       15-20-25.3 15-20A-19, or where an offender is convicted of a
 9       Class A felony criminal sex offense involving a child as
10       defined in Section 15-20-21(5) 15-20A-4, and is sentenced to a
11       county jail or the Alabama Department of Corrections, the
12       sentencing judge shall impose an additional penalty of not
13       less than 10 years of post-release supervision to be served
14       upon the defendant's release from incarceration.
15              "(d) In addition to any penalties heretofore or
16       hereafter provided by law, in all cases where an offender is
17       convicted of a sex offense pursuant to Section 13A-6-61,
18       13A-6-63, or 13A-6-65.1, when the defendant was 21 years of
19       age or older and the victim was six years of age or less at
20       the time the offense was committed, the defendant shall be
21       sentenced to life imprisonment without the possibility of
22       parole.
23              "§13A-5-9.
24              "(a) In all cases when it is shown that a criminal
25       defendant has been previously convicted of a Class A, Class B,
```

Exhibit 4

SB67

1    or Class C felony and after the conviction has committed

2    another Class A, Class B, or Class C felony, he or she must be

3    punished as follows:

4            "(1) On conviction of a Class C felony, he or she

5    must be punished for a Class B felony.

6            "(2) On conviction of a Class B felony, he or she

7    must be punished for a Class A felony.

8            "(3) On conviction of a Class A felony, he or she

9    must be punished by imprisonment for life or for any term of

10    not more than 99 years but not less than 15 years.

11          "(b) In all cases when it is shown that a criminal

12    defendant has been previously convicted of any two felonies

13    that are Class A, Class B, or Class C felonies and after such

14    convictions has committed another Class A, Class B, or Class C

15    felony, he or she must be punished as follows:

16           "(1) On conviction of a Class C felony, he or she

17    must be punished for a Class A felony.

18           "(2) On conviction of a Class B felony, he or she

19    must be punished by imprisonment for life or for any term of

20    not more than 99 years but not less than 15 years.

21           "(3) On conviction of a Class A felony, he or she

22    must be punished by imprisonment for life or for any term of

23    not less than 99 years.

24           "(c) In all cases when it is shown that a criminal

25    defendant has been previously convicted of any three felonies

Exhibit 4

SB67

1    that are Class A, Class B, or Class C felonies and after such

2    convictions has committed another Class A, Class B, or Class C

3    felony, he or she must be punished as follows:

4         "(1) On conviction of a Class C felony, he or she

5    must be punished by imprisonment for life or for any term of

6    not more than 99 years but not less than 15 years.

7         "(2) On conviction of a Class B felony, he or she

8    must be punished by imprisonment for life or any term of not

9    less than 20 years.

10        "(3) On conviction of a Class A felony, where the

11   defendant has no prior convictions for any Class A felony, he

12   or she must be punished by imprisonment for life or life

13   without the possibility of parole, in the discretion of the

14   trial court.

15        "(4) On conviction of a Class A felony, where the

16   defendant has one or more prior convictions for any Class A

17   felony, he or she must be punished by imprisonment for life

18   without the possibility of parole.

19        "(d) In all cases when it is shown that a criminal

20   defendant has been previously convicted of any two or more

21   felonies that are Class A or Class B felonies and after such

22   convictions has committed a Class D felony, upon conviction,

23   he or she must be punished for a Class C felony.

24        "(e) In all cases when it is shown that a criminal

25   defendant has been previously convicted of any three or more

Exhibit 4

SB67

1 <u>felonies and after such convictions has committed a Class D</u>

2 <u>felony, upon conviction, he or she must be punished for a</u>

3 <u>Class C felony.</u>

4   "§13A-5-11.

5   "(a) A sentence to pay a fine for a felony shall be

6 for a definite amount, fixed by the court, within the

7 following limitations:

8   "(1) For a Class A felony, not more than $60,000;

9   "(2) For a Class B felony, not more than $30,000;

10   "(3) For a Class C felony, not more than $15,000; ~~or~~

11   "<u>(4) For a Class D felony, not more than $7,500; or</u>

12   "~~(4)~~ <u>(5)</u> Any amount not exceeding double the

13 pecuniary gain to the defendant or loss to the victim caused

14 by the commission of the offense.

15   "(b) As used in this section, "gain" means the

16 amount of money or the value of property derived from the

17 commission of the crime, less the amount of money or the value

18 of property returned to the victim of the crime or seized or

19 surrendered to lawful authority prior to the time sentence is

20 imposed. "Value" shall be determined by the standards

21 established in subdivision (14) of Section 13A-8-1.

22   "(c) The court may conduct a hearing upon the issue

23 of defendant's gain or the victim's loss from the crime

24 according to procedures established by rule of court.

Exhibit 4

SB67

1            "(d) This section shall not apply if a higher fine
2       is otherwise authorized by law for a specific crime.

3            "§13A-5-13.

4            "(a) The Legislature finds and declares the
5       following:

6            "(1) It is the right of every person, regardless of
7       race, color, religion, national origin, ethnicity, or physical
8       or mental disability, to be secure and protected from threats
9       of reasonable fear, intimidation, harassment, and physical
10      harm caused by activities of groups and individuals.

11           "(2) It is not the intent, by enactment of this
12      section, to interfere with the exercise of rights protected by
13      the Constitution of the State of Alabama or the United States.

14           "(3) The intentional advocacy of unlawful acts by
15      groups or individuals against other persons or groups and
16      bodily injury or death to persons is not constitutionally
17      protected when violence or civil disorder is imminent, and
18      poses a threat to public order and safety, and such conduct
19      should be subjected to criminal sanctions.

20           "(b) The purpose of this section is to impose
21      additional penalties where it is shown that a perpetrator
22      committing the underlying offense was motivated by the
23      victim's actual or perceived race, color, religion, national
24      origin, ethnicity, or physical or mental disability.

Exhibit 4

SB67

1          "(c) A person who has been found guilty of a crime,

2     the commission of which was shown beyond a reasonable doubt to

3     have been motivated by the victim's actual or perceived race,

4     color, religion, national origin, ethnicity, or physical or

5     mental disability, shall be punished as follows:

6          "(1) Felonies:

7          "a. On conviction of a Class A felony that was found

8     to have been motivated by the victim's actual or perceived

9     race, color, religion, national origin, ethnicity, or physical

10    or mental disability, the sentence shall not be less than 15

11    years.

12         "b. On conviction of a Class B felony that was found

13    to have been motivated by the victim's actual or perceived

14    race, color, religion, national origin, ethnicity, or physical

15    or mental disability, the sentence shall not be less than 10

16    years.

17         "c. On conviction of a Class C felony that was found

18    to have been motivated by the victim's actual or perceived

19    race, color, religion, national origin, ethnicity, or physical

20    or mental disability, the sentence shall not be less than two

21    years.

22         "d. On conviction of a Class D felony that was found

23    to have been motivated by the victim's actual or perceived

24    race, color, religion, national origin, ethnicity, or physical

Exhibit 4

SB67

1    or mental disability, the sentence shall not be less than 18

2    months.

3         "d. e. For purposes of this subdivision, a criminal

4    defendant who has been previously convicted of any felony and

5    receives an enhanced sentence pursuant to this section is also

6    subject to enhanced punishment under the Alabama Habitual

7    Felony Offender Act, Section 13A-5-9.

8         "(2) Misdemeanors:

9         "On conviction of a misdemeanor which was found

10   beyond a reasonable doubt to have been motivated by the

11   victim's actual or perceived race, color, religion, national

12   origin, ethnicity, or physical or mental disability, the

13   defendant shall be sentenced for a Class A misdemeanor, except

14   that the defendant shall be sentenced to a minimum of three

15   months.

16        "§13A-7-7.

17        "(a) A person commits the crime of burglary in the

18   third degree if he knowingly enters or remains unlawfully in a

19   building with intent to commit a crime therein. if any of the

20   following occur:

21        "(1) He or she knowingly enters or remains

22   unlawfully in a dwelling with the intent to commit a crime

23   therein;

Exhibit 4

SB67

| | |
|---|---|
| 1 | "(2) He or she knowingly enters or remains |
| 2 | unlawfully in an occupied building with the intent to commit a |
| 3 | crime therein; or |
| 4 | "(3) He or she knowingly enters or remains |
| 5 | unlawfully in an unoccupied building with the intent to commit |
| 6 | a crime therein. |
| 7 | "(b) Burglary in the third degree is a Class C |
| 8 | felony. |
| 9 | "§13A-8-4. |
| 10 | "(a) The theft of property ~~which exceeds five~~ |
| 11 | ~~hundred dollars ($500)~~ between one thousand five hundred |
| 12 | dollars ($1,500) in value ~~but does not exceed~~ and two thousand |
| 13 | five hundred dollars ($2,500) in value, and which is not taken |
| 14 | from the person of another, constitutes theft of property in |
| 15 | the second degree. |
| 16 | "(b) Theft of property in the second degree is a |
| 17 | Class C felony. |
| 18 | "~~(c) The theft of a credit card or a debit card,~~ |
| 19 | ~~regardless of its value, constitutes theft of property in the~~ |
| 20 | ~~second degree.~~ |
| 21 | "~~(d)~~ (c) The theft of a firearm, rifle, or shotgun, |
| 22 | regardless of its value, constitutes theft of property in the |
| 23 | second degree. |

Exhibit 4

SB67

1     "~~(e)~~ (d) The theft of any substance controlled by

2  Chapter 2 of Title 20 or any amendments thereto, regardless of

3  value, constitutes theft of property in the second degree.

4     "~~(f)~~ (e) The theft of any livestock which includes

5  cattle, swine, equine or equidae, or sheep, regardless of

6  their value, constitutes theft of property in the second

7  degree.

8     "~~(g) Notwithstanding subsection (a), the theft of~~

9  ~~property which exceeds two hundred fifty dollars ($250) in~~

10  ~~value but does not exceed two thousand five hundred dollars~~

11  ~~($2,500) in value, and which is not taken from the person of~~

12  ~~another, where the defendant has previously been convicted of~~

13  ~~a theft of property in the first or second degree or receiving~~

14  ~~stolen property in the first or second degree, constitutes~~

15  ~~theft of property in the second degree.~~

16     "§13A-8-5.

17     "(a) The theft of property which does not exceed

18  five hundred dollars ($500) in value and which is not taken

19  from the person of another constitutes theft of property in

20  the ~~third~~ fourth degree.

21     "(b) Theft of property in the ~~third~~ fourth degree is

22  a Class A misdemeanor.

23     "§13A-8-8.

24     "(a) The theft of lost property ~~which exceeds five~~

25  ~~hundred dollars ($500)~~ between one thousand five hundred

Exhibit 4

SB67

1    dollars ($1,500) in value ~~but does not exceed~~ and two thousand

2    five hundred dollars ($2,500) in value constitutes theft of

3    lost property in the second degree.

4              "(b) Theft of lost property in the second degree is

5    a Class C felony.

6              "§13A-8-9.

7              "(a) The theft of lost property which does not

8    exceed five hundred dollars ($500) in value constitutes theft

9    of lost property in the ~~third~~ fourth degree.

10             "(b) Theft of lost property in the ~~third~~ fourth

11   degree is a Class A misdemeanor.

12             "§13A-8-10.2.

13             "(a) The theft of services ~~which exceeds five~~

14   ~~hundred dollars ($500)~~ between one thousand five hundred

15   dollars ($1,500) in value ~~but does not exceed~~ and two thousand

16   five hundred dollars ($2,500) in value constitutes theft of

17   services in the second degree.

18             "(b) Theft of services in the second degree is a

19   Class C felony.

20             "§13A-8-10.3.

21             "(a) The theft of services which does not exceed

22   five hundred dollars ($500) in value constitutes theft of

23   services in the ~~third~~ fourth degree.

24             "(b) Theft of services in the ~~third~~ fourth degree is

25   a Class A misdemeanor.

Exhibit 4

SB67

1       "§13A-8-18.

2       "(a) Receiving stolen property:

3       "(1) Which ~~exceeds five hundred dollars ($500)~~ is

4    between one thousand five hundred dollars ($1,500) in value

5    ~~but does not exceed~~ and two thousand five hundred dollars

6    ($2,500) in value; or

7       "(2) Of any value under the circumstances described

8    in subdivision (b)(3) of Section 13A-8-16; constitutes

9    receiving stolen property in the second degree~~; or~~.

10      "~~(3) Notwithstanding subdivision (1) of subsection~~

11   ~~(a), receiving stolen property which exceeds two hundred fifty~~

12   ~~dollars ($250) in value but does not exceed two thousand five~~

13   ~~hundred dollars ($2,500) in value where the defendant has~~

14   ~~previously been convicted of theft of property in the first or~~

15   ~~second degree or receiving stolen property in the first or~~

16   ~~second degree, constitutes receiving stolen property in the~~

17   ~~second degree.~~

18      "(b) Receiving stolen property in the second degree

19   is a Class C felony.

20      "§13A-8-19.

21      "(a) Receiving stolen property which does not exceed

22   five hundred dollars ($500) in value constitutes receiving

23   stolen property in the ~~third~~ fourth degree.

24      "(b) Receiving stolen property in the ~~third~~ fourth

25   degree is a Class A misdemeanor.

Exhibit 4

SB67

```
1              "§13A-9-3.

2              "(a) A person commits the crime of forgery in the

3    second degree if, with intent to defraud, he or she falsely

4    makes, completes or alters a written instrument which is or

5    purports to be, or which is calculated to become or to

6    represent if completed:

7              "(1) A deed, will, codicil, or contract, assignment

8    or a check, draft, note or other commercial instrument which

9    does or may evidence, create, transfer, terminate or otherwise

10   affect a legal right, interest, obligation or status; or

11             "(2) A public record, or an instrument filed or

12   required or authorized by law to be filed in a public office

13   or with a public employee; or

14             "(3) A written instrument officially issued or

15   created by a public office, public employees or government

16   agency.

17             "(b) Forgery in the second degree is a Class C

18   felony.

19             "§13A-9-4.

20             (a) A person commits the crime of forgery in the

21   third fourth degree if, with intent to defraud, he or she

22   falsely makes, completes or alters a written instrument.

23             (b) Forgery in the third fourth degree is a Class A

24   misdemeanor.

