ACT #2019- **393**

1    HB380

2    197932-4

3    By Representatives Rowe, Fridy and Ellis

4    RFD: State Government

5    First Read: 09-APR-19



Exhibit 5

Page 0

HB380

1

2   ENROLLED, An Act,

3           Relating to pardons and paroles; to amend Sections
4   15-22-20, 15-22-21, 15-22-26, 15-22-28, 15-22-36, and
5   15-22-37, Code of Alabama 1975, to authorize the Governor,
6   with the advice and consent of the Senate, to fill a vacant
7   seat on the board; to further provide for the membership of
8   the board; to authorize the Governor to appoint a Director of
9   Pardons and Paroles and establish the director's
10  responsibilities; to set criteria to be used by the board to
11  determine a prisoner's initial parole consideration date; to
12  set parameters to be used if the board deviates from the
13  standards when setting a prisoner's initial parole
14  consideration date; to require approval by the deputy Attorney
15  General or assistant Attorney General if the board deviates
16  from the standards when setting a prisoner's initial parole
17  consideration date; and to require the board work with the
18  district attorney or Attorney General's Office to notify a
19  victim, victim's representative, or other interested party
20  prior to the board taking action.

21  BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

22          Section 1. Sections 15-22-20, 15-22-21, 15-22-26,
23  15-22-28, 15-22-36, and 15-22-37, Code of Alabama 1975, are
24  amended to read as follows:

25          "§15-22-20.

Exhibit 5

HB380

1    "(a) There shall be a Board of Pardons and Paroles
2    which shall consist of three members. The membership of the
3    board shall be inclusive and reflect the racial, gender,
4    geographic, urban/rural, or economic diversity of the state.
5    At least one member shall be a current or former law
6    enforcement officer with a minimum of 10 years' experience in
7    or with a law enforcement agency which has among its primary
8    duties and responsibilities the investigation of violent
9    crimes or the apprehension, arrest, or supervision of the
10   perpetrators thereof.
11   "(b) Any vacancy occurring on the board, whether for
12   an expired or unexpired term, shall be filled by appointmentby
13   the Governor, with the advice and consent of the Senate, from
14   a list of five qualified persons nominated by a board
15   consisting of the Chief Justice of the Supreme Court as
16   chairman, the presiding judge of the Court of Criminal
17   Appeals, the Lieutenant Governor, the Speaker of the House,
18   and the President Pro Tempore of the Senate. The nominating
19   board shall as soon as practicable after a vacancy occurs,
20   whether for an expired or unexpired term, meet and select by
21   majority vote the names of five persons to be submitted to the
22   Governor. It shall immediately thereafter submit its
23   nominations to the Governor, who shall make his appointment
24   from such list within 10 days thereafter. Appointees shall by
25   the Governor, with the advice and consent of the Senate, from

Exhibit 5

1      a list of five qualified persons nominated by a board
2      consisting of ~~the Chief Justice of the Supreme Court as~~
3      ~~chairman, the presiding judge of the Court of Criminal~~
4      ~~Appeals,~~ the Lieutenant Governor, the Speaker of the House,
5      and the President Pro Tempore of the Senate. The nominating
6      board shall as soon as practicable after a vacancy occurs,
7      whether for an expired or unexpired term, meet and select by
8      majority vote the names of five persons to be submitted to the
9      Governor. It shall immediately thereafter submit its
10     nominations to the Governor, who shall make his or her
11     appointment from ~~such~~ the list within 10 days thereafter.
12     Appointees shall begin serving immediately upon appointment,
13     until confirmed or rejected by the Senate. Appointments made
14     at times when the Senate is not in regular session shall be
15     effective ad interim. Any appointment made by the Governor
16     while the Senate is in regular session must be submitted ~~by~~
17     ~~him~~ to the Senate not later than the third legislative day
18     following the date of the appointment; any appointment made
19     while the Senate is not in regular session shall be submitted
20     not later than the third legislative day following the
21     reconvening of the Legislature in regular session. ~~In the~~
22     ~~event the Senate fails or refuses to act on the appointment~~
23     ~~within five legislative days after its submission, the~~
24     ~~appointment shall be void, and the person whose name was thus~~
25     ~~submitted shall not thereafter be reappointed. In the event an~~

Exhibit 5

Page 3

1    appointee is not confirmed by the Senate, the nominating board
2    shall make five nominations; one of them shall be appointed,
3    and his appointment shall be submitted to the Senate as
4    provided in this section. The nominating and appointing
5    procedure required in this section shall be continued and
6    followed until an appointment is made and completed. If the
7    Senate fails to vote on an appointee's confirmation before
8    adjourning sine die during the regular session in which the
9    appointee is appointed, the appointee is deemed to be
10   confirmed.

