# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL COUNCIL, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:23-cv-00712-ECM-JTA |
| | ) |
| KAY IVEY, et al., | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANT JEFFERSON COUNTY, ALABAMA MOTION TO DISMISS**

**COMES NOW** Defendant, Jefferson County, Alabama, a political subdivision of the State of Alabama (hereinafter, "the County" or "County") by and through undersigned counsel, and respectfully moves this Court to dismiss with prejudice all claims against it for failure to state a claim upon which relief can be granted, as Plaintiff's allegations are time-barred and/or are insufficiently pled. In support of this motion, the County states as follows:

### I.     Introduction and Summary of Relevant Facts

The Complaint alleges to bring the claims of ten individually named Plaintiffs in conjunction with five labor organization Plaintiffs against twenty-five named Defendants. The County as one of the individually named defendants will provide

1

those relevant facts that pertain to or provide allegations against the County by Plaintiff, Lakiera Walker ("Walker"), the only identified Plaintiff with standing to allege a cause of action against the County and those generalized allegations in the Complaint that can be assumed to be allegations that are intended to include the County.

### A. Relevant Allegations by Walker against the County

1. Plaintiff Walker states she was incarcerated by the Alabama Department of Corrections ("ADOC") from 2007 to 2023. (Doc. 1, ¶ 147).

2. Walker states that she worked for the County doing roadwork from approximately 2018 to 2020 and alleges she was paid $2 per day. *Id*.

3. Walker alleges that during the time she was working for the County "she was sexually harassed by a supervising officer, and when she gave a statement about the harassment, she was disciplined for refusing to work and sent back to the kitchen to perform additional, unpaid forced labor." *Id*.

4. In 2022 and 2023, Walker worked for Southeastern Meats and Burger King. *Id*.

### B. General allegations by Walker against employer Defendants

5. The Complaint alleges that because the County and other public/private

entities engage with the ADOC through their work-release and work center programs they are involved in a "forced labor scheme." (*Id*. at ¶¶ 133-34).

6. The Complaint alleges that "each work-release and work-center employer knew or recklessly disregarded that the incarcerated labor provided though its contracts with ADOC was coerced." (Id. at ¶¶ 137-38).

7. The Complaint alleges that all employer Defendants have the same knowledge or should have the same knowledge that ADOC possesses regarding all aspects of the work-release and work-center program and alleges that work-release employees are coerced by the ADOC to participate. (*Id*. at ¶¶139-40).

8. The Complaint alleges that all employer Defendants knew or should have known that the Alabama Parole Board Members and the Governor of the State of Alabama were "conspiring" together. (*Id*. at ¶¶142).

9. The Complaint alleges that employer Defendants that participated with ADOC's work-center and work-release programs had the power to insist and should have "insist[ed] upon the immediate release of all incarcerated workers." (*Id*. at ¶143).

10. The Complaint provides generalized allegations against all "Employer

3

Defendants" and against the County specifically alleging that the County "regularly has persons incarcerated by ADOC perform work for the county, generally receiving only $2 per day for their labor." (Doc. 1, ¶ 168).

11. The Complaint alleges that the County knowingly benefits from the incarcerated workforce and that the County "knows or should know" that obtaining labor from persons incarcerated by the ADOC was unlawful. *Id*.

12. The Complaint alleges that the County continues to participate with the ADOC work-center program and has subjected incarcerated persons to involuntary servitude. *Id*.

### C. Relevant Facts

13. On or about November 9, 2022, the voters of Alabama were asked to approve a reorganized constitution and were provided the following information related to the proposed changes:[1]

> "The Constitution of Alabama of 2022 will only do the following: (1) rearrange the constitution so that similar subjects are located together; (2) remove racist language; (3) delete repeated or repealed portions/language; (4) place all amendments which deal with economic development together; and (5) arrange local amendments by county."

