## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT EARL COUNCIL, et al.,** | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **CASE NO.: 2:23-cv-00712-CLM-JTA** |
| | ) | |
| **KAY IVEY, *et al.*,** | ) | |
| | ) | |
| *Defendants*. | ) | |

## <u>DEFENDANT CITY OF TROY'S MOTION TO DISMISS</u>

Defendant City of Troy pursuant to *Fed.Civ.R.* 12(b)(6) respectfully moves this Court to dismiss all claims asserted in Plaintiffs' Complaint (Doc. 1) against this Defendant.

The bases for Defendant's motion are more fully outlined in the attached Memorandum of Law.

*/s/ Brad A. Everhardt*
Brad A. Everhardt, ASB No. 3106-K42T
Randall Morgan, ASB No. 8350-R70R
*Attorneys for Defendant City of Troy*

OF COUNSEL:
**Hill, Hill, Carter, Franco,**
    **Cole & Black, P.C.**
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
Ph: 334-834-7600
beverhardt@hillhillcarter.com
rmorgan@hillhillcarter.com

# **TABLE OF CONTENTS**

INTRODUCTION ……………………………………...………………………… 3

LAW AND ARGUMENT………………………………………………………  4

    A.    Legal Standard under *Fed.Civ.R.* 12(b)(6) ………………………………….. 4

    B.    Plaintiffs' Lack Standing Precludes Any Claims Against the City of Troy..… 5

    C.    Plaintiffs Have Not Plausibly Alleged Any Injuries Which Resulted
        From An Official Policy Or Custom of The City Of Troy …………………. 6

    D.    Plaintiffs Have Failed to Allege Any Viable Claims Against the
        City of Troy for Violation of the Trafficking Victims Protection
        Act (TVPA), 18 U.S.C. §1589, or Alabama Constitution, Article I,
        Section 32 …………………………………...………………………………… 7

    E.    Plaintiffs Have Failed to Allege a Viable Claim Against
        the City of Troy for Violation of the RICO Act, 18 U.S.C. 1962. …………  11

    F.    Plaintiffs Have Failed to Allege Any Viable Claim for
        "Failure to Prevent Wrongs of KKK Act Conspiracy Under
        42 U.S.C. §1986 ………………………………………………………... 13

    G.    Plaintiffs Have Failed to Allege a Viable Claim Against
        the City of Troy for Unjust Enrichment ……………………………….… 16

    H.    Punitive Damages Are Not Recoverable Against the City of Troy ………... 18

    I.    Incorporation by Reference …………………………………………...…... 19

CONCLUSION ………………………………………………………...……… 19

CERTIFICATE OF SERVICE ……………………………...…………………..…… 20

## INTRODUCTION

On December 12, 2023 Plaintiffs filed their original Complaint against Governor Kay Ivey, Attorney General Steve Marshall, Chair of the Alabama Board of Pardons and Paroles Leigh Gwathney, Parole Board members Darryl Littleton and Gabrelle Simons, Commissioner of the Alabama Department of Corrections John Hamm, Transportation Director for the Alabama Department of Transportation John Cooper, the City of Montgomery, the City of Troy, Jefferson County, and several private business entities. In the Complaint, Plaintiffs primarily challenge the operation of Alabama's state prison facilities and, more specifically, its parole system. (See Complaint, Doc. 1). The Complaint contains twelve Counts alleging various statutory and constitutional violations.

Only five of the twelve Counts contained in Plaintiffs' Complaint assert claims against the Defendant City of Troy. Those claims asserted against the City of Troy are as follows:

| | |
|---|---|
| Count I | Violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1589. |
| Count II | Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1962 |
| Count III | Violation of Alabama Constitution, Article I, Section 32 |
| Count XI | Failure to Prevent Wrongs of KKK Act Conspiracy, 42 U.S.C. §1986 |
| Count XII | Unjust Enrichment |

Defendant contends Plaintiffs have failed to state any claims upon which relief may granted against the City of Troy. The facts, even as pled, are insufficient to state any viable

claims against the City of Troy. In light of these circumstances, all claims asserted in the Complaint against Defendant City of Troy are due to be dismissed.

