IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL COUNCIL, et. al., | ) ) ) |
| Plaintiffs, | ) ) |
| V. | )     Case No. 2:23-CV-712-ECM-JTA |
| KAY IVEY, et. al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS ALABAMA BOARD OF PARDONS AND PAROLES CHAIR LEIGH GWATHNEY, BOARD MEMBER DARRYL LITTLETON, AND BOARD MEMBER GABRELLE SIMMONS'S MOTION TO DISMISS**

**COME NOW** Defendants, Alabama Board of Pardons and Paroles Chair Leigh Gwathney ("Gwathney"), Board Member Darryl Littleton ("Littleton"), and Board Member Gabrelle Simmons ("Simmons") (collectively referred to hereinafter as the "Board"), and file this Motion to Dismiss. As grounds for so moving, the Board sets forth and states as follows.

1. On December 12, 2023, Plaintiffs filed a Complaint raising twelve claims against Governor Kay Ivey, Attorney General Steve Marshal, the Board, the Alabama Department of Corrections ("ADOC"), the Alabama Department of Transportation ("DOT") (collectively referred to as the "State Defendants"), two municipalities and various private Defendants. (Doc. 1 at ¶¶ 160-183.) Plaintiffs sue Chair Gwathney in both her individual and official capacities, while alleging claims against Board Members Littleton and Simmons only in their official capacities. (*Id.* at ¶¶ 162-163.)

2. The Plaintiffs are ten current and former inmates who are or were in the custody of the ADOC due to their convictions for various felony offenses, two labor unions, and an advocacy group. (Doc. 1 at ¶¶ 145-157.) Plaintiffs bring this action on behalf of themselves and three main

classes of inmates they have identified as the "forced labor class", "parole denial class", and "strike class." (*Id.* at ¶¶ 187-190.) The "parole denial class" has two subclasses identified as "discriminatory parole denial" and "off-site work". (*Id.* at ¶ 189.)

3. Several of the named inmate Plaintiffs subsequently filed a Notice of Motion and Motion for Preliminary Injunction and Provisional Class Certification on December 21, 2023. (Doc. 23.) That Motion has been fully briefed and argued and is awaiting the Court's disposition.

4. Plaintiffs make the following claims against the Board:

   a. Count I: alleged violation of the Trafficking Victims Protection Act ("TVPA");

   b. Count II: alleged violation of the Racketeer Influence and Corrupt Organizations Act ("RICO");

   c. Count III: alleged violation of Article 1, Section 32 of the Alabama Constitution;

   d. Count V: a 42 U.S.C. § 1983 claim alleging violations of the Ex Post Facto Clause of the United States Constitution;

   e. Count VI and VII: 42 U.S.C. § 1983 claims alleging violations of the Fourteenth Amendment's Equal Protection Clause;

   f. Count VIII: a 42 U.S.C. § 1983 claim alleging substantive due process violations under the Fifth and Fourteenth Amendments;

   g. Count IX: conspiracy in violation of 42 U.S.C. § 1985(2) and (3); and

   h. Count XI: failure to prevent wrongs of conspiracy in violation of 42 U.S.C. § 1986.

5. The Board is entitled to a dismissal of all of the Plaintiffs' claims against them for

the following reasons which are set forth more fully in the contemporaneously filed State Defendants' joint Brief:

    a.    Immunities.

        i.    In their official capacities all Board members are entitled to sovereign immunity under the Eleventh Amendment as to all of Plaintiffs' money damages claims; and

        ii.    Chair Gwathney. As the only Board member sued in her individual capacity, she is entitled to the following immunities to all of Plaintiffs' federal claims:

            1.    Absolute quasi-judicial immunity; and

            2.    Qualified immunity.

    b.    Plaintiffs' allegations fail to meet relevant pleading standards including:

        i.    Plausibility;

        ii.    Exceptionally clear proof; and

        iii.    The heightened pleading standard for conspiracy claims.

    c.    The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, bars the inmate Plaintiffs' federal claims.

    d.    In their official capacities the Board members are not "persons" for purposes of Plaintiffs' federal claims.

    e.    There is no private right of action for equitable relief under either the TVPA or RICO.

    f.    Plaintiffs' conspiracy claims fail because:

        i.    They are barred by the intracorporate conspiracy doctrine; and

        ii.      Their predicate substantive claims fail.

    g.      Alabama law does not permit money damages claims for violations of the Alabama Constitution.

    h.      Plaintiffs fail to state a claim on the merits of each count in that the Board, individually and collectively, did not violate the TVPA, RICO, the Ex Post Facto clause, or Alabama constitutional or statutory law;[1] nor did they deprive the Plaintiffs of any state or federal right asserted in the Complaint.

6.    Additionally, the Board adopts and incorporates herein any defenses asserted by the non-State Defendants to the extent they are applicable to the Board.

WHEREFORE, premises considered, Defendants Leigh Gwathney, Darryl Littleton, and Gabrelle Simmons move the Court to issue an Order dismissing all of Plaintiffs' claims against them with prejudice, costs to be taxed to the Plaintiffs.

Respectfully submitted this the 29th day of March, 2024.

        /s/ *Gary L. Willford, Jr.*
        **Gary L. Willford, Jr. (WIL198)**
        *Assistant Attorney General*
        Alabama Board of Pardons & Paroles
        301 South Ripley Street, Bldg. D
        Montgomery, AL 36104
        (334) 353-4495 (phone)
        Gary.willford@paroles.alabama.gov

---

[1] In an email on March 27, 2024, Plaintiffs' counsel advised the undersigned that they would dismiss the claim based upon Article I, § 32 of the Alabama Constitution against Governor Ivey, Attorney General Marshall, Commissioner Hamm, Director Cooper, and the Board members. Plaintiffs counsel authorized the undersigned to represent that Plaintiffs do not oppose dismissal of this claim, but only as to the above-named Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

Done this the 29th day of March, 2024.

        /s/ Gary L. Willford, Jr.
        **Gary L. Willford, Jr.**
        Assistant Attorney General