IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL COUNCIL AKA KINETIK JUSTICE, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| KAY IVEY, et al., | ) ) ) |
| Defendants. | ) |

CASE NO.: 2:23-CV-00712-CLM-JTA

**MOTION TO DISMISS OF DEFENDANT JOHN COOPER**

Defendant John Cooper, the Director of the Alabama Department of Transportation, moves this Honorable Court to dismiss all claims asserted against him in Plaintiffs' Complaint (Doc. 1) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion, Cooper states as follows:

1. The Plaintiffs have filed this action against numerous Defendants and asserted multiple claims generally involving (1) the use and compensation of convict labor provided by the Alabama Department of Corrections ("ADOC"), and (2) alleged deficiencies in the State of Alabama's parole process for incarcerated individuals. (Doc. 1). The Complaint asserts claims against John Cooper ("Cooper") individually and in his official capacity as the Director of the Alabama Department of Transportation. ("ALDOT"). *Id*. at ¶ 165. All claims against Cooper are related to or arise from ALDOT's use of convict labor provided by ADOC pursuant to contracts between the two state agencies.

2. ALDOT is a state agency created by statute. See, § 23-1-20, Ala. Code 1975. Cooper, as the Director of ALDOT appointed by the Governor, is the "chief executive officer"

of ALDOT and has the authority to exercise "[a]ll the powers, authority, and duties vested" in ALDOT. § 23-1-21, Ala. Code 1975. ALDOT, as authorized by statute, has the authority, via negotiated contracts with ADOC, to use convict labor in its operations. § 23-1-37, Ala. Code 1975

3. The claims against Cooper include (1) a violation of the Trafficking Victims Protection Act ("TVPA") [Count I]; (2) a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") [Count II]; (3) a violation of Alabama Constitution, Article I, Section 32 [Count III]; (4) a "Failure to Prevent Wrongs of KKK Act Conspiracy," 42 U.S.C. § 1986 [Count XI]; and (5) an Alabama state law claim of unjust enrichment [Count XII]. (Doc. 1).

4. Cooper asserts he is entitled to dismissal of all claims in this case pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P., as the court lacks subject matter jurisdiction and the Complaint fails to state claims for which relief can be granted. More specifically, Cooper asserts he is entitled to dismissal based on the following grounds:

A. Plaintiffs' claims against Cooper in Counts I, II, III, and XI are barred by sovereign immunity under *Pennhurst* to the extent they are based on violations of state law;

B. Plaintiffs' TVPA and RICO claims against Cooper in Counts I and II fail for the following reasons:

1. Cooper is entitled to sovereign immunity for official-capacity damages claims;

2. Cooper is not a "persons" subject to suit in his official capacity under the TVPA or RICO;

3. There is no private right of action for equitable relief under the TVPA or RICO;

4. Cooper is entitled to qualified immunity from Plaintiffs' individual-capacity damages claims under the TVPA and RICO;

   e. Plaintiffs fail to state claims upon which relief can be granted for violations of the TVPA and RICO.

C. Plaintiffs' claims under Section 32 of the Alabama Constitution in Count III fail for the following reasons:

  1. Cooper is entitled to sovereign immunity from all official-capacity claims under *Pennhurst*;

  2. Plaintiffs' individual-capacity claims for money damages fail because there is no cause of action for money damages for a violation of the Alabama Constitution;

  3. Plaintiffs fail to state a claim upon which relief can be granted.

D. Plaintiffs' conspiracy claims against Coooper in Count XI fails for the following reasons:

  1. Cooper is entitled to sovereign immunity from Plaintiffs' official-capacity money damages claims;

  2. Cooper is not a "persons" within the meaning of 42 U.S.C. § 1986;

  3. Plaintiffs' conspiracy claims are barred by the intracorporate conspiracy doctrine;

  4. Plaintiffs' § 1986 conspiracy claims fail because their prerequisite substantive claims fail;

  5. Cooper is entitled to qualified immunity from individual-capacity money damages claims;

  6. Plaintiffs fail to state a claim upon which relief can be granted.

E. The Plaintiffs' state law unjust enrichment claims in Count XI fails for the following reasons:

  1. Cooper is entitled to sovereign immunity for all claims made against him in his official capacity;

  2. Cooper is entitled to state agent immunity for all claims made against him in his individual capacity;

  3. Plaintiffs fail to state a claim for which relief can be granted.

5.     Cooper further moves to dismiss the claims against him on the grounds raised by any other State Defendant to the extent those grounds also support dismissal of Cooper.

6.     Additionally, Cooper adopts and incorporates herein any defenses asserted by the non-State Defendants to the extent they are applicable to him.

For these reasons, all claims against Cooper are due to be dismissed. In support of this motion, Cooper has filed a Consolidated Brief in Support of Motions to Dismiss of State Defendants Ivey, Marshall, Gwathney, Littleton, Simmons, Hamm, and Cooper.

Submitted the 29th day of March 2024.

RESPECTFULLY SUBMITTED,

STEVEN T. MARSHALL
Attorney General

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 242-7300

s/ William F. Patty
WILLIAM F. PATTY
*Assistant Attorney General*
*Chief Counsel*
**Counsel for the Defendant John Cooper**

/s/ S. Anthony Higgins
S. ANTHONY HIGGINS
*Assistant Attorney General*
*Assistant Counsel*
**Counsel for the Defendant John Cooper**

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard, Room 147
Montgomery, Alabama 36110
Telephone: (334) 242-6350
Facsimile: (334) 264-4359
Email:
higginss@dot.state.al.us
pattyw@dot.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of March 2024, I electronically filed a copy of the foregoing Notice of Appearance with the Clerk of the Court via CM/ECF which will notify all counsel of record.

/s/ S. Anthony Higgins
S. ANTHONY HIGGINS
*Assistant Attorney General*
*Assistant Counsel*
**Counsel for the Defendant**
**John Cooper**