# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL COUNCIL AKA KINETIK JUSTICE, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO.: 2:23-CV-00712-CLM-JTA |
| KAY IVEY, et al., | )<br>)<br>) |
| Defendants. | ) |

## MOTION TO DISMISS OF DEFENDANTS
## GOVERNOR KAY IVEY & ATTORNEY GENERAL STEVE MARSHALL

Defendants Governor Kay Ivey and Attorney General Steve Marshall hereby move to dismiss all claims asserted against them in Plaintiffs' Complaint (doc. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the following grounds:

1. Plaintiffs Council, Moore, Cole, Ptomey, McDole, Campbell, Pritchett, English, and Cartwright's claims in Counts I, II, and IV should be dismissed for failure to exhaust administrative remedies under the PLRA.

2. Plaintiff Council should be dismissed from this suit for claim splitting because he brings a claim only under Count IV for First Amendment retaliation—a claim that he has asserted in two other pending lawsuits.

3. Plaintiffs' claims in Counts I, II, III, V, VI, VII, VIII, IX, X, and XI are barred by sovereign immunity under *Pennhurst* to the extent they are based on violations of state law.

4. Plaintiffs' claims against Ivey and Marshall fail for lack of standing and are barred by sovereign immunity to the extent Plaintiffs' claims are based on parole decisions because Ivey and Marshall do not make parole decisions. As a result, all claims against Ivey

1

except Count IV should be dismissed for lack of standing and sovereign immunity. All claims against Marshall should be dismissed for lack of standing and sovereign immunity.

5. Plaintiffs' TVPA and RICO claims against Ivey and Marshall in Counts I and II fail for the following reasons:

   a. Ivey and Marshall are entitled to sovereign immunity for official-capacity damages claims;

   b. Ivey and Marshall are not "persons" subject to suit in their official capacities under the TVPA or RICO;

   c. There is no private right of action for equitable relief under the TVPA or RICO;

   d. Marshall is entitled to absolute prosecutorial immunity from Plaintiffs' individual-capacity damages claims under the TVPA and RICO;

   e. Ivey and Marshall are entitled to qualified immunity from Plaintiffs' individual-capacity damages claims under the TVPA and RICO;

   f. Plaintiffs fail to state claims upon which relief can be granted for violations of the TVPA and RICO.

6. Plaintiffs' claims under Section 32 of the Alabama Constitution in Count III fail for the following reasons:

   a. Ivey and Marshall are entitled to sovereign immunity from all official-capacity claims under *Pennhurst*;

   b. Plaintiffs' individual-capacity claims for money damages fail because there is no cause of action for money damages for a violation of the Alabama Constitution;

   c. Plaintiffs fail to state a claim upon which relief can be granted.

7. Plaintiffs' First Amendment retaliation claim against Ivey in Count IV fails for the following reasons:

   a. Plaintiffs lack standing to seek injunctive relief;

   b. Ivey is entitled to sovereign immunity from all official-capacity claims for money damages;

2

  c. Ivey is entitled to qualified immunity from all individual-capacity claims for money damages;

  d. Plaintiffs fail to state a claim upon which relief can be granted.

 8. Plaintiffs' claims against Ivey and Marshall based on parole decisions in Counts V, VI, VII, and VIII fail for the following reasons:

  a. Plaintiffs lack standing to sue Ivey and Marshall for parole decisions, and for the same reasons Ivey and Marshall are entitled to sovereign immunity from these counts;

  b. Ivey and Marshall are entitled to sovereign immunity from Plaintiffs' official-capacity money damages claims;

  c. Marshall is entitled to absolute prosecutorial immunity from Plaintiffs' individual-capacity money damages claims;

  d. Ivey and Marshall are entitled to qualified immunity from Plaintiffs' individual-capacity money damages claims;

  e. Plaintiffs fail to state a claim upon which relief can be granted.

 9. Plaintiffs' conspiracy claims against Ivey and Marshall in Counts IX, X, and XI fail for the following reasons:

  a. Ivey and Marshall are entitled to sovereign immunity from Plaintiffs' official-capacity money damages claims;

  b. Ivey and Marshall are not "persons" within the meaning of 42 U.S.C. §§ 1985 and 1986;

  c. Plaintiffs' conspiracy claims are barred by the intracorporate conspiracy doctrine;

  d. Plaintiffs' § 1985 conspiracy claims fail because their prerequisite substantive claims fail; as a result, their § 1986 claims also fail;

  e. Marshall is entitled to absolute prosecutorial immunity from individual-capacity money damages claims;

  f. Ivey and Marshall are entitled to qualified immunity from individual-capacity money damages claims;

  g. Plaintiffs fail to state a claim upon which relief can be granted.

10. Ivey and Marshall move to dismiss the claims against them on the grounds raised by any other Defendant to the extent those grounds also support dismissal of Ivey and Marshall.

For these reasons, all claims against Ivey and Marshall are due to be dismissed. In support of this motion, Ivey and Marshall have filed a Consolidated Brief in Support of Motions to Dismiss of State Defendants Ivey, Marshall, Gwathney, Littleton, Simmons, Hamm, and Cooper.

Respectfully submitted,

/s/ Brad A. Chynoweth
Brad A. Chynoweth
  *Assistant Chief Deputy, Civil Division*
Benjamin M. Seiss
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Brad.Chynoweth@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

***Counsel for the Defendants Governor Kay Ivey and Attorney General Steve Marshall***

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of March 2024, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will notify all counsel of record.

/s/ Brad A. Chynoweth
*Assistant Chief Deputy, Civil Division*
