# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
### NORTHERN DIVISION

| | |
|---|---|
| **COUNCIL, et al,** | |
| **Plaintiff,** | **Case No.:** |
| **v.** | **2:23-cv-00712-CLM-JTA** |
| **IVEY, et al,** | |
| **Defendant.** | |

---

## SOUTHEAST RESTAURANT GROUP-WEN, LLC'S
## MOTION TO DISMISS

---

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ...4

II.   STANDARD FOR MOTION TO DISMISS …7

III.  ALL CLAIMS AGAINST DEFENDANT ARE DUE TO BE DIMISSED …9

    A.   Plaintiff's Entire Complaint Is Due to Be Dismissed Because It Is a Shotgun Pleading and Fails to Comply with the Federal Rules of Civil Procedure. …9

    B.   Plaintiff's Entire Complaint Is Due to Be Dismissed Because It Fails to State a Claim Against SRG. …12

    C.   Union of Southern Service Workers, Service Employees International Union, Retail, Wholesale and Department Store Union, Mid-South Council, and The Woods Foundation Lack Standing …13

    D.   Count I: Violation of the Trafficking Victims Protection Act …14

(TVPA), 18 U.S.C. §1589

    1.    Count I is due to be dismissed because Plaintiffs did not …14
adequately plead SRG had knowledge.

    2.    Count I is due to be dismissed because Plaintiffs did not …18
adequately plead SRG participated in some joint
venture or enterprise that involved "risk and potential
profit."

E.    Count II: Violation of the Racketeer Influenced and Corrupt …19
Organizations Act (RICO)

    1.    Plaintiffs' RICO claim is due to be dismissed because it …20
fails to meet the heightened RICO pleading standard.

    2.    Count II is due to be dismissed because Plaintiffs' …23
underlying TVPA claim fails.

    3.    Plaintiff's RICO claim is barred by the statute of …25
limitations.

F.    Count III: Violation of Alabama Constitution, Article I, …25
Section 32

    1.    Plaintiffs' Claim of Involuntary Servitude Must Be …25
Dismissed Because There is No Civil Cause of Action.

G.    Count XI: Failure to Prevent Wrongs of KKK Act Conspiracy, …27
42 U.S.C. §1986

    1.    Count XI is Due to be Dismissed Because Plaintiffs …27
Failed to Allege SRG Was in a Position to Prevent or
Aid in Preventing Harm.

    2.    Count XI Is Due to Be Dismissed Because There is No …29
Underlying Section 1985 Claim.

    3.    Count XI Is Due to Be Dismissed Because Section 1986 …30
is unconstitutional.

4.      Count XI Is Due to Be Dismissed Because Plaintiffs the Statute of Limitations Has Expired.     …32

H.      Count XII: Unjust Enrichment     …33

1.      Count XII is Due to Be Dismissed Because the Statute of Limitations Has Expired.     …33

2.      Count XII is Due to Be Dismissed Because Plaintiffs Have Not Alleged SRG Withheld or Did Not Pay Plaintiffs Above Minimum Wage.     …34

I.      All Claims Against SRG are Due to Be Dismissed.     …34

IV.     Conclusion     …34

Certificate of Service     …36

**COMES NOW** Defendant, **Southeast Restaurant Group – WEN FL, LLC**[1] (referred to hereinafter as "SRG"), by and through undersigned counsel, and moves this Court pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* to dismiss all claims alleged against it.  As grounds for said motion, Defendant states as follows:

## I.  INTRODUCTION

Plaintiffs filed a 126-page Complaint containing twelve counts in the U.S. District Court for the Middle District of Alabama on December 12, 2023.  The named Plaintiffs are Robert Earl Council aka Kinetik Justice, Lee Edward Moore Jr., Lakiera Walker, Jerame Aprentice Cole, Frederick Denard McDole, Michael Campbell, Arthur Charles Ptomey Jr., Lanair Pritchett, Alimireo English, Toni Cartwright, USSW, RWDSU, and Woods Foundation (collectively "Plaintiffs"). The Complaint was filed against Kay Ivey (Governor of Alabama), Steve Marshall (Alabama Attorney General), Leigh Gwathney (Chair of the Alabama Board of Pardons and Paroles), Darryl Littleton (Associate Member of the Alabama Board of Pardons and Paroles), Gabrielle Simmons (Associate Member of the Alabama Board of Pardons and Paroles), John Hamm (Commissioner of the Alabama Department of Corrections), John Cooper (Transportation Director of the Alabama Department of

---

[1] Defendant was improperly designated in the Complaint as Southeast Restaurant Group – WEN, LLC dba Wendy's but should have been designated as Southeast Restaurant Group – WEN FL, LLC.

Transportation), individually and in their official capacities. The Complaint also names The City of Mongomery, The City of Troy, Jefferson County, RCF, LLC d/b/a Gemstone Foods, LLC, Koch Foods, LLC; JU-Young Manufacturing America, Inc., SL Alabama, LLC, Hwaseung Automotive USA, LLC, Progressive Finishes, Inc., C.B.A.K., Inc. d/b/a McDonald's, Premier Kings, Inc. d/b/a Burger King, Southeast Restaurant Group-Wen, LLC d/b/a Wendy's, Pell City Kentucky Fried Chicken, Inc, d/b/a KFC, Masonite Corporation, Masonite Corporation Cast Products, Inc., Southeastern Meats, Inc, Paramount Services, Inc., and Bama Budweiser of Montgomery, Inc. as defendants. Of the twelve counts contained in the Complaint, only five pertain to Southeast Restaurant Group-Wen, LLC d/b/a Wendy's ("SRG").

The individually named plaintiffs are currently or have recently been incarcerated in Alabama's prison system. Convictions for the currently incarcerated plaintiffs include cocaine trafficking, murder, assault, robbery, and burglary. Of the nine currently incarcerated plaintiffs, two are serving life sentences and the other seven have been sentenced to terms ranging between sixteen and fifty years. The seven plaintiffs' prison terms (when combined) total 169 years. The individual plaintiffs are joined by Plaintiffs USSW and RWDSU, which are labor organizations, and Woods Foundation, a human rights organization.

