IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL COUNCIL AKA KINETIK JUSTICE, LEE EDWARD MOORE, JR., et al., | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION NO. ) ) 2:23-cv-00712-CLM-JTA |
| v. | ) ) |
| KAY IVEY, Governor of the State of Alabama, in her individual and official capacities, et al., | ) ) ) |
| Defendants. | |

**SOUTHEASTERN MEATS, INC.'S MOTION TO DISMISS**

Defendant Southeastern Meats, Inc. ("SMI"), pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6), respectfully moves this Court for an Order dismissing all of Plaintiffs' claims against SMI, because Plaintiffs' Complaint fails to state a claim against SMI upon which relief can be granted. In support of the Motion, SMI shows the Court as follows:

**I.    INTRODUCTION AND BACKGROUND.**

1. On December 12, 2023, Plaintiffs filed a Class Action Complaint in the United States District Court for the Middle District of Alabama, Northern Division, against SMI and several other parties. (<u>See</u> Doc. 1).

1

2. The Complaint asserts various causes of action against all Defendants arising from Defendants' alleged participation in the Alabama Department of Correction's ("ADOC") work-release program through which SMI and other private employers employ incarcerated workers pursuant to an agreement with ADOC. (See Doc. 1).

3. Plaintiffs' Complaint asserts claims against SMI for violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §1589 (Count I); violation of the Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO") (Count II); violation of Alabama Constitution, Article I, Section 32 (Count III); failure to prevent wrongs of KKK Act Conspiracy, 42 U.S.C. §1986 (Count XI); and unjust enrichment (Count XII). (See Doc. 1).

4. Absent from Plaintiffs' Complaint is any particularized allegation regarding SMI's alleged misconduct.

5. In the 283-paragraph, 126-page Complaint, Plaintiffs mention SMI only a handful of times and make only conclusory allegations against SMI, at best.

6. Plaintiffs' claims against SMI are due to be dismissed, with prejudice, because Plaintiffs fail to (1) state a claim under the TVPA for which relief can be granted; (2) plead the predicate acts as required to establish a claim for RICO; (3) state a viable cause of action under the Alabama Constitution; (4) state a claim

4664058_1

under the KKK Act for which relief can be granted; or (5) state a claim for unjust enrichment for which relief can be granted.

## II. PLAINTIFFS HAVE NOT PLED SUFFICENT FACTS TO STATE A CLAIM AGAINST SMI UNDER THE TVPA.

7. Section 1589(b) of the TVPA provides that:

> [W]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a)[1], knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).

8. To state a claim for violation of the TVPA against SMI, Plaintiffs must allege facts to plausibly infer that "(1) [SMI] knowingly benefitted, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPA as to [Plaintiffs], and (4) SMI had constructive or actual knowledge that the undertaking or enterprise violated the [TVPA]." Treminio v. Crowley Mar. Corp., No. 322CV00174CRKPDB, 2023 WL 8627761, at *7 (M.D. Fla. Dec. 13, 2023).

---

[1] The means described in subsection (a) of §1589 are as follows:

(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
(2) by means of serious harm or threats of serious harm to that person or another person;
(3) by means of the abuse or threatened abuse of law or legal process; or
(4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

9. Plaintiffs' Complaint does not allege any fact to support SMI (1) participated in a joint venture or enterprise that involved "risk and potential profit" or (2) knew or should have known that its participation in ADOC's work release program violated the TVPA.  See Burrell v. Staff, 60 F.4th 25, 41 (3d Cir.), cert. denied sub nom.; Lackawanna Recycling Ctr., Inc. v. Burrell, 143 S. Ct. 2662 (2023) (dismissing plaintiffs' claims under the TVPA for failure to allege facts to support the conclusion that defendants knew of alleged unlawful means).

10. Rather, Plaintiffs allege that, because SMI participated in ADOC's work release program, it knew or should have known that "its lucrative enterprise with ADOC and other defendants depend[ed] on obtaining labor and services from persons incarcerated by ADOC by unlawful means." (Doc. 1, ¶¶ 180, 210).

