IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL COUNCIL, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:23-cv-00712-ECM-JTA |
| | ) |
| KAY IVEY; et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>DEFENDANT PARAMOUNT SERVICES, INC.'S MOTION TO DISMISS</u>**

COMES NOW Defendant Paramount Services, Inc. (hereinafter "Paramount"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and moves to dismiss all claims stated against it in Plaintiffs' Complaint, specifically Counts I, II, III, XI, and XII of the Complaint. As grounds for this Motion, Paramount states as follows:

**I.   Introduction**

In their Complaint (Doc. 1), Plaintiffs use 126 pages and 283 numbered paragraphs to assert twelve separate counts against 25 defendants. Paramount is one of a group of private employers sued by Plaintiffs based on the employers' contractual relationship with the Alabama Department of Corrections ("ADOC") to employ participants in ADOC's work release program. Against the private employer

defendants, Plaintiffs assert claims of violation of the Trafficking Victims Protection Act ("TVPA"), violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), violation of Article I, Section 32 of the Alabama Constitution, failure to prevent wrongs of KKK Act Conspiracy under 42 U.S.C. § 1986, and unjust enrichment. Stated in simple terms, Plaintiffs allege that, by participating in the work release program and employing incarcerated workers, Paramount and the other private employer defendants have engaged in forced labor amounting to involuntary servitude for which the employers are civilly liable under the various causes of action.

Within the expansive Complaint, Paramount is specifically referenced in 8 of the numbered paragraphs with the only substantive "factual" allegations against Paramount included in Paragraph 182, which in its entirety states as follows:

> Defendant PARAMOUNT SERVICES, INC. ("Paramount") is a corporation based in Birmingham, Alabama that provides linen and uniform services for hotels, hospitals and other establishments. Paramount contracts with ADOC to obtain the labor of incarcerated workers participating in ADOC's work-release program. From January 1, 2018 through September 7, 2023, approximately 74 people incarcerated by ADOC have worked for Paramount, with at least 26 incarcerated people working for the company in the 2023 fiscal year. Paramount knowingly benefits, financially and otherwise, from its exploitation of this coerced workforce: incarcerated persons are forced to perform difficult work hauling and laundering linens and engage in other coerced labor to benefit the company. Paramount knows or should know that its lucrative enterprise with ADOC and other defendants depends on obtaining labor and services from persons incarcerated by ADOC by unlawful means as alleged herein. Paramount has the power to withdraw from the work-release program but has continued to

2

participate. By requiring incarcerated persons to labor in accordance with the terms of ADOC's work-release program, Paramount has subjected incarcerated persons to involuntary servitude.

As stated in the Complaint, only one of the named Plaintiffs, Toni Cartwright, has ever been employed at Paramount through the work release program. (Complaint, ¶ 154) Other than noting that she has participated in the work release program "since 2020" the Complaint does not state when Cartwright worked at Paramount, what job she performed at Paramount, or how much she was paid for the job. Notably, the Complaint includes no specific allegation that any person at Paramount engaged in any conduct or behavior related to Cartwright other than employing her through the work release program to work at Paramount.

## II. Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Paramount may move to dismiss the complaint because the Plaintiffs have failed to state a claim upon which relief may be granted. A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U. S. 593, 598 (1989).

To survive a motion to dismiss a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); D*avis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008). The factual allegations in a plaintiff's complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. As explained by the Eleventh Circuit Court of Appeals, "[t]he Supreme Court in *Twombly* rejected the notion that a 'wholly conclusory statement of claim [can] survive a motion to dismiss whenever the pleadings le[ave] open the possibility that a plaintiff might later establish some set of [undisclosed] facts to support recovery.'" *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1303 (11th Cir. 2007) (citations omitted). After *Twombly*, a plaintiff must plead allegations of fact which establish a plausible, not just possible, basis of recovery. *Twombly*, 127 S.Ct. at 1966. Therefore, Plaintiffs' Complaint in the case at bar must contain factual allegations that "plausibly suggest (and are not merely consistent with) a violation of the law." *See Davis*, at 974 n. 43. As further explained by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. 1955).

