IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT EARL COUNCIL, et al. | ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | **2:23-CV-00712-CLM-JTA** |
| | ) | |
| KAY IVEY, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CAST PRODUCTS, INC.'S MOTION TO DISMISS**

Defendant Cast Products, Inc. ("CPI"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss all claims stated against it in Plaintiffs' Complaint, specifically Counts I, II, III, XI, and XII. CPI's grounds for dismissal are as follows:

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs filed a Class Action Complaint in the United States District Court for the Middle District of Alabama, Northern Division, against CPI and other private employers, and a number of Alabama state government entities and officials, on December 12, 2023 (*see* Doc. 1). The Complaint asserts various causes of actions against all Defendants arising from Defendants' alleged participation in the Alabama Department of Corrections' ("ADOC") work-release program pursuant to a contractual agreement to employ incarcerated individuals. Of the twelve causes of actions alleged against the various Defendants, the Complaint's allegations against

CPI include the following: Trafficking Victims Protections Act ("TVPA"), 18 U.S.C. §1589 (Count I); Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1962 (Count II); Alabama Constitution, Article I, Section 32 (Count III); failure to prevent wrongs of KKK Act Conspiracy, 42 U.S.C. §1986 (Count XI); and unjust enrichment (Count XII).   Paragraph 179 is the singular paragraph that contains specific factual allegations against CPI, stated in full as follows:

> Defendant CAST PRODUCTS, INC. ("Cast Products") is a corporation based in Athens, Alabama that designs and manufactures custom aluminum castings. Cast Products contracts with ADOC to obtain the labor of incarcerated workers participating in ADOC's work-release program. From January 1, 2018 through September 7, 2023, approximately 454 people incarcerated by ADOC have worked for Cast Products with at least 19 incarcerated people working for the company in the 2023 fiscal year. Cast Products knowingly benefits, financially and otherwise, from its exploitation of this coerced workforce: incarcerated persons are forced to perform difficult manufacturing work and engage in other coerced labor to benefit the company. Cast Products knows or should know that its lucrative enterprise with ADOC and other defendants depends on obtaining labor and services from persons incarcerated by ADOC by unlawful means as alleged herein. Cast Products has the power to withdraw from the work-release program but has continued to participate. By requiring incarcerated persons to labor in accordance with the terms of ADOC's work-release program, Cast Products has subjected incarcerated persons to involuntary servitude.
> (*See* Doc. 1).

Importantly, not a single Plaintiff has alleged they were employed with CPI through the work-release program. Plaintiffs fail to state with particularity any facts that indicate CPI engaged in misconduct against these Plaintiffs. Indeed, the

references to CPI in the Complaint are few and contain nothing more than conclusory allegations grouping together all private employer Defendants. Rather, the facts contend that CPI employed incarcerated workers pursuant to the work-release agreement in compliance with the Fair Labor Standards Act ("FLSA"). Thus, Plaintiffs' claims against CPI are due to be dismissed, with prejudice, because Plaintiffs fail to (1) state a claim under the TVPA for which relief can be granted; (2) plead sufficient facts to establish a claim for RICO; (3) establish a viable cause of action under the Alabama Constitution; (4) state facts under the KKK Act sufficient to support a claim for relief; or (5) state a claim for unjust enrichment upon which relief can be granted.

## II.   <u>STANDARD OF REVIEW</u>

Rule 12(b)(6), F. R. Civ. P., provides grounds for dismissal of a complaint that fails to state a claim for which relief can be granted. Dismissal is appropriate where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). To survive a motion to dismiss, a plaintiff must allege facts which establish a plausible basis of recovery. *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929 (2007); *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d. 868 (2009).

## III.   <u>LEGAL ARGUMENTS</u>

### A.   **Plaintiffs Fail to State a Claim Against CPI for Violation of the TVPA.**

Section 1589(b) of the TVPA states:

[W]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a),[1] knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).

Under the TVPA, a claim for relief against a defendant as a beneficiary under subsection (b) requires a plausible showing that: (1) the defendant knowingly benefitted (2) from taking part in a common undertaking or enterprise involving risk

---

[1] The means described in subsection (a) of § 1589 are as follows:

(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
(2) by means of serious harm or threats of serious harm to that person or another person;
(3) by means of the abuse or threatened abuse of law or legal process; or
(4) by means of any scheme, plan or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

and potential profit; (3) that violated the TVPA as to the plaintiffs; and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPA. *Doe #1 v. Red Roof Inns, Inc.*, 21 F. 4th 714, 723 (11th Cir. 2021). Plaintiffs fail to plausibly allege that CPI participated in a common undertaking or enterprise that involved risk and potential profit, or that CPI had actual or constructive knowledge that its participation in ADOC's work-release program violated the TVPA.

