# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT EARL COUNCIL aka KINETIK JUSTICE, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KAY IVEY, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-cv-00712-CLM-JTA<br><br>CLASS ACTION<br><br>**DECLARATION OF LEE EDWARD MOORE JR. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTIONS TO DISMISS** |

1

## DECLARATION OF LEE EDWARD MOORE JR.

I, Lee Edward Moore Jr., declare as follows:

1. I am a resident of Alabama. I make this declaration based on personal knowledge and, if called to testify, I could and would testify competently thereto.

2. I am a Plaintiff in *Robert Earl Council aka Kinetik Justice, et al., v. Kay Ivey, et al.*, Case No. 2:23-cv-00712-CLM-JTA. I am currently incarcerated by the Alabama Department of Corrections at William C. Holman Correctional Facility.

3. I first learned of the current grievance process late last year when there was a poster placed in the cube at Holman near the phones.

4. The poster was taken down after a few days and never replaced. I recall that the poster included some basic information about grievances but did not include any papers or forms to fill out or information on how to obtain any forms or additional information.

5. I am not aware of other efforts by ADOC to educate people incarcerated at Holman about the grievance process.

6. I filed an emergency grievance regarding the issues in this lawsuit on or about December 2, 2023.

7. On or about December 21, 2023, I received a letter stating that the response to my grievance would be delayed. A true and correct copy of that letter is attached as **Exhibit A.**

8. I am not aware of any procedure that applies if ADOC does not respond to a grievance on time.

9. The head of classification at Holman, Mr. Odem, delivered the response to my grievance on or about January 9, 2024. A true and correct copy of that response is attached as **Exhibit B.**

2

10. ADOC's response does not say anything about an appeals process. I remember Mr. Odem saying something to the effect that if I wanted to appeal the decision, I should let him know. I also recall him saying something to the effect that he did not think ADOC would ever change anything in response to this grievance or our lawsuit.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Signed this 28 day of MAY, 2024.

*Lee Moore*
—————————————
Lee Moore

4

# EXHIBIT A




# State of Alabama
# Alabama Department of Corrections

W. C. Holman Correctional Facility
866 Ross Road
Atmore, AL 36503

**KAY IVEY**
GOVERNOR

**Terry Raybon**
Warden III

**Vacant**
Warden I

**John Q. Hamm**
COMMISSIONER

**Vacant**
Warden II

December 21, 2023

Memorandum

To:   **Moore, Lee**, AIS# **B/192565**

From:   **Patrick Odom**, Inmate Grievance Officer

Ref:   Inmate Grievance #**HCF-IG-23-0006**

An inmate grievance was recently received from you. It has been given document # **HCF-IG-23-0006**. The response will be delayed past the expected ten (10) business day response time. A response will be returned to you after the investigation has been given due diligence.

Respectfully Submitted.

*Patrick Odom*
Inmate Grievance Officer

*Holman C.F.*
Facility Name

Copy to:   Inmate Grievance # **HCF-IG-23-0006** file

# EXHIBIT B




# State of Alabama
# Alabama Department of Corrections

W. C. Holman Correctional Facility
866 Ross Road
Atmore, AL 36503

**KAY IVEY**
GOVERNOR

**Terry Raybon**
Warden III

**Vacant**
Warden I

**John Q. Hamm**
COMMISSIONER

**Vacant**
Warden II

January 9, 2024

Memorandum

To:        Lee Moore, 192565

From:      Patrick Odom, Inmate Grievance Officer

Subject:   Response to Inmate Grievance #HCF-IG-23-0006

Code of Alabama (1975) § 14-8-6:  The employer of an inmate involved in work release shall pay the inmate's wages directly to the Department of Corrections.  The department may adopt regulations concerning the disbursement of any earnings of the inmates involved in work release.  The department is authorized to withhold from an inmate's earnings the cost incident to the inmate's confinement as the department shall deem appropriate and reasonable.  In no event shall the withheld earnings exceed 40 percent of the earnings of the inmate.  After all expenses have been deducted by the department, the remainder of the inmate's earnings shall be credited to his or her account with the department.  Upon his or her release all moneys being held by the department shall be paid over to the inmate.

ADOC Administrative Regulation 410, *Work Release Organization and Function,* outlines the process that ADOC follows to conform to the statute.  ADOC Work Release program is also addressed on p. 39 of the *Male Inmate Handbook*.

ADOC Administrative Regulation 444, *Inmate Assigned Jobs,* addresses the function of the job review board.  The job review board is used at all facilities to assess inmate capabilities and determine job assignments for inmates at the facility.

ADOC Administrative Regulation 439, *Community Work Squads Working on Government Projects and Safety Training for Inmates Working Near Roadways*, addresses inmate custody level requirement, inmate training, and pay for inmates that work on community work squads.

Besides labor, other concerns included prison conditions, employee staffing, and the cost of goods.  If there is a concern about a prison condition, then the specified incident will be investigated and addressed as warranted.  Staffing for Alabama Department of Corrections is addressed daily by the department.  The cost of goods is based on vendor contracts.

Per AR 406, *Inmate Grievance Policy*, inmates shall only submit one issue per grievance form. In the future, please follow this regulation.