25             "§13A-9-7.
```

Exhibit 4

SB67

1        (a) A person commits the crime of criminal

2    possession of a forged instrument in the ~~third~~ fourth degree

3    if he or she possesses or utters a forged instrument of a kind

4    covered in Section 13A-9-4 with knowledge that it is forged

5    and with intent to defraud.

6        (b) Criminal possession of a forged instrument in

7    the ~~third~~ fourth degree is a Class A misdemeanor.

8        "§13A-9-14.

9        "(a) A person commits the crime of illegal

10   possession of a credit or debit card if, knowing that he or

11   she does not have the consent of the owner, he or she takes,

12   exercises control over, or otherwise uses the card.

13       "(b) A person commits the crime of fraudulent use of

14   a credit card or debit card if he or she uses, attempts to

15   use, or allows to be used, a credit card or debit card for the

16   purpose of obtaining property, services, or anything else of

17   value with knowledge that:

18       "(1) The card is stolen; or

19       "(2) The card has been revoked or cancelled; or

20       "(3) For any other reason the use of the card is

21   unauthorized by either the issuer or the person to whom the

22   credit card or debit card is issued. The mere use by the

23   original issuee of a credit card or debit card which has

24   expired is not within the provisions of subdivision (b)(3) of

25   this section.

Page 30

Exhibit 4

SB67

1          "(c) "Credit card" means any instrument or device,
2     including a card to obtain telecommunication services, whether
3     known as a credit card, credit plate, bank service card,
4     banking card, check guarantee card, welfare card, a card used
5     to facilitate the transfer of government benefits such as an
6     electronic benefit transfer card (EBT card) or similar card,
7     or a debit card, or by any other name, including an account
8     number, issued with or without fee by an issuer for the use of
9     the cardholder in obtaining money, goods, services, or
10    anything else of value, including telecommunication services,
11    on credit or for use in an automated banking device to obtain
12    any of the services offered through the device.
13         "(d) "Debit card" means any instrument or writing or
14    other evidence known by any name issued with or without fee by
15    an issuer for the use of a depositor in obtaining money,
16    goods, services, or anything else of value, payment of which
17    is made against funds previously deposited in an account with
18    the issuer.
19         "(e) Illegal possession of or fraudulent use of a
20    credit card or debit card is a Class ~~C~~ D felony.
21         "§13A-12-212.
22         "(a) A person commits the crime of unlawful
23    possession of controlled substance if:

Exhibit 4

SB67

1        "(1) Except as otherwise authorized, he or she

2    possesses a controlled substance enumerated in Schedules I

3    through V.

4        "(2) He or she obtains by fraud, deceit,

5    misrepresentation, or subterfuge or by the alteration of a

6    prescription or written order or by the concealment of a

7    material fact or by the use of a false name or giving a false

8    address, a controlled substance enumerated in Schedules I

9    through V or a precursor chemical enumerated in Section

10    20-2-181.

11        "(b) Unlawful possession of a controlled substance

12    is a Class $\in$ D̲ felony.

13        "§13A-12-213.

14        "(a) A person commits the crime of unlawful

15    possession of marihuana in the first degree if, except as

16    otherwise authorized:

17        "(1) He or she possesses marihuana for other than

18    personal use; or

19        "(2) He or she possesses marihuana for his or her

20    personal use only after having been previously convicted of

21    unlawful possession of marihuana in the second degree or

22    unlawful possession of marihuana for his or her personal use

23    only.

Exhibit 4

SB67

1          "(b) Unlawful possession of marihuana in the first

2     degree pursuant to subdivision (1) of subsection (a) is a

3     Class C felony."

4          "(c) Unlawful possession of marihuana in the first

5     degree pursuant to subdivision (2) of subsection (a) is a

6     Class D felony.

7          "§13A-12-291.

8          "(a) A driver's license shall be suspended pursuant

9     to Section 13A-12-290 for conviction of, adjudication of, or a

10    finding of delinquency based on, the following crimes:

11         "(1) Criminal solicitation to commit a controlled

12    substance crime under Section 13A-12-202 the crime of

13    trafficking in specified substances under Section 13A-12-231

14    or unlawful possession with intent to distribute a controlled

15    substance under subsections (c) and (d) of Section 13A-12-211.

16         "(2) Attempt to commit a controlled substance crime

17    under Section 13A-12-203 the crime of trafficking in specified

18    substances under Section 13A-12-231 or unlawful possession

19    with intent to distribute a controlled substance under

20    subsections (c) and (d) of Section 13A-12-211.

21         "(3) Criminal conspiracy to commit a controlled

22    substance crime under Section 13A-12-204 the crime of

23    trafficking in specified substances under Section 13A-12-231.

24         "(4) Unlawful distribution of controlled substances

25    under Section 13A-12-211.

Exhibit 4

SB67

1      "~~(5) Unlawful possession or receipt of controlled~~

2 ~~substances under Section 13A-12-212.~~

3      "~~(6) Unlawful possession of marihuana in the first~~

4 ~~degree under Section 13A-12-213.~~

5      "~~(7) Unlawful possession of marihuana in the second~~

6 ~~degree under Section 13A-12-214.~~

7      "~~(8) Sale or furnishing of controlled substances by~~

8 ~~persons over age 18 to persons under age 18 under Section~~

9 ~~13A-12-215.~~

10      "~~(9)~~ (4) Trafficking in specified substances under

11 Section 13A-12-231.

12      "(5) Unlawful possession with intent to distribute a

13 controlled substance under subsections (c) and (d) of Section

14 13A-12-211.

15      "~~(10)~~ (b) ~~Driving~~ The suspension of a driver's

16 license for driving under the influence of a controlled

17 substance~~,~~ or under the combined influence of a controlled

18 substance and alcohol ~~under Sections 32-5A-191(a)(3) and~~

19 ~~32-5A-191(a)(4)~~ pursuant to Section 32-5A-191 shall be

20 governed by that section.

21      Section 3. Sections 14-14-2, 14-14-4, 14-14-5,

22 15-12-21, 15-18-8, 15-18-171, 15-18-172, 15-18-174, 15-18-176,

23 15-18-180, 15-18-182, 15-22-24, 15-22-26, 15-22-28, 15-22-29,

24 15-22-31, 15-22-32, 15-22-33, 15-22-36, 15-22-36.2, 15-22-37,

Exhibit 4

SB67

1    15-22-50, 15-22-51, 15-22-52, 15-22-53, and 15-22-54, Code of

2    Alabama 1975, are hereby amended to read as follows:

3        "§14-14-2.

4        "For purposes of this chapter, the following words

5    shall have the following meanings:

6        "(1) COMMISSIONER. The Commissioner of the

7    Department of Corrections.

8        "(2) DEPARTMENT. The Department of Corrections.

9        "(3) GERIATRIC INMATE. A person 55 years of age or

10    older convicted in this state of a non-capital felony offense

11    and sentenced to the penitentiary, who suffers from a chronic

12    life-threatening infirmity, life-threatening illness, or

13    chronic debilitating disease related to aging, who poses a low

14    risk to the community, and who does not constitute a danger to

15    himself or herself or society.

16        "(4) PERMANENTLY INCAPACITATED INMATE. A state

17    inmate ~~convicted of a non-capital felony offense and sentenced~~

18    ~~to the penitentiary who does not constitute a danger to~~

19    ~~himself or herself or society, and who, by reason of an~~

20    ~~existing medical condition which is not terminal, is~~

21    ~~permanently and irreversibly incapacitated, and as a result of~~

22    ~~the medical or mental condition requires immediate and~~

23    ~~long-term residential care~~ who possesses a permanent,

24    irreversible physical or mental health condition that prevents

25    him or her from being able to perpetrate a violent physical

Exhibit 4

SB67

1    action upon another person or self or initiate or participate

2    in a criminal act. The medical or mental health treatment or

3    need for assistance of such individual must require daily

4    assistance from a caretaker or a long-term skilled medical or

5    rehabilitation center to perform or assist with activities of

6    daily living, such as ambulation, dressing, and bathing and/or

7    must require medications or treatments, such as hemodialysis,

8    to sustain life which require regular diagnostic tests to

9    monitor therapeutic effectiveness. Long-term care and housing

10   needs of such individual with a physical or mental health

11   condition described above must have the potential to exceed

12   the capabilities to provide such need within the confinement

13   of a secure correctional facility within the department.

14   "(5) TERMINALLY ILL INMATE. A person convicted of a

15   non-capital felony offense who is sentenced to the

16   penitentiary and who has an incurable condition caused by

17   illness or disease which would, with reasonable medical

18   judgment, produce death within 12 months, and who does not

19   constitute a danger to himself or herself or society.

20   "§14-14-4.

21   "(a) The department shall establish a medical

22   furlough program. The commissioner shall adopt the rules and

23   regulations for implementation of the medical furlough

24   program. For each person considered for medical furlough, the

25   commissioner shall determine whether the person is a geriatric

Exhibit 4

SB67

1   inmate, permanently incapacitated inmate, or terminally ill

2   inmate.

3       "(b) Notwithstanding any other law to the contrary,

4   an inmate who has not served his or her minimum sentence shall

5   be considered eligible for consideration for furlough under

6   this chapter.

7       "(c) This chapter shall not apply to inmates

8   convicted of capital murder or a sexual offense.

9       "(d) Medical furlough consideration shall be in

10  addition to any other release for which an inmate may be

11  eligible.

12      "(e) The commissioner shall determine the conditions

13  of release of any inmate pursuant to this chapter, including

14  the appropriate level of supervision of the inmate, and shall

15  develop a discharge plan for each inmate released under this

16  chapter. Prior to the commissioner granting any release based

17  on the appropriate medical documentation pursuant to

18  subsection (b) of Section 14-14-5, employees of the department

19  shall contact appropriate departments and agencies, which may

20  include, but shall not be limited to, the Department of Public

21  Health, the Department of Human Resources, Medicare, Medicaid,

22  hospice organizations, or other public and nonprofit community

23  service agencies as the commissioner may deem necessary for

24  consultation in developing an appropriate discharge plan, and

25  to confirm that required care and resources are available to

Exhibit 4

SB67

1    meet the inmate's needs. This chapter is not intended to

2    expand or create new responsibilities for public agencies for

3    arranging and providing care.

4    "(f) In considering an inmate for medical furlough,

5    the department may request that additional medical evidence be

6    produced, or that additional medical examinations be

7    conducted.

8    "(g) Except as provided herein, the furlough of an

9    inmate on medical furlough shall be for the remainder of the

10    inmate's sentence. In addition to terms and conditions

11    prescribed by the department, supervision of an inmate on

12    medical furlough shall at a minimum consist of biannual

13    medical evaluations by a medical care provider at intervals to

14    be determined by the commissioner at the time of release.

15    "(h) If the medical condition of an inmate released

16    pursuant to this chapter should improve to the extent that he

17    or she no longer meets the criteria by which he or she was

18    released, or if he or she violates a condition of release or

19    becomes a danger to himself or herself or others, the

20    commissioner shall revoke the furlough.

21    "(i) The commissioner shall report annually to the

22    Joint Legislative Interim Prison Committee, House Judiciary

23    Sentencing Commission Subcommittee, and the Alabama Sentencing

24    Commission on the number of applications for medical furlough,

25    the nature of the illnesses, diseases, and conditions of the

Exhibit 4

SB67

1    applicants, the number of inmates granted and denied release,

2    and the number of persons on medical furlough who have been

3    returned to the custody of the department. <u>The commissioner</u>

4    <u>shall further report on the status of all inmates who meet the</u>

5    <u>criteria for medical furlough as defined in Section 14-14-2.</u>

6    <u>This report shall include those individuals who have spent</u>

7    <u>more than 30 calendar days within the prior 12 month time</u>

8    <u>period in an infirmary or under direct medical supervision for</u>

9    <u>the medical condition associated with the furlough request or</u>

10   <u>its comorbidities. The report shall be made in a manner that</u>

11   <u>does not disclose any individual identifying information for</u>

12   <u>any particular inmate and shall be compliant in all respects</u>

13   <u>with the Health Insurance Portability and Accountability Act.</u>

14       "§14-14-5.

15       "(a) An inmate, or any concerned person, including,

16   but not limited to, the inmate's attorney, family, physician,

17   or an employee or official of the department may initiate

18   consideration for medical furlough by submitting to the

19   department an initial medical release application form along

20   with supporting documentation.

21       "(b)(1) The initial application form shall include

22   the report of a physician or physicians employed by the

23   department or its health care provider and a notarized report

24   of at least one other duly licensed physician who is board

25   certified in the field of medicine for which the inmate is

Exhibit 4

SB67

1    seeking a medical furlough and who is not an employee of the

2    department. These reports shall each be of the opinion that

3    the inmate is either terminally ill, permanently

4    incapacitated, or that the inmate suffers from a chronic

5    infirmity, illness, or disease related to aging.

6         "(2) The commissioner shall provide the initial

7    application and medical authorization forms to all department

8    medical care providers, and the forms shall be available at

9    every correctional facility for distribution to inmates.

10        "(c) Consideration for medical furlough shall be

11   initiated by the submission of an application from the

12   department, the inmate, or the inmate's representative, along

13   with the department's supporting documentation to the

14   commissioner.

15        "(d) If the appropriate medical documentation

16   pursuant to subsection (b) has indicated that the inmate is

17   permanently incapacitated or terminally ill, the commissioner,

18   within 30 60 days of receipt of an initial application form,

19   shall make a decision regarding the release of the inmate on

20   medical furlough pursuant to the provisions of this chapter.

21   The initial application form and supporting document of

22   inmates, who have been diagnosed by a physician as suffering

23   from a chronic illness or disease related to aging, shall be

24   submitted to the commissioner within 60 days of receipt of the

25   application by the department. Supporting documentation shall

Exhibit 4

SB67

1    include information concerning the inmate's medical history

2    and prognosis, age, and institutional behavior. At the

3    inmate's request, the department shall also provide a copy of

4    all supporting documentation to the inmate.

5                "(e) In determining eligibility factors for a

6    medical furlough, the commissioner shall take into

7    consideration all of the following factors:

8                "(1) Risk for violence.

9                "(2) Criminal history.

10               "(3) Institutional behavior.

11               "(4) Age of the inmate, currently and at the time of

12   the offense.

13               "(5) Severity of the illness, disease, or

14   infirmities.

15               "(6) All available medical and mental health

16   records.

17               "(7) Release plans, which include alternatives to

18   caring for terminally ill or permanently incapacitated inmates

19   in traditional prison settings.

20               "~~(f) The commissioner shall notify the district~~

21   ~~attorney of the jurisdiction where the inmate was last~~

22   ~~sentenced of the consideration of an inmate for a medical~~

23   ~~furlough and afford the district attorney where the crime was~~

24   ~~prosecuted a reasonable opportunity to object. The~~

25   ~~commissioner shall also notify the victim or victims of the~~

Exhibit 4

SB67

1    crimes listed in paragraphs a. to i., inclusive, of

2    subdivision (1) of subsection (e) of Section 15-22-36, for

3    which the defendant is currently incarcerated, of the review

4    to consider a medical furlough. Notice shall be sent by

5    certified mail, return receipt requested, to the victim or

6    victims named in the indictment.

7         "(g) (f) The commissioner shall make a determination

8    whether to grant medical furlough for terminally ill inmates

9    within 30 days of receipt of an initial application and

10   supporting documentation If the commissioner determines that a

11   geriatric inmate, permanently incapacitated inmate, or

12   terminally ill inmate meets the requirements for release to

13   medical furlough pursuant to this chapter, the commissioner

14   shall release the inmate on medical furlough pursuant to the

15   provisions of this chapter within 90 days of receipt by the

16   commissioner of the initial application form and supporting

17   documentation. The commissioner shall have the authority to

18   revoke the inmate's furlough pursuant to subsection (h) of

19   Section 14-14-4.

20        "(h) (g) The commissioner shall make a determination

21   whether to grant medical furlough for permanently

22   incapacitated inmates within 30 days of receipt of an initial

23   application and supporting documentation At least 30 days

24   prior to release of a geriatric inmate, permanently

25   incapacitated inmate, or terminally ill inmate under

Exhibit 4

SB67

1    subsection (f), the commissioner shall provide notification of

2    the medical furlough release to the district attorney of the

3    jurisdiction where the inmate was last sentenced and shall

4    also provide notification of the medical furlough release to

5    the victim, victim's representative, and other interested

6    individual via certified mail, return receipt requested, or by

7    using the automated victim notification system as provided in

8    Section 15-22-36 and Section 15-22-36.2.

9            "(i) The commissioner shall make a determination on

10   whether to grant medical furlough for geriatric inmates within

11   30 days of receipt of the application and supporting

12   documentation from the department.

13           "§15-12-21.

14           "(a) If it appears to the trial court that an

15   indigent defendant is entitled to counsel, that the indigent

16   defendant does not expressly waive the right to assistance of

17   counsel, and that the indigent defendant is not able

18   financially or otherwise to obtain the assistance of counsel

19   through another indigent defense system for the circuit, the

20   court shall appoint counsel to represent and assist the

21   defendant. It shall be the duty of the appointed counsel, as

22   an officer of the court and as a member of the bar, to

23   represent and assist the indigent defendant to the best of his

24   or her ability.

Exhibit 4

SB67

1         "(b) If it appears to the trial court in a

2 delinquency case, need of supervision case, or other judicial

3 proceeding in which a juvenile is a party, that the juvenile

4 is entitled to counsel and that the juvenile is not able

5 financially or otherwise to obtain the assistance of counsel

6 or that appointed counsel is otherwise required by law, the

7 court shall appoint counsel to represent and assist the

8 juvenile or act in the capacity of guardian ad litem for the

9 juvenile. It shall be the duty of the appointed counsel, as an

10 officer of the court and as a member of the bar, to represent

11 and assist the juvenile to the best of his or her ability.

12         "(c) If it appears to the trial court that the

13 parents, guardian, or custodian of a juvenile who is a party

14 in a judicial proceeding, are entitled to counsel and the

15 parties are unable to afford counsel, upon request, the court

16 shall appoint counsel to represent and assist the parents,

17 guardian, or custodian. It shall be the duty of the appointed

18 counsel, as an officer of the court and as a member of the

19 bar, to represent and assist the parties to the best of his or

20 her ability.

21         "(d) If the appropriate method for providing

22 indigent defense services is by appointed counsel in a case

23 described in subsections (a), (b), and (c), including cases

24 tried de novo in circuit court on appeal from a juvenile

25 proceeding, appointed counsel shall be entitled to receive for

Exhibit 4

SB67

1   their services a fee to be approved by the trial court. The
2   amount of the fee shall be based on the number of hours spent
3   by the attorney in working on the case. The amount of the fee
4   shall be based on the number of hours spent by the attorney in
5   working on the case and shall be computed at the rate of
6   seventy dollars ($70) per hour for time reasonably expended on
7   the case. The total fees paid to any one attorney in any one
8   case, from the time of appointment through the trial of the
9   case, including motions for new trial, shall not exceed the
10  following:

11          "(1) In cases where the original charge is a capital
12  offense or a charge which carries a possible sentence of life
13  without parole, there shall be no limit on the total fee.

14          "(2) Except for cases covered by subdivision (1), in
15  cases where the original charge is a Class A felony, the total
16  fee shall not exceed four thousand dollars ($4,000).

17          "(3) In cases where the original charge is a Class B
18  felony, the total fee shall not exceed three thousand dollars
19  ($3,000).

20          "(4) In cases where the original charge is a Class C
21  or Class D felony, the total fee shall not exceed two thousand
22  dollars ($2,000).

23          "(5) In juvenile cases, the total fee shall not
24  exceed two thousand five hundred dollars ($2,500).

Exhibit 4

SB67

1          "(6) In all other cases, the total fee shall not
2     exceed one thousand five hundred dollars ($1,500).

3          "Counsel shall also be entitled to be reimbursed for
4     any nonoverhead expenses reasonably incurred in the
5     representation of his or her client, with any expense in
6     excess of three hundred dollars ($300) subject to advance
7     approval by the trial court as necessary for the indigent
8     defense services and as a reasonable cost or expense.
9     Reimbursable expenses shall not include overhead expenses.
10    Fees and expenses of all experts, investigators, and others
11    rendering indigent defense services to be used by counsel for
12    an indigent defendant shall be approved in advance by the
13    trial court as necessary for the indigent defense services and
14    as a reasonable cost or expense. Retrials of any case shall be
15    considered a new case for billing purposes. Upon review, the
16    director may authorize interim payment of the attorney fees or
17    expenses, or both.

18         "(e) Within a reasonable time after the conclusion
19    of the trial or ruling on a motion for a new trial or after an
20    acquittal or other judgment disposing of the case, not to
21    exceed 90 days, counsel shall submit a bill for services
22    rendered to the office. The bill shall be accompanied by a
23    certification by the trial court that counsel provided
24    representation to the indigent defendant, that the matter has
25    been concluded, and that to the best of his or her knowledge

Exhibit 4

SB67