11              "(c) Members of the board shall be appointed for
12   terms of six years commencing on July 1 in the years 1953,
13   1955, and 1957, and shall serve until their successors shall
14   have been appointed and shall have been qualified. Any person
15   appointed to fill the vacancy for an unexpired term shall
16   vacate the office upon the expiration of that unexpired term.

17              "(d) The Governor shall designate one of the members
18   as chairman chair, and such chairman the chair shall preside
19   at sessions of the board.

20              "(e) Each member shall take the constitutional oath
21   of office and shall be subject to impeachment for any of the
22   causes specified in Section 173 of the Constitution; and the
23   procedure in cases of impeachment shall be in the manner
24   provided by Section 175 of the Constitution; provided,
25   however, that in the event the Governor shall determine that

Exhibit 5

Page 4

1    any member of the board shall have become incapacitated by

2    reason of physical or mental disability or illness to the

3    extent that he cannot efficiently perform the duties of his

4    office, he or she shall direct the Attorney General to proceed

5    to the determination of that issue in an inquisition

6    proceeding instituted by him or her in the Circuit Court of

7    Montgomery County, Alabama. In the event the issue is

8    determined in such court against the board member, the court

9    shall declare the office vacant, and the same shall be vacated

10   and a successor appointed, as provided in this section.

11        "(f) Two members of the board shall constitute a

12   quorum for the transaction of the official business of the

13   board.

14        "(g) The members of the board ~~shall devote their~~

15   ~~full time to their official duties and~~ shall hold no other

16   office of profit during their incumbency.

17        "(h) The annual compensation of the chairman and

18   each associate member of the Board of Pardons and Paroles

19   shall be ~~such~~ an amount as is provided by law. ~~Such~~ The

20   salaries shall be paid in equal installments from the State

21   Treasury in the same manner that salaries of other state

22   officers are paid.

23        ~~"(i) The Governor is hereby authorized to appoint~~

24   ~~four persons to serve as special members of the board. The~~

25   ~~four special members shall be appointed to reflect the racial,~~

Exhibit 5

1    gender, and geographic diversity of this state. The special
2    members shall serve a single term beginning October 1, 2003
3    and ending September 30, 2006. The provisions on appointment
4    in subsection (b), oath and incapacity in subsection (e),
5    devotion to duties in subsection (g), and compensation in
6    subsection (h) shall apply to special members to the same
7    extent they apply to members of the board. The special members
8    shall be appointed and serve for the limited purpose of
9    conducting hearings and making determinations concerning
10   pardons, paroles, restorations of political and civil rights,
11   remission of fines and forfeitures, and revocations.
12            "(j) During the term of the special members of the
13   board, the board shall sit in two panels of three for the
14   purpose of conducting hearings and making determinations
15   concerning pardons, paroles, restorations of political and
16   civil rights, remission of fines and forfeitures, and
17   revocations. Membership on each panel shall be designated by
18   the chairman of the board from among the remaining regular and
19   special members of the board as the chairman determines from
20   time to time shall be necessary to hear all pending matters in
21   an expeditious manner. The chairman of the board shall serve
22   as an alternate with members of either panel and shall
23   re-designate panel membership as necessary to carry out the
24   hearing duties of the board. Two members of each panel shall
25   constitute a quorum for the transaction of official business.

Exhibit 5

HB380

1    "~~(k) When the board sits in panels of three members~~
2    ~~as herein authorized, each panel shall act in the same manner~~
3    ~~and under the same authority as the full board. All authority,~~
4    ~~duties, powers, and responsibilities of the board on any~~
5    ~~matter brought before the panel for hearing shall be exercised~~
6    ~~by the panel as though heard and decided by the full board.~~
7    ~~Decisions of each panel shall constitute a decision of the~~
8    ~~board. All procedures of the board relating to the conduct of~~
9    ~~hearings shall apply to hearings before either panel of the~~
10   ~~board.~~
11   "~~(l) This section does not affect in any way the~~
12   ~~authority of the original board members to carry out all~~
13   ~~administrative, supervisory, and personnel duties existing on~~
14   ~~September 25, 2003.~~
15   "§15-22-21.
16   "(a) The ~~Board of Pardons and Paroles, with the~~
17   ~~approval of the~~ Governor~~, may~~ <u>shall</u> appoint a ~~secretary~~
18   <u>Director of Pardons and Paroles, who shall serve at the</u>
19   <u>pleasure of the Governor.</u>
20   "<u>(b) The Director of Pardons and Paroles shall serve</u>
21   <u>as the chief executive officer of the Board of Pardons and</u>
22   <u>Paroles and be vested with all power necessary to perform the</u>
23   <u>duties assigned to the board by law except the board's power</u>
24   <u>to adopt rules, guidelines, or other policies and to make</u>
25   <u>individual determinations concerning the grant or denial of</u>