---

[1] Statewide-Amendments.pdf (alabama.gov) https://www.sos.alabama.gov/sites/default/files/sample-ballots/2022/gen/Statewide-Amendments.pdf  Federal Rules of Evidence Rule 201(b)-The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

14. Prior to the proposed reorganized Constitution being approved, Article 1, §32 of the Alabama Constitution mirrored the Thirteenth Amendment of the United States Constitution and stated as follows: "That no form of slavery shall exist in this state; and there shall not be any involuntary servitude, *otherwise than for the punishment of crime, of which the party shall have been duly convicted*."[emphasis added] Ala. Const. Art. 1, §32. (Effective through December 31, 2022).

15. After the approval of the reorganized Constitution, Article 1, §32 of the Alabama Constitution was revised to state the following: "That no form of slavery shall exist in this state; and there shall not be any involuntary servitude." Ala. Const. Art. I, §32 (effective January 1, 2023).

16. The County is a political subdivision of the State of Alabama. As such, it operates for the benefit of all citizens and is not intended to generate a profit. Performing roadwork is a governmental function performed by authority of law for the common good. *Ala. Code §11-3-1, et seq.*

17. Plaintiff Walker filed this Complaint on December 12, 2023, and alleges the following claims against "All Defendants":

> **Count I**- Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1589 (Doc. 1, ¶¶ 203-211).

**Count II**- Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1962 (*Id*. at ¶¶ 212-20).

**Count III**- Alabama Constitution, Article I, §32 (*Id*. at ¶¶ 221-25).

**Count IV**-Violation of First Amendment 42 U.S.C. §1983 (*Id*. at ¶¶ 226-34).

**Count XI**- Failure to prevent wrongs of Conspiracy 42 U.S.C. §1986 (*Id*. at ¶¶ 276-80)[2].

**Count XII**- Unjust Enrichment (*Id*. at ¶¶ 281-83).

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557.  In deciding a Rule 12 (b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable

---

[2] Walker is not a named Plaintiff on this Count, but Jefferson County is specifically identified as a Defendant in the included factual allegations.

to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

### III. Argument

The Complaint provides neither a short nor plain statement of the factual allegations to support its claims and instead is both verbose and inarticulate, failing to provide any sufficient factual allegations to support a claim against the County. It relies solely on naked assertions that are unsupported and conclusory. As Plaintiff Walker is the only individual that has provided any factual allegations that purports to connect the County to the instant suit, the County will address those counts wherein Plaintiff Walker is identified as bringing a cause of action against "All

7

Defendants." The County notes that Plaintiff Walker identifies that she worked for three separate work-release employers and provides distinct timelines for each employer but does not distinguish between the various employer Defendants under the causes of action wherein Walker is identified as bringing the claim.

### A. Plaintiff Walker Fails to State a Claim Against the County for Counts One, Two, Three, Four, Eleven and Twelve

The complaint alleges twelve separate causes of action and only six of the counts identify Walker as claiming violations against Defendants. As the Complaint has failed to identify each Defendant for which a cause of action is being brought, the County assumes that each cause of action naming Walker is an alleged claim against the County. Although Walker is not identified as a Plaintiff under count eleven, the County is included in the factual allegations and as so to avoid missing a claim the County assumes it is an alleged claim against it. To survive a Motion to Dismiss, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires "more than unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Count I-Violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1589 (forced labor)

Walker's factual allegations proffered as support for her claim against the County for "forced labor" under the TVPA consist of incorporating by reference

numerous alleged factual allegations which may or may not relate to Walker and a recitation of forced labor under 18 U.S.C. §1589. (Doc. 1, ¶¶ 203-11). Under the TVPA, forced labor is identified as follows:

> "[K]nowingly provid[ing] or obtain[ing] the labor or services of a person by any one of, or by any combination of the following means (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint."

*18 U.S.C. §1589(a)*.

It further states:

> "Whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in providing or obtaining of labor or services by any of such means…

*18 U.S.C. §1589(b)*.