## LAW & ARGUMENT

### A.    Legal Standard under *Fed.Civ.R.* 12(b)(6).

The standard for analyzing a motion to dismiss is well-settled. Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, a defendant may move to dismiss a complaint if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir.1990).

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009).

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [ ] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949–50. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at

1150. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.* Those circumstances apply to Counts I, II, III, XI and XII of Plaintiff's Complaint asserted against the City of Troy in this case.

> **B.    Plaintiffs' Lack of Standing Precludes Any Claims Against the City of Troy.**

The Complaint in this case makes clear none of the named Plaintiffs was ever placed with the City of Troy through the Alabama Department of Corrections, with the exception of Lanair Pritchett.  Since none of the other named Plaintiffs were placed with the City of Troy through the Alabama Department of Corrections, they lack standing to bring any claims against the City in this case.

It is axiomatic that a plaintiff must have standing to bring a claim against a defendant. A plaintiff's standing is evaluated under a three-part test where they must show: (1) an injury-in-fact; (2) that the defendant's conduct caused the injury; and (3) redressability by a favorable decision from the Court. *Sierra v. City of Hallandale Beach, Florida*, 996 F.3d 1110, 1113 (11th Cir. 2021) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In this case, the Complaint makes clear none of the named Plaintiffs was ever placed with the City of Troy through the Alabama Department of Corrections, with the exception of Lanair Pritchett.  (Complaint, Doc. 1).  Plaintiffs' request for injunctive relief similarly fails because there is no allegation any of the Plaintiffs are currently assigned by the Alabama Department of Corrections to the City of Troy, or that they will be in the future.  "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely

conjectural or hypothetical—threat of future injury." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir.2001) (quoting *Church*, 30 F.3d at 1337).  Since the Complaint is totally devoid of any allegations showing an actual injury-in-fact that resulted from any action taken by the City of Troy, all of the named Plaintiffs with the exception of Lanair Pritchett lack standing to bring any claims against this Defendant.

Plaintiff Lanair Pritchett has no viable claims against the City of Troy for the reasons discussed *infra*.

### C.    Plaintiffs Have Not Plausibly Alleged Any Injuries Which Resulted From An Official Policy Or Custom of The City Of Troy.

Plaintiffs' case is essentially based on the false premise they were forced to participate in the Alabama Department of Corrections work release program due to their race.  But they have failed to plausibly allege any claims for which the Defendant City of Troy could be held liable.

As explained by the U.S. Supreme Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  But here, there is no plausible allegation Plaintiffs' alleged injuries resulted from any official policy or custom of the City of Troy.  Plaintiffs' bare allegation the City of Troy benefitted from participation in the ADOC's work release program as a "matter of custom and policy" is conclusory, and certainly not sufficient to state a viable claim.  See, e.g., Jones v. City of Birmingham, 2019 U.S. Dist. LEXIS 209473, at *8 (N.D. Ala. 2019) (Observing "[a] review of the complaint shows that plaintiffs plead no facts alleging that the

City promulgated an official policy of discrimination, or that the City or its employees had a custom or practice of racial discrimination" and granting defendants' motion to dismiss).

The law in terms of municipal liability is very clear: Cities can only be liable for their formally approved official policies and, in certain cases, the actions of city employees who are found to be final policymakers. Here, none of the named Plaintiffs were placed with the City of Troy other than Lanair Pritchett. (See <u>Complaint</u>, Doc. 1). The only factual allegation Plaintiff Prichett makes is that he "worked for the City of Troy and . . . was paid $2 per day." (<u>Complaint</u>, Doc. 1, at ¶2). Otherwise, the Complaint contains nothing more "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See *Iqbal*, 129 S.Ct. at 1949–50. That is clearly not sufficient to state a plausible claim against the City of Troy. But perhaps more importantly, in this case Plaintiffs complain of actions emanating solely from *state* policies. These intervening, independent acts of the state break the chain of causation required to exist between a city's actions and a plaintiff's alleged injury. This break in the chain of causation makes a claim of municipal liability unsustainable pursuant to a long line of cases beginning with *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Since Plaintiffs have failed to assert anything more than conclusory allegations of some official yet unidentified policy, the Complaint as to the City of Troy should be dismissed *in toto*.