The crux of Plaintiffs' 202 paragraph Factual Allegations is that the governor,

parole board, ADOC, and attorney general, in their individual and official capacities, schemed to enslave Black inmates. The Complaint alleges the ADOC used threats of force, actual force, and solitary confinement as punishment for an inmate's refusal to participate in, or for encouraging others not to participate in, Alabama's prison work release program. The Plaintiffs also allege the parole board, as directed by the governor, denied parole to more Black inmates participating in the work release program than similarly situated white inmates. The alleged motivation for these punishments was profit, as the ADOC allegedly deducts forty percent of the gross earnings of inmates, in addition to fees for transport and costs for protective equipment, resulting in significant profits from the forced labor of incarcerated Black Alabamians. Plaintiffs also allege employer defendants conspired with government defendants to obtain cheaper and ununionized labor for higher profits.

This lawsuit is an improper attempt by Plaintiffs to get businesses to stop hiring work release inmates and force systemic change to the Alabama prison system. Plaintiffs' allegations against SRG, and the employer defendants as a whole, are misplaced. The Court should not permit Plaintiffs to use the state's alleged wrongdoing to impose liability on private employers. Employer defendants could not have participated in the alleged mistreatment of prisoners or played any part in racially motivated determinations for parole. Most importantly, Plaintiffs' Complaint does not allege any of the employee defendants mistreated individuals on

6

work release.

Plaintiffs 126-page Complaint included the following claims against SRG:

- Count I – Violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1589 (Doc. 1 at ¶¶ 203-11);

- Count II – Violation of the Racketeer Influenced and Corrupt Organizations Act

  (RICO), 18 U.S.C. §1962 (Doc. 1 at ¶¶ 212-20);

- Count III – Violation of Alabama Constitution, Article I, Section 32 (Doc. 1 at ¶¶ 221-34);

- Count XI – Failure to Prevent Wrongs of KKK Act Conspiracy, 42 U.S.C. §1986; (Doc. 1 at ¶¶ 276-280);

- Count XII – Unjust Enrichment (Doc. 1 at ¶¶ 281-283).

Each and every one of these claims against SRG is due to be dismissed.

## II.    <u>STANDARD FOR MOTION TO DISMISS</u>

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  It similarly "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.

The Supreme Court has identified two working principles for courts to follow in ruling on motions to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  "But where

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

Defendant denies that Plaintiffs' claims have any factual basis and Defendant sharply contests the allegations made by Plaintiffs. However, even accepting the factual allegations as true, Plaintiffs' claims are facially deficient for the reasons described below. Accordingly, the Court should dismiss all claims against Defendant.

## III. ALL CLAIMS AGAINST DEFENDANT ARE DUE TO BE DISMISSED.

### A. Plaintiff's Entire Complaint Is Due to Be Dismissed Because It Is a Shotgun Pleading and Fails to Comply with the Federal Rules of Civil Procedure.

Plaintiffs' Complaint is a "shotgun pleading," which is not permitted. Rule 8(a)(2) of the *Federal Rules of Civil Procedure* requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' Complaint is neither short nor plain.

Rule 10(b) also provides, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of Rules 8(a) and 10(b) is to require the plaintiffs to present their claims discretely and succinctly, so that their adversary can discern what the plaintiffs are claiming and frame a

responsive pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1319 (11th Cir. 2015)) (internal citations omitted). Compliance with these rules allows the Court and the defendants to determine "which facts support which claims." *Id*.

Complaints that violate Rule 8(a) and 10(b) ("shotgun pleadings") are problematic because "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, 407 F. Supp. 3d 1216, 1233 (N.D. Ala. 2019) (quoting *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1126 (11th Cir. 2014)) (internal citations omitted). The Eleventh Circuit Court of Appeals identifies four types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off*., 792 F.3d 1313, 1321–23 (11th Cir. 2015). They are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "one that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Id.* Plaintiffs' Complaint falls into two of the four identified categories – specifically, categories 1, 2, and 4.

First, in all counts of the Complaint (as it pertains to Defendant), "Plaintiffs incorporate the allegations in paragraphs . . . by reference." (Doc. 1 at ¶¶ 203, 212, 221, 276, 281).  As a result, "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of [their] causes of action, or how they do so." *Estate of Bass v. Regions Bank, Inc.,* 947 F.3d 1352, 1358 (11th Cir. 2020).  Count I of the Complaint only excludes three of the 202 allegations contained in Plaintiffs' Factual Allegations.  (Doc. 1 at ¶¶ 203).  Counts II, III, XI, and XII only exclude four of the 202 allegations. (Doc. 1 at ¶¶ 212, 221, 276, 281).

Second, Plaintiffs' Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.  For example, in their RICO claim (Count II) against all Defendants, Plaintiffs allege, "Defendants conduct and participate, directly or indirectly, in the conduct of the Enterprise through a pattern of thousands of acts of racketeering activity." (Doc. 1 at ¶ 217).  None of the nine paragraphs that comprise the RICO claim identify a particular act or a particular defendant.  (Doc. 1 at ¶¶ 212-20).  The same is true of Counts I, III, XI, and XII.

Third, the Complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or

omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Each count of the Complaint incorporates the allegations of hundreds of preceding paragraphs by reference and fails to attribute many of the allegations to a particular defendant. Plaintiffs improperly attempt to create defendant classes. The Complaint sorts defendants into government and employer defendants. In the five counts of the Complaint that are relevant to SRG, Plaintiffs have not identified which of the factual allegations apply to government defendants versus employer defendants. Even if Plaintiffs identified which allegations applied to government versus employer defendants, the pleading requirements would still not be satisfied, as employer defendants are not a class and allegations should be pleaded against each employer defendant individually.

The Complaint in this case is clearly a shotgun pleading and is due to be dismissed in its entirety.

### B. Plaintiff's Entire Complaint Is Due to Be Dismissed Because It Fails to State a Claim Against SRG.

Not once in their 283 paragraph Complaint do Plaintiffs allege any facts to support that the employer defendants had knowledge of the government's alleged use of threats of force, actual force, or solitary confinement. Even if the allegations against the government defendants are in fact true, it is absurd to think employer defendants would have known about any illegal activities going on behind the prison walls. Without alleging knowledge, all five counts against SRG fail.