11. These conclusory allegations are insufficient to establish that SMI participated in any enterprise that involved risk or potential profit or knew or should have known of any unlawful means utilized by ADOC.

12. The Complaint does not contain any allegations regarding what risk was involved as to SMI or what profit SMI gained.  See Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 725 (11th Cir. 2021).

13. While there is a general allegation that Defendants "sometimes pad their profits" by paying wages below the legal minimum, Plaintiffs do not make any specific allegation that SMI paid them below minimum wage. (Doc. 1, ¶ 12).

4

14. Plaintiff's TVPA claim also fails because Plaintiffs have not alleged that SMI knew or should have known of any unlawful means. See Burrell, 60 F.4th at 41.

15. There is no authority standing for the proposition that SMI participating in a venture with another party who utilizes unlawful means automatically infers that SMI knows or should have known of the unlawful means used by another party.

16. While Plaintiffs allege that ADOC subjects an incarcerated worker who refuses to participate in the work release program to punishment equivalent to a "medium offense" which could result in punishment including 30 days in restrictive housing or forfeiture of 720 days for good time, Plaintiffs do not allege SMI knew of this or how SMI should have known of it. (Doc. 1, ¶ 47).

17. ADOC's knowledge of its rules, regulations and punishment mechanisms is not imputed to SMI, or any other private employer for that matter, simply because SMI entered into an agreement with ADOC that references ADOC's rules and regulations. (Doc. 1, ¶ 49).

18. Plaintiffs have not alleged a single fact to establish how SMI's participation in the work release program subjected Plaintiffs to a threat of "serious

harm" which is required by 18 U.S.C. §1589(a).[2]

19. Actionable "serious harm" is harm "sufficiently serious to compel a reasonable person in [the employee's] position to remain in the [employer']s employ, against her will and in order to avoid such threats of harm, when she otherwise would have left." Muchira v. Al-Rawaf, 850 F.3d 605, 620 (4th Cir. 2017).

20. Even if there were allegations that SMI knew that ADOC required Plaintiffs to participate in the work-release program, there are no allegations that SMI or ADOC required Plaintiffs to work specifically for SMI. See United States v. Calimlim, 538 F.3d 706 (7th Cir. 2008) (stating that §1589 does not apply when employee could simply quit and change jobs).

21. Because Plaintiffs' Complaint is devoid of any allegations that SMI knew of any unlawful means as defined in §1589(a) that were being used by ADOC, Plaintiffs have not stated a claim against SMI for violation of the TVPA. See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1263 (11th Cir. 2004) (holding "[t]o survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.") (citation omitted).

---

[2] The TVPA defines "serious harm" as "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm." 18 U.S.C. § 1589.

## III. PLAINTIFFS FAIL TO PLEAD SUFFICENT FACTS TO STATE A CLAIM UNDER RICO.

22.     To establish a claim under RICO, Plaintiffs must prove three essential elements: (1) Defendants committed a pattern of RICO predicate acts under 18 U.S.C. § 1962; (2) Plaintiffs suffered injury to business or property; and (3) Defendants' racketeering activity proximately caused Plaintiff's injury. See Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 705 (11th Cir. 2014).

23.     Further, Plaintiffs must allege that each Defendant "engaged in the conduct of the affairs of the RICO enterprise through a pattern of racketeering activity involving at least two predicate criminal acts". Cisneros v. Petland, Inc., 972 F.3d 1204, 1208 (11th Cir. 2020) (affirming dismissal of plaintiff's RICO complaint for failure to allege with particularity that each defendant engaged in a pattern of racketeering activity) (emphasis added).[3]

24.     Plaintiffs base their RICO claims against Defendants on Defendants' alleged violation of the TVPA. (See Doc. 1, ¶ 218)

25.     However, because Plaintiffs have not sufficiently pled a cause of action against SMI for violation of the TVPA, it cannot serve as a predicate act to support Plaintiffs' RICO claim.