As explained herein, all the claims asserted against Paramount are due to be dismissed for failure to state a claim upon which relief can be granted. Plaintiffs' threadbare, conclusory allegations in support of each cause of action against Paramount are clearly insufficient to state a claim under applicable law.

## III. Legal Arguments[1]

### A. Plaintiffs Fail to State a Claim Against Paramount for Violation of the TVPA.

Plaintiffs allege that the state defendants (Ivey, Marshall, Gwathney and associate Parole Board members) violated the TVPA, which prohibits anyone from "knowingly provid[ing] or obtain[ing] the labor or services of a person . . . (1) by means of force, threat of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint." 18 U.S.C. § 1589(a)

---

[1] Paramount hereby incorporates by reference all of the arguments and authorities presented in the Motions to Dismiss submitted by any co-defendant on the issues encompassed in Counts I, II, III, XI, and XII of Plaintiffs' Complaint.

Plaintiffs contend that Paramount, through its participation in ADOC's work release program, violated Section 1589(b) of the TVPA, which prohibits anyone from "knowingly benefit[ing], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in § 1589(a)." Plaintiffs assert a claim for civil remedy against Paramount under 18 U.S.C. § 1595(a).

In *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021), the Eleventh Circuit analyzed a motion to dismiss a beneficiary claim under the TVPA and held that the plaintiff must plausibly allege that: (1) the defendant knowingly benefitted; (2) from participating in a venture; (3) the venture violated the TVPA as to the plaintiffs; and (4) the defendant knew or should have known that the venture violated the TVPA. *Id.* at 723. Plaintiffs' threadbare allegations fail to establish any of the necessary elements of their TVPA claim. Focusing on the third and fourth elements[2], Plaintiffs have failed to present plausible allegations that the state defendants have violated the TVPA through operation of the work release program. Even if there were sufficient allegations that the TVPA has been violated, there are no **plausible allegations** that Paramount knew or should have known that the work release

---

[2] Plaintiffs likewise fail to assert facts supporting the first element that Paramount knowingly benefitted from the purportedly lucrative venture. See discussion in Section III. E. below regarding Plaintiffs' failure to state an unjust enrichment claim by demonstrating any benefit to Paramount from participation in the work release program.

program violates the TVPA. Plaintiffs state in conclusory fashion that Paramount "knows or should know that its lucrative enterprise with ADOC and other defendants depends on obtaining labor and services from persons incarcerated by ADOC by unlawful means as alleged herein." Complaint ¶ 82  However, Plaintiffs provide no specific factual allegations as to how Paramount gained actual or constructive knowledge that the long-running ADOC work release program in which hundreds of employers participate every year is in actuality an illegal form of forced labor. Plaintiff's failure to adequately allege Paramount's knowledge of illegality warrants dismissal of the TVPA claim.

### B. Plaintiffs Fail to State a Claim Against Paramount for a RICO Violation.

Plaintiffs assert claims under 18 U.S.C. § 1962(c), which forbids participation in a RICO enterprise. To state a claim under Section 1962(c), Plaintiffs must plausibly allege that Paramount did all of the following: "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff (s)" *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020), citing *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016). Plaintiffs' failure to adequately plead any of the required elements compels dismissal of the RICO claim. *Id. see also AeroPower, Ltd. v. Matherly*, 511 F.Supp.2d 1139, 1152 (M.D. Ala. 2007).

Plaintiffs allege that all the defendants to this action together constitute an association-in-fact enterprise, which is "a continuing unit that functions with a common purpose." *Cisneros* at 1211. This means that Plaintiffs must additionally plead that the group of defendants share: "(1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id. (citations and internal quotations omitted)*.

Plaintiffs attempt to meet their burden by summarily alleging that all the defendants acted "with the common purpose of illegally obtaining forced labor from Plaintiffs" through "thousands of acts of racketeering" by knowingly benefiting from forced labor in violation of the TVPA. Complaint ¶ 216-218. As argued above, Plaintiffs have failed to plausibly allege a viable claim under the TVPA. Thus, with the dismissal of the TVPA claim, the RICO claim must also be dismissed for lack of any predicate act of racketeering.