Plaintiffs fail to state any facts showing CPI participated in a common undertaking or enterprise that involved risk and potential profit. Plaintiffs allege that CPI's "lucrative enterprise with ADOC and other defendants depend[ed] on obtaining labor and services from persons incarcerated by ADOC by unlawful means." (Doc. 1, ¶¶ 179, 210). This allegation is impermissibly vague and conclusory. Plaintiffs claim that all employer Defendants, including approximately 560 other private employers that have contracted with ADOC's work-release program, "pad their profits by [. . . ] sometimes setting and paying wage rates to those incarcerated workers below the rates required by law." However, Plaintiffs do not make any specific allegation that CPI paid incarcerated workers below the minimum wage or treated them differently than its other employees. (Doc. 1, ¶ 12).

Plaintiffs' TVPA claim also fails because Plaintiffs have not alleged that CPI had actual or constructive knowledge that the work-release program violated the law.

Allegations of financial benefit alone are not sufficient to establish a defendant's participation in a common undertaking or enterprise, and participation requires more than merely observing signs of illegal activity. *See Red Roof Inns,* at 727 (11th Cir. 2021) (plaintiff failed to state a claim for defendant hotel franchisors' participation in common undertaking of sex trafficking); *see also K.H. v. Riti*, 2024 WL 505063 at *4 (11th Cir. Feb. 9, 2024) (allegations that plaintiff was being sex trafficked at hotel where operator incurred nightly fee for alleged use of room, plaintiff cited to online reviews mentioning sex work at the hotel in addition to police responses to reports of sex trafficking were insufficient for participation element of TVPA claim).

Here, Plaintiffs merely state that CPI has constructive or actual knowledge based on the "broad public knowledge" of "violent conditions" in Alabama prisons. Complaint ¶ 140. This allegation is patently insufficient to support Plaintiffs' claim that CPI knew or should have known ADOC's work-release program utilized unlawful means in violation of the TVPA. Even if CPI had constructive knowledge of the alleged conditions in Alabama prisons, which CPI denies, this does not support a finding that CPI had constructive knowledge or actual knowledge that the work-release program, which takes place at the private employer's business location, is unlawful. (*See* Doc. 1 ¶ 12) ("[t]he incarcerated persons. . . are transported to their jobs in the community each day.").

Plaintiffs further claim that CPI's knowledge of ADOC's unlawful means such as imposing or threatening punishment for an incarcerated worker's refusal to work is evidenced by CPI's contractual agreement with ADOC that broadly references ADOC's rules and regulations. (Doc. 1, ¶ 47, 49). Yet, Plaintiffs do not allege how CPI has knowledge or should have knowledge of ADOC's punishment mechanisms based on the contractual agreement. Plaintiffs admit the contract obligates the employer Defendants to comply with the FLSA, and states only a conclusory and generalized allegation that "some" employer Defendants fail to do so. (Doc. 1, ¶ 23). Plaintiffs also claim that CPI, as an employer Defendant, knew or should have known about the conspiracy to deny parole for the incarcerated workers along racial lines. Again, Plaintiffs Complaint fails to state any fact tying CPI or any employer Defendant to the power to make decisions about parole or any aspect of the work-release program that results in the alleged harm to the Plaintiffs. (*See* Doc. 1 ¶ 11) ("Before contracting out an incarcerated person's labor, *ADOC* determines through classification analyses that the individual is capable of working safely in the community alongside non-incarcerated coworkers, without supervision by prison staff. *ADOC* only permits individuals it has designated with its lowest custody level, 'Minimum-Community,' to participate in its work-release program." (Emphasis added)).