```
 1              "(1) That ~~the convicted~~ a defendant convicted of a
 2      Class A or Class B felony be confined in a prison, jail-type
 3      institution, or treatment institution for a period not
 4      exceeding three years in cases where the imposed sentence is
 5      not more than 15 years, and that the execution of the
 6      remainder of the sentence be suspended notwithstanding any
 7      provision of the law to the contrary and that the defendant be
 8      placed on probation for such period and upon such terms as the
 9      court deems best. ~~In cases involving~~
10              "(2) That a defendant convicted of a Class A, Class
11      B, or Class C felony with an imposed sentence of greater than
12      15 years, but not more than 20 years, ~~the sentencing judge may~~
13      ~~order that the convicted defendant~~ be confined in a prison,
14      jail-type institution, or treatment institution for a period
15      ~~not exceeding~~ of three to five years for Class A or Class B
16      felony convictions and for a period of three years for Class C
17      felony convictions, ~~but not less than three years,~~ during
18      which the offender shall not be eligible for parole or release
19      because of deduction from sentence for good behavior under the
20      Alabama Correctional Incentive Time Act, and that the
21      remainder of the sentence be suspended notwithstanding any
22      provision of the law to the contrary and that the defendant be
23      placed on probation for the period upon the terms as the court
24      deems best.
```

Page 48

Exhibit 4

SB67

1              "This subsection shall not be construed to impose

2         the responsibility for offenders sentenced to a Department of

3         Corrections facility upon a local confinement facility not

4         operated by the Department of Corrections.

5              "(2) That the convicted defendant may be confined,

6         upon consultation with the Commissioner of the Alabama

7         Department of Corrections (hereinafter called department) in a

8         disciplinary, rehabilitation, conservation camp program

9         (hereinafter called program) of the department. The convicted

10        defendant shall be received into the department in accordance

11        with applicable department rules and regulations and may be

12        placed in the program after completion of this initial

13        reception. The program shall be not less than 90 days nor more

14        than 180 days in duration and shall be operated in accordance

15        with department rules and regulations and as otherwise

16        provided for by law. The commissioner of the department or his

17        or her designee shall report to the sentencing court of each

18        convicted defendant whether or not the convicted defendant

19        completes or does not complete the program with any additional

20        information that the commissioner or his or her designee shall

21        wish to provide the court. Upon receipt of this report, the

22        sentencing court may, upon its own order, suspend the

23        remainder of the sentence and place the convicted defendant on

24        probation as provided herein or order the convicted defendant

25        to be confined to a prison, jail-type institution, or

Exhibit 4

SB67

1   ~~treatment institution for a period not to exceed three years~~
2   ~~and that the execution of the remainder of the sentence be~~
3   ~~suspended and the defendant be placed on probation for such~~
4   ~~period and upon such terms as the court deems best. If the~~
5   ~~sentencing court imposes additional confinement, as outlined~~
6   ~~above, credit shall be given for the actual time spent by the~~
7   ~~convicted defendant in the program. Conviction of an offense~~
8   ~~or prior offense of murder, rape first degree, kidnapping~~
9   ~~first degree, sodomy first degree, enticing a child to enter~~
10  ~~vehicle, house, etc., for immoral purposes, arson first~~
11  ~~degree, robbery first degree, and sentencing of life without~~
12  ~~parole will not be eligible for this program. It shall be the~~
13  ~~duty of the Joint Prison Committee as established by Sections~~
14  ~~29-2-20 to 29-2-22, inclusive, to annually review the~~
15  ~~operation of the program and report their findings to the~~
16  ~~Alabama Legislature.~~
17            "(b) Unless a defendant is sentenced to probation,
18  drug court, or a pretrial diversion program, when a defendant
19  is convicted of an offense that constitutes a Class C or D
20  felony offense and receives a sentence of not more than 15
21  years, the judge presiding over the case shall order that the
22  convicted defendant be confined in a prison, jail-type
23  institution, treatment institution, or community corrections
24  program for a Class C felony offense or in a consenting
25  community corrections program for a Class D felony offense,

Exhibit 4

SB67

1   except as provided in subsection (e), for a period not
2   exceeding two years in cases where the imposed sentence is not
3   more than 15 years, and that the execution of the remainder of
4   the sentence be suspended notwithstanding any provision of the
5   law to the contrary and that the defendant be placed on
6   probation for a period not exceeding three years and upon such
7   terms as the court deems best. In all cases when it is shown
8   that a defendant has been previously convicted of any three or
9   more felonies or has been previously convicted of any two or
10  more felonies that are Class A or Class B felonies, and after
11  such convictions has committed a Class D felony, upon
12  conviction, he or she must be punished for a Class C felony.
13  This subsection shall not be construed to impose the
14  responsibility for offenders sentenced to a Department of
15  Corrections facility upon a local confinement facility not
16  operated by the Department of Corrections.
17          "(c) Nothing in this section shall be construed as
18  superseding the sentencing requirements set forth and adopted
19  by the legislature as prescribed by the Alabama Sentencing
20  Commission's Sentencing Standards.
21          "(d) In counties or jurisdictions where no community
22  corrections program exists or resources from a community
23  investment are not complete, a county or jurisdiction may
24  enter into a compact or contract with another county or other
25  counties to create a multi-jurisdiction community corrections

Exhibit 4

SB67

| | |
|---|---|
| 1 | facility that meets the needs and resources of each county or |
| 2 | jurisdiction or enter into a compact or contract with a county |
| 3 | or jurisdiction that has a community corrections program to |
| 4 | provide services, as provided in and pursuant to Article 9 of |
| 5 | Chapter 18 of Title 15. |
| 6 | "(e) If no community corrections program exists |
| 7 | within a county or jurisdiction and no alternative program |
| 8 | options are available under subsection (e) of Section |
| 9 | 15-18-172, a defendant convicted of an offense that |
| 10 | constitutes a Class D felony may be sentenced to |
| 11 | high-intensity probation under the supervision of the Board of |
| 12 | Pardons and Paroles in lieu of community corrections. |
| 13 | "(b) (f) Probation may not be granted for a criminal |
| 14 | sex offense involving a child as defined in Section |
| 15 | 15-20-21(5) Section 15-20A-4, which constitutes a Class A or B |
| 16 | felony. Otherwise, probation may be granted whether the |
| 17 | offense is punishable by fine or imprisonment or both. If an |
| 18 | offense is punishable by both fine and imprisonment, the court |
| 19 | may impose a fine and place the defendant on probation as to |
| 20 | imprisonment. Probation may be limited to one or more counts |
| 21 | or indictments, but, in the absence of express limitation, |
| 22 | shall extend to the entire sentence and judgment. |
| 23 | "(c) (g) Regardless of whether the defendant has |
| 24 | begun serving the minimum period of confinement ordered under |
| 25 | the provisions of subsection subsections (a) or (b), if the |

Exhibit 4

SB67

1      <u>imposed sentence is not more than 20 years</u>, the court shall

2      retain jurisdiction and authority throughout that period to

3      suspend that portion of the minimum sentence that remains and

4      place the defendant on probation, notwithstanding any

5      provision of the law to the contrary and the court may revoke

6      or modify any condition of probation or may change the period

7      of probation.

8      "~~(d)~~ <u>(h)</u> While incarcerated or on probation and

9      among the conditions thereof, the defendant may be required:

10      "(1) To pay a fine in one or several sums;

11      "(2) To make restitution or reparation to aggrieved

12      parties for actual damages or loss caused by the offense for

13      which conviction was had; and

14      "(3) To provide for the support of any persons for

15      whose support he or she is legally responsible.

16      "~~(e)~~ <u>(i) Except as otherwise provided pursuant to</u>

17      <u>Section 10,</u> the defendant's liability for any fine or other

18      punishment imposed as to which probation is granted shall be

19      fully discharged by the fulfillment of the terms and

20      conditions of probation.

21      "~~(f)~~ <u>(j)</u> During any term of probation, the defendant

22      shall report to the probation authorities at such time and

23      place as directed by the judge imposing sentence.

24      "~~(g)~~ <u>(k)</u> No defendant serving a minimum period of

25      confinement ordered under the provisions of ~~subsection~~

Exhibit 4

SB67

1    subsections (a) or (b) shall be entitled to parole or to

2    deductions from his or her sentence under the Alabama

3    Correctional Incentive Time Act, during the minimum period of

4    confinement so ordered; provided, however, that this

5    subsection shall not be construed to prohibit application of

6    the Alabama Correctional Incentive Time Act to any period of

7    confinement which may be required after the defendant has

8    served such minimum period.

9         "§15-18-171.

10        "As used in this article, the following terms shall

11   have the following meanings, respectively, unless the context

12   otherwise requires:

13        "(1) APPLICATION PROCESS AND PROCEDURES. The

14   criteria and guidelines developed by the Department of

15   Corrections for the establishment of community punishment and

16   corrections programs, the granting of funds for programs

17   authorized herein, and the monitoring, evaluation, and review

18   of programs funded herein.

19        "(2) BOARD. The board of directors of the authority

20   or the board of directors of a nonprofit entity.

21        "(3) COMMISSIONER. The Commissioner of the

22   Department of Corrections.

23        "(4) COMMUNITY. The county or counties comprising

24   one or more judicial circuits.

Exhibit 4

SB67

1           "(5) COMMUNITY PUNISHMENT AND CORRECTIONS AUTHORITY.

2     A public corporation organized pursuant to the provisions of

3     this article.

4           "(6) COMMUNITY PUNISHMENT AND CORRECTIONS PROGRAM.

5     Any program designed as an alternative to incarceration and

6     maintained by a county commission or an authority or nonprofit

7     entity for the purpose of punishing and for correcting a

8     person convicted of a felony or misdemeanor or adjudicated a

9     youthful offender and which may be imposed as part of a

10    sanction, including, but not limited to confinement, work

11    release, day reporting, home detention, restitution programs,

12    community service, education and intervention programs, and

13    substance abuse programs.

14          "(7) COMMUNITY PUNISHMENT AND CORRECTIONS PLAN. A

15    document prepared by the county commission or an authority, or

16    nonprofit entity, and submitted to the Department of

17    Corrections in accordance with the requirements set forth in

18    the application process and procedure, which identifies

19    proposed community-based programs to be implemented within the

20    county in accordance with the terms of this article and

21    justifies the funding of such programs with regard to local

22    need and community support.

23          "(8) COUNTY COMMISSION CHAIRPERSON. The chair of the

24    county commission or his or her representative.

Exhibit 4

SB67

1     "(9) COUNTY INMATE. A person convicted of a

2 misdemeanor.

3     "(10) COURT. The trial judge exercising sentencing

4 jurisdiction over an eligible offender under this article and

5 includes any successor of the trial judge.

6     "(11) DEPARTMENT. The Department of Corrections.

7     "(12) DIVISION. The Community Corrections Division

8 of the department.

9     "(13) ELIGIBLE. A person who has committed an

10 offense not excluded by subdivision (14) and who meets the

11 criteria of Section 15-18-175.

12     "(14) EXCLUDED FELONY OFFENDERS. One who is

13 convicted of any of the following felony offenses: Murder,

14 kidnapping in the first degree, rape in the first degree,

15 sodomy in the first degree, arson in the first degree,

16 trafficking in controlled substances, robbery in the first

17 degree, <u>burglary in the first degree, manslaughter,</u> sexual

18 abuse in the first degree, forcible sex crimes, ~~lewd and~~

19 ~~lascivious acts~~ <u>sex offenses</u> ~~upon~~ <u>involving</u> a child <u>as defined</u>

20 <u>in Section 15-20A-4</u>, or assault in the first degree if the

21 assault leaves the victim permanently disfigured or disabled.

22     "(15) GOVERNING BODY. With respect to a county, its

23 county commission or other like governing body exercising the

24 legislative functions of a county.

Exhibit 4

SB67

1          "(16) INCORPORATORS. The persons forming a public
2     corporation pursuant to this article.

3          "(17) NONPROFIT ENTITY. Any not-for-profit
4     organization, agency, or other entity other than a community
5     punishment and corrections authority that provides treatment,
6     guidance, training, or other rehabilitation services to
7     individuals, families, or groups in such areas as health,
8     education, vocational training, special education, social
9     services, psychological counseling, and alcohol and drug
10    treatment.

11         "(18) PLAN. The community punishment and corrections
12    plan defined in subdivision (7).

13         "(19) RECIPIENT. Any entity receiving directly or
14    indirectly any financial grant or contractual remuneration
15    under this article.

16         "(20) RENOVATION. The repair, remodeling,
17    alteration, or expansion of existing buildings or structures
18    to make them habitable or suitable for community punishment
19    and corrections program operations, and includes the
20    acquisition and installation of necessary equipment.

21         "(21) RESTITUTION. Payment to the victim who has
22    suffered financial losses as a result of a crime. Restitution
23    shall include, but not be limited to, payment in cash or in
24    kind for the value of stolen or damaged property; for medical
25    expenses due to physical, emotional, or psychological trauma;

Exhibit 4

SB67

1    wages lost as a result of time absent from work; and value of
2    property lost or transferred through theft or exercise of
3    control by deception or fraud.

4              "(22) STATE INMATE. A person convicted of a felony.

5              "(23) USER FEES. Fees assessed against an offender
6    under a community punishment and corrections program to help
7    defray the costs of such programs.

8              "(24) VICTIM SERVICE OFFICER. A person employed to
9    directly assist crime victims and their families with court
10   attendance, restitution, compensation, property return, victim
11   impact statements, and other needs expressed.

12             "(25) YOUTHFUL OFFENDER. A person adjudicated as a
13   youthful offender.

14             "§15-18-172.

15             "(a) A county or group of counties may establish a
16   community punishment and corrections program for state and
17   county inmates or youthful offenders in custody of the county.
18   The program shall be established by a county by resolution
19   adopted by the county commission or by community punishment
20   and corrections authorities or other nonprofit entities as
21   provided herein. The program shall establish the maximum
22   number of offenders who may participate in the program and
23   participation shall be limited to space availability. No
24   offenders may be sentenced or assigned to the program in
25   excess of the maximum number established for the program. No

Exhibit 4

SB67

1   county is obligated to fund any activities of a community
2   corrections program established under this article without an
3   affirmative vote of the affected county commission.

4        "(b) The department may contract with such counties,
5   authorities, or other nonprofit entities as provided herein
6   concerning start-up costs and the costs of maintenance,
7   including medical expenses, of state inmates participating in
8   any program authorized under this article or under any county
9   program functioning pursuant to any state or local act.

10        "(c) The department shall promulgate rules and
11  regulations pursuant to the Alabama Administrative Procedure
12  Act establishing conditions for state inmates' participation
13  in the community punishment and corrections program, the
14  observance of which may be a condition to such participation.

15        "(d) A state inmate incarcerated in a state facility
16  may be approved by the department for participation in a
17  community punishment and corrections program established under
18  this article and be assigned to a program in the county from
19  which the inmate was sentenced if a community punishment and
20  corrections program under this article has been established in
21  that county and if the sentencing judge of the county
22  authorizes the inmate to participate in the program. An inmate
23  may be assigned to a community punishment and corrections
24  program in another county if the presiding judge of the other
25  county and the sentencing judge agree to the assignment and if

Exhibit 4

SB67

1    the county has agreed in the contract to accept inmates

2    originally sentenced in other counties. In the event the

3    sentencing judge is unavailable due to death, retirement, or

4    any other reason, the presiding judge from the sentencing

5    circuit shall act in the sentencing judge's stead. An inmate

6    assigned to a community punishment and corrections program

7    pursuant to this article shall not be eligible for parole

8    consideration.

9              "(e) The department shall annually identify

10   alternatives to community punishment and corrections programs

11   for those counties which have not established a community

12   punishment and corrections program under this article. The

13   department shall publish a list of such alternatives on its

14   website and shall provide a list of such alternatives to each

15   district and circuit court annually. The department shall

16   include a list of referral services available for veterans and

17   servicemen, and, when available and appropriate, shall include

18   any Veterans Treatment Court in operation in the appropriate

19   county or circuit as an alternative.

20             "§15-18-174.

21             "In addition to those otherwise provided by law, the

22   department shall have the following powers, duties, and

23   authority:

Exhibit 4

SB67

1    "(1) Monitor the community punishment and
2    corrections program within the goals and mandates established
3    herein.

4    "(2) Conduct statewide public education programs
5    concerning the purposes and goals as established herein and
6    make an annual report to the Prison Oversight Committee of the
7    Legislature and the Alabama Sentencing Commission regarding
8    the effectiveness of diversion of offenders from state and
9    local correctional institutions. This annual report should
10   also include data showing the impact of diversion of offenders
11   by race, gender, and location of the offender.

12   "(3) Provide technical assistance to local
13   governments, authorities and other nonprofit entities and
14   agencies, and local community punishment and corrections
15   advisory boards regarding development of a community
16   punishment and corrections program.

17   "(4) Develop minimum standards, policies, and
18   administrative rules for the statewide implementation of this
19   article.

20   "(5) Develop and implement by rule an application
21   process and procedure.

22   "(6) Review community punishment and corrections
23   plans and award contracts or grants.

Exhibit 4

SB67

1                  "(7) Conduct an audit and annual program evaluation

2     of programs receiving contracts or grants to ensure program

3     accountability.

4                  "(8) Require community punishment and corrections

5     plans and programs to incorporate uniform statewide

6     evidence-based practices as defined in Section 12-25-32,

7     subject to available resources, when supervising, treating, or

8     providing for the treatment of offenders.

9                  "(9) Provide training for community punishment and

10    corrections programs and employees relating to offender

11    supervision and the utilization of evidence-based practices as

12    defined in Section 12-25-32 in the supervision and treatment

13    of offenders.

14                "(10) Require community punishment and corrections

15    programs to provide particular treatment and supervision based

16    on the offender's risk of reoffending through use of a

17    validated risk and needs assessment, as defined in Section

18    12-25-32, conducted by the program and, to the extent

19    practicable, to prioritize treatment and supervision

20    resources, as well as behavioral health assessment and

21    treatment referral services, on those offenders who have the

22    highest risk of reoffending as determined by a validated risk

23    and needs assessment. The department shall utilize services

24    available for veterans and servicemen and shall annually

25    collaborate with the Department of Veterans Affairs to confirm

Exhibit 4

SB67

1    behavioral and treatment services that are appropriate for

2    referral.

3         "§15-18-176.

4         "(a) A community punishment and corrections plan

5    shall be developed and submitted to the department which

6    sufficiently documents the local need and support for the

7    proposed program. The community punishment and corrections

8    plan shall have the approval of the county commission in the

9    affected counties prior to submission to the department. Any

10    plan shall specifically state the maximum number of inmates

11    eligible to participate in the program.

12         "(b) The format for any community punishment and

13    corrections plan shall be specified by the division in its

14    application process and procedures. Funding and grant

15    evaluation criteria shall be outlined in the application

16    process and procedures to be developed by the division in

17    order that each applicant may know the basis upon which funds

18    will be granted. The department shall adopt rules pursuant to

19    the Administrative Procedure Act outlining the application

20    process and procedures.

21         "(c) The application process and procedures should

22    include a performance-based reimbursement funding plan,

23    developed by the department, for funding community punishment

24    and corrections plans that utilize evidence-based practices as

25    defined in Section 12-25-32 in the treatment and supervision

Exhibit 4

SB67

1    of community punishment and corrections program participants

2    and that meet specified treatment and supervision targets as

3    outlined in the application. The performance-based

4    reimbursement plan outlined in the application process and

5    procedures should also include higher reimbursement rates for

6    community punishment and corrections plans that include

7    behavioral health assessment and treatment referral, to

8    include behavioral and substance abuse treatment, for

9    community punishment and corrections program participants, as

10   well as for local probationers and parolees under the

11   supervision of the Board of Pardons and Paroles. The

12   Department of Corrections, along with the Board of Pardons and

13   Paroles, the Department of Veterans Affairs, the Department of

14   Public Health, and the Department of Mental Health, shall

15   collaborate with the Office of the Governor to implement the

16   provisions of this subsection relating to behavioral health