Exhibit 5

HB380

1    pardons, the grant or denial of paroles, the restorations of
2    political and civil rights, the remission of fines and
3    forfeitures, and the revocation of parole. As chief executive
4    officer, the director shall be responsible for all of the
5    following:
6              "(1) Appointing and supervising, subject to the
7    provisions of the Merit System, ~~and such clerical,~~
8    ~~stenographic, supervisory and expert assistants as may be~~
9    employees necessary to carry out the ~~provisions~~ duties of ~~this~~
10   ~~article, provided, however, that the selection of such~~
11   ~~assistants and the fixation of their salaries shall be subject~~
12   ~~to the provisions of the Merit System~~ the board.
13             "(2) Performing, on behalf of the board, all fiscal
14   and budgetary requirements imposed on the board by law.
15             "(3) Developing and implementing, on behalf of the
16   board, all policies and procedures for the effective
17   supervision of parolees released to supervision by the board
18   as well as those individuals granted probation by the
19   sentencing court.
20             "(4) Attending all meetings of the board, in person
21   or by designee, to act as the board's secretary, and to
22   maintain a record of the board's official actions.
23             "(5) Preparing and recommending rules for
24   consideration by the board as the director shall deem

Exhibit 5

HB380

1   necessary for the effective and efficient performance of the

2   board's duties.

3            "§15-22-26.

4            "(a) No prisoner shall be released on parole merely

5   as a reward for good conduct or efficient performance of

6   duties assigned in prison, but only if the Board of Pardons

7   and Paroles is of the opinion that the prisoner meets criteria

8   and guidelines established by the board to determine a

9   prisoner's fitness for parole and to ensure public safety. The

10  guidelines shall serve as an aid in the parole decision making

11  process and shall promote the use of prison space for the most

12  violent and greatest risk offenders, while recognizing that

13  the board's paramount duty is to protect public safety. The

14  guidelines shall be structured, actuarially based, reviewed

15  every three years by the board, after a specified open comment

16  period determined by the board, and posted on the website of

17  the board and include, but not be limited to, the following:

18           "(1) The prisoner's risk to reoffend, based upon a

19  validated risk and needs assessment as defined in Section

20  12-25-32.

21           "(2) Progress by the prisoner and the Department of

22  Corrections to plan for reentry.

23           "(3) Input from the victim or victims, the family of

24  the victim or victims, prosecutors, and law enforcement

25  entities.

**Exhibit 5**

Page 9

HB380

1        "(4) Participation in risk-reduction programs while
2    incarcerated~.

3        "(5) Institutional behavior of the prisoner while
4    incarcerated~ and.

5        "(6) Severity of the underlying offense for which
6    the prisoner was sentenced to incarceration.

7        "(b) ~~If~~ Except as provided in Section 15-22-37, if
8    the board ~~shall so determine, such~~ grants a prisoner parole,
9    the prisoner shall be ~~allowed to go upon parole outside of~~
10   released from prison ~~walls and enclosure~~ upon ~~such~~ the terms
11   and conditions ~~as~~ set by the board ~~shall prescribe, but to,~~
12   and while released on parole, shall remain ~~while thus on~~
13   ~~parole~~ in the legal custody of the warden of the prison from
14   which he or she is paroled until the expiration of the maximum
15   term specified in his or her sentence or until he or she is
16   fully pardoned.

17       "(c) The board shall clearly articulate its reasons
18   for approval or denial of parole for each prisoner, based on
19   its established guidelines, and shall provide the reasons for
20   approval or denial to the prisoner, the victim, the Department
21   of Corrections, or any other interested party upon written
22   request submitted to the board. The use of established
23   guidelines for parole consideration shall not create a right
24   or expectation by a prisoner to parole release. Additionally,
25   the articulated reasons for denial of parole release shall not

**Exhibit 5**

HB380

1    create a right or expectation for parole release. The

2    guidelines shall serve as an aid in the parole decision making

3    process, and the decision concerning parole release shall be

4    at the complete discretion of the board.

5            "§15-22-28.

6            "(a) It shall be the duty of the Board of Pardons

7    and Paroles, upon its own initiative, to make an investigation

8    of any and all prisoners confined in the jails and prisons of

9    the state, through use of a validated risk and needs

10   assessment as defined in Section 12-25-32, with a view of

11   determining the feasibility of releasing the prisoners on

12   parole and effecting their reclamation. Reinvestigations shall

13   be made from time to time as the board may determine or as the

14   Department of Corrections may request. The investigations

15   shall include such reports and other information as the board

16   may require from the Department of Corrections or any of its

17   officers, agents, or employees.

18           "(b) It shall be the duty of the Department of

19   Corrections to cooperate with the Board of Pardons and Paroles

20   for the purpose of carrying out the provisions of this

21   article.