While the Complaint does provide a thread bare recital of the elements under the TVPA, it goes no further and is woefully insufficient in alleging facts sufficient to state a plausible claim against the County. Instead, the Complaint merely recites conclusory and vague assertions against "all Defendants" as though the Defendants were of one collective mind and action and provides no plausible factual allegation wherein one could draw a reasonable inference that the defendant is liable for the alleged misconduct. (Doc. 1, ¶¶ 203-206). The only allegations provided by Walker against the County are conclusory and inadequate stating only that she performed

9

"roadwork" from approximately 2018 to 2020 and was paid only $2 per day. (*Id.* ¶ 147). She further alleges that "[d]uring this time, she was sexually harassed by a supervising officer, and when she gave a statement about the harassment, she was given a disciplinary offense…then sent back to the kitchen." (*Id.*) This is all the County specific information that is provided related to the alleged TVPA violations. It is unclear if the allegation of sexual harassment is against a County employee or a State employee.

Walker's incorporated factual allegations not related to any specific County act or omission are nothing more than vague, conclusory, and unsupported allegations. It is not sufficient to simply proclaim that the County engaged in "forced labor" and/or had "knowledge" of others actions that violated the TVPA without providing any relevant factual allegations that are plausible to support such a claim. Claiming a violation of the TVPA without supporting factual allegations is not enough and Walker has failed to provide any plausible claim against the County under the TVPA; therefore, the County is due to be dismissed from Count I of the Complaint.

### C. Count II- Violation of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1962

As with the above claim, Walker's factual allegations proffered to bring a RICO claim against the County are lacking any plausible factual allegations and

replete with naked assertions and conclusory allegations that are insufficient to state a claim against the County under RICO. Walker alleges that the County and the other defendants were "illegally obtaining forced labor" from her for the County's benefit. (Doc. 1, ¶ 216). Walker provides no factual allegations that support her statement that the ADOC work release program was inherently illegal or unlawful.

Additionally, to be liable under RICO a "person" must "manifest a specific intent associated with the predicate offenses." *Pine Ridge Recycling v. Butts Cty., Ga., 885 F.Supp. 1264, 1273* (M.D. Ga. 1994). The County as a governmental entity does not have the requisite "intent" required to be held liable under RICO. "Most courts which have considered the question have held that a municipal corporation cannot form the requisite criminal intent." *Id*. See also, *Lancaster Comm. Hosp. v. Antelope Valley Hosp*., 940 F.2d 397, 404 (9th Cir. 1991)(holding that "government entities are incapable of forming a malicious intent."); *In re CitiSource, Inc. v. City of New York, et al*, 694 F.Supp.1069, 1079-80 (S.D. NY. 1991)(holding "a municipal corporation is incapable of the criminal intent necessary to support the predicate offense"[under RICO]); *Massey v. Oklahoma City*, 643 F.Supp. 81, 85 (W.D. Okl. 1986)(although city officials may have the capacity to form the *mens rea* to commit an act of racketeering, the city itself, does not). This court has held that "[a]s a matter of law, state agencies cannot, alone or through their agents, form the requisite state

of mind necessary to sustain a RICO claim." *Auburn Med. Ctr, Inc. v. Peters,* 953 F.Supp. 1518 (M.D. Ala. 1996).

Further, to the extent that any damages claimed under RICO are punitive, courts have held that a governmental entity cannot be held liable for them. *See, eg.*, *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 910-911 (3d Cir. 1991); *Pine Ridge Recyling*, 855 F.Supp.1264, 1273; *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267-8 (1981). Therefore, based on the above, Walker has failed to state a claim against the County for a violation of RICO and Count II is due to be dismissed against the County.

**D. Count III- Violation of Alabama Constitution, Article I, § 32**

As with the other Counts, Walker incorporates all of the Complaint's previous allegations asserting the same unsupported, vague, and conclusory allegations that "all defendants" have subjected her to "forced labor" and "involuntary servitude". Walker cites the recent change to the Alabama Constitution Article I, §32, which now states "no form of slavery shall exist in this state; and there shall not be any involuntary servitude" Ala. Const. Art. I, §32.