> **D.    Plaintiffs Have Failed to Allege Any Viable Claims Against the City of Troy for Violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1589, or Alabama Constitution, Article I, Section 32.**

The allegations contained in Plaintiffs' Complaint about the work they were allegedly forced to perform are conclusory and general. While Plaintiffs claim over and over again in

general terms that they were subject to "involuntary servitude" and "forced labor," they do not actually say what jobs or work they were forced to perform.  Further, the "injuries" allegedly suffered by Plaintiffs are not in any way linked to any affirmative acts by the City of Troy.  Because the facts alleged do not show any unlawful coercion nor any causal link with any action taken by the City of Troy, there is no viable claim for violation of the TVPA.

18 U.S.C. §1589 prohibits knowingly providing or obtaining the labor or services of a person by force, threats of force, threats of harm, abuse or threatened abuse of the law or legal process, or a scheme or plan intended to cause the person to believe that if they didn't perform the services, they would suffer serious harm or physical restraint.  However, by its terms the Thirteenth Amendment excludes involuntary servitude imposed as legal punishment for a crime.  See *United States v. Kozminski*, 487 U.S. 931, 943, 108 S. Ct. 2751, 101 L. Ed. 2d 788 (1988) and *Fletcher v. Williams*, 2023 U.S. App. LEXIS 25627 at *4 (10th Circ).

Plaintiffs cannot use a federal statute enacted to implement the federal Thirteenth Amendment to criminalize behavior the Thirteenth Amendment plainly permits— notwithstanding any change to the Alabama constitution. See *Id*.  Further, Alabama does not even recognize a private cause of action for monetary damages based on violations of the provisions of the Constitution of Alabama.  See *Matthews v. Ala. A&M Univ*., 787 So. 2d 691, 698 (Ala. 2000); and *Brazelton Properties, Inc. v. City of Huntsville*, 237 So. 3d 209, 215 (Ala. Civ. App. 2017).  Even if there was such a private cause of action, Plaintiff Pritchett is precluded from bringing any claim under Ala. Const. Art. I, §32 because the amended language upon which he relies did not become effective until January of 2023, several months

after Pritchett was last placed with the City of Troy as part of the ADOC's work-release program.[1]    (See Exhibit "A", attached).

Moreover, involuntary servitude is limited to compulsion of service through physical or legal compulsion leaving them with no available choice but to work.  See *Id.*; see also *Greenberg v. Zingale*, 138 F. App'x 197, 200 (11th Cir. 2005).  When the plaintiff "has a choice, even though it is a painful one, there is no involuntary servitude." *Brooks v. George Cnty.*, 84 F.3d 157, 162 (5th Cir. 1996)l and see also *John Ryder v. Lifestance Health Group, Inc.*, 2024 WL 1119821, at *8 (M.D. Fla.2024).

That degree of coercion is not present by way of the City of Troy's minimal involvement in the Alabama Department of Correction's inmate work programs, and certainly no such unlawful coercion is found in the operative Complaint.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reality, the City of Troy participated in the ADOC work program for the benefit of the incarcerated so they might enjoy a less restrictive atmosphere than the walls of a prison.  There are no plausible allegations which suggest that force, serious harm or threats of harm, threatened abuse of the legal process, or schemes intended to cause the person to believe that he or another person would suffer "serious harm" if Plaintiffs chose not to volunteer for the work release program.   In fact, it has been held even consequences for failure to work such as loss of privileges, good time credit or housing restrictions do not amount to abuse or