12

A district court has "inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland*, 792 F.3d at 1320). "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)" lest the matter devolve into a "goat rodeo." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014). Because Plaintiffs' Complaint is a shotgun pleading, it is due to be dismissed. *See Shabanets*, 878 F.3d at 1295; *Paylor*, 748 F.3d at 1127.

In addition to the reasons stated hereinabove, Plaintiffs' Complaint fails to state a claim against SRG because Plaintiffs failed to allege any facts to show SRG had knowledge of the government's alleged mistreatment of inmates. Because the Plaintiffs failed to state a claim against SRG, all claims against SRG must be dismissed.

### C. Union of Southern Service Workers, Service Employees International Union, Retail, Wholesale and Department Store Union, Mid-South Council, and The Woods Foundation Lack Standing.

Union of Southern Service Workers, Service Employees International Union, Retail, Wholesale and Department Store Union, Mid-South Council, and The Woods Foundation lack standing. In order for a plaintiff to have standing, they must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of

the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S. Ct. 1003 (1998). These plaintiffs have failed to plead that they have suffered any injury at all, let alone, one that is "fairly traceable to the to the challenged conduct of the defendant." *Id.* Because these plaintiffs have not alleged they suffered an injury traceable to the conduct of any of the defendants, there can be no redress. Therefore, the Union of Southern Service Workers, Service Employees International Union, Retail, Wholesale and Department Store Union, Mid-South Council, and The Woods Foundation lack standing and must be dismissed as plaintiffs.

### D. Count I: Violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1589

#### 1. Count I is due to be dismissed because Plaintiffs did not adequately plead SRG had knowledge.

Count I is due to be dismissed because Plaintiffs did not adequately plead SRG had knowledge. In order to establish a *prima facie* case for a violation of the TVPA under section (a), Plaintiffs must allege (a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means – (1) by means of force, threat of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme,

plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint. 18 U.S.C. §1589. Plaintiffs plead Ivey, Marshall, Hamm, Gwathney, and the associate Parole Board members obtained labor by these means.

The allegations against SRG under the TVPA fall under subsection (b), which applies to, "whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection." 18 U.S.C. §1589. Plaintiffs' claim against SRG is dependent upon a successful claim against Ivey, Marshall, Hamm, Gwathney, and the associate Parole Board members under subsection (a).

To state a "beneficiary claim" under the broad language of the Trafficking Victims Protection Act, 18 U.S.C. § 1595(a), a plaintiff must "plausibly allege that the defendant (1) knowingly benefited (2) from taking part in a common undertaking or enterprise involving risk and potential profit," (3) that violated the TVPA as to the plaintiff, and (4) "that the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPA as to the plaintiff." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 719, 723, 726 (11th Cir. 2021); see also *K.H. v. Riti, Inc.*, 2024 WL 505063, *2-3 (11th Cir. Feb. 9, 2024) (clarifying that allegations of financial benefit alone are not enough to allege the enterprise element). The second

element is also referred to as "participating in a venture." *Red Roof Inns*, 21 F.4th at 725. The last element requires allegations that a defendant "have either actual or constructive knowledge that the venture . . . violated the TVPRA as to the plaintiff." *Id*. at 725-26.

Even if Plaintiffs' claim against the government defendants under subsection (a) prevails, Plaintiffs have not sufficiently alleged that SRG had knowledge of the state's alleged illegal mistreatment of inmates to obtain labor for the state's financial gain. Plaintiffs do not allege facts to show how SRG knew or should have known the work-release system was violating the law. Alleging this properly might mean stating that a defendant was part of imposing "extremely poor working conditions." This case can be distinguished from *Burrell*, where defendant provided "direct on-site supervision" of the unlawful program. *Burrell. v. Staff, 60 F.4th 25, 37-38 (3d Cir. 2023) (an example of a TVPA case involving a work-release program for convicts, where access to work release was conditioned on "dangerous, nearly unpaid" labor)*. General allegations, however, that defendants "were aware" of the unlawful conditions of work but that do not "state any facts supporting that general conclusion" are insufficient. *Id*. at 41 (affirming dismissal of TVPA claims). In fact, the Eleventh Circuit has analogously held, as to the participation element, that even allegations of financial benefit by a defendant who was said to have observed signs of sex-trafficking in hotel rooms the defendant rented out, were not enough to

state a claim for participating in the venture. *K.H.*, 2024 WL 505063 at *4. Under *Red Roof Inns* and *K.H.*, allegations that SRG actually observed unlawful coercive methods by the State Defendants or others still would not be enough to allege participation. Here, Plaintiffs plead only conclusions. The Complaint never alleges facts to make it plausible that SRG knew or should have known that the work-release program was wrongfully coercing Plaintiffs to get in the van and show up at work. Complaint ¶¶ 140-43, 183, 210. Instead, Plaintiffs claim that what they allege to be "violent conditions" in Alabama prisons were "broad public knowledge," and that the employer defendants "know or should know of these conditions." Complaint ¶ 140. In addition, Plaintiffs allege that SRG, as a member of the group of employer defendants, "knew or should have known that" the State Defendants "were conspiring" to deny parole along racial lines. *Id.* ¶ 142. For these reasons, Plaintiffs TVPA claim fails against SRG.

While a complaint attacked by a *Federal Rule of Civil Procedure* 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).

Rule 8 requires plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal under Rule 12(b)(6). *Bell Atl. Corp. v. Twombl*y, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plausibility requires "more than a sheer possibility" of unlawful conduct; instead, the well-pleaded facts of a complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Plaintiffs do not allege that SRG had knowledge of the state's alleged use of threats of force, actual force, or solitary confinement to obtain labor. If the allegations are in fact true, it is absurd to think employer defendants would have known about the illegal activities going on behind the prison walls. Without alleging knowledge, all five counts against SRG and employer defendants fail.