---

[3] An act of racketeering activity, commonly known as a "predicate act," includes any of a long list of state and federal crimes. See 18 U.S.C. § 1961(1).

4664058_1

26. Further, Plaintiffs' generic allegation that "Defendants conduct and participate, directly or indirectly, in the conduct of the Enterprise through a pattern of thousands of acts of racketeering activity" is also insufficient to constitute a predicate act for purposes of a motion to dismiss. (Doc. 1, ¶ 217).

27. Plaintiffs have not identified a single racketeering activity, what injuries were suffered by Plaintiffs or how any alleged RICO activity of SMI caused injury to Plaintiffs.

28. As such, Plaintiffs have not "put forward enough facts with respect to each predicate act to make it independently indictable as a crime." Cisneros, 972 F.3d at 1215.

29. Eleventh Circuit precedent establishes that conclusory allegations, particularly in the RICO context, are insufficient to survive a motion to dismiss. AeroPower, Ltd. v. Matherly, 511 F. Supp.2d 1139, 1152 (M.D. Ala. 2007) (stating "[w]hile AeroPower generally alleges that the defendants engaged in the alleged 'conduct' as 'part of [their] regular way of doing business,' . . . AeroPower offers no factual allegations which support this conclusory allegation. Such conclusory allegations, alone, are insufficient to survive a motion to dismiss.")

30. Because Plaintiffs have not sufficiently pled that SMI engaged in two predicate acts, dismissal of their RICO claim is warranted. See Burrell v. Staff, 60 F.4th 25, 41 (3d Cir.), cert. denied sub nom. Lackawanna Recycling Ctr., Inc. v.

4664058_1

Burrell, 143 S. Ct. 2662 (2023) (dismissing plaintiffs' RICO claims based on their failure to properly plead their claims under the TVPA as the predicate act).

IV. **PLAINTIFFS FAIL TO PLEAD A VIABLE CAUSE OF ACTION UNDER THE ALABAMA CONSTITUTION.**

31. Plaintiffs assert that Defendants violated the Alabama Constitution Article I, Section 32. (Doc 1, ¶¶ 222-225).

32. This statute states "that no form of slavery shall exist in the state; and there shall not be any involuntary servitude".

33. However, Alabama has not recognized a civil cause of action for violation of this statute under state or federal law. See Matthews v. Ala. A&M Univ., 787 So.2d 691, 698 (Ala. 2000) (holding that Alabama does not recognize a private cause of action for monetary damages based on violation of the Alabama Constitution).

34. Further, Plaintiffs have not alleged how SMI's subjected Plaintiffs to involuntary servitude. See Ashcroft v. Iqbal, 556 U.S. 662, (2009) ("Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").

35. Plaintiffs' claims against SMI for violation of the Alabama Constitution are due to be dismissed under Federal Rules of Civil Procedure, Rule 12(b)(6).

## V. PLAINTIFFS FAIL TO PLEAD SUFFICENT FACTS TO STATE A CLAIM UNDER THE KKK ACT.

36. "Section 1986 provides a cause of action against anyone who has 'knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so.'" Park v. City of Atlanta, 120 F.3d 1157, 1159 (11th Cir.1997) (citing 42 U.S.C. §1986).

37. Claims brought under 42 U.S.C. § 1986 are therefore derivative of a §1985 violation and require the existence of a §1985 conspiracy. See id. at 1160; Ferguson v. City of Montgomery, 969 F. Supp. 674 (M.D. Ala. 1997).

38. Plaintiffs allege that Defendants Ivey, Marshall, Gwathney, Littleton and Simmons (collectively, "Ivey Defendants") conspired to commit racially discriminatory denials of parole under §1985(3). (See Doc. 1, ¶¶ 271-275).

39. To the extent Plaintiffs have pled a sufficient §1985(3) conspiracy against Ivey Defendants, Plaintiffs must also allege: (1) SMI had actual knowledge of the §1985(3) conspiracy; (2) SMI was in a position to prevent the implementation of that conspiracy; and (3) SMI neglected or refused to prevent it. See Brandon v. Lotter, 157 F.3d 537 (8th Cir. 1998); Clark v. Clabaugh, 20 F.3d 1290 (3rd Cir. 1994).