Moreover, as was true of the TVPA claim, Plaintiffs have not alleged specific facts to demonstrate that Paramount shared a purpose with any other defendant to commit an illegal act. Plaintiffs allege that Paramount contracted with ADOC to participate in the work release program, but Plaintiffs cannot and do not specifically allege that Paramount did so with the common purpose and intent to illegally force the Plaintiffs (or Cartwright in particular) to participate in the work release program.

8

Without concrete allegations of a common purpose among the defendants, including Paramount, to commit predicate illegal acts, the RICO claim fails and must be dismissed. *See Cisneros*, at 1212.

### C. Plaintiffs Fail to State a Claim Against Paramount for Violation of the Alabama Constitution.

As an initial matter, there is no civil cause of action against a non-governmental individual or entity for violation of the Alabama Constitution. *See Ross v. State of Ala.*, 893 F.Supp. 1545, 1555 (M.D. Ala. 1995); *see also Matthews v. Alabama A&M Univ.*, 787 So. 2d 691, 698 (Ala. 2000)(citing *Ross* for the proposition that there is no private cause of action for monetary damages based on violations of the provisions of the Constitution of Alabama); *see also Brazelton Properties, Inc. v. City of Huntsville*, 237 So. 3d 209, 215 (Ala. Civ. App. 2017).

Even if there is such a cause of action, Plaintiffs again fail to allege specific facts against Paramount supporting the blanket allegations in the Complaint. The current version of the Alabama Constitution prohibits all forms of slavery and involuntary servitude. Plaintiffs contend that Paramount violated that constitutional prohibition by forcing the Plaintiffs to work "through the use of extended incarceration, increased physical restraint and confinement, physical injury, law or legal process, and/or physical, psychological, and economic coercion." Complaint ¶ 223. As noted above, only one of the named Plaintiffs ever worked for Paramount.

There is no allegation that **<u>Paramount</u>** subjected Plaintiff Cartwright[3] or any other work release worker to incarceration, restraint, confinement, injury, etc. The only act committed by Paramount was employing Cartwright and other work release workers to perform the regular duties and responsibilities of a worker in a linen service business. Plaintiffs describe the work at Paramount of hauling and laundering linens as difficult. Complaint ¶ 82. For purposes of this Motion, Paramount will concede that hauling and laundering linens can be difficult. It is ludicrous, however, to suggest that hauling and laundering linens for a linen business amounts to slavery. Plaintiffs' hyperbolic modern-day slavery claim for violation of the Alabama Constitution is due to be dismissed.

### D. Plaintiffs Have Not Stated a Claim That Paramount Failed to Prevent Wrongs under the KKK Act.

Plaintiffs assert claims for violation of the KKK Act, 42 U.S.C. § 1985, against the state defendants. In Count XI of the Complaint, Plaintiffs additionally assert claims that Paramount (and other defendants) failed to prevent wrongs under the KKK Act in violation of 42 U.S.C. § 1986. In essence, Plaintiffs allege that Paramount could have prevented the state defendants from conspiring together to

---

[3] Plaintiffs rely on the current version of Section 32, which has been effective since January 1, 2023. Prior to 2023, Section 32 included an exemption from the prohibition on involuntary servitude in cases of criminal punishment. It is impossible to determine from the Complaint whether Cartwright worked for Paramount before or after the revision of Section 32 in January of 2023. If Cartwright only worked for Paramount prior to January of 2023, then her claim is precluded.

10

violate the KKK Act through a series of discriminatory acts and policies if Paramount had simply withdrawn from the work release program. Plaintiffs have alleged no plausible facts to support their claim, which is implausible on its face.

Section 1986 provides: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented." 42 U.SC. § 1986.

Similar to the TVPA and RICO claims, Plaintiffs' § 1986 claim is predicated on the theory that the state defendants have committed an illegal act—in this instance that the state defendants have violated 42 U.S.C. § 1985. Plaintiffs have not plausibly pled a claim for violation of § 1985 against the state defendants; therefore, Paramount cannot be liable for a violation of § 1986 for failing to prevent wrongs under § 1985. *See Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997).