Plaintiffs cannot establish how CPI's participation in the work-release program subjected Plaintiffs to a threat of "serious harm" as required by the TVPA. To be actionable, "serious harm" is "sufficiently serious to compel a reasonable person in [the employee's] position to remain in the [employer']s employ, against her will and in order to avoid such threats of harm, when she otherwise would have left." *Muchira v. Al-Rawaf*, 850 F.3d 605, 620 (4th Cir. 2017). Like the lack of specific allegations against CPI to support the other elements of Plaintiffs' claims, Plaintiffs' allegations are similarly insufficient to show that CPI or ADOC required Plaintiffs to work specifically for CPI. *See United States v. Calimlim*, 538 F.3d 706 (7th Cir. 2008) (stating that § 1589 does not apply when the employee could simply quit and change jobs).

In summary, Plaintiffs fail to state a claim against CPI for violation of the TVPA. Lastly, the TVPA is an unconstitutional overreach into the states' authority pursuant to the Tenth Amendment of the United States Constitution to define and enforce criminal law, as applied to the facts of this case. *United States v. Lopez*, 514 U.S. 549, 561 (1995).

## B.   Plaintiffs Fail to Plead Sufficient Facts to State a Claim Under RICO.

Count II of the Complaint alleges all Defendants violated the RICO statute. 18 U.S.C. § 1962. (Doc. 1. ¶ 212-220). To establish a claim under RICO, Plaintiffs

must prove three essential elements: (1) Defendants committed a pattern of RICO predicate acts; (2) Plaintiffs suffered injury to business or property; and (3) Defendants' racketeering activity proximately caused Plaintiffs' injury. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014). Additionally, Plaintiffs must allege that *each* Defendant "engaged in the conduct of the affairs of the RICO enterprise through a pattern of racketeering activity involving at least two predicate criminal acts. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1208 (11th Cir. 2020) (affirming dismissal of plaintiff's RICO complaint for failure to allege with particularity that each defendant engaged in a pattern of racketeering activity).

Plaintiffs' RICO claims are premised upon Defendants' alleged violation of the TVPA. (Doc. 1, ¶ 218).  However, as discussed above, Plaintiffs have not sufficiently plead a cause of action against CPI for violation of the TVPA. Thus, it cannot serve as a predicate act to support Plaintiffs' RICO claim against CPI. Likewise, Plaintiffs' allegation that "Defendants conduct and participate, directly or indirectly, in the conduct of the Enterprise through a pattern of thousands of acts of racketeering activity" is not a sufficiently concrete statement of facts to give rise to the inference that "the participants shared the purpose of enriching themselves through a particular criminal course of conduct." (Doc. 1 ¶ 217); *see Cisneros*, 972 F.3d at 1211-12 (stating that an "abstract common purpose" like a "generally shared interest in making money" will not suffice). Here, Plaintiffs have not identified any

racketeering activity by CPI, what injuries were suffered by Plaintiffs, or how any alleged RICO activity by CPI caused injury to Plaintiffs. *See id.* at 1215 (stating that facts must sufficiently show each predicate act is independently indictable as a crime).

What is more, conclusory allegations of violations of RICO are insufficient to survive a motion to dismiss. *AeroPower, Ltd. v. Matherly*, 511 F. Supp.2d 1139, 1152 (M.D. Ala. 2007) ("[w]hile AeroPower generally alleges that the defendants engaged in the alleged 'conduct' as 'part of [defendants'] regular way of doing business,' . . . AeroPower offers no factual allegations which support this conclusory allegation. Such conclusory allegations, alone, are insufficient to survive a motion to dismiss.").

Plaintiffs merely allege that CPI was one of hundreds of private employers, and one of several employer Defendants, to provide employment to incarcerated workers pursuant to a state-sanctioned program. Thus, Plaintiffs' RICO claim should be dismissed for failure to adequately plead that CPI engaged in two predicate acts as required by the statute.

## C. Plaintiffs Fail to Assert a Cause of Action Under the Alabama Constitution.

Plaintiffs claim Defendants violated the Alabama Constitution, Article I, Section 32, which states, "no form of slavery shall exist in this state; and there shall

not be any involuntary servitude." Yet, the Alabama Constitution is silent on whether a private right of action exists, and Alabama has not recognized a civil right of action for violation of the Constitution under state or federal law. *See Matthews v. Ala. A&M Univ.*, 787 So.2d 691, 698 (Ala. 2000) (holding that Alabama does not recognize a private cause of action for monetary damages based on violation of the Alabama Constitution). This claim should be dismissed on this basis alone.