17   treatment and substance abuse treatment services. The Office

18   of the Governor shall ensure that treatment services that

19   receive funding from the state or through court-ordered monies

20   utilize such funding and monies for programs reasonably

21   expected to reduce recidivism among community corrections

22   offenders.

23            "(d) The application process and procedures should

24   include a requirement that each community punishment and

25   corrections plan establish guidelines to ensure that the

Exhibit 4

SB67

1  supervision and treatment of offenders participating in a

2  community punishment and corrections program is, to the extent

3  practicable, individualized based on the offender's risk of

4  reoffending, as determined through a validated risk and needs

5  assessment as defined in Section 12-25-32, administered by the

6  community punishment and corrections program, and that

7  treatment and supervision resources, as well as behavioral

8  health assessment and treatment referral services, are, within

9  the resources available, prioritized based on those offenders

10 who have the highest risk of reoffending. The plan shall

11 include a list of services available for veterans and,

12 servicemen, and, when appropriate, shall include any Veterans

13 Treatment Court in operation in the appropriate county or

14 circuit as a possible alternative for mentoring and

15 supervision.

16      "(c) (e) Participation in the programs set forth in

17 this article is voluntary. Any participating authority, county

18 commission, or other nonprofit entity may notify the director

19 of the division of its intention to withdraw from

20 participation in the community punishment and corrections

21 program contract. The withdrawal will become effective on the

22 last day of the grant year.

23      "§15-18-180.

24      "(a) Community punishment and corrections funds may

25 be used to develop or expand the range of community

Exhibit 4

SB67

1   punishments and services at the local level. Community-based
2   programs should utilize evidence-based practices, as defined
3   in Section 12-25-32, in the treatment and supervision of
4   program participants. The supervision and treatment of each
5   program participant is expected to be based on the
6   participant's anticipated risk of reoffending, as determined
7   through a validated risk and needs assessment as defined in
8   Section 12-25-32, administered by the program. Supervision and
9   treatment of program participants should include the
10  following:
11          "(1) Use of a validated risk and needs assessment;
12          "(2) Use of assessment results to provide guidance
13  for determining the appropriate level of supervision responses
14  consistent with the levels of supervision and evidence-based
15  practices reasonably anticipated to reduce recidivism; and
16          "(3) Use of practical and suitable methods that are
17  consistent with evidence-based practices to aid and encourage
18  the offender to improve his or her conduct and circumstances
19  so as to reduce the offender's risk of recidivism.
20          "(b) Community-based programs options may include,
21  but are not limited to, the following:
22          "(1) Community service supervision; victim
23  restitution, community detention and restitution centers; day
24  reporting centers; victim-offender reconciliation programs;
25  home confinement/curfew; electronic surveillance; intensive

Exhibit 4

SB67

1    supervision probation; alcohol/drug outpatient treatment and
2    psychiatric counseling.

3           "(2) Short-term community residential treatment
4    options that involve close supervision in a residential
5    setting may include, but are not limited to, the following
6    options: Detoxification centers; community detention centers
7    for special needs offenders and probation and parole
8    violators; and inpatient drug/alcohol treatment.

9           "(3) Residential in-house drug and alcohol treatment
10   for detoxification and residential and nonresidential drug and
11   alcohol counseling.

12          "(4) Individualized services which provide
13   evaluation and treatment for special needs of the population
14   served under this article. The services may include the
15   purchase of psychological, medical, educational, vocational,
16   drug and alcohol urine screening, and client specific plan
17   diagnostic evaluations. Other services which may be pursued on
18   an individualized basis may include, but shall not be limited
19   to, job training, alcohol and drug counseling, individual and
20   family counseling, educational programs leading to a GED
21   certificate, or transportation subsidies.

22          "(5) Churches or other nonprofit facilities that
23   provide religious-based counseling, education, or other
24   rehabilitative services. Any such facility that receives
25   funding from the state shall be subject to all requirements

Exhibit 4

SB67

1    and provisions of this article. Any such facility that does

2    not receive funding from the state shall be exempt from the

3    requirements and provisions of this article, as well as from

4    the requirements of Chapter 22 of Title 41.

5         "~~(b)~~ (c) Community punishment and corrections funds

6    may also be used to acquire, renovate, and operate community

7    facilities established to provide the options and services set

8    forth in ~~subsection~~ subsections (a) and (b).

9         "~~(c)~~ (d) Counties, authorities, and other nonprofit

10   entities receiving funding herein may provide or contract with

11   qualified proprietary, nonprofit, or governmental entities for

12   the provision of services under this article.

13        "~~(d)~~ (e) Any options or services established under

14   this article may serve offenders from any county ~~in the~~

15   ~~judicial circuit which has established a program.~~

16        "~~(e)~~ (f) As a part of a community punishment and

17   corrections plan, user fees may be assessed to help defray the

18   cost of the plan. User fees paid by an offender participating

19   in any option or service established under this article shall

20   not diminish the payment of restitution by the offender to the

21   victim of the crime for which he or she was sentenced and

22   shall not diminish fines, court costs, or other court fees

23   unless expressly reduced or remitted by the court.

24        "~~(f)~~ (g) In the event a defendant is assigned to a

25   work release or other residential punishment program operated

Exhibit 4

SB67

1    by a community corrections provider authorized under this
2    article, the defendant's employer shall send the inmate's
3    wages directly to the community corrections provider
4    responsible for housing the defendant. Of the inmate's
5    earnings, 25 percent of the gross wages shall be applied to
6    costs incident to the inmate's confinement, upkeep, and a
7    minimum of an additional 20 percent shall be applied, 10
8    percent to payment of court costs, fines, court-ordered
9    attorney fees, and other court-ordered fees or assessments,
10   and 10 percent to restitution. The remainder of the inmate's
11   wages may be credited to an account established for the
12   defendant with the community corrections provider and may be
13   paid out for dependent care, savings, and spending money.
14   Modes of accounting and disbursement of these funds shall be
15   addressed in the community punishment and corrections plan.
16   Upon release from a residential program, any balance remaining
17   in the defendant's account shall be returned to the defendant,
18   and the defendant shall remain responsible for paying for any
19   court-ordered monies owed. If the defendant remains under
20   community corrections supervision after his or her release
21   from a residential program, the community corrections provider
22   shall verify that the defendant is paying any remaining
23   court-ordered payments owed.
24          "§15-18-182.

Exhibit 4

SB67

1    "(a) In order to remain eligible for continued grant
2    funding, a recipient must substantially comply with the
3    requirements of this article and the standards and
4    administrative regulations of the department promulgated
5    pursuant to the Administrative Procedure Act defining program
6    effectiveness. Each recipient will participate in ~~an~~ a
7    substantive evaluation to determine local and state program
8    effectiveness. The form of this evaluation will be determined
9    ~~by the director of the division~~ in collaboration with the
10   Office of the Governor. The standards, regulations, and
11   evaluations of the department are public records and shall be
12   made available for inspection and copying upon request.

13   "(b) Continued grant funding shall be based on
14   demonstrated effectiveness in either reducing the number of
15   commitments of eligible offenders to state penal institutions
16   or local jails which would likely have occurred without the
17   programs funded under this article or maintaining and
18   operating the program in accordance with evidence-based
19   practices as defined in Section 12-25-32.

20   "(c) Subject to funding availability, each county,
21   participating authority, or other nonprofit entity is eligible
22   to receive additional incentive funding for extending programs
23   if such programs exceed the objectives of this article and the
24   approved community punishment and corrections plan based upon

Exhibit 4

SB67

1    criteria developed by the division and promulgated under its

2    rules pursuant to the Administrative Procedure Act.

3              "(d) If the director of the division determines that

4    there are reasonable grounds to believe that a participating

5    county, authority, or other nonprofit entity is not complying

6    with its plan, or the minimum standards, the director shall

7    give 30 days' written notice to the participating entity, as

8    well as to the county commission in the affected county. If

9    the director finds that such a participating entity is not

10   complying with its plan or the minimum standards established

11   in this article, the director shall require the entity to

12   provide a letter of intent as to how and when specific

13   deficiencies identified by the director will be corrected. If

14   no letter is submitted to the director within the time limit

15   specified, or if the deficiencies are not corrected within 45

16   days after a letter has been submitted to the entity, the

17   director, with the approval of the commissioner and the Office

18   of the Governor, may suspend any part or all of the funding

19   until compliance is achieved.

20             "§15-22-24.

21             "(a) The Board of Pardons and Paroles, hereinafter

22   referred to as "the board," shall be charged with the duty of

23   determining, through use of a validated risk and needs

24   assessment as defined in Section 12-25-32, what prisoners

25   serving sentences in the jails and prisons of the State of

Exhibit 4

SB67

1    Alabama may be released on parole and when and under what

2    conditions. Such board shall also be charged with the duty of

3    supervising all prisoners released on parole from the jails or

4    prisons of the state and of lending its assistance to the

5    courts in the supervision of all prisoners placed on probation

6    by courts exercising criminal jurisdiction and making such

7    investigations as may be necessary in connection therewith, of

8    implementing the use of validated risk and needs assessments

9    as defined in Section 12-25-32 by probation and parole

10   officers, of determining whether violation of parole or

11   probation conditions exist in specific cases, deciding, in the

12   case of parolees, what action should be taken with reference

13   thereto, causing, in the case of probationers, reports of such

14   investigations to be made to the judges of the courts having

15   jurisdiction of the probationers and of aiding parolees and

16   probationers to secure employment. ~~It shall also be the duty~~

17   ~~of the board to personally study the prisoners confined in the~~

18   ~~jails and prisons of the state so as to determine their~~

19   ~~ultimate fitness to be paroled.~~

20              "(b) Between October 1 and December 31 of each year,

21   the board shall make a full report of its activities and

22   functions during the preceding year, and such report shall be

23   prepared in quadruplicate, with one copy thereof lodged with

24   the Governor, one filed in the office of the Secretary of

25   State, one filed in the office of the Department of Archives

Exhibit 4

SB67

1    and History, and one copy retained in the permanent records of
2    the board.

3                "(c) The board may accept grants, devices, bequeaths
4    [bequests] or gifts and make expenditures therefrom for the
5    operations of the board and not individually as board members.

6                "(d) The board shall have the power and authority to
7    enter contracts to accomplish the objectives of the board.

8                "(e) The board may shall adopt policy and procedural
9    guidelines for establishing parole consideration eligibility
10   dockets based on its evaluation of a prisoner's prior record,
11   nature and severity of the present offense, potential for
12   future violence, and community attitude toward the offender to
13   include input from the victim or victims, the family of the
14   victim or victims, prosecutors, and law enforcement entities
15   or other criteria established by the board pursuant to Section
16   15-22-37.

17               "(f) Any person who, at the time of his retirement,
18   is employed by the Board of Pardons and Paroles as a probation
19   and parole officer, shall receive as part of his retirement
20   benefits, without cost to him, his badge, and pistol.

21               "(g) The board is hereby authorized and empowered to
22   promulgate rules and regulations to establish a program that
23   will authorize the board to expend state moneys not to exceed
24   $250.00 per year for awarding recognition incentive awards for
25   outstanding employees.

Exhibit 4

SB67

1          "(h) No state official shall appear or otherwise
2     represent an applicant before the board for any consideration
3     or thing of value unless said official was counsel of record
4     for the applicant during a trial or hearing in the regular
5     judicial process that led to said applicant's present status;
6     however, no state official shall be prohibited from appearing
7     without consideration before the board or board panel on
8     behalf of an applicant.

9          "(i) The board shall have the power, authority, and
10    jurisdiction to conditionally transfer a prisoner to the
11    authorities of the federal government or any other
12    jurisdiction entitled to his custody to answer pending charges
13    or begin serving a sentence in response to a properly filed
14    detainer from the other jurisdiction. Such conditionally
15    transferred prisoner shall remain in the legal custody of the
16    warden of the institution from which he was transferred.
17    Should any such conditionally transferred prisoner satisfy all
18    detainers against him prior to completion of his Alabama
19    sentence, said prisoner shall not be released from custody
20    without further order of the Board of Pardons and Paroles.

21         "(j) The board and its agents shall have the power
22    and authority to administer oaths and affirmation, examine
23    witnesses and receive evidence on all matters to be considered
24    by the board.

Exhibit 4

SB67

| | |
|---|---|
| 1 | "(k) The board shall develop and adopt guidelines |
| 2 | and policies to ensure that any treatment programs or |
| 3 | providers utilized by the board in the supervision of |
| 4 | probationers and parolees implement evidence-based practices, |
| 5 | as defined in Section 12-25-32, designed to reduce recidivism |
| 6 | among such probationers and parolees and shall cooperate with |
| 7 | the Office of the Governor in evaluating such programs and |
| 8 | providers. The Office of the Governor shall ensure that |
| 9 | treatment programs and providers that receive funding from the |
| 10 | state or through court-ordered monies utilize such funding and |
| 11 | monies for programs reasonably expected to reduce recidivism |
| 12 | among probationers and parolees. |
| 13 | "(l) The board shall develop and adopt guidelines |
| 14 | and policies to ensure that the supervision and treatment of |
| 15 | probationers and parolees shall be based on the individual |
| 16 | probationer's or parolee's risk of reoffending, as determined |
| 17 | through a validated risk and needs assessment as defined in |
| 18 | Section 12-25-32, and that supervision and treatment resources |
| 19 | of the board are prioritized to focus on those probationers |
| 20 | and parolees with the highest risk of reoffending. The board |
| 21 | shall include resources available to veterans and servicemen |
| 22 | and shall annually coordinate with the Department of Veterans |
| 23 | Affairs to ensure the most current benefits and services are |
| 24 | identified and available. The board shall maximize case |
| 25 | supervision practices such that no probation and parole |

Exhibit 4

SB67

1  officer is assigned more than 20 active high-risk cases at any

2  one time. Supervision and treatment of probationers and

3  parolees shall include the following:

4  "(1) Use of a validated risk and needs assessment;

5  "(2) Use of assessment results to guide the

6  appropriate level of supervision responses consistent with the

7  level of supervision and evidence-based practices used to

8  reduce recidivism;

9  "(3) Collateral and personal contacts with the

10  probationer or parolee and community that may be unscheduled

11  and that shall occur as often as needed based on the

12  probationer's or parolee's supervision level, which, in turn,

13  should be based on risk of reoffense as determined through a

14  validated risk and needs assessment. Such contacts shall serve

15  the purpose of keeping supervising officers informed of the

16  probationer's or parolee's conduct, compliance with

17  conditions, and progress in community-based intervention;

18  "(4) Case planning for each probationer or parolee

19  based on risk of reoffense and needs identified and

20  prioritized based on associated risk; and

21  "(5) Use of practical and suitable methods that are

22  consistent with evidence-based practices to aid and encourage

23  the probationer or parolee to improve his or her conduct and

24  circumstances so as to reduce his or her level of risk.

Exhibit 4

SB67

1          "(m) The board shall require all probation and
2     parole officers employed on the effective date of this act to
3     complete the training requirements set forth in this
4     subsection on or before January 1, 2017. All probation and
5     parole officers hired after the effective date of this act
6     shall complete the training requirements set forth in this
7     subsection within two years of their hire date. The training
8     and professional development services shall include:
9               "(1) Assessment techniques;
10              "(2) Case planning;
11              "(3) Risk reduction strategies;
12              "(4) Effective communication skills;
13              "(5) Behavioral health needs;
14              "(6) Application of core correctional practices,
15    including motivational interviewing, basic principles of
16    cognitive therapy, structured skill building, problem solving,
17    reinforcement and use of authority;
18              "(7) Training for supervising officers to become
19    training capacity in the state; and
20              "(8) Other topics identified by the board as
21    evidence-based practices as defined in Section 12-25-32.
22              "(n) The board shall not have the power, authority,
23    or jurisdiction to regulate or exercise authority over, or
24    related to, the operation, management, regulations, policies,
25    or procedures of any local confinement facility, including,

Exhibit 4

SB67

| | |
|---|---|
| 1 | but not limited to, county jails, community corrections |
| 2 | programs, or drug courts. |
| 3 | "§15-22-26. |
| 4 | "(a) No prisoner shall be released on parole merely |
| 5 | as a reward for good conduct or efficient performance of |
| 6 | duties assigned in prison, but only if the Board of Pardons |
| 7 | and Paroles is of the opinion that ~~there is reasonable~~ |
| 8 | ~~probability that, if such prisoner is released, he will live~~ |
| 9 | ~~and remain at liberty without violating the law and that his~~ |
| 10 | ~~release is not incompatible with the welfare of society.~~ the |
| 11 | prisoner meets criteria and guidelines established by the |
| 12 | board to determine a prisoner's fitness for parole. The |
| 13 | guidelines shall serve as an aid in the parole decision |
| 14 | process and shall promote the use of prison space for the most |
| 15 | violent and greatest risk offenders. The guidelines shall be |
| 16 | structured, actuarially based, reviewed every three years by |
| 17 | the board, after a specified open comment period determined by |
| 18 | the board, and posted on the website of the board and include, |
| 19 | but not be limited to, the following: |
| 20 | "(1) The prisoner's risk to reoffend, based upon a |
| 21 | validated risk and needs assessment as defined in Section |
| 22 | 12-25-32; |
| 23 | "(2) Progress by the prisoner and the Department of |
| 24 | Corrections to plan for reentry; |

Exhibit 4

SB67

1       "(3) Input from the victim or victims, the family of

2  the victim or victims, prosecutors, and law enforcement

3  entities;

4       "(4) Participation in risk-reduction programs while

5  incarcerated;

6       "(5) Institutional behavior of the prisoner while

7  incarcerated; and

8       "(6) Severity of the underlying offense for which

9  the prisoner was sentenced to incarceration.

10      "(b) If the board shall so determine, such prisoner

11  shall be allowed to go upon parole outside of prison walls and

12  enclosure upon such terms and conditions as the board shall

13  prescribe, but to remain while thus on parole in the legal

14  custody of the warden of the prison from which he is paroled

15  until the expiration of the maximum term specified in his

16  sentence or until he is fully pardoned.

17      "(c) The board shall clearly articulate its reasons

18  for approval or denial of parole for each prisoner, based on

19  its established guidelines, and shall provide the reasons for

20  approval or denial to the prisoner, the victim, the Department

21  of Corrections, or any other interested party upon written

22  request submitted to the board. The use of established

23  guidelines for parole consideration shall not create a right

24  or expectation by a prisoner to parole release. Additionally,

25  the articulated reasons for denial of parole release shall not

Exhibit 4

SB67

1    create a right or expectation for parole release. The

2    guidelines shall serve as an aid in the parole decision making

3    process, and the decision concerning parole release shall be

4    at the complete discretion of the board.

5            "§15-22-28.

6            "(a) It shall be the duty of the Board of Pardons

7    and Paroles, upon its own initiative, to make an investigation

8    of any and all prisoners confined in the jails and prisons of

9    the state, through use of a validated risk and needs

10   assessment as defined in Section 12-25-32, with a view of

11   determining the feasibility of releasing the prisoners on

12   parole and effecting their reclamation. Reinvestigations shall

13   be made from time to time as the board may determine or as the

14   Board Department of Corrections may request. The

15   investigations shall include such reports and other

16   information as the board may require from the Board Department

17   of Corrections or any of its officers, agents or employees.

18           "(b) It shall be the duty of the Board Department of

19   Corrections to cooperate with the Board of Pardons and Paroles

20   for the purpose of carrying out the provisions of this

21   article.

22           "(c) Temporary leave from prison, including

23   Christmas furloughs, may be granted only by the Commissioner

24   of Corrections to a prisoner for good and sufficient reason

25   and may be granted within or without the state; provided, that

Exhibit 4

SB67

1    Christmas furloughs shall not be granted to any prisoner

2    convicted of drug peddling, child molesting or rape, or to any

3    maximum security prisoner. A permanent, written record of all

4    such temporary leaves, together with the reasons therefor,

5    shall be kept by such commissioner. He shall furnish the