22           "(c) Temporary leave from prison, including

23   Christmas furloughs, may be granted only by the Commissioner

24   of Corrections to a prisoner for good and sufficient reason

25   and may be granted within or without the state; provided, that

Exhibit 5

HB380

1      Christmas furloughs shall not be granted to any prisoner
2      convicted of drug peddling, child molesting or rape, or to any
3      maximum security prisoner. A permanent, written record of all
4      ~~such~~ temporary leaves, together with the reasons therefor,
5      shall be kept by ~~such~~ the commissioner. He or she shall
6      furnish the ~~Pardon and Parole~~ Board of Pardons and Paroles
7      with a record of each ~~such~~ leave granted and the reasons
8      therefor, and the same shall be placed by the board in the
9      prisoner's file.

10      "(d) No prisoner shall be released on parole except
11      by a majority vote of the board. The board shall not parole
12      any prisoner for employment by any official of the State of
13      Alabama, nor shall any parolee be employed by an official of
14      the State of Alabama and be allowed to remain on parole;
15      provided, however, that this provision shall not apply in the
16      case of a parolee whose employer, at the time of the parolee's
17      original employment, was not a state official.

18      "(e) ~~For violent offenses as defined in Section~~
19      ~~12-25-32, the board shall not grant a parole to any prisoner~~
20      ~~who has not served at least one third or 10 years of his~~
21      ~~sentence, whichever is the lesser, except by a unanimous~~
22      ~~affirmative vote of the board.~~ The board shall set a
23      prisoner's initial parole consideration date according to the
24      following schedules:

Exhibit 5

HB380

1          "(1) For prisoners receiving sentence deductions

2    pursuant to the Alabama Correctional Incentive Time Act,

3    Article 3, Chapter 9, Title 14, the following schedule shall

4    apply:

5          "a. For terms of five years or less, the prisoner

6    shall be scheduled for initial parole consideration on the

7    current docket.

8          "b. For terms over five years and up to 10 years,

9    the prisoner shall be scheduled for initial parole

10   consideration approximately 18 months prior to the minimum

11   release date.

12         "c. For terms of more than 10 years and up to 15

13   years, the prisoner shall be scheduled for initial parole

14   consideration approximately two years and six months prior to

15   the minimum release date.

16         "(2) For prisoners convicted on or after March 21,

17   2001, of one or more of the following Class A felonies, the

18   initial parole consideration date shall be set for a date once

19   a prisoner has completed 85 percent of his or her total

20   sentence or 15 years, whichever is less.

21         "a. Rape in the first degree.

22         "b. Kidnapping in the first degree.

23         "c. Murder.

24         "d. Attempted murder.

25         "e. Sodomy in the first degree.

Exhibit 5

HB380

1    "f. Sexual torture.

2    "g. Robbery in the first degree with serious

3    physical injury as defined in Section 13A-1-2.

4    "h. Burglary in the first degree with serious

5    physical injury as defined in Section 13A-1-2.

6    "i. Arson in the first degree with serious physical

7    injury as defined in Section 13A-1-2.

8    "(3) For all other prisoners, the initial parole

9    consideration date shall be set for a date following

10   completion of one-third of the prisoner's sentence or 10

11   years, whichever is less.

12   "(4) If the prisoner is serving consecutive

13   sentences, the initial parole consideration date may not be

14   set for a date before the prisoner has separately served the

15   time prescribed in this subsection for each consecutive

16   sentence imposed.

17   "(f)(1) The board may deviate from the initial

18   parole consideration date established in ~~subdivision (e)(1)~~

19   subsection (e) or any reconsideration date prescribed by the

20   board's rules only in either of the following circumstances:

21   "a. To comply with the policy and procedural

22   guidelines in effect on or before January 1, 2019, issued by

23   the board under Section 15-22-24(e).

24   "b. If the prisoner shows, by clear and convincing

25   evidence, that he or she is more likely than not to be granted

Exhibit 5

HB380

1  parole and that he or she would have been considered for

2  parole on an earlier date under generally applicable rules or

3  policies previously in effect.

4  "(2) Any decision by the board to invoke the

5  procedures of this subsection shall be subject to legal review

6  by the deputy Attorney General or assistant Attorney General

7  assigned to the board, prior to the issuance of a parole

8  certificate and the prisoner's release. If it is determined

9  that the grant of parole consideration failed to satisfy the

10  requirements of this subsection or any rule adopted pursuant

11  to this subsection, the decision shall be reversed and the

12  prisoner shall be notified by the board.

13  "(3) For purposes of paragraph (f)(1)b., the board

14  shall adopt rules to determine whether a prisoner is more

15  likely than not to be granted parole. These rules shall be

16  designed to minimize the risk a prisoner will be prejudiced by

17  any statutory or administrative changes in parole standards or

18  procedures that have occurred since the date of the prisoner's

19  conviction and shall include, but are not limited to the

20  following:

21  "a. A requirement that the prisoner has completed a

22  minimum total period of incarceration.

23  "b. A requirement that the prisoner complete certain

24  programs while in custody of the Department of Corrections.

Exhibit 5

HB380

1        "c. A requirement that the prisoner provide a

2   statement of support from a Department of Corrections staff

3   member.