Until November of 2022, Alabama's prohibition against slavery and involuntary servitude had mirrored the 13th Amendment of the United States Constitution and stated the following: "That no form of slavery shall exist in this

state; and there shall not be any involuntary servitude, *otherwise than for the punishment of crime, of which the party shall have been duly convicted*." Ala. Const. Art. I, § 32 (1901 through 2022)(emphasis added).[3] Walker has failed to plead sufficient allegations that the ADOC work release program is unconstitutional. Further, even if she had, Walker is still precluded from bringing a claim against the County under the amendment, because the amended language did not become effective until January of 2023, which is three years after Walker alleges she last worked for the County as part of the ADOC Work-Release program. For the above reasons, the County is due to be dismissed from Count III of the Complaint.

### E. Count IV-Violation of First Amendment-42 U.S.C. § 1983

Walker's §1983 claim against the County is time-barred and should be dismissed for failure to state a claim. Claims brought under §1983 are tort actions and utilize the statute of limitation for tort claims which in Alabama is a two-year limitations period. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) ("All constitutional claims brought under §1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the §1983 action has been brought.")(quoting *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008));

---

[3] "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S.C.A. Const. Amend. XIII.

*Jones v. Preuitt & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)(In Alabama the two-year limitations period applies to §1983 actions). Walker admits that she last worked in the work-release program at the County in 2020. (Doc. 1, ¶ 147). As such, Count IV Walker's §1983 claim against the County is due to be dismissed.

### F. Count XI- Failure to Prevent Wrongs of Conspiracy 42 U.S.C. §1986

Claims brought under §1986 were given a statutory one-year statute of limitations by Congress and as such the Plaintiff is time-barred in bringing a §1986 claim against the County. 42 U.S.C. §1986. The Complaint provides only one Plaintiff that allegedly has standing to bring the County into this lawsuit. Walker admits that allegedly she last worked as part of the work-release program at the County in 2020. (Doc. 1, ¶ 147). The County is due to be dismissed from the alleged §1986 claim as the Plaintiff it is time-barred from bringing it against the County.

### G. Count XII- Unjust Enrichment

Walker's unjust enrichment claim against the County is also timed-barred. Walker claims unjust enrichment by defendants because they benefited from decreased costs from the payment of lower wages for work-release participants. (Doc. 1, ¶¶ 282-283). Under Alabama law, claims for unjust enrichment as described by Plaintiff are tort claims and are governed by a two-year statute of limitations on "[a]ll actions for any injury to the person or rights of another not arising from

contract and not specifically enumerated in this section." Ala. Code § 6-2-38(l) 1975 as amended. (See, generally, *Auburn Univ. v. Int'l Bus. Mach. Corp.*, 716 F.Supp.2d 1114, 1118 (M.D. Ala. 2010)(holding that unjust enrichment claims based on tort injuries are subject to the two-year statute of limitations)). Walker has identified that the last time she worked for the County as part of the ADOC work release program was 2020 which is more than two years before the date on which this suit was filed on December 12, 2023; therefore, her claim of unjust enrichment against the County is time-barred and is due to be dismissed. (Doc. 1, at ¶ 147).

## IV. Incorporation by Reference

The County hereby incorporates by reference all of the arguments and authorities contained in the briefs submitted by any Co-Defendant on the issues posed by the claims asserted in Counts I, II, III, IV, XI, and XII of the Plaintiffs' Complaint.

## V. Conclusion

For the foregoing reasons, all of Walker's claims against the County are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted under Rule 8(a)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                                      */s/ Shawnna H. Smith*
                                      Shawnna H. Smith
                                      Attorney for Jefferson County

Office of the Jefferson County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
Phone:     (205) 325-5688
Fax:       (205) 325-5840
Email:      smithsha@jccal.org

**CERTIFICATE OF SERVICE**

      I certify that on March 28th, 2024, I electronically filed the foregoing with the Clerk of Court using CMS/ECF System which will send notifications of such filing to all counsel of record.

                                      */s/ Shawnna H. Smith*
                                      OF COUNSEL