---

[1] Where documents are referenced in the complaint or are otherwise central to the plaintiff's claims and the authenticity of the documents is undisputed, they may be considered in connection with a Rule 12(b)(6) motion without converting the motion to one for summary judgment. See., e.g., *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); and *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

threatened abuse of law or legal process within the meaning of §1589.  See, e.g., *Fletcher v. Williams*, 2022 U.S. Dist. LEXIS 140727 (D.Co.) (citations omitted).  Given these circumstances, the City of Troy cannot be presumed to have been on notice their involvement in a state-sanctioned work-release program similar to those utilized across the country was unlawful.  Because there is no causal link between the actions allegedly taken by the City of Troy and Plaintiffs have not pled facts sufficient to plausibly show it knew or recklessly disregarded supposed violations of section 1589 by the Alabama Department of Corrections, there is no viable claim for violation of the TVPA.

While not binding on this Court but certainly persuasive, the 10th Circuit Court of Appeals' reference to the issues presented by claims like those asserted by Plaintiffs in this case is quite insightful:

> "The Court is puzzled why Plaintiffs chose such a convoluted and legally deficient way to accomplish what it suspects is Plaintiffs' ultimate goal: to challenge the CDOC's inmate work requirement under the Colorado constitution. Of course, such a challenge would properly be made in state, rather than federal, court. In any event, the Court essentially agrees with Defendants that this lawsuit is premised on Plaintiffs' misapprehension that §§ 1584 and 1589 can be used as a means to bring a state constitutional claim in federal court. It cannot, and this matter should be dismissed."

Since it is clear Section 1589 cannot be used as a means to bring a state constitutional claim in federal court and there is otherwise no viable claim pled under 18 U.S.C. §1589, Counts I and III of the Complaint must be dismissed.

**E.    Plaintiffs Have Failed to Allege a Viable Claim Against the City of Troy for Violation of the RICO Act, 18 U.S.C. 1962.**

Because Plaintiffs' Complaint does not state a viable claim for relief under the TVPA, the Plaintiffs' RICO claims, which were predicated on alleged violations of §1589, must also fail.   But the RICO claims are not viable for additional reasons.

Plaintiffs bring their RICO claim solely under 18 U.S.C. §1962.  (Complaint, Doc. 1, at Count II).  Under §1962(c), it is illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]"  18 U.S.C. § 1962(c).  In other words, § 1962(c) prohibits an individual from "participating in the conduct of the affairs of an enterprise engaged in interstate commerce, through a pattern of racketeering activity." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).  Thus, in order to establish a federal civil RICO violation under §1962(c), the Plaintiffs "must satisfy four elements of proof: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Jones v. Childers*, 18 F.3d 899, 900 (11th Cir. 1994) (quoting *Sedima, S. P. R. L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985)).

First, numerous courts have held a municipality is incapable of the criminal intent required under R.I.C.O. See, e.g., *Pine Ridge Recycling, Inc. v. Butts Cty., Ga.*, 855 F. Supp. 1264, 1273-74 (M.D. Ga. 1994); *Biondolillo v. City of Sunrise*, 736 F. Supp. 258, 261 (S.D. Fla. 1990); *Victor v. White*, 1989 U.S. Dist. LEXIS 12852 (N.D.Cal. 1989); *Albanese v. City Federal Savings and Loan Assn.*, 710 F. Supp. 563 (D.N.J. 1989); *In re Citisource, Inc.*, 694

11

F. Supp. 1069 (S.D.N.Y. 1988); *Massey v. City of Oklahoma*, 643 F. Supp. 81 (W.D. Okl. 1986); *Chambers Development Co., Inc. v. Municipality of Monroeville*, 617 F. Supp. 820 (W.D. Pa. 1985). These cases have held that a municipality cannot be liable for the predicate acts necessary to establish under R.I.C.O. *Id*. A municipality is incapable of the criminal intent necessary to support the alleged predicate offenses. *Id.*

Second, even if any viable claim under RICO could be asserted against a municipality, a civil plaintiff must also show injuries that were proximately caused by a violation of the statute. *Bivens Gardens Office Building, Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 906 (11th Cir. 1998). To prove proximate causation between a RICO violation and a subsequent injury, a plaintiff must present "some direct relation between the alleged injurious conduct and the alleged injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457, 126 S. Ct. 1991, 164 L. Ed. 2d 720 (2006).