### 2. Count I is due to be dismissed because Plaintiffs did not adequately plead SRG participated in some joint venture or enterprise that involved "risk and potential profit."

Plaintiffs do not allege sufficient facts to show that SRG participated in some joint venture or enterprise that involved "risk and potential profit." The Complaint says that SRG participates in the State's correctional work-release program and "benefit[s] from the forced labor of" felons, see Complaint ¶ 10, but does not allege facts to support the idea that this arrangement with the work-release system involved "risk", nor does the Complaint say what "potential profit" was involved since there

is no allegation whatsoever that Plaintiffs worked at SRG for less pay than free, non-work- release employees did. *See Red Roof Inns*, 21 F.4th at 725.

Plaintiffs do not allege, nor could they rightfully allege, that SRG paid Plaintiffs less than other workers so as to realize an illicit profit. Plaintiffs never explain what "risk" SRG faced in having an agreement with the State to employ convicts on work release. The Complaint vaguely alleges that some Defendants "sometimes" "pad their profits" by paying wages below the legal minimum. *See* Complaint ¶ 12. However, in Plaintiffs' next breath they admit that private employers using work-release labor "agree to pay the 'prevailing wage' for the jobs" they perform, and that this is an "obligation" of participating in the program in the first place. *Id*. ¶ 20.

In summary, Plaintiffs did not adequately plead SRG participated in some joint venture or enterprise that involved "risk and potential profit," and therefore, their claim fails and must be dismissed.

### E. Count II: Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO)

Count II of the Complaint alleges a violation of the RICO statute (18 U.S.C. § 1962) by all Defendants. (Doc. 1 at ¶¶ 212-220). The allegations contained in the Complaint fail to meet the heightened pleading standard required in civil RICO cases.

### 1.    Plaintiffs' RICO claim is due to be dismissed because it fails to meet the heightened RICO pleading standard.

Plaintiffs' claim against SRG is due to be dismissed because Plaintiffs do not identify any acts or omissions by SRG through which it might be found liable under this cause of action.    Instead, Plaintiffs incorporate "Defendants" or "The Enterprise" in sweeping statements.  (Doc. 1 at ¶¶ 214, 215).

When a plaintiff's RICO claim hinges on a pattern of fraudulent activity, their "substantive RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with heightened pleading standard of Rule 9(b) of the *Federal Rules of Civil Procedure* which requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Dowbenko v. Google Inc.,* 582 F. App'x 801, 805-06 (11th Cir. 2014). "Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007).  Here, the Plaintiffs merely plead conclusions.    For example, the Complaint alleges "Defendants conduct and participate, directly or indirectly, in the conduct of the Enterprise through a pattern of thousands of acts of racketeering activity." (Doc. 1 at ¶¶ 217).  At no point in the Complaint do Plaintiffs specify what conduct constitutes racketeering, nor do they specify which acts are attributable to each defendant.

To meet the Rule 9(b) standard, "RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Id*. at 1316-17 (ellipses omitted) (citing Fed. R. Civ. P. 9(b)). "Put more pithily, the complaint must describe the who, what, when, where, and how of each element of a fraud claim, except scienter." *Roche Diagnostics Corp.*, 407 F. Supp. 3d at 1241 (quoting *U.S. ex rel. Creighton v. Beauty Basics Inc.*, No. 2:13-CV-1989-VEH, 2016 WL 3519365, at *2 (N.D. Ala. June 28, 2016)); *see also Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464, 474 (11th Cir. 2016) (requiring a RICO plaintiff to "plead the who, what, when, where, and how.").

When a plaintiff fails to meet the heightened RICO pleading standard under Rule 9(b), the court is within its discretion to dismiss the complaint. *See Lawrie*, 656 F. App'x 464 (wherein the Eleventh Circuit affirmed the dismissal of a "complaint launching a 142-page barrage of allegations against Defendants," but which "lacked, among other things, the quality of pleading demanded by Rule 9(b) of the Federal Rules of Civil Procedure.").

Plaintiffs' RICO claim fails to identify any act or omission attributable to SRG. Plaintiffs failed to allege (1) any "precise statements", or "misrepresentations" made by them, (2) the time and place of any alleged statements or misrepresentations

made by them, and (3) the content and manner in which they misled Plaintiffs. *See Ambrosia*, 482 F.3d at 1316-17; *Lawrie*, 656 F. App'x 464.

"A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff. If a plaintiff fails to adequately plead any one of these elements, she has failed to state a claim upon which relief may be granted, and her complaint must be dismissed." *Cisneros v. Petland, Inc*., 972 F.3d 1204, 1211 (11th Cir. 2020) (citing caselaw).

Plaintiffs allege an "association-in-fact enterprise" among Defendants, Complaint ¶ 215, so they are required to set out several additional sub-elements to satisfy the enterprise element of a RICO claim: "To plead an association-in-fact enterprise, the Supreme Court has held that a plaintiff must allege that a group of persons shares three structural features: '(1) a 'purpose,' (2) 'relationships among those associated with the enterprise,' and (3) 'longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *Cisneros*, 972 F.3d at 1211 (quoting caselaw). For the "purpose prong" of this test, a RICO plaintiff must plausibly allege "that the participants shared the purpose of enriching themselves through a particular criminal course of conduct." *Id*. (emphasis added). An "abstract common purpose"

like a "generally shared interest in making money," the court noted, "will not suffice." Id. Instead the enterprise's purpose must specifically be to benefit from a wrongful course of conduct. *See id*. at 1211-12. Also, a complaint must have "concrete facts" to give rise to that inference. *Id*. at 1212.

SRG is not alleged to have coerced any Plaintiff, and Plaintiffs do not say that the work- release program at large is unlawful, nor do they say that SRG's participation in the program was criminal. Plaintiffs never allege the specific facts that would make it plausible to believe SRG's reason for participating in the work-release system was to benefit from labor that the government defendants unlawfully coerced. *See* Complaint ¶ 216. As noted above, Plaintiffs do not allege SRG was aware of the supposedly unlawful coercion going on behind prison walls. For these reasons, Plaintiffs have not pleaded a plausible claim that the purpose for SRG's contract with ADOC was to benefit from illegal compulsion. The Complaint alleges only SRG was one of many private defendants who employed felons by way of the ADOC. That does not state a RICO claim, and therefore, this claim is due to be dismissed.