40. Plaintiffs do not allege any facts whatsoever supporting knowledge by SMI of the alleged conspiracy or SMI's ability to prevent the violation, as is

10

required for §1986 claims. See Park v. City of Atlanta, 120 F.3d 1157 (11th Cir. 1997).

41.    General allegations of SMI's "knowledge" of the alleged conspiracy, unsupported by any factual statements are insufficient to state a claim against SMI under §1986.  See Risley v. Hawk, 918 F.Supp. 18 (D. D.C. 1996) (federal prisoner's allegations regarding mistreatment based on his presumed status as a homosexual were insufficient to support conspiracy claim against prison officials under §1986, where prisoner's allegations were too generalized and conclusory to state a claim on which relief could be granted); Buck v. Board of Elections of the City of New York, 536 F.2d 522, 523 (2nd Cir. 1976) (mere allegation that defendant neglected to stop conspiracy under §1985(3) by neglecting to perform his duty to insure a fair election, was conclusory, and therefore, insufficient to state a claim for 1986 violation).

42.    The Complaint contains only conclusory allegations of SMI's alleged knowledge and is devoid of any allegation of how SMI had knowledge of such a conspiracy, had the power to stop it, and refused to act.

43.    These bare assertions of knowledge of conspiracy do not meet the federal pleading standard, and Plaintiffs' claims under the KKK Act against SMI are due to be dismissed. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## VI.  PLAINTIFFS FAIL TO PLEAD SUFFICENT FACTS TO STATE A CLAIM FOR UNJUST ENRICHMENT.

44. To state a claim for unjust enrichment under Alabama law, Plaintiffs' Complaint must allege (1) SMI knowingly accepted and retained a benefit that was (2) provided by another, (3) who has a reasonable expectation of compensation. See Portofino Seaport Vill., LLC v. Welch, 4 So. 3d 1095, 1098 (Ala. 2008).

45. An unjust enrichment claim requires Plaintiffs to show SMI holds money that in equity and good conscience belongs to Plaintiffs or that mistake or fraud resulted in improper payment to Defendants.  See Mitchell v. H & R Block, Inc., 783 So. 2d 812, 817 (Ala. 2000).

46. Plaintiffs have not alleged any fact to support SMI holds money that belongs to Plaintiffs.

47. Plaintiffs have also not alleged that SMI profited from paying lower wages to Plaintiffs in the work-release program or that SMI improperly paid Plaintiffs in comparison to its other non-work-release employees.

48. Consequently, the Complaint does not state a cause of action for unjust enrichment against SMI.

49. Further, unjust enrichment requires an "individualized inquiry into the state of mind of each plaintiff," as well as "the amount each plaintiff paid to which defendants." Funliner of Ala., L.L.C. v. Pickard, 873 So. 2d 198, 211 (Ala. 2003).

50. Due to the fact-specific nature of unjust enrichment claims, Alabama courts have held that unjust enrichment is not a valid cause of action to be asserted in class actions. See id. (denying class certification for unjust enrichment claim because the remedy depended on the specific amount each plaintiff spent on gaming machines); Avis Rent A Car Systems, Inc. v. Heilman, 876 So. 2d 1111, 1123 (Ala. 2003) (denying class certification for unjust enrichment claim because it depended on the state of mind unique to each plaintiff); Voyager Ins. Companies. v. Whitson, 867 So. 2d 1065, 1074–75 (Ala. 2003) (denying class certification for unjust enrichment claim because it would require individualized evidence of customers' mistakes of fact).

51. Plaintiffs allege that all Employer Defendants have profited in some manner from decreased costs and increased profits resulting from lower wages and benefits paid to their incarcerated workers, which requires an individualized inquiry into the circumstances of each individual Plaintiff, his or her alleged employment, and the costs associated with their employment.