Whether or not Plaintiffs have stated a claim under § 1985, they fail to assert sufficient facts to make a claim against Paramount under § 1986. Plaintiffs' simplistic (and unrealistic) position that Paramount could have prevented the state's wrongs under § 1985 if Paramount had withdrawn from the work release program fails to account for the basic elements required to prove a violation of § 1986.

11

Plaintiffs do not allege that Paramount had the power to prevent the state defendants from violating § 1985 and, as is the case with every other claim against Paramount, Plaintiffs fail to make any credible factual allegations that Paramount knew that the work release program or the other actions of the state defendants were illegal in the first place.

### E. Plaintiffs Have Not Stated a Claim for Unjust Enrichment.

"To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Brenda Darlene, Inc. v. Bon Secour Fisheries, Inc.,* 101 So. 3d 1242, 1254 (Ala. Civ. App. 2012) (further citations omitted). For the retention of a benefit to be "unjust" and thus actionable, the recipient (Paramount) must have "engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship." *Matador Holdings, Inc. v. HoPo Realty Investments, LLC*, 77 So. 3d 139, 145 (Ala. 2011)(citations omitted).

Plaintiffs allege that Paramount experienced decreased costs and increased profits as a result of using work release workers; however, Plaintiffs provide no factual basis for their unsupported (and incorrect) conclusion. In a hollow effort to explain the financial benefit to Paramount, Plaintiffs use a completely hypothetical example in Paragraph 21 of the Complaint stating, "For example, an incarcerated

person forced to labor for Defendant Paramount Services, a private laundry cleaning service, **may have** a nominal pay rate of $7.25 per hour (even though that "leased" laborer's free coworkers are being paid more)." *See* Complaint ¶ 21 (emphasis supplied). Plaintiffs do not allege that Cartwright or any other work release worker was **actually** paid a rate of $7.25 per hour at Paramount or was **actually** paid less than their coworkers. Moreover, Plaintiff's acknowledge that, as an obligation of participating in the work release program, Paramount agreed to pay the prevailing wage rate for the job to the work release program workers. *See* Complaint ¶ 20.

Even if Plaintiffs could establish that Paramount received a specific benefit from participating in the work release program, Plaintiffs fail to allege any unconscionable conduct by Paramount to obtain that benefit. Plaintiffs certainly assert a variety of bad conduct by prison officials and other governmental defendants, but the only conduct attributed to Paramount is the employment of work release participants to perform work beside other employees in Paramount's linen business. Paramount has not been unjustly enriched by its participation in the employment of work release workers. The unjust enrichment claim is due to be dismissed.

### IV.  Conclusion

Based on the foregoing, all claims asserted against Defendant Paramount Services, Inc. are due to be dismissed with prejudice.

Respectfully submitted,

*/s/ Kyle T. Smith*

Kyle T. Smith (ASB-6752-I72K)
Attorney for Defendant Paramount Services, Inc.

**OF COUNSEL:**
**DENTONS SIROTE PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5101

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of March, 2024, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF filing system and thereby distributed to counsel of record:

Amanda C. Lynch
Barbara J. Chisholm
Connie K. Chan
Michael Rubin
Altshuler Berzon LLP
117 Post Street, Suite 300
San Francisco, CA 94108
**Counsel for Plaintiffs**

Janet M. Herold
Justice Catalyst Law
40 Rector Street, 9th Floor
New York, NY 10008
**Counsel for Plaintiffs**

Lauren E. Faraino
Faraino, LLC
2647 Rocky Ridge Lane
Vestavia Hills, AL 35216
**Counsel for Plaintiffs**

Richard P. Rouco
George Nicholas Davies
Quinn, Connor, Weaver, Davies & Rouco
Two North 20th Street, Suite 930
Birmingham, AL 35203
**Counsel for Plaintiffs**

14

Benjamin M. Seiss
Brad A. Chynoweth
Alabama Attorney General's Office
501 Washington Avenue
Montgomery, AL 36104
**Counsel for Defendant Kay Ivey, Steve Marshall**