Plaintiffs' claim also fails because Plaintiffs have not alleged how CPI subjected Plaintiffs to involuntary servitude, or how CPI would have the ability to force Plaintiffs into involuntary servitude. Indeed, no Plaintiff asserts they were employed with CPI pursuant to the work-release program. While "detailed factual allegations" are not required, [Rule 8] does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Ashcroft*, at 663, 129 S. Ct. 1949 (*citing Twombly*, 550 U.S., at 555). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plaintiffs' claims do not meet the minimum federal pleading requirements because there are no facts alleged that show CPI subjected Plaintiffs to involuntary servitude. Thus, Plaintiffs' claim for relief under the Alabama Constitution should be dismissed.

**D.     Plaintiffs Fail to State a Claim for Relief Under the KKK Act.**

"Section 1986 provides a cause of action against anyone who has 'knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" *Park v. City of Atlanta*, 120 F.3d 1157, 1159 (11th Cir. 1997) (citing 42 U.S.C. §1986). Claims brought under § 1986 are derivative of a § 1985 violation. *See id.* at 1160; *Ferguson v. City of Montgomery*, 969 F.Supp. 674 (M.D. Ala. 1997). To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Lucero v. Operation Rescue*, 954 F.2d 624, 627 (11th Cir.1992) (*quoting United Bhd. of Carpenters & Joiners*, *Local 610 v. Scott*, 463 U.S. 825, 828–29, 103 S. Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983)). A plaintiff must then allege the elements of a § 1986 claim: (1) the defendant had actual knowledge of the § 1985(3) conspiracy; (2) the defendant was in a position to prevent the implementation of that conspiracy; and (3) the defendant neglected or refused to prevent it. *Brandon v. Lotter*, 157 F.3d 537 (8th Cir. 1998); *Clark v. Clabaugh*, 20 F.3d 1290 (3rd Cir. 1994).

Plaintiffs allege Defendants Ivey Marshall, Gwathney, Littleton, and Simmons violated 42 U.S.C. § 1985(3) by conspiring to deny Plaintiffs' parole on unlawful and discriminatory grounds on the basis of race. However, even if Plaintiffs have satisfactorily pled a violation of § 1985(3) under Counts IX and X of the Complaint, Plaintiffs have not established any facts supporting the requirements for a § 1986 claim against CPI. Plaintiffs attempt to rely on broad assertions of unfair treatment of incarcerated workers such as being paid sub-minimum wages against all employer Defendants, but there are no facts alleged that show CPI had knowledge of or participated in any alleged conspiracy. *See Hampton v. City of Chicago, Cook Cnty., Ill.*, 484 F.2d 602 (7th Cir. 1973) (affirming dismissal of allegation of § 1986 claim against city mayor and city superintendent based on lack of actual knowledge of alleged conspiracy by police officers to wrongfully arrest and charge plaintiffs following the exercise of plaintiffs' First Amendment rights as members of the Black Panther Party). Further, Plaintiffs do not allege how CPI neglected or refused to prevent the conspiracy beyond mere conclusory allegations. *See Buck v. Board of Elections of the City of N.Y.*, 536 F.2d 522, 523 (2nd Cir. 1976) (judgment granting motion to dismiss plaintiff's §1986 claim affirmed due to plaintiff's conclusory allegations that the defendant school chancellor neglected to perform his duty to insure a fair election). Plaintiffs' cause of action fails for the inability to establish

any facts to show that CPI had knowledge of the alleged conspiracy to comply with the federal pleading standard. *See Ashcroft*, at 663, 129 S. Ct. 1940.

### E.   Plaintiffs Do Not State a Claim for Unjust Enrichment.

Under Alabama law, a claim for unjust enrichment requires that a defendant "knowingly accepted" and retained a benefit provided by another "who has a reasonable expectation of compensation." *Matador Holdings, Inc. v. HoPo Realty Investments, LLC*, So. 3d 139, 145 (Ala. 2011) (internal citations omitted). A recipient of a benefit must "[engage] in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship." *Id.* at 146 (internal citations omitted). Plaintiffs have not alleged any particularized facts to show that CPI has knowingly accepted and retained a benefit at the expense of the Plaintiffs. Plaintiffs have made no allegations they were ever employed by CPI through the work-release program, much less that CPI paid low wages to Plaintiffs or at a rate less than free employees. There are no specific allegations that CPI defrauded or coerced Plaintiffs, or that Plaintiffs were abused as part of any confidential relationship with CPI.