6    Pardon and Parole Board with a record of each such leave

7    granted and the reasons therefor, and the same shall be placed

8    by the board in the prisoner's file.

9            "(d) No prisoner shall be released on parole except

10   by a majority vote of the board ~~, nor unless the board is~~

11   ~~satisfied that he will be suitably employed in self-sustaining~~

12   ~~employment or that he will not become a public charge if so~~

13   ~~released~~. The board shall not parole any prisoner for

14   employment by any official of the State of Alabama, nor shall

15   any parolee be employed by an official of the State of Alabama

16   and be allowed to remain on parole; provided, however, that

17   this provision shall not apply in the case of a parolee whose

18   employer, at the time of the parolee's original employment,

19   was not a state official.

20           "(e) ~~The~~ For violent offenses as defined in Section

21   12-25-32, the board shall not grant a parole to any prisoner

22   who has not served at least one third or 10 years of his

23   sentence, whichever is the lesser, except by a unanimous

24   affirmative vote of the board.

25           "§15-22-29.

Exhibit 4

SB67

1        "(a) The Board of Pardons and Paroles, in releasing

2    a prisoner on parole, shall specify in writing the conditions

3    of his parole, and a copy of such conditions shall be given to

4    the parolee. A violation of such conditions may render the

5    prisoner liable to arrest and reimprisonment.

6        "(b) The Board of Pardons and Paroles shall adopt

7    general rules with regard to conditions of parole and their

8    violation and may make special rules to govern particular

9    cases. Such rules, both general and special, ~~may~~ shall

10   include, among other things, a requirement that:

11       "(1) The parolee shall not leave the state without

12   the consent of the board;

13       "(2) He or she shall contribute to the support of

14   his or her dependents to the best of his or her ability;

15       "(3) He or she shall make reparation or restitution

16   for his or her crime;

17       "(4) He or she shall abandon evil associates and

18   ways; ~~and~~

19       "(5) He or she shall carry out the instructions of

20   his or her parole officer and in general so comport himself or

21   herself as such officer shall determine~~.~~; and

22       "(6) He or she shall submit to behavioral treatment,

23   substance abuse treatment, GPS monitoring, other treatment as

24   deemed necessary by the board or the supervising parole

25   officer, and/or a period or periods of confinement in a

Exhibit 4

SB67

1    consenting jail facility. Periods of confinement imposed by

2    the supervising parole officer shall not exceed six days per

3    month during any three separate months during the period of

4    parole. The six days per month confinement provided for in

5    this subdivision shall only be imposed by the supervising

6    parole officer as two-day or three-day consecutive periods at

7    any single time. In no event shall the total periods of

8    confinement imposed by the supervising parole officer provided

9    for in this subdivision exceed 18 total days in a consenting

10    jail facility. Confinement provided herein shall be subject to

11    the limitations, provisions, and conditions provided in

12    Section 15-22-32, and the Board's authority to directly impose

13    sanctions, periods of confinement, or revoke parole shall not

14    otherwise be limited.

15         "§15-22-31.

16         "(a) If the parole officer having charge of a

17    paroled prisoner or any member of the Board of Pardons and

18    Paroles shall have reasonable cause to believe that such

19    prisoner has lapsed, or is probably about to lapse, into

20    criminal ways or company or has violated the conditions of his

21    parole in an important respect, such officer or board member

22    ~~shall~~ may report such fact to the Department of Corrections,

23    which shall thereupon issue a warrant for the retaking of such

24    prisoner and his return to the prison designated.

Exhibit 4

SB67

1           "(b) Any parole officer, police officer, sheriff or

2      other officer with power of arrest, upon the request of the

3      parole officer, may arrest a parolee without a warrant; but,

4      in case of an arrest without a warrant, the arresting officer

5      shall have a written statement by said parole officer setting

6      forth that the parolee has, in his judgment, violated the

7      conditions of parole, in which case such statement shall be

8      sufficient warrant for the detention of said parolee in the

9      county jail or other appropriate place of detention until the

10     warrant issued by the Department of Corrections has been

11     received at the place of his detention; provided, however,

12     that in no case shall a parolee be held longer than 20 days on

13     the order of the parole officer awaiting the arrival of the

14     warrant as provided for in this section. If a warrant is not

15     issued within the period prescribed herein, the parolee shall

16     be released from custody. If the parolee is presented to the

17     county jail with a serious medical condition, the admittance

18     of the parolee would create a security risk to the county

19     jail, or if the jail is near, at, or over capacity, the

20     sheriff may refuse to admit the parolee. If while in custody

21     of the county jail the parolee develops a serious medical

22     condition, the presence of the parolee creates a security risk

23     to the county jail, or the county jail reaches near, at, or

24     over capacity, the sheriff may release the parolee upon

25     notification to the parole officer unless the Department of

Exhibit 4

SB67

1    <u>Corrections has issued an arrest warrant directing the return</u>

2    <u>of the parolee to the prison so designated. A sheriff and his</u>

3    <u>or her staff shall be immune from liability for exercising</u>

4    <u>discretion pursuant to Section 36-1-12 in refusing to admit a</u>

5    <u>parolee into the jail or releasing a parolee from jail under</u>

6    <u>the circumstances described above.</u>

7         "(c) Any parole officer, any officer authorized to

8    serve criminal process or any peace officer to whom such

9    warrant<u>, issued by the Department of Corrections pursuant to</u>

10   <u>subsection (a),</u> shall be delivered is authorized and required

11   to execute such warrant by taking such prisoner and returning

12   him to the prison designated by the Department of Corrections,

13   there to be held to await the action of the Board of Pardons

14   and Paroles.

15        "(d) Such officer, other than an officer of the

16   prison or parole officer, shall be entitled to receive the

17   same fees therefor as upon the execution of a warrant of

18   arrest at the place where said prisoner shall be retaken and

19   as for transporting a convict from the place of arrest to the

20   prison, in case such officer also transports the prisoner to

21   the prison. Such fees shall be paid out of the funds standing

22   to the credit of the Department of Corrections.

23        "§15-22-32.

24        "(a) Whenever there is reasonable cause to believe

25   that a prisoner who has been paroled has violated his or her

Exhibit 4

SB67

1    parole, the Board of Pardons and Paroles, at its next meeting,

2    ~~shall~~ may declare the prisoner to be delinquent, and time owed

3    shall date from the delinquency. The ~~warden of each prison~~

4    Department of Corrections, after receiving notice from the

5    sheriff of the county jail where the state prisoner is being

6    held, shall promptly notify the board of the return of a

7    paroled prisoner charged with violation of his or her parole.

8    Thereupon, the board, a single member of the board, a parole

9    revocation hearing officer, or a designated parole officer

10   shall~~, as soon as practicable,~~ hold a parole court at the

11   prison or at another place as it may determine within 20

12   business days and consider the case of the parole violator,

13   who shall be given an opportunity to appear personally or by

14   counsel before the board or the parole court and produce

15   witnesses and explain the charges made against him or her. The

16   board member, parole revocation hearing officer, or a

17   designated parole officer, acting as a parole court, shall~~,~~

18   ~~within a reasonable time, conduct the parole revocation~~

19   ~~hearing to~~ determine whether sufficient evidence supports

20   ~~guilt or innocence of~~ the violation charges ~~and may recommend~~

21   ~~to the board revocation or reinstatement of parole. Upon~~

22   ~~revocation of parole, the board may require the prisoner to~~

23   ~~serve out in prison the balance of the term for which he or~~

24   ~~she was originally sentenced, calculated from the date of~~

25   ~~delinquency or the part thereof as it may determine. The~~

Exhibit 4

SB67

1    ~~delinquent parolee shall be deemed to have begun serving the~~
2    ~~balance of the time required on the date of his or her~~
3    ~~rearrest as a delinquent parolee.~~ If a hearing is not held
4    within the specified 20 business days, the parolee shall be
5    released back to parole supervision.
6              "(b) Upon finding sufficient evidence to support a
7    parole violation, the parole court may recommend to the board
8    revocation or reinstatement of parole, and the board may
9    revoke or reinstate parole. Upon revocation of parole, the
10   board may require the prisoner to serve in a state prison
11   facility the balance of the term for which he or she was
12   originally sentenced or any portion thereof, calculated from
13   the date of delinquency. The delinquent parolee shall be
14   deemed to begin serving the balance of the prison time
15   required on the date of his or her rearrest as a delinquent
16   parolee. However, in all cases, excluding violent offenses
17   defined pursuant to Section 12-25-32 and classified as a Class
18   A felony, and sex offenses, defined pursuant to Section
19   15-20A-5, the parole court may only recommend revocation and
20   the board may only revoke parole as provided below:
21             "(1) Unless the underlying offense is a violent
22   offense as defined in Section 12-25-32 and classified as a
23   Class A felony, when a parolee under supervision of the Board
24   of Pardons and Paroles has violated a condition of parole,
25   other than being arrested or convicted of a new offense or

Exhibit 4

SB67

| | |
|---|---|
| 1 | absconding, the parole court may recommend and the board may |
| 2 | impose a period of confinement of no more than 45 consecutive |
| 3 | days to be served in the custody population of the Department |
| 4 | of Corrections. Within 90 days of the effective date of this |
| 5 | act, the Department of Corrections shall develop and implement |
| 6 | a streamlined process to transport and receive the parolee |
| 7 | into its custody population and shall identify and, if |
| 8 | possible, implement policies aimed at reducing the |
| 9 | administrative delays, if any, in transferring to the |
| 10 | Department of Corrections the physical custody of the parolee |
| 11 | and those whose parole has been revoked. Such process shall be |
| 12 | developed in cooperation with the Alabama Sheriffs' |
| 13 | Association and the Association of County Commissions of |
| 14 | Alabama. Such process shall include the most cost-effective |
| 15 | method to process sanctioned parole violators for the maximum |
| 16 | 45 day confinement period and shall provide that the |
| 17 | Department of Corrections shall reimburse the state mileage |
| 18 | rate, as determined by the Alabama Comptroller's Office, to |
| 19 | the county for any state inmate sanctioned as a parole |
| 20 | violator and transferred to or from a Department of |
| 21 | Corrections facility by the county. Upon completion of the |
| 22 | confinement period and release from confinement, the parolee |
| 23 | shall automatically continue on parole for the remaining term |
| 24 | of the sentence without further action from the board. The |
| 25 | parole court shall not recommend and the board shall not |

Exhibit 4

SB67

1 revoke parole unless the parolee has previously received a

2 total of three periods of confinement under this subsection. A

3 parolee shall receive only three total periods of confinement

4 under this subsection. The maximum 45 day term of confinement

5 ordered under this subsection shall not be reduced by credit

6 for incarceration time already served in the case. Confinement

7 under this subsection shall be credited to the balance of the

8 incarceration term for which the parolee was originally

9 sentenced. In the event the time remaining on parole

10 supervision is 45 days or less, the term of confinement shall

11 be for the remainder of the parolee's sentence.

12  "(2) The total time spent in confinement under this

13 subsection shall not exceed the term of the parolee's original

14 sentence.

15  "(3) Confinement shall be immediate. The board shall

16 be responsible for ensuring that the Department of Corrections

17 receives necessary documentation for imposing a period of

18 confinement within five business days of the board's action.

19  "(4) If the parolee is presented to a county jail

20 for any period of confinement as contemplated herein above

21 with a serious medical condition, the admittance of the

22 parolee would create a security risk to the county jail, or if

23 the jail is near, at, or over capacity, the sheriff may refuse

24 to admit the parolee. If while in custody of the county jail

25 the parolee develops a serious medical condition, the presence

Exhibit 4

SB67

1    of the parolee creates a security risk to the county jail, or

2    the county jail reaches near, at, or over capacity, the

3    sheriff may release the parolee upon notification to the

4    parole officer. A sheriff and his or her staff shall be immune

5    from liability for exercising discretion pursuant to Section

6    36-1-12 in refusing to admit a parolee into the jail or

7    releasing a parolee from jail under the circumstances

8    described above.

9         "(b) (c) The position of Parole Revocation Hearing

10   Officer is created and established, subject to provisions of

11   the state Merit System.

12        "(c) (d) The board may appoint or employ, as the

13   board deems necessary, three hearing officers who shall

14   conduct a parole court with authority to determine guilt and

15   recommend revocation of parole or reinstatement of parole to

16   the board. Such hearing officers shall have authority to

17   determine the sufficiency of evidence to support parole

18   violation charges and recommend to the board revocation of

19   parole pursuant to subsection (b) or reinstatement of parole.

20   The first three appointments shall be provisional appointments

21   made by the board pending job analysis and compilation of the

22   examination for the state Merit System classification, or a

23   licensed practicing attorney with a minimum of 3 years'

24   experience practicing criminal law.

Exhibit 4

SB67

1               "~~(d) A hearing officer shall receive an annual~~

2   ~~salary to be determined by the board but not exceeding the~~

3   ~~maximum salary now or hereafter established for Probation~~

4   ~~Officer V. The salary and expenses of the hearing officers~~

5   ~~shall be paid from the State Treasury in the same manner that~~

6   ~~the salary and expenses of the state Merit System employees~~

7   ~~are paid.~~

8               "(e) In lieu of the provisions of subsections (a)

9   and (b), when a parolee violates his or her parole terms and

10  conditions, his or her parole officer may require the parolee

11  to submit to behavioral treatment, substance abuse treatment,

12  GPS monitoring, such other treatment as determined by the

13  board or supervising officer, or a period of confinement in a

14  consenting jail facility as specified in subdivision (6) of

15  subsection (b) of Section 15-22-29. The parole officer may

16  exercise such authority after administrative review and

17  approval by the officer's supervisor.

18             "(f) Prior to imposing a sanction provided under

19  subsection (e) and pursuant to subdivision (6) of subsection

20  (b) of Section 15-22-29, the parolee must first be presented

21  with a violation report, putting forth the alleged parole

22  violations and supporting evidence. The parolee may request a

23  hearing before the parole court to be heard in person within

24  10 days. The parolee shall be given notice of the right to

25  seek such parole court review and advised of the right (i) to

Exhibit 4

SB67

1    a hearing before a neutral and detached parole court on the

2    alleged violation or violations, with the right to present

3    relevant witnesses and documentary evidence; (ii) to retain

4    and have counsel at the hearing if he or she so desires; and

5    (iii) to confront and cross examine any adverse witnesses.

6    Upon the signing of a waiver of these rights by the parolee

7    and the supervising parole officer, with approval of a

8    supervisor, the parolee may be treated, monitored, or confined

9    for the period recommended in the violation report and

10   designated on the waiver. However, the parolee shall have no

11   right of review if he or she has signed a written waiver of

12   rights as provided in this subsection.

13           "(g) The board shall adopt guidelines and procedures

14   to implement the requirements of this section, which shall

15   include the requirement of a supervisor's approval prior to

16   exercise of the delegation of authority authorized by

17   subsection (e).

18           "§15-22-33.

19           No person released on parole shall be discharged

20   from parole prior to the expiration of the full maximum term

21   for which he was sentenced unless ~~he is sooner fully pardoned~~

22   the Board of Pardons and Paroles chooses to discharge the

23   parolee earlier based on review of the parolee under

24   guidelines established pursuant to subdivision (6) of

25   subsection (b) of Section 15-22-37 and the parolee was not

Exhibit 4

SB67

1      convicted of a violent offense as defined in Section 12-25-32.
2      The Board of Pardons and Paroles, however, may relieve a
3      prisoner on parole from making further reports and may permit
4      such prisoner to leave the state or county if satisfied that
5      this is for the best interests of society.
6              "§15-22-36.
7              "(a) In all cases, except treason and impeachment
8      and cases in which sentence of death is imposed and not
9      commuted, as is provided by law, the Board of Pardons and
10     Paroles shall have the authority and power, after conviction
11     and not otherwise, to grant pardons and paroles and to remit
12     fines and forfeitures.
13             "(b) Each member of the Board of Pardons and Paroles
14     favoring a pardon, parole, remission of a fine or forfeiture,
15     or restoration of civil and political rights shall enter in
16     the file his or her reasons in detail, which entry and the
17     order shall be public records, but all other portions of the
18     file shall be privileged.
19             "(c) No pardon shall relieve one from civil and
20     political disabilities unless specifically expressed in the
21     pardon. No pardon shall be granted unless the prisoner has
22     successfully completed at least three years of permanent
23     parole or until the expiration of his or her sentence if his
24     or her sentence was for less than three years. Notwithstanding
25     the foregoing, a pardon based on innocence may be granted upon

Exhibit 4

SB67

1    the unanimous affirmative vote of the board following receipt
2    and filing of clear proof of his or her innocence of the crime
3    for which he or she was convicted and the written approval of
4    the judge who tried his or her case or district attorney or
5    with the written approval of a circuit judge in the circuit
6    where he or she was convicted if the judge who tried his or
7    her case is dead or no longer serving.

8            "(d) The Board of Pardons and Paroles shall have no
9    power to grant a pardon, order a parole, remit a fine or
10   forfeiture, or restore civil and political rights until 30
11   days' notice that the prisoner is being considered therefor
12   has been given by the board to the Attorney General, the judge
13   who presided over the case, the district attorney who tried
14   the subject's case, the chief of police in the municipality in
15   which the crime occurred, if the crime was committed in an
16   incorporated area with a police department, and to the sheriff
17   of the county where convicted, and to the same officials of
18   the county where the crime occurred if different from the
19   county of conviction; provided, however, that if they are dead
20   or not serving, the notice shall be given to the district
21   attorney, incumbent sheriff, and one of the judges of the
22   circuit in which the subject was convicted. The board also
23   shall be required to provide the same notice to the Crime
24   Victims Compensation Commission.

Exhibit 4

en

SB67

1              "(e)(1) Until and unless at least 30 days' written
2       notice of the board's action to be considered has been given
3       by the board to the victim named in the indictment, the
4       victim's representative, ~~or~~ and any other interested
5       ~~individual~~ individuals, after the board has received a request
6       that includes the preferred mode or modes of notification from
7       the victim, the victim's representative, ~~or~~ and other
8       interested ~~individual~~ individuals and is submitted ~~30~~ 45 days
9       or more in advance of the board action to be considered either
10      through the automated victim notification system or by a
11      direct request to the board or other authorized individual,
12      the Board of Pardons and Paroles shall have no power or
13      authority to in any way approve or order any parole, pardon,
14      remission of fine or forfeiture, restoration of civil and
15      political rights, furlough, leave or early release of a person
16      convicted of the following offenses:

17              "a. A Class A felony.

18              "b. Any felony committed prior to the first day of
19      January, 1980, which if committed after the first day of
20      January, 1980, would be designated a Class A felony.

21              "c. Any felony involving violence, death, or any
22      physical injury to the person of another.

23              "d. Any felony involving unlawful sexual assault or
24      other unlawful sexual conduct on the person of another.

Exhibit 4

SB67

1    "e. Any felony involving sexual assault, or a lewd

2    or lascivious act upon a child under the age of 16 years or

3    attempt thereof.

4    "f. Sexual abuse or any other criminal conduct

5    committed prior to the first day of January, 1980, which if

6    committed after the first day of January, 1980, would be

7    defined as sexual abuse under the Alabama Criminal Code.

8    "g. Child abuse or any criminal conduct committed

9    prior to the first day of January, 1980, which if committed

10   after the first day of January, 1980, would be defined as

11   child abuse under the Alabama Criminal Code.

12   "h. Sodomy or any criminal conduct committed prior

13   to the first day of January, 1980, which if committed after

14   the first day of January, 1980, would be defined as sodomy

15   under the Alabama Criminal Code.

16   "i. Any violation of Section 13A-6-69, as amended.

17   "(2) If, however, the victim, victim's

18   representative, ~~or~~ and other interested individual has not

19   been registered for notice through the automated victim

20   notification system or otherwise made a direct request to the

21   board for notice or to another authorized individual, the

22   victim's information has not been updated, or ~~a~~ particular

23   ~~mode~~ modes of notification ~~has~~ have not been requested at

24   least ~~30~~ 45 days or more in advance of the board's action to

25   be considered, the board shall not be limited in power or

Exhibit 4

SB67

1       authority in any way to approve or order any parole, pardon,

2       remission of fine or forfeiture, restoration of civil and

3       political rights, furlough, leave, or early release of a

4       person convicted of the offenses named in subsection (e)(1)a.

5       to i., inclusive.

6                "(3) The notice shall be given by U.S. certified

7       mail, return receipt requested, U.S. mail, electronic