4        "d. A requirement that the prisoner have no violent

5   disciplinaries during a prescribed period preceding the

6   prisoner's current application for parole consideration.

7        "e. A requirement that the prisoner have no

8   disciplinaries of any kind within a prescribed period

9   preceding the prisoner's current application for parole

10  consideration.

11       "f. A requirement that the prisoner's risk of

12  re-offense is determined to be medium or low following the

13  completion of a validated risk and needs assessment conducted

14  by a trained probation and parole officer.

15       "(4) A 30 days' written notice shall be provided to

16  the Governor and Attorney General for any parole consideration

17  date set by the board under subdivision (f)(1). The Governor

18  and Attorney General shall have 14 days from the time notice

19  is received to object to the grant of parole. If the board

20  grants parole consideration under subdivision (f)(1) and did

21  not give adequate notice to the Governor or Attorney General

22  or granted parole consideration despite an objection from the

23  Governor or Attorney General, the decision shall be reversed

24  and the prisoner shall be notified by the board.

25       "§15-22-36.

Exhibit 5

HB380

1                 "(a) In all cases, except treason and impeachment

2      and cases in which sentence of death is imposed and not

3      commuted, as is provided by law, the Board of Pardons and

4      Paroles shall have the authority and power, after conviction

5      and not otherwise, to grant pardons and paroles and to remit

6      fines and forfeitures.

7                 "(b) Each member of the Board of Pardons and Paroles

8      favoring a pardon, parole, remission of a fine or forfeiture,

9      or restoration of civil and political rights shall enter in

10     the file his or her reasons in detail, which entry and the

11     order shall be public records, but all other portions of the

12     file shall be privileged.

13              "(c) No pardon shall relieve one from civil and

14     political disabilities unless specifically expressed in the

15     pardon. No pardon shall be granted unless the prisoner has

16     successfully completed at least three years of permanent

17     parole or until the expiration of his or her sentence if his

18     or her sentence was for less than three years. Notwithstanding

19     the foregoing, a pardon based on innocence may be granted upon

20     the unanimous affirmative vote of the board following receipt

21     and filing of clear proof of his or her innocence of the crime

22     for which he or she was convicted and the written approval of

23     the judge who tried ~~his or her~~ the case or district attorney

24     or with the written approval of a circuit judge in the circuit

Exhibit 5

1    where he or she was convicted if the judge who tried his or
2    her case is dead or no longer serving.

3           "(d) The Board of Pardons and Paroles shall have no
4    power to grant a pardon, order a parole, remit a fine or
5    forfeiture, or restore civil and political rights until 30
6    days' notice that the prisoner is being considered therefor
7    has been given by the board to the Attorney General, the judge
8    who presided over the case, the district attorney who tried
9    the subject's case, the chief of police in the municipality in
10   which the crime occurred, if the crime was committed in an
11   incorporated area with a police department, and to the sheriff
12   of the county where convicted, and to the same officials of
13   the county where the crime occurred if different from the
14   county of conviction; provided, however, that if they are dead
15   or not serving, the notice shall be given to the district
16   attorney, incumbent sheriff, and one of the judges of the
17   circuit in which the subject was convicted. The board also
18   shall be required to provide the same notice to the Crime
19   Victims Compensation Commission.

20          "(e)(1) If a victim, victim's representative, or any
21   other interested individual has provided a preferred method of
22   communication to the board, at least 45 days prior to the
23   board's actions, the board may not approve or order a parole,
24   pardon, remission of fine or forfeiture, restoration of civil
25   and political rights, furlough, leave, or early release of a

Exhibit 5

Page 18

HB380

1      prisoner, unless a ~~Until and unless at least~~ 30 days' written

2      notice of the board's action to be considered ~~has been given~~

3      ~~by the board~~ has been provided to the victim named in the

4      indictment, the victim's representative, ~~and~~ or any other

5      interested individuals~~, after the board has received a request~~

6      ~~that includes the preferred mode or modes of notification from~~

7      ~~the victim, the victim's representative, and other interested~~

8      ~~individuals and is submitted 45 days or more in advance of the~~

9      ~~board action to be considered either through the automated~~

10     ~~victim notification system or by a direct request to the board~~

11     ~~or other authorized individual, the Board of Pardons and~~

12     ~~Paroles shall have no power or authority to in any way approve~~

13     ~~or order any parole, pardon, remission of fine or forfeiture,~~

14     ~~restoration of civil and political rights, furlough, leave or~~

15     ~~early release of a person convicted of the following offenses:~~

16     ~~"a. A Class A felony.~~

17     ~~"b. Any felony committed prior to the first day of~~

18     ~~January, 1980, which if committed after the first day of~~

19     ~~January, 1980, would be designated a Class A felony.~~

20     ~~"c. Any felony involving violence, death, or any~~

21     ~~physical injury to the person of another.~~

22     ~~"d. Any felony involving unlawful sexual assault or~~

23     ~~other unlawful sexual conduct on the person of another.~~

Exhibit 5

HB380

1       "e. Any felony involving sexual assault, or a lewd
2    or lascivious act upon a child under the age of 16 years or
3    attempt thereof.