Here, Plaintiffs generally allege there existed an "unlawful scheme" to coerce forced labor. (See Complaint, Doc. 1, at Count II). Again, the City must emphasize all it did was follow the law. But these general allegations do not plausibly show the City of Troy participated in the operation or management of an allegedly illegal scheme or enterprise through a pattern of racketeering activity, or that the City committed at least two qualifying predicate acts, each of which must constitute a violation of one of the state or federal laws described in 18 U.S.C. §1961(1). *Crawford's Auto Center, Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158 (11th Cir. 2019) (citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290-91 (11th Cir. 2010)). There is no indication in the Complaint as to which individual policymakers purportedly conspired to engage in the allegedly "unlawful scheme."

Allegations the City of Troy participated in what is permitted by state law does not present a plausible RICO claim.

Plaintiffs' attempt to cast what is permitted by state law as a RICO enterprise is unavailing. Simply put, the Complaint fails to state a plausible RICO claim against the City of Troy. Count II is thus due to be dismissed.

### F.    Plaintiffs Have Failed to Allege Any Viable Claim for "Failure to Prevent Wrongs of KKK Act Conspiracy Under 42 U.S.C. §1986.

In Count XI of the Complaint, Plaintiffs attempt to assert a claim against the City of Troy for "Failure to Prevent Wrongs of KKK Act Conspiracy Under 42 U.S.C. §1986." The alleged "conspiracy" is presented in Counts IX and X of the Complaint, although those claims are not asserted against Defendant City of Troy. Nonetheless, the allegations contained in those Counts of the Complaint are insufficient to state any viable claim under 42 U.S.C. §1985, and Plaintiffs' claim against the City of Troy under 42 U.S.C. §1986 is barred by both the statute of limitations and the intracorporate conspiracy doctrine.

To establish a cause of action for conspiracy under §1985(3) a plaintiff must allege 1) a conspiracy, 2) for the purpose of depriving, either directly or indirectly, and person or class of persons of the equal protection under the laws; and, 3) an act in furtherance of the conspiracy, 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 77 L. Ed. 2d 1049.

First, 42 U.S.C. §1986 provides for only a one-year statute of limitations. ("no action under the provisions of this section shall be sustained which is not commenced within one

year after the cause of action has accrued.")  Plaintiff Pritchett in the Complaint provides only a bare allegation he "worked for the City of Troy" in the past, but he only did so in October, 2022.  (See Exhibit "A", attached hereto).  Because Plaintiff Pritchett was only placed with the City of Troy in 2022 and this case was not filed until December, 2023, any claim against the City is time-barred.

Second, the intracorporate conspiracy doctrine applies in this case, precluding the possibility of any agreement.  Under this doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Grider v. City of Auburn, Ala*., 618 F.3d 1240, 1261 (11th Cir. 2010) (quoting *McAndrew v. Lockheed Martin Corp*., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). Grider also explained that the doctrine applies to public entities and their employees, in addition to private, corporate ones. *Id*. (quoting *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001)).  Here, all of the defendants against whom the conspiracy claims in Counts IX and X are alleged are state officials. Since state officials cannot conspire among themselves, there is not a viable claim for conspiracy and, thus, no viable claim against the City of Troy for allegedly failing to prevent it.

Even if Plaintiffs claims were not barred by the intercorporate conspiracy doctrine, it is well-settled "[i]n civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). A complaint alleging a conspiracy may be dismissed when it contains allegations of a conspiracy that are conclusory, vague and of a general nature. *Id*. at 557. "To establish a prima facie case of conspiracy, the plaintiff must allege, among other things, that

the defendants 'reached an understanding to violate [their] rights.'" *Eubank v. Leslie*, 210 F. App'x 837, 842 (11th Cir. 2006)  (citations omitted). This heightened pleading standard is imposed in conspiracy cases because "a defendant must be informed of the nature of the conspiracy which is alleged." *Id*. For that reason, "it is not enough to simply aver in the complaint that a conspiracy existed." *Id*.