**2.    Count II is due to be dismissed because Plaintiffs' underlying TVPA claim fails.**

Plaintiffs' 18 U.S.C. § 1962 claim is due to be dismissed because (1) as stated above, Plaintiffs' underlying TVPA claim fails (2) Plaintiffs failed to identify any act or omission undertaken by SRG sufficient to survive a Motion to Dismiss.

23

"[C]onspiracy, standing alone, provides no cause of action," but is reliant on an underlying act. *Roche Diagnostics Corp.*, 407 F. Supp. 3d at 1250 (citing *Allied Supply Co. v. Brown*, 585 So. 2d 33, 36 (Ala. 1991); *Callens v. Jefferson Cnty. Nursing Home*, 769 So. 2d 273, 280 (Ala. 2000)). For a civil conspiracy claim to survive, "there must be 'a valid underlying cause of action,' such as fraud." *Nationwide Gen. Ins. Co. v. Hope*, No. 4:21-CV-930-CLM, 2022 WL 2441296, at *4 (N.D. Ala. July 5, 2022) (quoting *DGB, LLC v. Hinds*, 55 So. 3d 218, 234 (Ala. 2010)). If there is no valid underlying claim that would support an action, the "conspiracy claim must fail." *Id.*; *see also Wiggins v. FDIC*, No. 2:12-CV-02705-SGC, 2019 WL 4750076, at *8 (N.D. Ala. Sept. 30, 2019). As noted above, all of Plaintiffs' claims against SRG are due to be dismissed; therefore, the RICO claim cannot survive.

Furthermore, Plaintiffs' RICO claim contains only sweeping allegations against all of defendants collectively and without identifying any single act or omission in which the Drennan Defendants allegedly participated. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555, 557.

Because civil conspiracy requires an underlying tort, Plaintiffs must plead the conspiracy claim with the same particularity required under Rule 9(b) for the fraud claim itself and may not rely on sweeping, conclusory factual allegations insufficient to support a fraud claim. *See Hope*, 2022 WL 2441296, at *4-5. Instead, though,

Plaintiffs only make broad allegations and do not identify specific acts attributable to any one defendant.  Further, Plaintiffs' underlying TVPA claim against SRG fails. Accordingly, as described above, Plaintiffs' RICO claim is due to be dismissed.

### 3.    Plaintiff's RICO claim is barred by the statute of limitations.

The four-year statute of limitations for a RICO claim begins to run on the date the Plaintiffs discovered or should have discovered the purported racketeering. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 117 S. Ct. 1984 (1997).  ". . . Wendy's, contracted with ADOC at least as far back as 2018." (Doc. 1 at ¶¶ 135).  Because Plaintiffs' Complaint alleges violations of 18 U.S.C. § 1962 as far back as 2018, Plaintiffs' Rico claim is barred by the statute of limitations.

### F.    Count III: Violation of Alabama Constitution, Article I, Section 32

### 1.    Plaintiffs' Claim of Involuntary Servitude Must Be Dismissed Because There is No Civil Cause of Action for the Same.

Plaintiffs attempt to state a claim for an alleged violation of Alabama Constitution, Article I, Section 32, which states, "no form of slavery shall exist in this state; and there shall not be any involuntary servitude."

Alabama Constitution, Article I, Section 32, simply does not create a private right of action or civil remedies for any violation of the statute.  "A private right of action cannot be presumed; rather, one claiming a private right of action within a statutory scheme must show clear evidence of a legislative intent to impose civil

liability for a violation of the statute." *Blockbuster, Inc. v. White*, 819 So. 2d 43, 44 (Ala. 2001); *American Auto. Ins. Co. v. McDonald*, 812 So. 2d 309, 311 (Ala. 2001). Because Article I, Section 32 does not include a private cause of action, Count III of Plaintiffs' claim must be dismissed.

Further, SRG had no ability to force labor. Plaintiffs do not allege any specific facts showing that SRG "forced" them to work or, indeed, had any control over how the ADOC determined which prisoners would show up on a given day to work. So just viewing the facts alleged, Count III fails to state a claim. Further, Plaintiffs' Complaint does not allege the work release employees that have been employed by SRG would not have willingly agreed to work for them at the wage agreed upon, which was actually higher than minimum wage and was the same rate paid to free, non-work-release employees.

Finally, Plaintiffs gloss over the former version of Section 32, which up until January 1, 2023, specifically exempted criminal punishments from the ban on involuntary servitude. Ala Const. art. I sec. 32 (Constitution of 1901). The Complaint clearly alleges that Plaintiffs are all convicted criminals, so any prevailing claims for "forced labor" would not have been in violation of the Alabama Constitution before January 1, 2023.

Because there is no civil cause of action and Plaintiffs failed to allege any facts that SRG had knowledge of the alleged involuntary servitude, Count III fails and must be dismissed.

### G.    Count XI: Failure to Prevent Wrongs of KKK Act Conspiracy, 42 U.S.C. §1986

"Section 1986 provides a remedy against individuals who "kn[ew] of and ha[d] the ability to aid in preventing a section 1985 conspiracy . . . [and] decline[d] to take steps preventing that conspiracy. . ." *Wahad v. FBI*, 813 F. Supp. 224, 232 (S.D.N.Y. 1993); *see* Section 1986.  Claims under this section are only valid "if there is a viable conspiracy claim under section 1985." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994)." *Jean-Baptiste v. Smith*, No. 23-CV-10466 (JGK), 2023 U.S. Dist. LEXIS 220541 (S.D.N.Y. Dec. 11, 2023)

### 1.    Count XI is Due to be Dismissed Because Plaintiffs Failed to Allege SRG Was in a Position to Prevent or Aid in Preventing Harm.