52. Plaintiffs allege that Cartwright and Walker worked for SMI, but the Complaint is silent as to when Cartwright was employed by SMI.

53. Pursuant to Alabama law, claims for unjust enrichment are governed by a two-year statute of limitations. See Ala. Code § 6-2-38(1); Auburn Univ. v. Int'l Bus. Mach. Corp., 716 F.Supp.2d 1114, 1118 (M.D. Ala. 2010) (holding that

4664058_1

unjust enrichment claims based on tort injuries are subject to two-year statute of limitations).

54. Because Cartwright has not alleged when she was employed by SMI, her claim of unjust enrichment is due to be dismissed.

55. As such, Plaintiff's unjust enrichment claim is due to be dismissed pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6) for failure to state a claim against SMI and the individualized inquiry required for each Plaintiff.

WHEREFORE, SMI respectfully requests this Court enter an Order dismissing Plaintiffs' Complaint against SMI, with prejudice, and tax all Court costs against Plaintiffs.

DATED: March 29, 2024.

                                                    Respectfully submitted,

By: /s ***Taffi S. Stewart***
    E. Britton Monroe, Esq. (asb-1454-o72e)
    Taffi S. Stewart, Esq. (asb-0450-m72t)
    Sarah G. Redmond, Esq. (asb-4416-n10p)
    *Attorneys for Defendant Southeastern Meats, Inc.*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Phone: (205) 967-8822
Fax: (205) 967-2380
bmonroe@lgwmlaw.com
tstewart@lgwmlaw.com
sredmond@lgwmlaw.com

4664058_1

## CERTIFICATE OF SERVICE

    I hereby certify that on the 29th day of March, 2024, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Amanda Christine Lynch
Barbara Jane Chisholm
Connie Kay Chan
Michael Rubin
Altshuler Berzon LLP
177 Post Street, Suite 300
San Fransisco, CA 94108
Telephone: (415) 421-7151
alynch@altshulerberzon.com
bchisholm@altber.com
cchan@altshulerberzon.com
mruben@altshulerberzon.com
*Attorneys for Plaintiff*

Janet Marie Herold
Justice Catalyst Law
40 Rector Street, 9th Floor
New York, NY 10008
(518) 732-6703
jherold@justicecatalyst.com
*Attorney for Plaintiffs*

Lauren Elaena Faraino
Faraino, LLC
2647 Rocky Ridge Lane
Birmingham, AL 35216
Telephone - (917) 529-2266
lauren@farainollc.com
*Attorney for Plaintiffs*

Richard Paul Rouco
Quinn, Connor, Weaver, Davies & Rouco

Benjamin Matthew Seiss
Brad A. Chynoweth
State of Alabama
Office of Attorney General
501 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 353-8917
Ben.seiss@alabamaag.gov
brad.chynoweth@alabamaag.gov
*Attorneys for Defendants Governor Kay Ivey & Attorney General Steve Marshall*

Gary Lee Willford, Jr.
Alabama Bureau of Pardons and Paroles
Legal Division
301 S. Ripley Street
Montgomery, AL 36104
Telephone: (334) 353-4495
Gary.willford@paroles.alabama.gov
*Attorney for Defendants Leigh Gwathney, Darry Littleton, Gabrelle Simmons*

Cameron Wayne Elkins
Tara S. Hetzel
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
Telephone - (334) 242-7300
cameron.elkins@alabamaag.gov
tara.hetzel@alabamaag.gov
*Attorneys for Defendant John Hamm*

4664058_1

Two North Twentieth Street, Suite 930
Birmingham, AL 35203
Telephone - (205) 870-9989
rrouco@qcwdr.com
*Attorney for Plaintiffs*

Robert David Segall
Shannon Lynn Holliday
Copeland Franco Screws & Gill
PO Box 347
Montgomery, AL 36101-0347
Telephone- (334) 834-1180
segall@copelandfranco.com
holliday@copelandfranco.com
*Attorneys for Defendant City of Montgomery*