Gary L. Willford, Jr.
Alabama Bureau of Pardons and Paroles Legal Division
301 S. Ripley Street
Montgomery, AL 36104
**Counsel for Defendant Leigh Gwathney, Darryl Littleton, and Gabrelle Simmons**

Cameron W. Elkins
Tara S. Hetzel
State of State of Alabama Office of the Attorney General, Civil Division
501 Washington Avenue
Montgomery, AL 36104
**Counsel for Defendant John Hamm**

Steven A. Higgins
William F. Patty
Alabama Department of Transportation
1409 Coliseum Blvd., Legal Bureau
Montgomery, AL 36110
**Counsel for Defendant John Cooper**

Robert D. Segall
Shannon L. Holliday
Copeland Franco Screws & Gill
P.O. Box 347
Montgomery, AL 36101
**Counsel for Defendant City of Montgomery**

Stacy L. Bellinger
P.O. Box 1111
Montgomery, AL 36101
**Counsel for Defendant City of Montgomery**

Brad A. Everhardt
Randall Morgan
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101
**Counsel for Defendant City of Troy**

Shawnna H. Smith
Office of the Jefferson County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, AL 35203
**Counsel for Jefferson County**

DOCSBHM\2460309\1

Rachel V. Barlotta
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1901 6th Avenue N., Suite 2600
Birmingham, AL 35203
**Counsel for Defendant Koch Foods, LLC**

Kayla M. Wunderlich
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North, Suite 1400
Birmingham, AL 35203
**Counsel for Defendant Koch Foods, LLC**

Allison Hawkins
Michael L. Lucas
Ingu Hwang
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
**Counsel for Defendant Ju-Young Manufacturing America, Inc., SL Alabama, LLC, and Hwaseung Automotive USA, LLC**

Morgan L. Allred
Holland & Knight LLP
1901 6th Avenue North, Suite 1400
Birmingham, AL 35203
**Counsel for Defendant Premier Kings, Inc.**

Melisa C. Zwilling
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
**Counsel for Defendant Southeast Restaurant Group-Wen LLC**

George R. Parker
Bradley Arant Boult Cummings LLP
445 Dexter Ave., Suite 9075
Montgomery, AL 36104
**Counsel for Defendant Masonite Corporation**

John T. Richie
W. Chadwick Lamar, Jr.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
**Counsel for Defendant Masonite Corporation**

Taffiny S. Stewart
Elliot B. Monroe
Sarah G. Redmond
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213
**Counsel for Defendant Southeastern Meats, Inc.**

| | |
|---|---|
| Aaron G. McLeod<br>Jonathan B. Metz<br>Adams and Reese LLP<br>1901 6th Avenue North, Suite 1110<br>Birmingham, AL 35203<br>**Counsel for Defendant Bama Budweiser of Montgomery, Inc.** | John Barksdale Holmes, III<br>Maynard Nexsen, PC<br>1901 6th Avenue North, Ste 1700<br>Birmingham, Alabama 35203<br>**Counsel for Defendant Cast Products, Inc.** |
| David Nikolic<br>Josh Chandler Harrison<br>Ogletree Deakins<br>420 20th St. N., Ste 1900<br>Birmingham, Alabama 35203<br>**Counsel for Defendant Progressive Finishes, Inc.** | Michael A. Heilman<br>Heilman Nisbett Polk, P.A.<br>4266 I 55 North, Ste 106<br>Jackson, Mississippi 39211<br>**Counsel for Defendant RCF, LLC** |
| **The undersigned hereby certifies that a true and correct copy of the above and foregoing was served by electronic mail and/or to the U.S. Mail address on file in Pacer to pro se parties:** | |
| C.B.A.K., Inc. d/b/a McDonald's<br>1010 South McKenzie Street<br>Foley, AL 36535<br>*Pro se* | Pell City Kentucky Fried Chicken, Inc.<br>*Pro se* |

 

                                          *s/Kyle T. Smith*
                                          OF COUNSEL