In addition, Alabama courts have held that unjust enrichment is not a valid cause of action to be asserted in class actions due to the fact-specific inquiry into the state of mind of the plaintiffs. *Funliner of Ala., L.L.C. v. Pickard*, 873 So. 2d 198,

211 (Ala. 2003); *Avis Rent A Car Systems, Inc. v. Heilman*, 876 So. 2d 1111, 1123 (Ala. 2003).

Finally, "[t]he existence of an express contract extinguishes an unjust enrichment claim altogether because unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law." *Blacmon v. Renasant Bank*, 232 So. 3d 224, 229 (Ala. 2017). It is clear from the Plaintiffs' Complaint that express contractual agreements existed between the employer Defendants and ADOC to govern the terms of the work-release program (Doc. 1, ¶¶ 11, 179).

Plaintiffs' claim for unjust enrichment fails because of the aforementioned grounds.

## IV.   <u>CONCLUSION</u>

Plaintiffs have failed to properly plead each claim alleged against CPI or make any non-conclusory allegations sufficient to subject CPI to this litigation or any liability. Plaintiffs have failed to allege a single cause of action against CPI for which relief can be granted. Thus, Plaintiffs' claims against CPI should be dismissed. [2]

**WHEREFORE**, CPI respectfully moves this Court for an Order that:

a.      Dismisses all of Plaintiffs' claims against CPI, including those under Counts I, II, III, XI, and XII of the Complaint, with prejudice;

---

[2] CPI adopts and incorporates all arguments asserted in motions to dismiss by other employer Defendants, to the extent applicable, as further bases for dismissal of all claims asserted against it in the Complaint.

b.    Establishes Plaintiffs have and recover nothing from CPI, including injunctive relief;

c.    Taxes costs of this action against the Plaintiffs; and

d.    Awards CPI such further relief as is just and proper.

Respectfully submitted this 15th day of April, 2024.

_s/ John B. Holmes, III_____
John B. Holmes, III
Tom J. Butler
W. Brock Philips
Maynard Nexsen, PC
1901 Sixth Avenue North, Suite 1700
     Birmingham, AL  35203
Telephone:  (205) 254-1000
E-mail:  jholmes@maynardnexsen.com
        tbutler@maynardnexsen.com
        bphillips@maynardnexsen.com
_ATTORNEYS FOR CAST PRODUCTS, INC._

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of April, 2024, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF filing system and thereby distributed to counsel of record:

| | |
|---|---|
| Amanda C. Lynch Barbara J. Chisholm Connie K. Chan Michael Rubin Altshuler Berzon LLP 117 Post Street, Suite 300 San Francisco, CA 94108 **Counsel for Plaintiffs** | Janet M. Herold Justice Catalyst Law 40 Rector Street, 9th Floor New York, NY 10008 **Counsel for Plaintiffs** |
| Lauren E. Faraino Faraino, LLC 2647 Rocky Ridge Lane Vestavia Hills, AL 35216 **Counsel for Plaintiffs** | Richard P. Rouco Quinn, Connor, Weaver, Davies & Rouco Two North 20th Street, Suite 930 Birmingham, AL 35203 **Counsel for Plaintiffs** |
| Michael Rubin Altshuler Berzon Nussbaum Rubin & Demain 177 Post Street, Suite 330 San Francisco, CA 94108 **Counsel for Plaintiffs** | David Nikolic Josh Chandler Harrison Ogletree Deakins Nash Smook & Stewart, PC 420 20th Street North Suite 1900 Birmingham, AL 35203 **Counsel for Progressive Finishes** |
| Benjamin M. Seiss Brad A. Chynoweth Alabama Attorney General's Office 501 Washington Avenue Montgomery, AL 36104 **Counsel for Defendant Kay Ivey, Steve Marshall** | Gary L. Willford, Jr. Alabama Bureau of Pardons and Paroles Legal Division 301 S. Ripley Street Montgomery, AL 36104 **Counsel for Defendant Leigh Gwathney, Darryl Littleton, and Gabrelle Simmons** |