8       transmission, or by other commonly accepted method of

9       delivery, upon a request made through the automated victim

10      notification system or otherwise upon direct request made to

11      the board or other authorized individual ~~30~~ 45 days or more in

12      advance of the board's action to be considered and shall

13      include:

14                "a. The name of the prisoner or defendant involved.

15                "b. The crime for which the prisoner or defendant

16      was convicted.

17                "c. The date of the sentence.

18                "d. The court in which the conviction occurred.

19                "e. The sentence imposed.

20                "f. The actual time the prisoner has been held in

21      confinement and the prisoner's minimum release date, as

22      computed by the Department of Corrections.

23                "g. The action to be considered by the board.

24                "h. The date, time, and location of the board

25      meeting at which the action is to be considered.

Exhibit 4

SB67

1          "i. The right of the victim named in the indictment,
2     a victim's representative, or if the victim is deceased as a
3     result of the offense, the victim's immediate family, as
4     defined by the board's operating rules, or, in the event there
5     is no immediate family, a relative of a victim, if any, to
6     present his or her views to the board in person or in writing.

7          "Notice for robbery victims who were robbed while on
8     duty as an employee of a business establishment shall be
9     sufficient if mailed to the last address provided by the
10    victim or as otherwise noted on the indictment or in the board
11    files.

12         "(4) If a victim, victim's representative, ~~or~~ and
13    otherwise interested individual requests not to be notified,
14    the request shall be made to the Board of Pardons and Paroles
15    in writing or by electronic signature. Confirmation of a
16    request to not be notified shall be provided to the victim so
17    requesting. After a request is received, the board shall
18    provide no further notifications, unless and until the victim,
19    victim's representative, ~~or~~ and otherwise interested
20    individual subsequently requests future notifications, at
21    least ~~30~~ 45 days in advance of the board's action to be
22    considered through the automated victim notification system
23    ~~designated by the board~~ or by contacting the board or other
24    authorized individual in writing, in person, or by telephone.

Exhibit 4

SB67

1           "(5) Should a victim, victim's representative, ~~or~~
2      and otherwise interested person wish to receive notice of any
3      specific board hearing and action taken by the board, if any,
4      in a specific case, the individual may register to request the
5      notice through the automated victim notification system or
6      otherwise request notice by making a direct request to the
7      board or other authorized individual to receive notice at
8      least ~~30~~ 45 days in advance of the board's action to be
9      considered. The individual shall be required to designate his
10     or her preferred mode or modes of communication.

11          "(6) ~~Prior to the sentencing of~~ For any defendant
12     convicted of the offenses named in subsection (e)(1)a. to i.,
13     inclusive, and only after the most recent victim information
14     has been furnished to the Board of Pardons and Paroles
15     pursuant to Section 12-17-184(9), in those cases, the
16     probation and parole officer assigned to prepare a
17     pre-sentence or post-sentence investigation report shall at
18     that time register the most recent information for the victim
19     named in the indictment into the automated victim notification
20     system ~~designated by the board~~. In case of a homicide, the
21     information of immediate family members shall be entered into
22     the automated victim notification system ~~designated by the~~
23     ~~board~~. If a surviving victim is a minor, information for
24     parents or guardians shall be entered into the automated
25     victim notification system ~~designated by the board~~. The

Exhibit 4

SB67

1    probation and parole officer assigned to prepare a

2    pre-sentence or post-sentence investigation report shall then

3    report to the sentencing court that all most current victim

4    information has been so registered. The sentencing court shall

5    then record into the case record that the victim information

6    has been entered into the automated victim notification

7    system.

8           "(7) For those cases in which a defendant has been

9    convicted and sentenced prior to the implementation task force

10   determining that the automated victim notification system

11   complies with the requirements of this section and Sections

12   15-22-23 and 15-22-36.2, for any homicide, and Class A felony,

13   except Burglary I in which no victim was present, or any

14   criminal sex offense, as defined by Section 15-20-21(4)

15   15-20A-5, the board shall exercise due diligence to locate the

16   victim or victims and register the most recent victim

17   information into the automated victim notification system

18   designated by the board. If all attempts to locate a victim,

19   or in case of a homicide to locate immediate family member or

20   members, have failed and the agent of the board has certified

21   that due diligence has been exercised, no future location

22   attempts shall be required.

23          "(f) After any board action is taken granting any

24   pardon or parole, the board shall promptly notify all persons

25   who timely requested notice, pursuant to this section as to

Exhibit 4

SB67

1   the action taken by the board and the conditions, if any, of

2   any such parole or pardon via electronic notification through

3   the automated victim notification system ~~or~~ and posting

4   publicly on a state agency website.

5   "(g) Electronic notices as required by this section,

6   Section 14-14-5, Section 15-22-23, Section 15-22-36.2, Section

7   15-22-36.3, and Section 9 shall be produced through the

8   automated notification system developed and maintained by the

9   Alabama Law Enforcement Agency. All data and records required

10  to produce said notices shall be provided to the Alabama Law

11  Enforcement Agency to be incorporated into the automated

12  notification system. Board records and information accessible

13  to the public through the automated notification system shall

14  be limited to those notification items specified in

15  subdivision (3) of subsection (e), as well as the offender's

16  age, sex, race, and unique identifiers. Records concerning the

17  status of supervised offenders on probation and parole shall

18  also be made available to the public, including information on

19  when supervision began, the date the supervision term will

20  end, and information on whether or how supervision was

21  terminated. Otherwise, access to board records and information

22  through the automated notification system shall be limited in

23  use to the legitimate law enforcement purpose of entering and

24  updating contact information on behalf of crime victims,

25  assisting victims with registration, and ensuring victims

Exhibit 4

SB67

1    receive notice. Information and records of the board

2    accessible for law enforcement purposes through the automated

3    notification system, in addition to that available to the

4    public as specified above, shall be limited to the offender's

5    date of birth, the supervising officer's name, the county of

6    residence for those offenders currently supervised in Alabama,

7    and the supervising officer's phone number. Misuse of the

8    automated notification system or records or information

9    contained in the automated notification system shall be

10   subject to criminal prosecution under Article 5A of Chapter 8

11   of Title 13A, as well as Section 41-9-601, Section 41-9-602,

12   and any other law of this state.

13            "§15-22-36.2.

14            "(a) There is hereby created the Victim Notification

15   Implementation Task Force to guide and support the

16   implementation of a statewide automated victim notification

17   system in Alabama. The task force shall be composed of ~~two~~

18   four ~~representatives of~~ crime victims' rights ~~organizations~~

19   advocates designated by the Attorney General and ~~at least~~ one

20   designee from each of the following: The Board of Pardons and

21   Paroles, the Department of Corrections, ~~the Alabama Criminal~~

22   ~~Justice Information Center~~ the Alabama Law Enforcement Agency,

23   the Alabama Crime Victims Compensation Commission, the

24   District Attorneys Association or a district attorney

25   representative, the Attorney General, the Administrative

Exhibit 4

SB67

1    Office of Courts, the Alabama Circuit Judges' Association, the
2    Office of Prosecution Services, the Alabama Circuit Clerk's
3    Association, and any other entity or organization as deemed
4    appropriate by a majority vote of the current representatives
5    composing the task force. The task force shall elect a chair
6    to function as the administrative head. The task force shall
7    meet initially by March 1, 2012, at the call of the Attorney
8    General. The task force shall meet not less than quarterly
9    after January 1, 2012, until December 31, 2015, and otherwise
10   at the call of the chair or a majority vote of the current
11   task force representatives. Pursuant to this section and
12   Sections Section 14-14-5, Section 15-22-23, and Section
13   15-22-36, Section 15-22-36.3, and Section 9, the task force
14   shall be responsible for overseeing the development of the
15   automated victim notification system by the Alabama Law
16   Enforcement Agency and integration of a process to
17   automatically update victim information into the automated
18   victim notification system on a continual basis. The task
19   force shall also oversee a statewide public education and
20   awareness campaign for the implementation of the automated
21   victim notification system and shall be charged with
22   confirming, by majority vote, that the automated victim
23   notification system complies with the requirements of this
24   section and Sections Section 14-14-5, Section 15-22-23, and
25   Section 15-22-36, Section 15-22-36.3, and Section 9. Approval

Exhibit 4

SB67

1    from the task force shall not be required for the validity of

2    any action taken by any entity represented on the task force

3    in the exercise of any of the power or authority granted to it

4    by the Legislature. ~~The task force shall be dissolved~~

5    ~~effective December 31, 2015.~~

6              "(b) Immediately upon approval from the task force

7    by majority vote that the automated notification system

8    complies with the requirements of this section and Section

9    14-14-5, Section 15-22-23, Section 15-22-36, Section

10   15-22-36.3, and Section 9, the task force shall automatically

11   convert to the Victim Notification Oversight Council for the

12   purpose of continuing to provide direction to the Alabama Law

13   Enforcement Agency on development, support, expansion, and

14   maintenance of the automated notification system. The council

15   shall consist of those task force representatives serving on

16   the task force, including appointees, at the time of

17   conversion. Upon conversion, representatives from partner

18   agencies may be added by majority vote of the council. The

19   appointees designated by the Attorney General shall serve four

20   year terms to ensure that a variety of victim advocates are

21   included in the oversight of the system. The Attorney General

22   shall designate a replacement as required at the expiration of

23   the term of a victim advocate. No victim advocate may be

24   appointed for more than two consecutive terms.

Exhibit 4

SB67

1        "(b) (c) The Board of Pardons and Paroles shall have

2    authority to carry out the enforcement of this section and

3    Sections 15-22-23 and 15-22-36, and the Department of

4    Corrections shall have authority to carry out the enforcement

5    of Section 14-14-5, Section 15-22-36.3, and Section 9.

6        "(d) The Alabama Law Enforcement Agency shall be

7    required to develop, support, house, and maintain the

8    automated notification system referenced in this section and

9    Section 14-14-5, Section 15-22-23, Section 15-22-36, Section

10   15-22-36.3, and Section 9 for the use of the Board of Pardons

11   and Paroles and the Department of Corrections to make

12   automated notices as required. The system shall additionally

13   be used to make notices of an offender's change in status or

14   custody, or notices regarding criminal justice proceedings

15   deemed to be in the best interest of Alabama crime victims and

16   public safety, by a majority vote of the task force or, after

17   its conversion, the Victim Notification Oversight Council. The

18   automatic notification system created by the Alabama Law

19   Enforcement Agency shall be the automated notification system

20   used by the state in making notifications to the Alabama crime

21   victims.

22       "(e) There is hereby created a Victim Notification

23   System Fund in the State Treasury. The fund shall consist of

24   all monies appropriated for the development, expansion,

25   support, and maintenance of the automated victim notification

Exhibit 4

SB67

1    system by the Alabama Law Enforcement Agency. Any monies in

2    the fund may be expended solely for the use of the victim

3    notification system. The Secretary of the Alabama Law

4    Enforcement Agency may expend monies in the Victim

5    Notification System Fund solely at the request and direction

6    of the Victim Notification Implementation Task Force or, after

7    its conversion, the Victim Notification Oversight Council,

8    created by this section.

9         "§15-22-37.

10        "(a) The Board of Pardons and Paroles may adopt and

11   promulgate rules and regulations, not inconsistent with the

12   provisions of this article, touching upon all matters dealt

13   with in this article, including, among others, practice and

14   procedure in matters pertaining to paroles, pardons and

15   remission of fines and forfeitures; provided, however, that no

16   rule or regulation adopted and promulgated by such board shall

17   have the effect of denying to any person whose application for

18   parole or the revocation of whose parole is being considered

19   by said board from having the benefit of counsel or witnesses

20   upon said hearing.

21        "(b) The Board of Pardons and Paroles shall adopt

22   and promulgate rules and regulations to:

23        "(1) Establish a program of limited supervision for

24   parolees who qualify addressing eligibility using validated

25   risk and needs assessments, as defined in Section 12-25-32,

Exhibit 4

SB67

1    transfers among levels of supervision, to include guidelines

2    for the transfer of lower-risk individuals to an

3    administrative form of parole, and reporting requirements;

4              "(2) Develop policies and procedures for screening,

5    assessment, and referral for parolees to connect with

6    recidivism reduction services including, but not limited to,

7    cognitive behavioral intervention and substance abuse

8    treatment;

9              "(3) Establish a matrix of rewards for compliance

10   and pro-social behaviors and swift, certain and graduated

11   sanctions to be imposed by the board, as provided under

12   subsections (e) and (f) of Section 15-22-32, in response to

13   corresponding violations of parole terms or conditions

14   imposed;

15             "(4) Establish clear guidelines and procedures that

16   retain the board's discretion in individual parole release

17   cases. Such guidelines shall provide that, if a prisoner

18   convicted of a nonviolent offense, as defined in Section

19   12-25-32, with a sentence of 20 years or less is denied

20   parole, the board shall reconsider releasing the prisoner on

21   parole no more than two years after such parole release

22   denial. Such guidelines shall allow a current validated risk

23   and needs assessment as defined in Section 12-25-32, past

24   criminal history, program completion, institutional

25   misconduct, and other individual characteristics related to

Exhibit 4

SB67

| | |
|---|---|
| 1 | the likelihood of offending in the future to be factored into |
| 2 | the release decision while working to allocate prison space |
| 3 | for the most violent and greatest risk prisoners; |
| 4 | "(5) Ensure that the provisions of subsections (k) |
| 5 | and (l) of Section 15-22-24 are implemented relating to the |
| 6 | supervision and treatment of parolees; and |
| 7 | "(6) Establish criteria, guidelines, and procedures |
| 8 | to discharge parolees from parole supervision requirements |
| 9 | prior to the expiration of the full maximum term for which the |
| 10 | parolee was sentenced, unless the parolee was convicted of a |
| 11 | violent offense as defined in Section 12-25-32, which shall |
| 12 | include review of a parolee for discharge from parole |
| 13 | supervision at least every two years if the parolee has |
| 14 | satisfied all financial obligations owed to the court, |
| 15 | including restitution, and has not had his or her supervision |
| 16 | revoked. |
| 17 | "§15-22-50. |
| 18 | "Circuit courts and district courts, subject to the |
| 19 | provisions and conditions hereinafter provided, may suspend |
| 20 | execution of sentence and place on probation any person |
| 21 | convicted of a crime in any court exercising criminal |
| 22 | jurisdiction. The defendant shall not be permitted to waive |
| 23 | placement on probation by the sentencing court. The court |
| 24 | shall have no power to suspend the execution of sentence |
| 25 | imposed upon any person who has been found guilty and whose |

Exhibit 4

SB67

1    punishment is fixed at death or imprisonment in the

2    penitentiary for more than 15 years. Except as provided in the

3    preceding sentence, the court, after a plea of guilty, after

4    the returning of a verdict of guilty by the jury or after the

5    entry of a judgment of guilty by the court, may suspend

6    execution of sentence and place the defendant on probation, or

7    may impose a fine within the limits fixed by law and also

8    place the defendant on probation.

9         "§15-22-51.

10        "(a) When directed by the court, a probation officer

11   shall fully investigate and report to the court in writing the

12   circumstances of the offense, criminal record, social history

13   and present condition of a defendant through use of a

14   validated risk and needs assessment, as defined in Section

15   12-25-32. No defendant, unless the court shall otherwise

16   direct, shall be placed on probation or released under

17   suspension of sentence until the report of such investigation

18   shall have been presented to and considered by the court;

19   provided, however, that after conviction the court may

20   continue the case for such time as may be reasonably necessary

21   to enable the probation officer to make his investigation and

22   report.

23        "(b) Whenever practicable, such investigation shall

24   include physical and mental examinations of the defendant;

25   and, if such defendant is committed to an institution, a copy

Exhibit 4

SB67

1    of the report of such investigation shall be sent to the ~~Board~~
2    Department of Corrections at the time of commitment; provided,
3    that in all cases where the defendant was on bond prior to the
4    time of the trial and an application for probation is made to
5    the court, then the judge of such court, in his discretion,
6    may suspend the execution of the sentence pending the
7    disposition of the application for probation and continue the
8    defendant under the same bond that he was under or, in his
9    discretion, may raise the bond or lower the same pending the
10   disposition of the application for probation, and such bond
11   shall remain in full force and effect until the application
12   for probation is finally disposed of.
13        "§15-22-52.
14        "The court shall determine and may at any time
15   modify the conditions of probation and ~~may~~ shall include among
16   them the following or any other conditions. Such conditions
17   ~~may~~ shall provide that the probationer shall:
18        "(1) Avoid injurious or vicious habits;
19        "(2) Avoid persons or places of disreputable or
20   harmful character;
21        "(3) Report to the probation officer as directed;
22        "(4) Permit the probation officer to visit him or
23   her at his or her home or elsewhere;
24        "(5) Work faithfully at suitable employments as far
25   as possible;

Exhibit 4

SB67

1              "(6) Remain within a specified place;

2              "(7) Pay the fine imposed or costs or such portions

3     thereof as the court may determine and in such installments as

4     the court may direct;

5              "(8) Make reparation or restitution to the aggrieved

6     party for the damage or loss caused by his or her offense in

7     an amount to be determined by the court; ~~and~~

8              "(9) Support his or her dependents to the best of

9     his or her ability~~.~~; and

10              "(10) Submit to behavioral treatment, substance

11    abuse treatment, GPS monitoring, other treatment as deemed

12    necessary by the court or supervising probation officer,

13    and/or a period or periods of confinement in a consenting jail

14    facility. Periods of confinement imposed by the supervising

15    probation officer shall not exceed six days per month during

16    any three separate months during the period of probation. The

17    six days per month confinement provided for in this subsection

18    shall only be imposed by the supervising probation officer as

19    two-day or three-day consecutive periods at any single time.

20    In no event shall the total periods of confinement imposed by

21    the supervising probation officer provided for in this

22    subsection exceed 18 total days in a consenting jail facility.

23    Confinement provided herein shall be subject to the

24    limitations, provisions, and conditions provided in Section

25    15-22-54, and the court's authority to directly impose

Exhibit 4

SB67

1      sanstions, periods of confinement, or revoke probation shall

2      not otherwise be limited.

3             "§15-22-53.

4             "(a) A probation officer shall investigate all cases

5      referred to him for investigation by any court or by the Board

6      of Pardons and Paroles and shall report in writing thereon. He

7      shall furnish to ~~each person~~ persons released on probation

8      under his supervision a written statement of the conditions of

9      probation and shall instruct ~~him~~ them regarding the same. Such

10     officer shall keep informed concerning the conduct and

11     condition of each person on probation under his supervision by

12     visiting, requiring reports and in other ways, based on the

13     offender's measured risk of offending, and he shall report

14     thereon in writing as often as the court or the board may

15     require. Such officer shall use all practicable and suitable

16     ~~methods~~ evidence-based practices as defined in Section

17     12-25-32, not inconsistent with the provisions imposed by the

18     court, to aid and encourage persons on probation and to bring

19     about improvements in their conduct and condition. Such

20     officer shall keep detailed records of his work and shall make

21     such reports in writing to the court and the board as they may

22     require. A probation officer shall have, in the execution of

23     his duties, the powers of arrest and the same right to execute

24     process as is now given or may hereafter be given by law to

25     the sheriffs of this state. Supervision and treatment of

Exhibit 4

SB67

1    probationers shall be conducted pursuant to and consistent

2    with the provisions of subsections (k) and (l) of Section

3    15-22-24 and Section 15-22-57.

4            "(b) All reports, records and data assembled by any

5    probation officer and referred to the court shall be

6    privileged and shall not be available for public inspection

7    except upon order of the court to which the same was referred.

8            "(c) In no case shall the right to inspect said

9    report be denied the defendant or his counsel after said

10   report has been completed or filed.

11           "§15-22-54.