4       "f. Sexual abuse or any other criminal conduct
5    committed prior to the first day of January, 1980, which if
6    committed after the first day of January, 1980, would be
7    defined as sexual abuse under the Alabama Criminal Code.

8       "g. Child abuse or any criminal conduct committed
9    prior to the first day of January, 1980, which if committed
10   after the first day of January, 1980, would be defined as
11   child abuse under the Alabama Criminal Code.

12      "h. Sodomy or any criminal conduct committed prior
13   to the first day of January, 1980, which if committed after
14   the first day of January, 1980, would be defined as sodomy
15   under the Alabama Criminal Code.

16      "i. Any violation of Section 13A-6-69, as amended.

17      "(2) To foster notification, the victim, victim's
18   representative, or other interested individuals should have a
19   preferred mode or modes of notification on file with the
20   board, submitted through the automated victim notification
21   system or by direct request to the board or another authorized
22   individual.

23      "(2) (3) If, however, the victim, victim's
24   representative, and or other interested individual has not
25   been registered for notice through the automated victim

Exhibit 5

HB380

1    notification system or otherwise made a direct request to the

2    board for notice or to another authorized individual, if the

3    victim's information has not been updated, or particular modes

4    of notification have not been requested at least 45 days ~~or~~

5    ~~more~~ in advance of the board's action to be considered, the

6    board, working with the appropriate district attorney and the

7    Attorney General's Office, shall exercise due diligence in

8    locating the victim or the victim's immediate family members.

9    If all attempts to locate a victim or his or her immediate

10   family members has failed, and the agent of the board

11   certifies that due diligence has been exercised, the board

12   shall not be limited in power or authority in any way to

13   approve or order any parole, pardon, remission of fine or

14   forfeiture, restoration of civil and political rights,

15   furlough, leave, or early release of a ~~person convicted of the~~

16   ~~offenses named in subsection (e)(1)a. to i., inclusive~~

17   prisoner.

18            "~~(3)~~ (4) The notice shall be given by U.S. certified

19   mail, return receipt requested, U.S. mail, electronic

20   transmission, or by other commonly accepted method of

21   delivery, upon a request made through the automated victim

22   notification system or otherwise upon direct request made to

23   the board or other authorized individual 45 days or more in

24   advance of the board's action to be considered and shall

25   include:

Exhibit 5

HB380

1               "a. The name of the prisoner or defendant involved.

2               "b. The crime for which the prisoner or defendant

3       was convicted.

4               "c. The date of the sentence.

5               "d. The court in which the conviction occurred.

6               "e. The sentence imposed.

7               "f. The actual time the prisoner has been held in

8       confinement and the prisoner's minimum release date, as

9       computed by the Department of Corrections.

10              "g. The action to be considered by the board.

11              "h. The date, time, and location of the board

12      meeting at which the action is to be considered.

13              "i. The right of the victim named in the indictment,

14      a victim's representative, or if the victim is deceased as a

15      result of the offense, the victim's immediate family, as

16      defined by the board's operating rules, or, in the event there

17      is no immediate family, a relative of a victim, if any, to

18      present his or her views to the board in person or in writing.

19              "Notice for robbery victims who were robbed while on

20      duty as an employee of a business establishment shall be

21      sufficient if mailed to the last address provided by the

22      victim or as otherwise noted on the indictment or in the board

23      files.

24              "~~(4)~~ (5) If a victim, victim's representative, ~~and~~

25      or otherwise interested individual requests not to be

Exhibit 5

HB380

1   notified, the request shall be made to the Board of Pardons

2   and Paroles in writing or by electronic signature.

3   Confirmation of a request to not be notified shall be provided

4   to the victim so requesting. After a request is received, the

5   board shall provide no further notifications, unless ~~and until~~

6   the victim, victim's representative, and otherwise interested

7   individual subsequently requests future notifications, at

8   least 45 days in advance of the board's action to be

9   considered through the automated victim notification system or

10  by contacting the board or other authorized individual in

11  writing, in person, or by telephone.