Counts IX and X contain only conclusory and general allegations the Plaintiffs were subjected to "involuntary" servitude based on their race.  These type of general legal conclusions without specific factual allegations have repeatedly been found inadequate to state viable claims.  Further, Plaintiffs do not allege that any particular employee or official from the City of Troy knew of the purportedly conspiratorial actions of other Defendants against whom the claim for violation of section 1985 is actually asserted.  Nor is there any real attempt in the Plaintiffs' over 100 page Complaint to support their assertion the City of Troy had somehow had actual knowledge the state's work-release program was part of some alleged conspiratorial scheme.  Plaintiffs' section 1985 and 1986 claims fail because these "formulaic recitation of the elements of a cause of action," without facts which would support any inference that the City of Troy failed to stop others from conspiring against Plaintiffs are insufficient to survive a motion to dismiss. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).

It is now well-settled that claims under section 1986 like the one Plaintiffs attempt to assert against the City of Troy must be predicated on a valid section 1985 claim. See *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997) and  *Moody v. Messer*, 228 Fed. Appx. 859 (11th Cir. 2007) at fn4.  As shown above, the intercorporate conspiracy doctrine

15

precludes any viable conspiracy claim, and the viability of a §1986 claim is dependent upon sufficient allegations to support a §1985 claim. But even if the doctrine itself did not preclude a conspiracy claim, because Plaintiffs' Complaint does not adequately plead a cause of action under §1985, the claim based on §1986 is inherently meritless. Since the allegations contained in the Complaint are insufficient to state any viable claim for violation of section 1985 or section 1986, Count XI must be dismissed.

> **G.    Plaintiffs Have Failed to Allege a Viable Claim Against the City of Troy for Unjust Enrichment.**

In Count XII of the Complaint, Plaintiffs assert a claim for unjust enrichment, alleging some defendants including the City of Troy obtained the benefits of their labor "through unconscionable conduct." But because the City of Troy is immune and there never could have been any reasonable expectation of compensation on the part of the Plaintiffs, this claim too must fail.

First, the unjust enrichment claim is barred by municipal immunity. *Ala. Code* § 11-47-190 bars damage claims against a municipality, subject to only two exceptions: actions premised on the negligence of city employees and actions based on known defects to city streets or buildings. *Ellison v. Town of Brookside*, 481 So. 2d 890, 891-92 (Ala.1985). Based on §11-47-190 and its limitations to municipal liability, Plaintiffs cannot assert a direct claim for unjust enrichment under state law.

Second, there is no indication Plaintiffs complied with the mandatory notice of claims statute. *Alabama Code* §11-47-192 provides: "No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk

by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred, and the damages claimed." See also *Ala. Code* §11-47-23. A plaintiff seeking to make claims against a municipality must file a notice or a lawsuit within six months or his claims are barred. *Frazier v. City of Mobile*, 577 So. 2d 439 (Ala. 1991).

Third, Plaintiffs allegations fail to establish the required elements to prevail on a claim for unjust enrichment under Alabama law.  "To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Portofino Seaport Vill., LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008) (citations omitted).

Again, the Complaint on its face makes clear only Plaintiff Pritchard performed any relevant activity with the City of Troy.  But more importantly, in this case there could be no reasonable expectation of compensation from participation in a voluntary program.  Nor could the allegations in the Complaint, as to the City of Troy, be reasonably construed as unconscionable conduct.  There is no plausible allegation the City of Troy was aware that disciplinary measures were taken merely because a prisoner chose not to take part in the work-release program, or anything to even suggest the City knew anything other than that the program was voluntary.