Rule 8 requires plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal under Rule 12(b)(6).  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Plausibility requires "more than a sheer possibility" of unlawful conduct; instead, the well-pleaded facts of a complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Section 1986 applies only to defendants who have the power to not only "aid in preventing" a conspiracy but also to actually prevent it by "reasonable diligence." Even if it were true that SRG could have withdrawn from the work-release program and thereby (as one out of 560 employers) fractionally reduced the State Defendants' "incentive" to keep running it, Plaintiffs allege no facts to support their notion that a reduction in "incentive" would have in fact prevented the alleged conspiracy. (Doc. 1 at ¶ 12). Plaintiffs do not allege facts to show that SRG's withdrawal would have such a pronounced effect on the work-release program as to undermine its viability, and do not allege facts to show that withdrawal from the program would have any impact on the conspiracy actually alleged: a racially skewed use of parole and work release.

Plaintiffs also ignore the forward-looking text of the statute. Liability rests on knowledge of a conspiracy to commit a wrong in the future and a failure to aid in preventing it from occurring. But Plaintiffs' allegations are retrospective. They allege that the wrongs have already occurred as to Plaintiffs' parole denial and work-release history, and never allege that at any point, SRG learned of a pending plan by the government defendants to deprive Plaintiffs of a civil right at some future period.

Plaintiff's allegations are untenable. SRG's withdrawal from the work release employee program would not have caused the state to stop any alleged wrongdoing

as Plaintiffs claim.  (Doc. 1 at ¶¶ 278).  There is no logical limiting principle for the underlying claim.

### 2. Count XI Is Due to Be Dismissed Because There is No Underlying Section 1985 Claim.

Plaintiffs' claim of Failure to Prevent Wrongs of KKK Act Conspiracy is due to be dismissed because there is no valid underlying cause of action for violations of 42 U.S.C. §1985, for which SRG might be liable and Plaintiffs failed to allege any facts that could possibly satisfy the four elements required for the underlying cause of action against Defendant. Claims under 42 U.S.C. §1986 are only valid "if there is a viable conspiracy claim under section 1985." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) "To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege facts that plausibly show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).  "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Id." *Jean-Baptiste v. Smith*, No. 23-CV-10466 (JGK), 2023 U.S. Dist. LEXIS 220541 (S.D.N.Y. Dec. 11, 2023).  Here, Plaintiffs have not

alleged a claim against SRG under 42 U.S.C. § 1985, and therefore, cannot make a claim under 42 U.S.C. §1986.

### 3. Count XI Is Due to Be Dismissed Because Section 1986 is unconstitutional.

SRG asserts this argument to preserve it for later review.  Section 1986 is "unique among American civil rights statutes in creating liability when a defendant has neither personally committed a discriminatory act, engaged in a conspiracy to do so, nor acted with discriminatory intent." Linda E. Fisher, *Anatomy of an Affirmative Duty to Protect: 42 U.S.C. Section 1986*, 56 Washington & Lee L. Rev. 461, 464 (1999).  The statute "reaches defendants who have no personal or vicarious liability" under § 1985, and the extent of that reach appears in its starkest light as to private defendants with no power over conspirators, as to whom the "connection between inaction and the underlying racist conspiracy may be too tenuous to warrant liability." *Id*. at 502.  The statute's scope demonstrates "the extent to which Congress reached, pursuant to the enforcement clause of the Fourteenth Amendment." *Id*. at 463.

Here, Congress reached too far.  In imposing a "Good Samaritan duty" on bystanders, it is, as one scholar has modestly noted, "startling and perhaps even inconsistent with ordinary notions of liability in our legal system." *Id.* at 475.  Part of the Civil Rights Act of 1871, Section 1986 was passed in response to KKK

violence in the bygone Reconstruction Era, and its constitutionality has never been decided by the Supreme Court. *Id*. at 471, 499.

While Section 5 of the Fourteenth Amendment is a grant of legislative power to Congress, see *City of Boerne v. Flores*, 521 U.S. 507, 517 (1997), it is so only to the extent of that Amendment's objectives and purposes. *See id*. at 517, 519 (quoting caselaw). Thus, legislation that "alters the meaning of" one of the Amendment's clauses "cannot be said to be enforcing" that clause. *See id.* at 519. Congress cannot, in other words, expand on the scope of the Fourteenth Amendment with legislation.

The KKK Act does attempt to expand the scope of the Fourteenth Amendment with § 1986, because the Equal Protection Clause did not create new substantive rights against private persons, and it contains no language that would allow Congress to impose on private actors a general duty to aid third persons, when those private actors themselves do not infringe on the equal protection of citizens out of racial animus. § 1986 is out of step both with current law on the Equal Protection Clause and a correct understanding of the limited objectives of the Fourteenth Amendment.

The "core purpose" of the Equal Protection Clause is "doing away with all governmentally imposed discrimination based on race." *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181, 206 (2023) (internal punctuation omitted) (quoting caselaw). The "central and clear

31

purpose" of the Amendment is "to eliminate all official state sources of invidious racial discrimination in the States." *Id*. (quoting caselaw). Thus, the state-action requirement has long been part of proving a violation of the Fourteenth Amendment, which reaches only the actions of state officials, not private persons. *See, e.g., Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991) (citing *Moose Lodge v. Irvis*, 407 U.S. 163 (1972)). The equal-protection guarantee applies "only to action by the government." *Id*. This fundamental limitation on the scope of the Constitution "preserves an area of individual freedom by limiting the reach of federal law." *Id*. at 619 (quoting caselaw).

Section 1986 transgresses this settled rule. It purports, on the basis of the enforcement power in § 5 of the Fourteenth Amendment, to extend the Equal Protection Clause to not only forbid the action of state officials but to punish the inaction of private parties without showing that the failure to "aid in preventing" a racist conspiracy was itself motivated by discriminatory purpose. *Cf. City of Boerne*, 521 U.S. at 523 (quoting with approval commentary that "Congress' powers are only prohibitive, corrective, vetoing, aimed only at due process of law").