Stacy L. Bellinger
City of Montgomery
Legal Department
PO Box 1111
Montgomery, AL 36101
Telephone- (334) 625-2050
sbellinger@montgomeryal.gov
*Attorney for Defendant City of Montgomery*

Brad Anthony Everhardt
Randall C. Morgan
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, AL 36104
Telephone: (334) 834-7600
beverhardt@hillhillcarter.com
rmorgan@hillhillcarter.com
*Attorneys for Defendant City of Troy*

Aaron Gavin Mcleod
Jonathan Bain Metz

Steven Anthony Higgins
William Franklin Patty
ALDOT
1409 Coliseum Blvd
Legal Bureau
Montgomery, AL 36110
Telephone (334) 242-6350
higginss@dot.state.al.us
pattyw@dot.state.al.us
*Attorneys for Defendant John Cooper*

Rachel V. Barlotta
Kayla Michelle Wunderlich
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North; Suite 1400
Birmingham, AL 35203
Telephone- (205) 328-0480
rbarlotta@bakerdonelson.com
kwunderlich@bakerdonelson.com
*Attorneys for Defendant Koch Foods, LLC*

Allison Hawkins
Michael Lee Lucas
Ingu Hwang
Burr & Forman LLP
420 North Twentieth Street, Ste. 3400
Birmingham, AL 35203
Telephone- (205) 458-5100
ahawkins@burr.com
mlucas@burr.com
ihwang@burr.com
*Attorneys for Ju-Young Manufacturing America, Inc., SL Alabama, LLC, and Hwaseung Automotive USA, LLC*

Melisa Christine Zwilling
Carr Allison
100 Vestavia Parkway

16

4664058_1

Adams and Reese LLP
1901 6th Avenue North
Suite 1110
Birmingham, AL 35203
Telephone – (205) 250-5000
aaron.mcleod@arlaw.com
jonathan.metz@arlaw.com
*Attorney for Defendant
Bama Budweiser of Montgomery, Inc.*

George Robert Parker
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone- (334) 956-7607
gparker@bradley.com
*Attorney for Defendant Masonite
Corporation*

John Thomas Richie
W. Chadwick Lamar, Jr.
Bradley Arant Boult Cummings
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
Telephone – (205) 521-8348
trichie@bradley.com
clamar@bradley.com
*Attorney for Defendant Masonite
Corporation*

Josh C. Harrison
David Nikolic
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
420 20th Street North, Suite 1900
Birmingham, AL 35203
Telephone – (205) 328-1900
josh.harrison@ogletree.com
david.nikolic@ogletree.com

Birmingham, AL 35216
Telephone- (205) 822-2006
mzwilling@carrallison.com
*Attorney for Southeast Restaurant
Group-Wen, LLC d/b/a Wendy's*

Shawna Hass Smith
Jefferson County Commission
Office of the County Attorney
716 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
Telephone: (205) 325-5688
smithsha@jccal.org
*Attorney for Jefferson County*

Kyle T. Smith
Dentons Sirote PC
2311 Highland Avenue South
Birmingham, AL 35727
Telephone – (205) 930-5100
kyle.smith@dentons.com
*Attorney for Defendant Paramount
Services, Inc.*

John B. Holmes, III
Tom J. Butler
W. Brock Phillips
Maynard Nexsen, PC
1901 6th Ave N, Ste 1700
Birmingham, AL 35203
Telephone – (205) 254-1000
jholmes@manardnexsen.com
tbutler@maynardnexsen.com
wphillips@maynardnexsen.com
*Attorneys for Defendant Cast Products,
Inc.*

RCF, LLC d/b/a Gemstone Foods, LLC
*Defendant, PRO SE*

17

4664058_1

*Attorneys for Defendant Progressive Finishes, Inc.*

C.B.A.K., Inc. d/b/a McDonald's
*Defendant, PRO SE*

Pell City Kentucky Fried Chicken, Inc.
*Defendant, PRO SE*

/s  **Taffi S. Stewart**
OF COUNSEL