| | |
|---|---|
| Cameron W. Elkins<br>Tara S. Hetzel<br>State of State of Alabama Office of the<br>Attorney General, Civil Division<br>501 Washington Avenue<br>Montgomery, AL 36104<br>**Counsel for Defendant John Hamm** | Steven A. Higgins<br>William F. Patty<br>Alabama Department of<br>Transportation 1409 Coliseum<br>Blvd., Legal Bureau Montgomery,<br>AL 36110<br>**Counsel for Defendant John Cooper** |
| Robert D. Segall<br>Shannon L. Holliday<br>Copeland Franco Screws & Gill<br>P.O. Box 347<br>Montgomery, AL 36101<br>**Counsel for Defendant City of**<br>**Montgomery** | Stacy L. Bellinger<br>P.O. Box 1111<br>Montgomery, AL 36101<br>**Counsel for Defendant City of**<br>**Montgomery** |
| Brad A. Everhardt<br>Randall Morgan<br>Hill, Hill, Carter, Franco, Cole & Black,<br>P.C. 425 South Perry Street<br>P.O. Box 116<br>Montgomery, AL 36101<br>**Counsel for Defendant City of Troy** | Shawnna H. Smith<br>Office of the Jefferson County<br>Attorney 280 Jefferson County<br>Courthouse<br>716 Richard Arrington Jr. Blvd. North<br>Birmingham, AL 35203<br>**Counsel for Jefferson County** |
| Rachel V. Barlotta<br>Baker, Donelson, Bearman, Caldwell &<br>Berkowitz, P.C.<br>1901 6th Avenue N., Suite 2600<br>Birmingham, AL 35203<br>**Counsel for Defendant Koch Foods,**<br>**LLC** | Kayla M. Wunderlich<br>Baker, Donelson, Bearman, Caldwell &<br>Berkowitz, P.C.<br>420 20th Street North, Suite 1400<br>Birmingham, AL 35203<br>**Counsel for Defendant Koch Foods,**<br>**LLC** |
| Allison Hawkins<br>Michael L. Lucas<br>Burr & Forman<br>LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203<br>**Counsel for Defendant Ju-Young**<br>**Manufacturing America, Inc., SL**<br>**Alabama, LLC, and Hwaseung**<br>**Automotive USA, LLC** | Morgan L. Allred<br>Holland & Knight<br>LLP<br>1901 6th Avenue North, Suite 1400<br>Birmingham, AL 35203<br>**Counsel for Defendant Premier Kings,**<br>**Inc.** |

| | |
|---|---|
| Melisa C. Zwilling<br>Carr Allison<br>100 Vestavia Parkway<br>Birmingham, AL 35216<br>**Counsel for Defendant Southeast Restaurant Group-Wen LLC** | George R. Parker<br>W. Chadwick Lamar, Jr.<br>Bradley Arant Boult Cummings<br>LLP 445 Dexter Ave., Suite 9075<br>Montgomery, AL 36104<br>**Counsel for Defendant Masonite Corporation** |
| John T. Richie<br>Bradley Arant Boult Cummings<br>LLP One Federal Place<br>1819 5th Avenue North<br>Birmingham, AL 35203<br>**Counsel for Defendant Masonite Corporation** | Taffiny S. Stewart<br>Elliot B. Monroe<br>Sarah G. Redmond<br>Lloyd, Gray, Whitehead & Monroe,<br>P.C. 880 Montclair Road, Suite 100<br>Birmingham, AL 35213<br>**Counsel for Defendant Southeastern Meats, Inc.** |
| Aaron G. McLeod<br>Jonathan B. Metz<br>Adams and Reese<br>LLP<br>1901 6th Avenue North, Suite 1110<br>Birmingham, AL 35203<br>**Counsel for Defendant Bama Budweiser of Montgomery, Inc.** | Kyle T. Smith<br>DENTONS SIROTE PC<br>2311 Highland Avenue South<br>Post Office Box 55727<br>Birmingham, AL 35255-5727<br>**Counsel for Paramount Services, Inc.** |
| **The undersigned hereby certifies that a true and correct copy of the above and foregoing was served by U.S. Mail to pro se parties:** | |
| C.B.A.K., Inc. d/b/a<br>McDonald's 1010 South<br>McKenzie Street<br>Foley, AL 36535<br>*Pro se* | Pell City Kentucky Fried Chicken, Inc.<br>703 23rd Street N<br>Pell City, AL 35215<br>*Pro se* |

*/s/ John B. Holmes, III*
OF COUNSEL