12           "(a) The period of probation or suspension of

13   execution of sentence shall be determined by the court and

14   shall not be waived by the defendant, and the period of

15   probation or suspension may be continued, extended, or

16   terminated. However, except as provided in Section 32-5A-191

17   relating to ignition interlock requirements, in no case shall

18   the maximum probation period of a defendant guilty of a

19   misdemeanor exceed two years, nor shall the maximum probation

20   period of a defendant guilty of a felony exceed five years.

21   When the conditions of probation or suspension of sentence are

22   fulfilled, the court shall, by order duly entered on its

23   minutes, discharge the defendant.

24           "(b) The court granting probation may, upon the

25   recommendation of the officer supervising the probationer,

Exhibit 4

SB67

1    terminate all authority and supervision over the probationer
2    prior to the declared date of completion of probation upon
3    showing a continued satisfactory compliance with the
4    conditions of probation over a sufficient portion of the
5    period of the probation. At least every two years, and after
6    providing notice to the district attorney, the court shall
7    review the probationer's suitability for discharge from
8    probation supervision if the probationer has satisfied all
9    financial obligations owed to the court, including
10   restitution, and has not had his or her supervision revoked.
11            "(c) At any time during the period of probation or
12   suspension of execution of sentence, the court may issue a
13   warrant and cause the defendant to be arrested for violating
14   any of the conditions of probation or suspension of sentence,
15   upon which the court shall hold a violation hearing. No
16   probationer shall be held in jail awaiting such violation
17   hearing for longer than 20 business days, unless new criminal
18   charges are pending. If the hearing is not held within the
19   specified time, the sheriff shall release the probation
20   violator unless there are other pending criminal charges. A
21   judge shall have authority to issue a bond to a probationer
22   for release from custody.
23            "(d) Except as provided in Chapter 15 of Title 12,
24   any probation officer, police officer, or other officer with
25   power of arrest, when requested by the probation officer, may

Exhibit 4

SB67

1    arrest a probationer without a warrant. In case of an arrest

2    without a warrant, the arresting officer shall have a written

3    statement by the probation officer setting forth that the

4    probationer has, in his or her judgment, violated the

5    conditions of probation, and the statement shall be sufficient

6    warrant for the detention of the probationer in the county

7    jail or other appropriate place of detention until the

8    probationer is brought before the court. The probation officer

9    shall forthwith report the arrest and detention to the court

10   and submit in writing a report showing in what manner the

11   probationer has violated probation.

12   ~~"(1) If the defendant violates any condition of~~

13   ~~probation or suspension of execution of sentence, the court,~~

14   ~~after a hearing, may implement one or more of the following~~

15   ~~options:~~

16   ~~"a. Continue the existing probation and suspension~~

17   ~~of execution of sentence.~~

18   ~~"b. Issue a formal or informal warning to the~~

19   ~~probationer that further violations may, subject to paragraph~~

20   ~~f., result in revocation of probation or suspension of~~

21   ~~execution of sentence.~~

22   ~~"c. Conduct a formal or informal conference with the~~

23   ~~probationer to reemphasize the necessity of compliance with~~

24   ~~the conditions of probation.~~

Exhibit 4

SB67

1      "d. Modify the conditions of probation or suspension
2 of execution of sentence, which conditions may include the
3 addition of short periods of confinement, not to exceed 90
4 days incarceration in a county jail, a facility of the
5 Department of Corrections, or work release type facility, if
6 available.

7      "e. Revoke the probation or suspension of execution
8 of sentence for a defendant who is not an eligible offender as
9 defined herein. If the court revokes probation, it may, after
10 a hearing, impose the sentence that was suspended at the
11 original hearing or any lesser sentence.

12      "f. In addition to the provisions of paragraphs a.
13 to d., inclusive, of this subdivision, the probation of an
14 eligible offender may be revoked and the defendant required to
15 serve a term of not more than 90 days imprisonment in a
16 Department of Corrections facility, which may include
17 participation in the restart program, LIFETech program, or a
18 technical violator program or, if no space is available in a
19 Department of Corrections facility, not more than 90 days in
20 the county jail.

21      "g. Notwithstanding any law to the contrary,
22 following release of an eligible offender from incarceration,
23 the sentencing court shall have jurisdiction to sentence the
24 defendant to a period of probation, not to exceed five years

Exhibit 4

SB67

1   ~~or the remainder of his or her suspended sentence, whichever~~
2   ~~is less.~~
3   ~~"(2) The court may also continue the existing~~
4   ~~probation and suspension of execution of sentence of any~~
5   ~~defendant with the additional condition that the probationer~~
6   ~~does any of the following:~~
7   ~~"a. Participates in a community corrections program.~~
8   ~~"b. Participates in a county work release program.~~
9   ~~"c. Performs community service.~~
10  ~~"d. Undergoes intensive probation supervision.~~
11  ~~"e. Participates in a residential or outpatient drug~~
12  ~~or alcohol treatment program.~~
13  ~~"f. Participates and completes a Life Skills~~
14  ~~Influenced by Freedom and Education Tech (LIFETech)~~
15  ~~residential program.~~
16  ~~"(3) If revocation results in a sentence of~~
17  ~~confinement, credit shall be given for all time spent in~~
18  ~~custody prior to revocation. Full credit shall be awarded for~~
19  ~~full-time confinement in facilities such as county jail, state~~
20  ~~prison, state technical violator programs, and boot camp.~~
21  ~~Credit for other penalties, such as work release programs,~~
22  ~~intermittent confinement, and home detention, shall be left to~~
23  ~~the discretion of the court, with the presumption that time~~
24  ~~spent subject to these penalties will receive half credit. The~~
25  ~~court shall also give significant weight to the time spent on~~

Exhibit 4

SB67

1    ~~probation in substantial compliance with the conditions~~

2    ~~thereof. The total time spent in confinement may not exceed~~

3    ~~the term of confinement of the original sentence.~~

4    ~~"(4) The court shall not revoke probation and order~~

5    ~~the confinement of the probationer for violations of the~~

6    ~~conditions of probation unless the court finds on the basis of~~

7    ~~the original offense and the probationer's intervening~~

8    ~~conduct, either of the following:~~

9    ~~"a. No measure short of confinement will adequately~~

10   ~~protect the community from further criminal activity by the~~

11   ~~probationer.~~

12   ~~"b. No measure short of confinement will avoid~~

13   ~~depreciating the seriousness of the violation.~~

14   ~~"(5) A defendant determined by the court to be~~

15   ~~indigent shall not be excluded from a determination as an~~

16   ~~eligible offender solely because of nonpayment of~~

17   ~~court-ordered monies. Only the willful nonpayment of~~

18   ~~court-ordered monies shall exclude an otherwise eligible~~

19   ~~defendant from being considered an eligible offender.~~

20   ~~"(e) For purposes of this section and Section~~

21   ~~15-22-54.1, the following words have the following meanings:~~

22   ~~"(1) ADMINISTRATIVE VIOLATION. Any violation of the~~

23   ~~rules and conditions of probation other than one of the~~

24   ~~following:~~

25   ~~"a. A violation of law.~~

Exhibit 4

SB67

1    "b. Possession, receipt, or transportation of any
2  firearm.
3    "c. Any violation of any condition prohibiting
4  contact with any victim.
5    "d. A violation of any condition which presented a
6  danger to the health, safety, or welfare of any person.
7    "(2) ELIGIBLE OFFENDER. A nonviolent offender
8  meeting all of the following criteria:
9    "a. Serving a probationary sentence who has
10 committed an administrative violation only.
11   "b. Who has no pending criminal charges.
12   "c. Has no convictions for a new offense since the
13 time the offender was placed on probation.
14   "d. Has not on two or more previous occasions been
15 found by a court to be in violation of any condition of the
16 current probation.
17   "(3) NEW OFFENSE. Any misdemeanor or felony, whether
18 in violation of state or federal law except for minor
19 misdemeanor traffic offenses.
20   "(4) NONVIOLENT OFFENDER. A person who has not been
21 convicted at any time of any crime defined in subdivision (13)
22 of Section 12-25-32 and who is not currently on probation for
23 a crime the court finds involved actual or attempted physical
24 harm or injury to any person.

Exhibit 4

SB67

1    "(e) After conducting a violation hearing and
2    finding sufficient evidence to support a probation violation,
3    the court may revoke probation to impose a sentence of
4    imprisonment, and credit shall be given for all time spent in
5    custody prior to revocation. If the probationer was convicted
6    of a Class D felony and his or her probation is revoked, the
7    incarceration portion of any split sentence imposed due to
8    revocation shall be limited to two years or one-third of the
9    original suspended prison sentence, whichever is less.
10   However, in all cases, excluding violent offenses defined
11   pursuant to Section 12-25-32 and classified as a Class A
12   felony, and sex offenses, defined pursuant to Section
13   15-20A-5, the court may only revoke probation as provided
14   below:
15       "(1) Unless the underlying offense is a violent
16   offense as defined in Section 12-25-32 and classified as a
17   Class A felony, when a defendant under supervision for a
18   felony conviction has violated a condition of probation, other
19   than arrest or conviction of a new offense or absconding, the
20   court may impose a period of confinement of no more than 45
21   consecutive days to be served in the custody population of the
22   Department of Corrections. Within 90 days of the effective
23   date of this act, the Department of Corrections shall develop
24   and implement a streamlined process to transport and receive
25   the probationer into its custody population and shall identify

Exhibit 4

SB67

1    and, if possible, implement policies aimed at reducing the

2    administrative delays, if any, in transferring to the

3    Department of Corrections the physical custody of the

4    probationer and those whose probation has been revoked. Such

5    process shall be developed in cooperation with the Alabama

6    Sheriffs' Association and the Association of County

7    Commissions of Alabama. Such process shall include the most

8    cost-effective method to process sanctioned probation

9    violators for the maximum 45 day confinement period and shall

10    provide that the Department of Corrections shall reimburse the

11    state mileage rate, as determined by the Alabama Comptroller's

12    Office, to the county for any state inmate sanctioned as a

13    probation violator and transferred to or from a Department of

14    Corrections facility by the county. Upon completion of the

15    confinement period, the remaining probation period or

16    suspension of sentence shall automatically continue upon the

17    defendant's release from confinement. The court shall not

18    revoke probation unless the defendant has previously received

19    a total of three periods of confinement under this subsection.

20    For purposes of revocation, the court may take judicial notice

21    of the three total periods of confinement under this

22    subsection. A defendant shall only receive three total periods

23    of confinement under this subsection. The maximum 45 day term

24    of confinement ordered under this subsection for a felony

25    shall not be reduced by credit for time already served in the

Exhibit 4

SB67

1   case. Any such credit shall instead be applied to the
2   suspended sentence. In the event the time remaining on the
3   imposed sentence is 45 days or less, the term of confinement
4   shall be for the remainder of the defendant's sentence.
5          "(2) The total time spent in confinement under this
6   subsection shall not exceed the term of the defendant's
7   original sentence.
8          "(3) Confinement shall be immediate. The court shall
9   be responsible for ensuring that the circuit clerk receives
10  the order revoking probation within five business days. The
11  circuit clerk shall insure that the Department of Corrections
12  receives necessary transcripts for imposing a period of
13  confinement within five business days of its receipt of the
14  court's order.
15         "(4) If a probation violator, as described in
16  subdivision (1), is presented to the county jail for
17  confinement and the probation violator has a serious medical
18  condition, the confinement of the probation violator creates a
19  security risk to the jail facility, or the jail is near, at,
20  or over capacity, the sheriff may refuse to admit the
21  probation violator. If while in custody of the county jail the
22  probation violator develops a serious medical condition, the
23  confinement of the probation violator creates a security risk
24  to the facility, or the county jail reaches near, at, or
25  overcapacity, the sheriff may release the probation violator

Exhibit 4

SB67

1   upon notification to the probation officer and to the court
2   who has jurisdiction over the probation violator. A sheriff
3   and his or her staff shall be immune from liability for
4   exercising discretion pursuant to Section 36-1-12 in refusing
5   to admit a probation violator into the jail or releasing a
6   probation violator from jail under the circumstances described
7   above.
8           "(f) In lieu of the provisions of subsections (c)
9   through (e), when a probationer violates his or her probation
10  terms and conditions imposed by the court, his or her
11  probation officer may, after administrative review and
12  approval by the officer's supervisor, require the probationer
13  to submit to behavioral treatment, substance abuse treatment,
14  GPS monitoring, such other treatment as determined by the
15  board or supervising officer, or a period of confinement in a
16  consenting jail facility as specified in subdivision (10) of
17  Section 15-22-52.
18          "(g) Prior to imposing a sanction provided under
19  subsection (f) and pursuant to subdivision (10) of Section
20  15-22-52, the probationer must first be presented with a
21  violation report, with the alleged probation violations and
22  supporting evidence noted. The probationer may file a motion
23  with the court to conduct a probation violation hearing within
24  10 days. The probationer shall be given notice of the right to
25  such hearing and advised of the right (i) to a hearing before

Exhibit 4

SB67

<pre>
 1     the court on the alleged violation in person, with the right
 2     to present relevant witnesses and documentary evidence; (ii)
 3     to retain and have counsel at the hearing and that counsel
 4     will be appointed if the probationer is indigent; and (iii) to
 5     confront and cross examine any adverse witnesses. Upon the
 6     signing of a waiver of these rights by the probationer and the
 7     supervising probation officer, with approval of a supervisor,
 8     the probationer may be treated, monitored, or confined for the
 9     period recommended in the violation report and designated in
10     the waiver. However, the probationer shall have no right of
11     review if he or she has signed a written waiver of rights as
12     provided in this subsection.
13              "(h) The board shall adopt guidelines and procedures
14     to implement the requirements of this section, which shall
15     include the requirement of a supervisor's approval prior to a
16     supervising probation officer's exercise of the delegation of
17     authority authorized by subsection (f).
18              Section 4. Section 29-2-20, Code of Alabama 1975, is
19     hereby amended to read as follows:
20              "§29-2-20.
21              "(a) A permanent legislative committee which shall
22     be composed of eight members, two of whom shall be ex officio
23     members and six of whom shall be appointed members, three each
24     to be appointed by the President of the Senate and Speaker of
25     the House, who shall both serve as the ex officio members,
</pre>

Exhibit 4

SB67

1  shall be formed to assist in realizing the recommendations of

2  the legislative prison task force and examine all aspects of

3  the operations of the Department of Corrections. The chairman

4  of the committee shall be selected by and from among the

5  membership. The committee shall make diligent inquiry and a

6  full examination of Alabama's present and long term prison

7  needs and they shall file reports of their findings and

8  recommendations to the Alabama Legislature not later than the

9  fifteenth legislative day of each regular session that the

10  committee continues to exist.

11  "(b) The committee shall study and address mental

12  health issues for prisoners reentering the community after a

13  term of imprisonment in order to streamline the sharing of

14  critical mental health information and in order to address

15  barriers to accessing mental health treatment for such

16  prisoners. The committee shall report such findings to the

17  legislature no later than April 20, 2016 and shall work in

18  conjunction with the following in studying and addressing such

19  issues:

20  "(1) Department of Corrections;

21  "(2) Board of Pardons and Paroles;

22  "(3) Department of Mental Health;

23  "(4) Administrative Office of Courts;

24  "(5) Office of Prosecution Services;

25  "(6) Office of the Attorney General;

Exhibit 4

SB67

1        "(7) Alabama Law Enforcement Agency;

2        "(8) Association of County Commissions of Alabama;

3        "(9) Alabama Probate Judges Association;

4        "(10) Alabama Sheriffs' Association;

5        "(11) Alabama Criminal Defense Lawyers Association;

6        "(12) Alabama Circuit Judges' Association;

7        "(13) Department of Public Health;

8        "(14) Office of the Governor;

9        "(15) Alabama District Attorneys Association;

10        "(16) Alabama Drug Abuse Task Force; and

11        "(17) Any other advocacy groups as determined by the

12   committee.

13        "(c) The committee shall study and address issues

14   related to felony restitution collection in order to improve

15   rates of collection for restitution obligations in felony

16   cases and establish best practices relating to a defendant's

17   ability to pay obligations owed. The committee shall report

18   such findings to the legislature no later than April 20, 2016

19   and shall work in conjunction with the following in studying

20   and addressing such issues:

21        "(1) Department of Corrections;

22        "(2) Board of Pardons and Paroles;

23        "(3) Administrative Office of Courts;

24        "(4) Office of Prosecution Services;

25        "(5) Office of the Attorney General;

Exhibit 4

SB67

| | |
|---|---|
| 1 | "(6) Alabama Law Enforcement Agency; |
| 2 | "(7) Alabama Criminal Defense Lawyers Association; |
| 3 | "(8) Alabama Circuit Judges' Association; |
| 4 | "(9) Association of County Commissions of Alabama; |
| 5 | "(10) Alabama Sheriffs' Association; |
| 6 | "(11) Alabama Crime Victims Compensation Commission; |
| 7 | "(12) The Alabama Circuit Clerk's Association. |
| 8 | "(13) Two crime victims' rights advocates designated |
| 9 | by the Attorney General; |
| 10 | "(14) Two members from the Alabama District |
| 11 | Attorneys Association, of which one shall be from a largely |
| 12 | populated metropolitan judicial circuit and the other shall be |
| 13 | from a small, rurally populated judicial circuit; and |
| 14 | "(15) Any other advocacy groups as determined by the |
| 15 | committee. |
| 16 | "(d) The committee shall study and address capacity |
| 17 | issues within the Department of Corrections to include, but |
| 18 | not limited to, the issue of design capacity and operational |
| 19 | or functional capacity, as well as the construction of new |
| 20 | prison facilities and the renovation of current correctional |
| 21 | facilities as they relate to prison overcrowding and public |
| 22 | safety. The committee shall report such findings to the |
| 23 | legislature no later than April 20, 2016 and shall work in |
| 24 | conjunction with the following in studying and addressing such |
| 25 | issues: |

Exhibit 4

SB67

1          "(1)  Department of Corrections;

2          "(2)  Board of Pardons and Paroles;

3          "(3)  Department of Mental Health;

4          "(4)  Department of Public Health;

5          "(5)  Administrative Office of Courts;

6          "(6)  Office of Prosecution Services;

7          "(7)  Office of the Attorney General;

8          "(8)  Alabama Law Enforcement Agency;

9          "(9)  Alabama Drug Abuse Task Force;

10         "(10) Alabama Criminal Defense Lawyers Association;

11         "(11) Alabama Circuit Judges' Association;

12         "(12) Association of County Commissions of Alabama;

13         "(13) Two members from the Alabama Sheriffs'

14  Association, of which one shall be from a largely populated

15  metropolitan judicial circuit and the other shall be from a

16  small, rurally populated judicial circuit; and

17         "(14) Two members from the Alabama District

18  Attorneys Association, of which one shall be from a largely

19  populated metropolitan judicial circuit and the other shall be

20  from a small, rurally populated judicial circuit.

21         "(e) The studies and collaborating partners provided

22  for in this section shall reflect the racial, gender,

23  geographic, urban/rural, and economic diversity of the state."

24         Section 5. Section 36-18-25, Code of Alabama 1975,

25  is hereby amended to read as follows:

Exhibit 4

SB67

1          "§36-18-25.

2              "(a) All persons convicted of a criminal offense as

3      set out in Section 36-18-24 shall, when requested by the

4      director submit to the taking of a DNA sample or samples as

5      may be specified by the director, provided, however, the

6      director shall promulgate such rules and regulations as may be

7      necessary for the purposes of ensuring that DNA samples are

8      collected in a medically approved manner.

9              "(b) As of May 6, 1994, all persons serving any

10     sentence of probation for any of the offenses set out in

11     Section 36-18-24 shall, when requested by the director, submit

12     to the taking of a DNA sample or samples as specified by the

13     director. Upon the refusal of any such person to so submit the

14     sentencing court shall order such submission as a mandatory

15     condition of probation.

16             "(c)(1) All persons arrested for any felony offense

17     on or after October 1, 2010, or for any sexual offense

18     including, but not limited to, those that would require

19     registration pursuant to the Community Notification Act,

20     Article 2, commencing with Section 15-20-20, of Chapter 20,

21     Title 15, on or after October 1, 2010, shall have a DNA sample

22     drawn or taken, as specified by the director, at the same time

23     he or she is fingerprinted pursuant to the booking procedure

24     or at the time of arrest.

Exhibit 4

SB67

1           "(2) For purposes of this chapter, a juvenile who is

2 arrested for an offense covered by this chapter or adjudicated

3 delinquent for the commission of a felony-grade delinquent act

4 shall be considered a person who is arrested for a felony or

5 other specified offense.

6           ~~"(3) Notwithstanding the other provisions of this~~

7 ~~section, any person arrested for a felony offense or a sexual~~

8 ~~offense, including a juvenile pursuant to subdivision (2),~~

9 ~~shall consent in writing freely and voluntarily to provide a~~

10 ~~DNA sample and shall be informed that they are providing~~

11 ~~written permission without any threats or promises. The person~~

12 ~~shall have the right to refuse to provide a sample pursuant to~~

13 ~~subdivision (1) or (2) without penalty. The refusal may not be~~

14 ~~used as evidence against the person in any proceeding.~~

15           "~~(4)~~ (3) If it is determined that the person's DNA