12  "~~(5) Should a victim, victim's representative, and~~

13  ~~otherwise interested person wish to receive notice of any~~

14  ~~specific board hearing and action taken by the board, if any,~~

15  ~~in a specific case, the individual may register to request the~~

16  ~~notice through the automated victim notification system or~~

17  ~~otherwise request notice by making a direct request to the~~

18  ~~board or other authorized individual to receive notice at~~

19  ~~least 45 days in advance of the board's action to be~~

20  ~~considered. The individual shall be required to designate his~~

21  ~~or her preferred mode or modes of communication.~~

22  "(6) ~~For any defendant convicted of the offenses~~

23  ~~named in subsection (e)(1)a. to i., inclusive, and only after~~

24  After the most recent victim information has been furnished to

25  the ~~Board of Pardons and Paroles~~ board, pursuant to Section

Exhibit 5

Page 23

HB380

1    12-17-184(9), ~~in those cases,~~ the probation and parole officer
2    assigned to prepare a pre-sentence or post-sentence
3    investigation report shall at that time register the most
4    recent information for the victim named in the indictment into
5    the automated victim notification system. In case of a
6    homicide, the information of immediate family members shall be
7    entered into the automated victim notification system. If a
8    surviving victim is a minor, information for parents or
9    guardians shall be entered into the automated victim
10   notification system. The probation and parole officer assigned
11   to prepare a pre-sentence or post-sentence investigation
12   report shall then report to the sentencing court that all most
13   current victim information has been ~~so~~ registered. The
14   sentencing court shall then record into the case record that
15   the victim information has been entered into the automated
16   victim notification system.

17   "~~(7) For those cases in which a defendant has been~~
18   ~~convicted and sentenced prior to the implementation task force~~
19   ~~determining that the automated victim notification system~~
20   ~~complies with the requirements of this section and Sections~~
21   ~~15-22-23 and 15-22-36.2, for any homicide, and Class A felony,~~
22   ~~except Burglary I in which no victim was present, or any sex~~
23   ~~offense, as defined by Section 15-20A-5, the board shall~~
24   ~~exercise due diligence to locate the victim or victims and~~
25   ~~register the most recent victim information into the automated~~

Exhibit 5

Page 24

HB380

1 ~~victim notification system. If all attempts to locate a~~
2 ~~victim, or in case of a homicide to locate immediate family~~
3 ~~member or members, have failed and the agent of the board has~~
4 ~~certified that due diligence has been exercised, no future~~
5 ~~location attempts shall be required.~~

6 "(f) After any board action is taken granting any
7 pardon or parole, the board shall promptly notify all persons
8 who timely requested notice, pursuant to this section as to
9 the action taken by the board and the conditions, if any, of
10 any such parole or pardon via electronic notification through
11 the automated victim notification system and posting publicly
12 on a state agency website.

13 "(g) Electronic notices as required by this section,
14 Section 14-14-5, Section 15-22-23, Section 15-22-36.2, Section
15 15-22-36.3, and Section 15-22-26.2 shall be produced through
16 the automated notification system developed and maintained by
17 the Alabama State Law Enforcement Agency. All data and records
18 required to produce the notices shall be provided to the
19 Alabama State Law Enforcement Agency to be incorporated into
20 the automated notification system. Board records and
21 information accessible to the public through the automated
22 notification system shall be limited to those notification
23 items specified in subdivision (3) of subsection (e), as well
24 as the offender's age, sex, race, and unique identifiers.
25 Records concerning the status of supervised offenders on

Exhibit 5

Page 25

1   probation and parole shall also be made available to the
2   public, including information on when supervision began, the
3   date the supervision term will end, and information on whether
4   or how supervision was terminated. Otherwise, access to board
5   records and information through the automated notification
6   system shall be limited in use to the legitimate law
7   enforcement purpose of entering and updating contact
8   information on behalf of crime victims, assisting victims with
9   registration, and ensuring victims receive notice. Information
10  and records of the board accessible for law enforcement
11  purposes through the automated notification system, in
12  addition to that available to the public as specified above,
13  shall be limited to the offender's date of birth, the
14  supervising officer's name, the county of residence for those
15  offenders currently supervised in Alabama, and the supervising
16  officer's phone number. Misuse of the automated notification
17  system or records or information contained in the automated
18  notification system shall be subject to criminal prosecution
19  under Article 5A of Chapter 8 of Title 13A, as well as Section
20  41-9-601, Section 41-9-602, and any other law of this state.
21      "§15-22-37.
22          "(a) The Board of Pardons and Paroles may adopt and
23  promulgate rules and regulations, not inconsistent with the
24  provisions of this article, touching upon all matters dealt
25  with in this article, including, among others, practice and

Exhibit 5

Page 26

1    procedure in matters pertaining to paroles, pardons and
2    remission of fines and forfeitures; provided, however, that no
3    rule ~~or regulation~~ adopted ~~and promulgated~~ by ~~such~~ the board
4    shall have the effect of denying to any person whose
5    application for parole or the revocation of whose parole is
6    being considered by ~~said~~ the board from having the benefit of
7    counsel or witnesses upon ~~said~~ the hearing.

8         "(b) The Board of Pardons and Paroles shall adopt
9    ~~and promulgate~~ rules ~~and regulations~~ to do the following:

10        "(1) Establish a program of limited supervision for
11   parolees who qualify addressing eligibility using validated
12   risk and needs assessments, as defined in Section 12-25-32,
13   transfers among levels of supervision, to include guidelines
14   for the transfer of lower-risk individuals to an
15   administrative form of parole, and reporting requirements~~,~~.