Plaintiffs' unjust enrichment claim fails for much the same reasons they cannot prevail on their claims alleging a violation of the TVPA or RICO.  The Complaint makes clear all of the Plaintiffs at all relevant times were in the lawful custody of the Alabama Department of Corrections while serving sentences for criminal convictions.  "[I]t is not involuntary

servitude to offer prisoners an option of participating in a work-release program, even though the consequence of not working and remaining in jail may be "painful.'" *Steirer v. Bethlehem Area Sch. Dist.*, 987 F.2d 989, 1000 (3d Cir. 1993) (citing *Watson v. Graves*, 909 F.2d 1549, 1552-53 (5th Cir. 1990)).  Since there never could have been any reasonable expectation of compensation, there can be no viable claim for unjust enrichment against the City of Troy.

      **H.**    **Punitive Damages Are Not Recoverable Against the City of Troy.**

      Defendant City of Troy believes this Court will agree, based on the well-reasoned arguments outlined above, that Plaintiffs have failed to state any claims upon which relief may be granted.  But even if a different conclusion could be reached, to the extent recovery is sought for punitive damages, it is well-settled that federal law prohibits such an award against a municipality.  See, u.g., Byrd v. Jones, 2015 WL 2194697 (N.D.Ala.2015), citing, e.g., *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) and *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 2099, 87 L.Ed.2d 114 (1985). Treble damages are considered punitive.  See *McCullough v. City of Montgomery*, 2019 U.S. LEXIS 82069 at *29-30 (M.D. Ala.).  *Alabama Code* §6–11–26 similarly provides that punitive damages may not be awarded against the State of Alabama or "any municipality thereof."  Thus, even if the Court should conclude Plaintiffs have stated any claims upon which relief may be granted, to the extent Plaintiffs seek the imposition of punitive or treble damages against the City of Troy, that claim must be dismissed.

I.      **Incorporation by Reference**

Defendant City of Troy hereby incorporates by reference all of the arguments and authorities contained in the briefs submitted by any Co-Defendant on the issues posed by the claims asserted in Counts I, II, II, XI, and XII of the Plaintiffs' Complaint.


<u>**CONCLUSION**</u>

Plaintiffs' *Complaint* fails to state any claims upon which relief may granted against the City of Troy.   First, the Complaint makes clear none of the named Plaintiffs other than Lanair Pritchett was ever placed with the City of Troy through the Alabama Department of Corrections.  Second, no viable claims have been asserted against the City of Troy.  Plaintiffs have failed to allege facts sufficient to state any viable claims for violation of 42 U.S.C. §1986, 18 U.S.C. §1962, 18 U.S.C. §1589, or the Alabama Constitution.  Likewise, there can be no viable claim for unjust enrichment because there never could have been any reasonable expectation of compensation when the Plaintiffs were all incarcerated prisoners to whom the Thirteenth Amendment's prohibition against involuntary servitude simply does not apply.  In light of these circumstances, all claims asserted against the City of Troy in Plaintiffs' *Complaint* are due to be dismissed.

WHEREFORE, Defendant City of Troy pursuant to *Fed.Civ.R.* 12(b)(6) respectfully requests that this Court dismiss all claims asserted against the City in Plaintiffs' *Complaint*, and for such other relief as the Court deems just and equitable in the premises.

Respectfully submitted,

*/s/ Brad A. Everhardt*
Brad A. Everhardt, ASB No. 3106-K42T
Randall Morgan, ASB No. 8350-R70R
*Attorneys for Defendant City of Troy*

OF COUNSEL:
**Hill, Hill, Carter, Franco,**
    **Cole & Black, P.C.**
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
beverhardt@hillhillcarter.com
rmorgan@hillhillcarter.com


## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of March 2024, I have electronically filed the foregoing with the Clerk of the Court using PACER, which will send notification to the following via email:

Amanda Christine Lynch
Altshuler Berzon LLP
177 Post St.
Suite 300
San Francisco, CA 94108
415-421-7151
Fax: 415-362-8064
Email: alynch@altshulerberzon.com