### 4. Count XI Is Due to Be Dismissed Because the Statute of Limitations Has Expired.

Plaintiffs' claim of Failure to Prevent Wrongs of KKK Act Conspiracy is due to be dismissed because the statute of limitations has expired. The law explicitly states, "But no action under the provisions of this section shall be sustained which is

not commenced within one year after the cause of action has accrued." 42 U.S.C. §1986. Plaintiffs' Complaint alleges violations of 42 U.S.C. §1986 as far back as 2018. (Doc. 1 at ¶¶ 91, 111, 135). At the very latest, the Plaintiffs action accrued in 2019. The Complaint states, "The private and public employer Defendants also knew or should have known that Chair Gwathney and the other Parole Board members were conspiring with Governor Ivey and Attorney General Marshall to discriminatorily deny parole. The racial bias infecting the Parole Board's decisions since 2019 has been the subject of repeated news stories, proposed legislation, and public statements." (Doc. 1 at ¶¶ 142). Because the cause of action accrued in 2018, or at the latest, 2019. With either year of accrual, Plaintiffs' claim is barred by the Statute of Limitations, and therefore, must be dismissed.

Because Plaintiffs failed to plead SRG was in a position to prevent or aid in preventing harm, there is no underlying Section 1985 claim, and the statute of limitations has expired, Count XI must be dismissed.

### H.    Count XII: Unjust Enrichment

#### 1.    Count XII is Due to Be Dismissed Because the Statute of Limitations Has Expired.

The statute of limitations for a claim of unjust enrichment is two years. *Protective Life Insurance Company v. Jenkins*, [Ms. SC-2022-1047, June 2, 2023] __ So. 3d __ (Ala. 2023). The Complaint alleges unjust enrichment dating back to 2018. (Doc. 1 at ¶¶ 135). Because the cause of action accrued in 2018, Plaintiffs'

claim is barred, and must be dismissed. In the alternative, Defendant requests damages be limited dating back to December 11, 2021, as that is two years prior to the filing of the Complaint.

> **2.** **Count XII is Due to Be Dismissed Because Plaintiffs Have Not Alleged SRG Withheld Wages or Did Not Pay Plaintiffs Above Minimum Wage.**

In order to prevail on a claim of unjust enrichment, a plaintiff must show, (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Portofino Seaport Village, LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008). Here, Plaintiffs' claim for unjust enrichment fails, because Plaintiffs have not alleged SRG withheld wages or did not pay Plaintiffs above minimum wage.

Because the statute of limitations has run and Plaintiffs have failed to properly plead a cause of action for unjust enrichment against SRG, Count XII fails and must be dismissed.

> **I.** **All Claims Against SRG are Due to Be Dismissed.**

Defendant SRG hereby incorporates by reference additional arguments asserted by other employer defendants as a basis for dismissal of all claims asserted in the Complaint.

## IV.    <u>CONCLUSION</u>

As discussed hereinabove:

34

1.    **All claims** against SRG are due to be dismissed because the Complaint is a shotgun pleading and fails to state any claim against SRG.

2.    The Union of Southern Service Workers, Service Employees International Union, Retail, Wholesale and Department Store Union, Mid-South Council, and The Woods Foundation lack standing and must be dismissed **as plaintiffs.**

3.    **Count I** is due to be dismissed because Plaintiffs did not sufficiently allege SRG had knowledge of the state's alleged illegal mistreatment of inmates to obtain labor for the state's financial gain.

4.    **Count II** should be dismissed because Plaintiffs failed meet the heightened RICO pleading standard, Plaintiff's underlying TVPA fails, and the claim is barred by the statute of limitations.

5.    **Count III** should be dismissed because Article I, Section 32 does not provide for a private cause of action.

6.    **Count XI** should be dismissed because Plaintiffs failed to allege SRG was in a position to prevent or aid in preventing harm, there is no underlying Section 1985 claim, the statute is unconstitutional, and the statute of limitations has expired.

7.    **Count XII** should be dismissed because the statute of limitations has expired, and Plaintiffs have not alleged SRG withheld or did not pay Plaintiffs above minimum wage.

Respectfully submitted this the 29th day of March 2024.

/s/ Melisa C. Zwilling_____
Melisa C. Zwilling (GEO006)
Attorney for Defendant Southeast
Restaurant Group – WEN FL, LLC

**OF COUNSEL**:
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
mzwilling@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Michael Rubin
Barbara J. Chisholm
Connie K. Chan
Amanda C. Lynch
**Altshuler Berzon, LLP**
177 Post Street
Suite 300
San Francisco, CA 94108
(415) 421-7151
mrubin@altber.com
bchisholm@altber.com
cchan@altber.com
alynch@altber.com
*Counsel for All Plaintiffs*

George N. Davies
*Counsel for Plaintiffs RWDSU and SEIU*
Richard P. Rouco
*Counsel for All Plaintiffs*
**Quinn, Connor, Weaver, Davies& Rouco, LLP**
2 – 20th Street North
Suite 930
Birmingham, AL 35203
(205) 870-9989
gdavies@qcwdr.com
rrouco@qcwdr.com

Janet Herold
**Justice Catalyst Law**
40 Rector Street
9th Floor
New York, NY 10008
(518) 732-6703
jherold@justicecatalyst.org
*Counsel for All Plaintiffs and the*
*Proposed Classes and Subclasses*

Steven Anthony Higgins
Aldot Legal Bureau
1409 Coliseum Blvd.
Montgomery, AL 36110
334-242-6350
higginss@dot.state.al.us
*Counsel for Defendant John Cooper*

Gary Lee Willford, Jr.
Alabama Bureau of Pardons and
Paroles, Legal Division
301 S. Ripley Street
Montgomery, AL 36104
334-353-4495
gary.willford@paroles.alabama.gov
*Counsel for Defendants Leigh*
*Gwathney, Darryl Littleton, and*
*Gabrelle Simmons*

Tara S. Hetzel
State of Alabama, Alabama Attorney
General's Office
501 Washington Avenue
Montgomery, AL 36130
334-242-7374 | 334-353-8400 (fax)
tara.hetzel@alabamaag.gov
*Counsel for Defendant John Hamm*

Lauren Faraino
**Faraino, LLC**
2647 Rocky Ridge Lane
Vestavia Hills, AL 35216
(205) 737-3171
lauren@farainollc.com
*Counsel for The Woods Foundation,*
*Individual Plaintiffs, and the Proposed*
*Classes and Subclasses*