16 sample has been included in the DNA database, and has not been

17 subject to a court's order expunging the record from the DNA

18 database, no additional sample is required.

19           "(d) As of May 6, 1994, all persons convicted of any

20 of the offenses set out in Section 36-18-24 shall be ordered

21 to submit to the taking of a DNA sample or samples as

22 specified by the director as a mandatory condition of any term

23 of probation or suspended sentence which may be imposed by the

24 sentencing court.

Exhibit 4

SB67

1          "(e) As of May 6, 1994, all persons convicted for
2     any offense set out in Section 36-18-24 and under any sentence
3     of confinement to any incarceration facility, shall, when
4     requested by the director, submit to the taking of a DNA
5     sample or samples as specified by the director. Upon the
6     refusal of any such person to so submit, the custodian of the
7     incarceration facility shall require such submission as a
8     mandatory condition of any temporary, partial, or limited
9     release, including, but not limited to, work release,
10    furlough, or other incentive release.
11         "(f) As of May 6, 1994, all persons convicted of any
12    of the offenses set out in Section 36-18-24, shall be ordered
13    by the sentencing court to submit to the taking of a DNA
14    sample or samples as may be specified by the director as part
15    of the sentence to be imposed.
16         "(g) As of May 6, 1994, all persons convicted for
17    any offense set out in Section 36-18-24 who may be eligible
18    for consideration by the Alabama Board of Pardons and Paroles
19    for either a pardon or parole shall be ordered by the Alabama
20    Board of Pardons and Paroles to submit to the taking of a DNA
21    sample or samples as may be specified by the director, as a
22    mandatory condition of the pardon or parole.
23         "(h) Nothing in this article shall be construed as
24    creating a cause of action against the state or any of its
25    agencies, officials, employees, or political subdivisions

Exhibit 4

SB67

1   based on the performance of any duty imposed by this article
2   or the failure to perform any duty imposed by this article.
3          "(i) A DNA sample obtained in good faith shall be
4   deemed to have been obtained in accordance with the
5   requirements of this chapter and its use in accordance with
6   this chapter is authorized until the circuit court in which an
7   individual was convicted or, in a case where the DNA sample
8   was collected pursuant to a felony or sexual offense arrest,
9   the circuit court where the individual was arrested, orders
10  that the DNA sample should be expunged.
11         "(j) DNA records and DNA samples submitted to the
12  Department of Forensic Sciences may only be released for one
13  of the following authorized purposes:
14         "(1) For law enforcement identification purposes,
15  including the identification of human remains, to federal,
16  state, or local criminal justice agencies.
17         "(2) For criminal defense and appeal purposes, to a
18  defendant, who shall have access to samples and analyses
19  performed in connection with the case in which the defendant
20  is charged or was convicted.
21         "(3) If personally identifiable information is
22  removed for forensic validation studies, forensic protocol
23  development, or quality control purposes."

Exhibit 4

SB67

1          Section 6. Sections 13A-8-4.1, 13A-8-8.1,

2     13A-8-18.1, 13A-9-3.1, and 13A-9-6.1 are added to the Code of

3     Alabama 1975, to read as follows:

4          "§13A-8-4.1

5          "(a) The theft of property that exceeds five hundred

6     dollars ($500) in value but does not exceed one thousand four

7     hundred and ninety-nine dollars ($1,499) in value, and which

8     is not taken from the person of another, constitutes theft of

9     property in the third degree.

10          "(b) Theft of property in the third degree is a

11     Class D felony.

12          "(c) The theft of a credit card or a debit card,

13     regardless of its value, constitutes theft of property in the

14     third degree.

15          "§13A-8-8.1

16          "(a) The theft of lost property which exceeds five

17     hundred dollars ($500) in value but does not exceed one

18     thousand four hundred and ninety-nine dollars ($1,499) in

19     value constitutes theft of lost property in the third degree.

20          "(b) Theft of lost property in the third degree is a

21     Class D felony.

22          "§13A-8-18.1

23          "(a) Receiving stolen property which exceeds five

24     hundred dollars ($500) in value but does not exceed one

25     thousand four hundred and ninety-nine dollars ($1,499) in

Exhibit 4

SB67

1   value constitutes receiving stolen property in the third

2   degree.

3           "(b) Receiving stolen property in the third degree

4   is a Class D felony.

5           "§13A-9-3.1

6           "(a) A person commits the crime of forgery in the

7   third degree if, with intent to defraud, he or she falsely

8   makes, completes, or alters a written instrument which is or

9   purports to be, or which is calculated to become or to

10  represent if completed, an assignment or a check, draft, note,

11  or other commercial instrument which does or may evidence,

12  create, transfer, terminate or otherwise affect a legal right,

13  interest, obligation or status.

14          "(b) Forgery in the third degree is a Class D

15  felony.

16          "§13A-9-6.1

17          "(a) A person commits the crime of criminal

18  possession of a forged instrument in the third degree if he or

19  she possesses or utters a forged instrument of a kind covered

20  in Section 13A-9-3.1 with knowledge that it is forged and with

21  intent to defraud.

22          "(b) Criminal possession of a forged instrument in

23  the third degree is a Class D felony."

24          Section 7. (a) The theft of services which exceeds

25  five hundred dollars ($500) in value but does not exceed one

Exhibit 4

SB67

1   thousand four hundred and ninety-nine dollars ($1,499) in

2   value constitutes theft of services in the third degree.

3         (b) Theft of services in the third degree is a Class

4   D felony.

5         Section 8. Sections 15-22-26.1, 15-22-36.3, and

6   15-22-57 are added to the Code of Alabama 1975, to read as

7   follows:

8         "§15-22-26.1

9         "(a) The position of Board of Pardons and Paroles

10   Administrative Hearing Officer is created and established,

11   subject to provisions of the state Merit System.

12         "(b) The board may appoint or employ, as the board

13   deems necessary, three administrative hearing officers who

14   shall possess the powers and duties prescribed below in

15   subsection (c). The first three appointments shall be

16   provisional appointments made by the board pending job

17   analysis and compilation of the examination for the state

18   Merit System classification.

19         "(c) Administrative hearing officers shall have the

20   following powers and duties, subject to guidelines established

21   by the board:

22         "(1) No later than 12 months prior to the date an

23   inmate is eligible for parole, as determined by the board, he

24   or she shall investigate and review the inmate's preparedness

25   for release to parole supervision by the board. Such

Exhibit 4

SB67

1    investigation and review shall consider all factors deemed
2    relevant to determine preparedness for release to parole as
3    determined by the board's guidelines.
4         "(2) No later than 30 days prior to the date an
5    inmate is eligible for parole, as determined by the board, he
6    or she shall interview the inmate to provide the opportunity
7    for the inmate to present his or her case for parole
8    consideration to the board. Such interview may be conducted
9    via video-conference, subject to guidelines and rules
10   established by the board.
11        "(d) The board may adopt guidelines, policies, and
12   procedures necessary for the implementation of this section.
13        "§15-22-36.3
14        "(a) Prior to an inmate's participation in a work
15   release program or supervised reentry program established
16   under Chapter 8 of Title 14, participation in a community
17   punishment and corrections program established under Article 9
18   of Chapter 18 of Title 15, participation in the Supervised
19   Intensive Restitution program established under Article 7 of
20   Chapter 18 of Title 15, or any temporary leave from prison or
21   furlough, notification of the inmate's participation in such
22   program, leave, or furlough shall be provided to the district
23   attorney and to the victim and interested parties through the
24   victim notification system established pursuant to Section
25   15-22-36.2 and under the provisions of Section 15-22-36.

Exhibit 4

SB67

1    "§15-22-57

2        "The Board of Pardons and Paroles shall adopt and

3    promulgate regulations and guidelines to:

4        "(1) Establish a program of limited supervision for

5    probationers who qualify addressing eligibility using

6    validated risk and needs assessments, transfers among levels

7    of supervision, to include the transfer of lower-risk

8    individuals to an administrative form of probation, and

9    reporting requirements;

10       "(2) Develop policies and procedures for screening,

11   assessment, and referral for probationers to connect with

12   recidivism reduction services including, but not limited to,

13   cognitive behavioral intervention and substance abuse

14   treatment;

15       "(3) Establish a matrix of rewards for compliance

16   and pro-social behaviors and swift, certain and graduated

17   sanctions to be imposed by the board under the provisions of

18   subsections (f) and (g) of Section 15-22-54 in response to

19   corresponding violations of probation terms or conditions

20   imposed; and

21       "(4) Ensure that the provisions of subsections (k)

22   and (l) of Section 15-22-24 are implemented relating to the

23   supervision and treatment of probationers."

24       Section 9. (a) A convicted defendant sentenced to a

25   period of confinement under the supervision of the Department

Exhibit 4

SB67

1    of Corrections shall be subject to the following provisions,

2    unless the defendant is released to a term of probation or

3    released on parole under the provisions of Chapter 22 of Title

4    15:

5              (1) If the defendant is sentenced to a period of

6    five years or less, he or she shall be released to supervision

7    by the Board of Pardons and Paroles no less than three months

8    and no more than five months prior to the defendant's release

9    date;

10             (2) If the defendant is sentenced to a period of

11   more than five years but less than 10 years, he or she shall

12   be released to supervision by the Board of Pardons and Paroles

13   no less than six months and no more than nine months prior to

14   the defendant's release date; or

15             (3) If the defendant is sentenced to a period of 10

16   years or more, he or she shall be released to supervision by

17   the Board of Pardons and Paroles no less than 12 months and no

18   more than 24 months prior to the defendant's release date.

19             (b) The provisions of this section shall not apply

20   to a defendant convicted of any sex offense involving a child,

21   as defined in Section 15-20A-4.

22             (c) Prior to the defendant's release to supervision

23   pursuant to this section, notice of such release shall be

24   provided to the victim and interested parties through the

Exhibit 4

SB67

1     victim notification system established pursuant to Section

2     15-22-36.2 and under the provisions of Section 15-22-36.

3                 (d) Release of an offender to supervision pursuant

4     to this section shall be release to an intensive program under

5     the supervision of the Board of Pardons and Paroles.

6                 Section 10. (a) In every instance, the court shall

7     retain jurisdiction of any person who reaches the end of his

8     or her sentence, received a termination of supervised or

9     unsupervised parole or supervised or unsupervised probation,

10    or in any way has completed all terms of his or her sentence

11    or incarceration pursuant to this act or any other provision

12    of law for the purposes of the enforcement of a court order

13    related to uncollected court-ordered fines, fees, costs or

14    restitution, pursuant to Division 4 of Article 6 of Chapter 17

15    of Title 12 and Article 4A of Chapter 18 of Title 15.

16                (b) All interest, fees, or penalties prescribed by

17    law must be attached to any unpaid sums pursuant to Division 4

18    of Article 6 of Chapter 17 of Title 12 and Article 4A of

19    Chapter 18 of Title 15.

20                Section 11. If a defendant is participating in a

21    court supervised evidence-based treatment program, as that

22    term is defined in Section 12-25-32, a court ordered

23    faith-based program, or any other court ordered rehabilitative

24    program and is subsequently terminated from that program, the

25    court may then order that the defendant be confined in either

Exhibit 4

SB67

1    a prison, jail-type institution, treatment institution, or a

2    consenting community corrections program. The court shall

3    impose a sentence length that complies with either Section

4    13A-5-6, Section 13A-5-9, or the sentencing guidelines,

5    whichever is applicable. Nothing in this section shall

6    preclude the court from imposing a split sentence under

7    Section 15-18-8 or from suspending a sentence under Section

8    15-22-50. Nothing in this section shall limit the court's

9    discretion with regard to any defendant ordered to participate

10   in a court supervised evidence-based treatment program, as

11   that term is defined in Section 12-25-32, a court ordered

12   faith-based program, or any other court ordered rehabilitative

13   program, whether pre-trial, pre-trial adjudication, or as a

14   condition of bond.

15          Section 12. Pursuant to subsection (d) of 21 U.S.C.

16   §862a, a person convicted of a drug related felony who is

17   otherwise ineligible for aid under the Temporary Assistance

18   for Needy Families program and/or the federal Supplemental

19   Nutrition Assistance Program shall be eligible for the aid

20   upon completion of his or her sentence or if the person is

21   satisfactorily serving a sentence of a period of probation,

22   including if the person has satisfactorily completed mandatory

23   participation in a drug treatment program, provided the person

24   meets all other requirements for eligibility under the program

25   or programs. Any person eligible for aid pursuant to this

Exhibit 4

SB67

1    provision shall still comply with all other requirements for

2    receiving aid, including those related to drug testing.

3            Section 13. (a) The Alabama Law Enforcement Agency

4    shall develop and implement a Class D hardship driver license

5    program with specified and limited driving privileges for

6    inmates in work release programs or community corrections

7    programs and for persons released from incarceration from the

8    Department of Corrections. Each person released from a period

9    of confinement from the Department of Corrections, immediately

10    following his or her release, shall be eligible to apply for a

11    hardship driver license with specified and limited driving

12    privileges from the Alabama Law Enforcement Agency subject to

13    rules, regulations, restrictions, and eligibility requirements

14    established by the Alabama Law Enforcement Agency, as well as

15    subject to payment of a fee not to exceed the cost of

16    production of the hardship driver license.

17            (b) The Secretary of the Alabama Law Enforcement

18    Agency shall promulgate such rules, regulations, restrictions,

19    and eligibility requirements as are necessary to implement the

20    provisions of this section. Additionally, the Alabama Law

21    Enforcement Agency shall collaborate with the Board of Pardons

22    and Paroles to implement the provisions of this section.

23            Section 14. (a) In this section, "program" means the

24    Pilot Program for Small Business Development by Ex-Offenders.

Exhibit 4

SB67

1          (b)(1) On or before January 1, 2016, subject to the
2     availability of funds, the Alabama Department of Economic and
3     Community Affairs (ADECA), in consultation with the Department
4     of Corrections, shall establish a program to assist
5     individuals exiting the correctional system by providing both
6     of the following:
7               a. Training in how to establish small businesses.
8               b. Funding to establish small businesses.
9          (2) The program established under this section shall
10    terminate at the end of December 31, 2020.
11         (3) ADECA may coordinate with other entities that
12    offer to provide resources for the program, including funding,
13    training, and mentoring services.
14         (c) ADECA shall develop an evaluation process for
15    the program that includes a mechanism to evaluate whether the
16    program has operated to encourage the establishment of stable
17    small businesses by individuals who have participated in the
18    program.
19         (d) In consultation with the Department of
20    Corrections, ADECA shall select individuals to participate in
21    the program who:
22         (1) Have recently exited the correctional system.
23         (2) Have identified an interest or a skill set that
24    indicates a likelihood of successful implementation of the
25    business plan proposed by the individual.

Exhibit 4

SB67

1          (e) An individual selected to participate in the
2     program shall receive training and mentoring in the
3     development of a business plan.

4          (f) ADECA shall do both of the following:

5          (1) Partner an individual participating in the
6     program with a mentor who will guide the individual over a
7     three-year period following the implementation of the
8     individual's business plan.

9          (2) Assist the individual in obtaining financing for
10    the individual's small business through the Alabama Small
11    Business Incubator Act, Sections 41-23-60 to 41-23-66,
12    inclusive, Code of Alabama 1975, or through other sources.

13         (g) On or before February 1, 2017, ADECA shall
14    report to the Legislature the effectiveness of the Pilot
15    Program established under this section in assisting
16    individuals who have been recently released from the
17    correctional system in establishing successful, stable small
18    businesses.

19         (h) This section shall take effect July 1, 2015. It
20    shall remain effective for a period of five years and six
21    months. At the end of December 31, 2020, with no further
22    action required by the Legislature, this section shall be
23    abrogated and of no further force and effect.

24         Section 15. The Commissioner of the Department of
25    Corrections shall release into the custody of the United

Exhibit 4

SB67

1    States Bureau of Prisons, or its authorized representative,

2    any person in the custody of the Department of Corrections

3    whose federal sentence exceeds his or her sentence in Alabama

4    unless he or she was convicted of a Class A felony or a sex

5    offense defined pursuant to Section 15-20A-5.

6         Section 16. In addition to facilities utilizing

7    evidence-based practices, a sentencing court may also utilize

8    a faith-based or nonprofit facility that is exempt from the

9    provisions of this act pursuant to subdivision (5) of

10   subsection (b) of Section 15-18-180 for counseling, education,

11   or other rehabilitation services.

12        Section 17. (a) No person under the age of 18 years,

13   including one who has been transferred for criminal

14   prosecution pursuant to Section 12-15-203 or charged pursuant

15   to Section 12-15-204, shall be detained or confined in any

16   facility under the control of the Department of Corrections

17   unless the facility is fully compliant with the sight and

18   sound separation requirements in subsection (d) of Section

19   12-15-208. The use of solitary confinement or other practice

20   resulting in extended isolation as a method of complying with

21   subsection (d) of Section 12-15-208 shall be prohibited.

22        (b) The implementation of this section shall be

23   contingent on funds being appropriated to accomplish this

24   provision.

Exhibit 4

SB67

1        Section 18. Prior to the effective date of this act,
2     the Board of Pardons and Paroles shall collaborate with the
3     Alabama Sentencing Commission to define and establish the
4     fundamental terms and conditions of high intensity probation.
5        Section 19. The portions of this act relating to the
6     substantive provisions of criminal offenses shall apply to
7     offenses committed after the effective date of this act. The
8     portions of this act relating to terms of supervision of
9     persons by the Board of Pardons and Paroles shall apply to all
10    persons under supervision of the Board of Pardons and Paroles
11    on the effective date of this act or in the future.
12       Section 20. All laws or parts of laws which conflict
13    with this act are repealed.
14       Section 21. The provisions of this act are
15    severable. If any part of this act is declared invalid or
16    unconstitutional, that declaration shall not affect the part
17    which remains.
18       Section 22. Although this bill would have as its
19    purpose or effect the requirement of a new or increased
20    expenditure of local funds, the bill is excluded from further
21    requirements and application under Amendment 621, now
22    appearing as Section 111.05 of the Official Recompilation of
23    the Constitution of Alabama of 1901, as amended, because the
24    bill defines a new crime or amends the definition of an
25    existing crime.

Exhibit 4

SB67

1            Section 23. This act shall become effective on

2 January 30, 2016 following its passage and approval by the

3 Governor, or its otherwise becoming law. However, this act

4 shall only become effective if the Director of Finance

5 certifies that specific funding to implement the provisions of

6 this act has been appropriated to the Board of Pardons and

7 Paroles and the Department of Corrections.

Exhibit 4

SB67

1

2

*Kay Ivey*

3

4

_____

President and Presiding Officer of the Senate

5

6

_____

Speaker of the House of Representatives

7   SB67
8   Senate 02-APR-15
9   I hereby certify that the within Act originated in and passed
10  the Senate, as amended.
11
12                              Patrick Harris
13                              Secretary
14

15          _____

16
17  House of Representatives
18  Amended and passed 07-MAY-15

19          _____

20
21  Senate concurred in House amendment 07-MAY-15

22          _____

23
24  **APPROVED** By: Senator Ward   *May 18, 2015*

**TIME** *815 Am*

*Robert Bentley*

**GOVERNOR**   Page 147

Alabama Secretary Of State
Act Num....: 2015-185
Bill Num...: S-67

Recv'd 05/18/15   01:57pmSLF

Exhibit 4

## SENATE ACTION

I hereby certify that the Resolution as required in Section C of Act No. 81-889 was adopted and is attached to the Bill.

SB _____

yeas 33 nays 0 abstain 0

**PATRICK HARRIS,**
Secretary

---

I hereby certify that the notice & proof is attached to the Bill, SB _____ as required in the General Acts of Alabama 1975 Act No. 919.

**PATRICK HARRIS,**
Secretary

---

**CONFERENCE COMMITTEE**

Senate Conferees _____

---

**SPONSOR**

1  Ward

**CO-SPONSORS**

2 _____

3 _____

4 _____

5 _____

6 _____

7 _____

8 _____

9 _____

10 _____

11 _____

12 _____

13 _____

Exhibit 4

14 _____

15 _____

16 _____

17 _____

18 _____

19 _____

20 _____

21 _____

22 _____

23 _____

24 _____

25 _____

26 _____

27 _____

28 _____

29 _____

30 _____

31 _____

32 _____

33 _____

34 _____

35 _____

---

**RD 1 RFD** _____

## REPORT OF STANDING COMMITTEE

This bill having been referred by the House to its standing committee

_____ was

acted upon by such committee

session, and returned therefrom to the House with the recommendation that it it

Passed w/amend(s) _____ w/sub _____

This _____ day of _____ 201_

_____ Chairperson

---

DATE:

RF

---

DATE:

RE-REFERRED _____ RE-COMMITTEE RE-COMMITTED

Committee _____

---

I hereby certify that the Resolution as required in Section C of Act No. 81-889 was adopted and is attached to the Bill.

SB _____

YEAS _____ NAYS _____

**JEFF WOODARD**
Clerk

**FURTHER HOUSE ACTION (OVER)**