16        "(2) Develop policies and procedures for screening,
17   assessment, and referral for parolees to connect with
18   recidivism reduction services including, but not limited to,
19   cognitive behavioral intervention and substance abuse
20   treatment~~,~~.

21        "(3) Establish a matrix of rewards for compliance
22   and pro-social behaviors and swift, certain and graduated
23   sanctions to be imposed by the board, as provided under
24   subsections (e) and (f) of Section 15-22-32, in response to

Exhibit 5

HB380

1    corresponding violations of parole terms or conditions
2    imposed~.

3              "(4) Establish clear guidelines and procedures that
4    retain the board's discretion in individual parole release
5    cases. ~Such~ The guidelines shall provide that, if a prisoner
6    convicted of a nonviolent offense, as defined in Section
7    12-25-32, with a sentence of 20 years or less is denied
8    parole, the board shall reconsider releasing the prisoner on
9    parole no more than two years after such parole release
10   denial. ~Such~ The guidelines shall allow a current validated
11   risk and needs assessment as defined in Section 12-25-32, past
12   criminal history, program completion, institutional
13   misconduct, and other individual characteristics related to
14   the likelihood of offending in the future to be factored into
15   the release decision while working to allocate prison space
16   for the most violent and greatest risk prisoners~.

17             "(5) Ensure that the provisions of subsections (k)
18   and (l) of Section 15-22-24 are implemented relating to the
19   supervision and treatment of parolees~ and~.

20             "(6) Establish criteria, guidelines, and procedures
21   to discharge parolees from parole supervision requirements
22   prior to the expiration of the full maximum term for which the
23   parolee was sentenced, unless the parolee was convicted of a
24   violent offense as defined in Section 12-25-32, which shall
25   include review of a parolee for discharge from parole

Exhibit 5

Page 28

1    supervision at least every two years if the parolee has
2    satisfied all financial obligations owed to the court,
3    including restitution, and has not had his or her supervision
4    revoked.

5            "(c) Notwithstanding any other provision of law to
6    the contrary, Section 41-22-5(a)-(c), Section 41-22-5.1(b),
7    Section 41-22-6, and Section 41-22-23(a)-(e), (g) of the
8    Alabama Administrative Procedure Act shall apply to the
9    board's adoption, amendment, or repeal of rules, procedures,
10   guidelines, or other policies, except rules, procedures,
11   guidelines, or other policies concerning the supervision of
12   parolees or probationers. The Alabama Administrative Procedure
13   Act shall not otherwise apply to the board. The notice
14   required by subdivision (a)(1) of Section 41-22-5 shall be
15   given, and notice shall be given to the Governor and Attorney
16   General or their designees.

17           "(d) The Director of Pardons and Paroles shall post
18   on the board's website the board's existing rules, procedures,
19   guidelines, or other policies concerning the grant or denial
20   of pardons, the grant or denial of paroles, the restoration of
21   political and civil rights, the remission of fines and
22   forfeitures, and the revocation of parole."

23           Section 2. This act shall become effective on the
24   first day of the third month following its passage and
25   approval by the Governor, or its otherwise becoming law.

Exhibit 5

Page 29

HB380

1

2

*Mac McCutchen*

3

_____

4                Speaker of the House of Representatives

5

_____

6                President and Presiding Officer of the Senate

7                        House of Representatives

8                I hereby certify that the within Act originated in
9        and was passed by the House 09-MAY-19, as amended.
10
11                            Jeff Woodard
12                            Clerk
13


14                _____
15
16   Senate        _____30-MAY-19_____              Passed
17


APPROVED _____6/6/19_____

TIME _____8:52 am_____

_____*Kay Ivey*_____
                GOVERNOR

Alabama Secretary Of State
Act Num...: 2019-353
Bill Num...: H-380
Recv'd 11:01am/CH

Exhibit 5

Page 30

## SENATE ACTION
(Continued)

**DATE:** 5-30-19    RD 3 at length

**PASSED** ☐    **PASSED AS AMENDED** ☐

**YEAS** 25    **NAYS** 5

And was ordered returned forthwith to the House.
**PATRICK HARRIS,**
Secretary

**DATE:** _____ 20 ___

**INDEFINITELY POSTPONED**    **YEAS**    **NAYS**

**DATE:** _____ 20 ___

**RECONSIDERED**    **YEAS**    **NAYS**

## CONFERENCE COMMITTEE

Senate Conferees _____

_____

_____

This bill having been referred to the Committee on
Rules pursuant to Senate Rule 23 is reported to the
Senate for assignment to the Committee on:

This _____ day of _____, 20 ___

_____, **Chairperson**

**Date:** _____    Rereferred

Committee:

Exhibit 5