Barbara Jane Chisholm
Altshuler Berzon LLP
177 Post St.
Suite 300
San Francisco, CA 94108
415-421-7151
Fax: 415-362-8064
Email: bchisholm@altber.com

Connie Kay Chan
Altshuler Berzon LLP
177 Post St.
Suite 300
San Francisco, CA 94108
415-421-7151
Fax: 415-362-8064
Email: cchan@altshulerberzon.com


Janet Marie Herold
Justice Catalyst Law
40 Rector Street
9th Floor
New York, NY 10008
518-732-6703
Email: jherold@justicecatalyst.org
Lauren Elaena Faraino
Faraino, LLC
2647 Rocky Ridge Lane
Birmingham
Vestavia Hills, AL 35216
917-529-2266
Email: lauren@farainollc.com


Michael Rubin
Altshuler Berzon Nussbaum Rubin & Demain
177 Post Street
Suite 300
San Fran, CA 94108
415-421-7151
Fax: 415-362-8064
Email: mrubin@altshulerberzon.com


Richard Paul Rouco
Quinn, Connor, Weaver, Davies & Rouco
Two North Twentieth Street; Suite 930
Birmingham, AL 35203
205-870-9989
Email: rrouco@qcwdr.com

Benjamin Matthew Seiss
Alabama Attorney General's Office
501 Washington Avenue
Montgomery, AL 36104
334-353-8917
Email: ben.seiss@alabamaag.gov


Brad A. Chynoweth
State of Alabama Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
334-242-7997
Fax: 334-353-8440
Email: brad.chynoweth@alabamaag.gov

Gary Lee Willford , Jr.
Alabama Bureau of Pardons and Paroles
Legal Division
301 S. Ripley Street
Montgomery, AL 36104
334-353-4495
Email: gary.willford@paroles.alabama.gov


Cameron Wayne Elkins
State of Alabama Office of the Attorney General
Civil Division
501 Washington Avenue
Montgomery, AL 36104
334-242-7300
Email: cameron.elkins@alabamaag.gov


Tara S. Hetzel
State of Alabama
Alabama Attorney General's Office
501 Washington Ave
Montgomery, AL 36130
334-242-7374
Fax: 334-353-8400
Email: tara.hetzel@alabamaag.gov

Robert David Segall
Copeland Franco Screws & Gill
PO Box 347
Montgomery, AL 36101-0347
334-834-1180
Fax: 334-834-3172
Email: segall@copelandfranco.com


Shannon Lynn Holliday
Copeland Franco Screws & Gill, PA
PO Box 347
Montgomery, AL 36101-0347
334-834-1180
Email: holliday@copelandfranco.com
Rachel V. Barlotta
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North; Suite 1400
Birmingham, AL 35203
205-328-0480
Fax: 205-322-8007
Email: rbarlotta@bakerdonelson.com


Kayla Michelle Wunderlich
Baker, Donelson, Bearman, Caldwell & Berkowitz
420 20th St - Ste 1400
Birmingham, AL 35203
205-250-8303
Email: kwunderlich@bakerdonelson.com


George Robert Parker
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
334-956-7607
Fax: 205-956-7807
Email: gparker@bradley.com

John Thomas Richie
Bradley Arant Boult Cummings
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
205-521-8348
Fax: 205-488-6348
Email: trichie@bradley.com

Shawnna H. Smith
Office of the Jefferson County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
smithsha@jccal.org

Melisa Christine Zwilling
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
mzwilling@carrallison.com

Aaron G. McLeod
Jonathan Metz
Adams and Reese LLP
1901 6th Ave. N. Ste 1110
Birmingham, AL 35203
aaron.mcleod@arlaw.com
jonathan.metz@arlaw.com

**And sent a copy via U.S. Mail, postage prepaid, to the following:**

C.B.A.K, Inc.
1010 South KcKenzie Street
Foley, AL 36535

/s/ *Brad A. Everhardt*
OF COUNSEL