William Franklin Patty
Alabama Department of
Transportation
1409 Coliseum Blvd.
Montgomery, AL 36110
334-242-6348 | 334-264-4359 (fax)
pattyw@dot.state.al.us
*Counsel for Defendant John Cooper*

Rachel V. Barlotta
Baker, Donelson, Bearman, Caldwell
& Berkowitz, P.C.
420 20th Street North
Suite 1400
Birmingham, AL 35203
205-328-0480 | 205-322-8007 (fax)
rbarlotta@bakerdonelson.com
*Counsel for Defendant Koch Foods,*
*LLC*

Cameron Wayne Elkins
State of Alabama Office of the
Attorney General, Civil Division
501 Washington Avenue
Montgomery, AL 36104
334-242-7300
cameron.elkins@alabamaag.gov
*Counsel for Defendant John Hamm*

Benjamin Matthew Seiss
Alabama Attorney General's Office
501 Washington Avenue
Montgomery, AL 36104
334-353-8917
ben.seiss@alabamaag.gov
*Counsel for Defendants Steve Marshall
and Kay Ivey*

Kayla Michelle Wunderlich
Baker, Donelson, Bearman, Caldwell &
Berkowitz
420 20th Street
Suite 1400
Birmingham, AL 35203
205-250-8303
kwunderlich@bakerdonelson.com
*Counsel for Defendant Koch Foods,
LLC*

Brad Anthony Everhardt
Randall C. Morgan
Hill, Hill, Carter, Franco, Cole &
Black, P.C.
425 South Perry Street
Montgomery, AL 36104
334-834-7600 | Fax: 334-386-2774
beverhardt@hillhillcarter.com
rmorgan@hillhillcarter.com
*Counsel for Defendant City of Troy*

John Thomas Richie
Bradley Arant Boult Cummings
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
205-521-8348 | Fax: 205-488-6348
trichie@bradley.com
*Counsel for Defendant Masonite
Corporation*

Brad A. Chynoweth
Alabama Attorney General's Office
501 Washington Avenue
Montgomery, AL 36130
334-242-7997 | 334-353-8440 (fax)
brad.chynoweth@alabamaag.gov
*Counsel for Defendants Steve Marshall
and Kay Ivey*

Robert David Segall
Shannon Lynn Holliday
Copeland Franco Screws & Gill
PO Box 34
Montgomery, AL 36101-0347
334-834-1180 | Fax: 334-834-3172
segall@copelandfranco.com
holliday@copelandfranco.com
*Counsel for Defendant City of
Montgomery*

Aaron Gavin Mcleod
Adams and Reese LLP
1901 6th Avenue North
Suite 1110
Birmingham, AL 35203
205-250-5000 | Fax: 205-250-5034
aaron.mcleod@arlaw.com
*Counsel for Defendant Bama
Budweiser of Montgomery, Inc.*

George Robert Parker
Bradley Arant Boult Cummings LLP
445 Dexter Avenue
Suite 9075
Montgomery, AL 36104
334-956-7607 | Fax: 205-956-7807
gparker@bradley.com
*Counsel for Defendant Masonite
Corporation*

W. Chadwick Lamar, Jr.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8533
*Counsel for Defendant Masonite Corporation*

Ingu Hwang
Burr & Forman, LLP
445 Dexter Avenue
Suite 2040
Montgomery, Alabama 36104
T 334-241-7000 | F 205-458-5100
ihwang@burr.com
*Counsel for Defendants Ju-Young Manufacturing America, Inc., SL Alabama, LLC, and Hwaseung Automotive USA LLC*

E. Britton Monroe
Taffi S. Stewart
Sarah G. Redmond
Lloyd, Gray, Whitehead & Monroe
880 Montclair Road
Suite 100
Birmingham, Alabama 35213
(205) 967-8822 | Fax: (205) 967-2380
bmonroe@lgwmlaw.com
tstewart@lgwmlaw.com
sredmond@lgwmlaw.com
*Counsel for Defendant Southeastern Meats, Inc.*

Michael L. Lucas
Allison Hawkins
Burr & Forman, LLP
420 North 20th Street North
Suite 3400
Birmingham, AL 35203
205-251-3000
mlucas@burr.com
ahawkins@burr.com
*Counsel for Defendants Ju-Young Manufacturing America, Inc., SL Alabama, LLC, and Hwaseung Automotive USA LLC*

Jefferson County
Birmingham, AL 35203
*Pro Se*

C.B.A.K, Inc. dba McDonald's
Foley, AL 36535
*Pro Se*

Pell City Kentucky Fried Chicken, Inc. dba Kentucky Fried Chicken, Inc. dba KFC
Pell City, AL 35125
*Pro Se*

John B. Holmes, III
Tom J. Butler
W. Brock Philips
Maynard Nexsen, PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
(205) 254-1000
*Counsel for Defendant Cast Products, Inc.*

39

Kyle T. Smith
Dentons Sirote PC
2311 Highland Avenue South
Birmingham, AL 35255-5727
Tel.: (205) 930-5100 | Direct: (205)
930-5190 | Fax: (205) 930-5101
kyle.smith@dentons.com
*Counsel for Defendant Paramount*
*Services, Inc.*

Josh C. Harrison
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
420 20th Street North, Suite 1900
Birmingham, AL 35203
Telephone: (205) 328-1900 | Fax: (205)
328-6000
*Counsel for Defendant Progressive*
*Finishes, Inc.*

David Nikolic
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
420 20th Street North, Suite 1900
Birmingham, AL 35203
Telephone: (205) 714-4421 | Fax:
(205) 328-6000
*Counsel for Defendant Progressive*
*Finishes, Inc.*

Michael A. Heilman (PHV)
HEILMAN NISBETT POLK, P. A.
Meadowbrook Office Park
4266 I-55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914.1025
Facsimile: (601) 944.2915
mheilman@hnplawyers.com
*Counsel for Defendant RCF, LLC*
*d/b/a Gemstone Foods, LLC*

*/s/Melisa C. Zwilling*
OF COUNSEL