# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT EARL COUNCIL, et al.,** | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | **CASE NO.: 2:23-cv-00712-CLM-JTA** |
| | ) | |
| **KAY IVEY, *et al.*,** | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANT CITY OF TROY'S REPLY
## IN SUPPORT OF MOTION TO DISMISS

Defendant City of Troy respectfully submits the following Reply in support of its motion to dismiss all claims asserted in Plaintiffs' Complaint against this Defendant (Doc. 142).

## I.      Introduction

In their consolidated opposition to the motions to dismiss that were filed by multiple defendants, Plaintiffs focus their arguments on what they perceive as injustices by the State parole board and Department of Corrections as part of what have actually been commendable efforts to rehabilitate prisoners so that they can gain valuable skills for successful re-integration into the community (and reduced recidivism) upon their release. But Plaintiffs' opposition fails to substantively refute the City of Troy's position on multiple points. Plaintiffs similarly fail to cite authorities which support their novel arguments advocating for the removal of long-established safeguards which prevent the City of Troy, as a municipality,

from being held liable for alleged violations of the Trafficking Victims Protection Act (TVPA), the RICO Act, or "Failure to Prevent Wrongs of KKK Act Conspiracy."

While it is indeed impressive in its length and breadth, nothing in Plaintiffs' opposition can overcome one inevitable conclusion: that no viable claims have been asserted against the City of Troy.  Plaintiff's Complaint, as to the City of Troy, is therefore due to be dismissed.

## II.     There are no Viable Claims Against the City of Troy for Violation of the Trafficking Victims Protection Act or Article I, Section 32 of the Alabama Constitution.

Because the facts alleged do not show any unlawful coercion nor any causal link with any action taken by the City of Troy, there is no viable claim for violation of the TVPA or Article I, Section 32 of the Alabama Constitution.

18 U.S.C. §1589 prohibits knowingly providing or obtaining the labor or services of a person by force, threats of force, threats of harm, abuse or threatened abuse of the law or legal process, or a scheme or plan intended to cause the person to believe that if they didn't perform the services, they would suffer serious harm or physical restraint.  But even Plaintiffs concede by its terms the Thirteenth Amendment excludes involuntary servitude imposed as legal punishment for a crime.  See *United States v. Kozminski*, 487 U.S. 931, 943, 108 S. Ct. 2751, 101 L. Ed. 2d 788 (1988) and *Fletcher v. Williams*, 2023 U.S. App. LEXIS 25627 at *4 (10th Cir. 2023). Indeed, the "Thirteenth Amendment does not bar labor that an individual may, at least in some sense, choose not to perform, even where the consequences of that choice are exceedingly bad." *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 459 (2d Cir. 1996); see also *Watson v. Graves*, 909 F.2d 1549, 1552-53 (5th Cir. 1990) (giving an inmate the "choice of whether to work outside of the jail for twenty dollars a day or remain inside the jail and

earn nothing" did not violate the Thirteenth Amendment); *Brooks v. George County*, 84 F.3d 157, 162-63 (5th Cir. 1996) (pretrial detainee's choice between periodically working outside jail for free and remaining in jail all day, while "painful" was not unconstitutionally coercive).

Plaintiffs simply cannot use a statute enacted to implement the federal Thirteenth Amendment to criminalize behavior the Thirteenth Amendment plainly permits—notwithstanding any change to the Alabama constitution.  See *Id*.  Even Plaintiffs concede there exists no private cause of action for monetary damages based on alleged violations of the provisions of the Constitution of Alabama.  See (Plaintiffs' Consolidated Opposition to Defendants' Motion to Dismiss, Doc. 178, at p. 80;  See also *Matthews v. Ala. A&M Univ.*, 787 So. 2d 691, 698 (Ala. 2000); and *Brazelton Properties, Inc. v. City of Huntsville*, 237 So. 3d 209, 215 (Ala. Civ. App. 2017).  Plaintiff Pritchett is also precluded from bringing any claim under Ala. Const. Art. I, §32 because the amended language upon which he relies did not become effective until January of 2023, several months after Pritchett was last placed with the City of Troy as part of the ADOC's work-release program.   (See Doc. 142-1).

But involuntary servitude is specifically limited to compulsion of service through physical or legal compulsion leaving them with no available choice but to work.  See *Fletcher v. Williams*, 2023 U.S. App. LEXIS 25627 at *5 (10th Cir. 2023);  See also *Greenberg v. Zingale*, 138 F. App'x 197, 200 (11th Cir. 2005).  When the plaintiff "has a choice, even though it is a painful one, there is no involuntary servitude." *Brooks v. George Cnty.*, 84 F.3d 157, 162 (5th Cir. 1996) and see also *John Ryder v. Lifestance Health Group, Inc*., 2024 WL 1119821, at *8 (M.D. Fla.2024).

3

The required degree of coercion is not present by way of the City of Troy's minimal involvement in the Alabama Department of Correction's voluntary inmate work program. Certainly no unlawful coercion can be found in the operative Complaint, notwithstanding Plaintiffs' provocative characterization of what is a voluntary program.  See *Fletcher v. Williams*, 2023 U.S. App. LEXIS 25627 at *5 (10th Cir. 2023);  See also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Even consequences for failure to work such as loss of privileges, good time credit or housing restrictions do not amount to abuse or threatened abuse of law or legal process within the meaning of §1589.  *Id*.

In its motion to dismiss, the City of Troy cited the Tenth Circuit Court of Appeals' decision in *Fletcher v. Williams*, 2023 U.S. App. LEXIS 25627 (10th Cir. 2023), where the Court referenced with apparent approval the magistrate's underlying conclusion the TVPA cannot be "used as a means to bring a state constitutional claim in federal court."  Rather than address what is obviously a relevant decision adjudicating similar issues, Plaintiffs casually dismiss the ruling as dicta.  (See Doc. 178 at fn 31). While admittedly not binding on this Court, the decision is certainly persuasive, and Plaintiffs' failure to address another Circuit's ruling on the very issues now before this Court is quite revealing.

Since it is clear Section 1589 cannot be used as a means to bring a state constitutional claim in federal court and there is otherwise no viable claim pled under 18 U.S.C. §1589, Counts I and III of the Complaint must be dismissed.

**III.    The City of Troy Cannot Be Held Liable for Violation of the RICO Act, 18 U.S.C. 1962.**

Again, because Plaintiffs' Complaint does not state a viable claim for relief under the TVPA, the Plaintiffs' RICO claims, which were predicated on alleged violations of §1589, must also fail.   But that claim is also not viable because the City of Troy cannot be held liable under the RICO Act, 18 U.S.C. 1962.

Plaintiffs in their opposition concede numerous courts have already held a municipality is incapable of the criminal intent required to support a claim under RICO.  (Doc. 178 at p. 76).  Facing such a clear and formidable obstacle, Plaintiffs are left to argue "this Court should reject these cases." *Id*.  But such bold action would be untenable and contrary to the well-founded conclusions reached by multiple courts.  See, u.g., *Pine Ridge Recycling, Inc. v. Butts Cty., Ga*., 855 F. Supp. 1264, 1273-74 (M.D. Ga. 1994); *Biondolillo v. City of Sunrise*, 736 F. Supp. 258, 261 (S.D. Fla. 1990);  *Victor v. White*, 1989 U.S. Dist. LEXIS 12852 (N.D.Cal. 1989); *Albanese  v. City Federal Savings and Loan Assn.*, 710 F. Supp. 563 (D.N.J. 1989); *In re Citisource, Inc*., 694 F. Supp. 1069 (S.D.N.Y. 1988); *Massey v. City of Oklahoma*, 643 F. Supp. 81 (W.D. Okl. 1986); *Chambers Development Co., Inc. v. Municipality of Monroeville*, 617 F. Supp. 820 (W.D. Pa. 1985).  Quite simply, a municipality is incapable of the criminal intent necessary to support the alleged predicate offenses. *Id.*

Second, even if any viable claim under RICO could be asserted against a municipality, a civil plaintiff must also show injuries that were proximately caused by a violation of the statute.  *Bivens Gardens Office Building, Inc. v. Barnett Banks of Fla., Inc*., 140 F.3d 898, 906 (11th Cir. 1998).  To prove proximate causation between a RICO violation and a

subsequent injury, a plaintiff must present "some direct relation between the alleged injurious conduct and the alleged injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457, 126 S. Ct. 1991, 164 L. Ed. 2d 720 (2006).  Here, Plaintiffs' general allegations of forced labor do not plausibly show the City of Troy participated in the operation or management of an allegedly illegal scheme or enterprise through a pattern of racketeering activity, or that the City committed at least two qualifying predicate acts, each of which must constitute a violation of one of the state or federal laws described in 18 U.S.C. §1961(1).  *Crawford's Auto Center, Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158 (11th Cir. 2019) (citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290-91 (11th Cir. 2010)).  What is alleged in the Complaint is simply insufficient to state a plausible RICO claim against the City of Troy, as a matter of law.

Plaintiffs' attempt to cast constitutionally permissible state efforts to rehabilitate and reform prisoners as a RICO enterprise is ineffective and counterproductive to the interests of all individuals in the correctional system. But simply put, the Complaint fails to state a plausible RICO claim against the City of Troy, and Count II is due to be dismissed.

**IV.   The Intracorporate Conspiracy Doctrine Bars Any Claim Against the City of Troy For Alleged "Failure to Prevent Wrongs of KKK Act Conspiracy Under 42 U.S.C. §1986."**

In Count XI of the Complaint, Plaintiffs assert a claim against the City of Troy for "Failure to Prevent Wrongs of KKK Act Conspiracy Under 42 U.S.C. §1986."  The "conspiracy" is alleged to have been between "Governor Ivey, Attorney General Marshall, and the Parole Board Members," not anyone from the City of Troy.  (See <u>Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss</u>, Doc. 178, at p. 134).  But

Plaintiffs in their opposition brief fail to show how this claim is not barred by the intracorporate conspiracy doctrine.

First, Plaintiffs appear to concede 42 U.S.C. §1986 provides for only a one-year statute of limitations. ("no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.") Plaintiff Pritchett in the Complaint provides only a bare allegation he "worked for the City of Troy" in the past, but he only did so in October, 2022. (See Doc. 142-1). Because Plaintiff Pritchett was only placed with the City of Troy in 2022 and this case was not filed until December, 2023, any claim against the City is time-barred. Plaintiffs in their opposition make no argument to the contrary. (See generally, Doc. 178).

As to the application of the intracorporate conspiracy doctrine, Plaintiffs similarly acknowledge the now well-recognized principle. (See Plaintiffs' Opposition to Defendants' Motions to Dismiss, Doc. 178, at p. 134-35, citing *Grider v. City of Auburn, Ala.*, 618 F.3d 1240 (11th Cir. 2010); *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031 (11th Cir. 2000); and *Denney v. City of Albany*, 247 F.3d 1172 (11th Cir. 2001)). But Plaintiffs make the novel argument "*different* state agencies or officers" should not be entitled to the protections of the doctrine. *Id*. at 135. Clearly the "corporate" entity here is the State of Alabama. It is a large entity, but a single one nonetheless. Plaintiffs' suggestion this Court should open the door to allowing further subdivision of the State into entities more susceptible to conspiracy claims must be flatly rejected.

But the underlying claim itself is still insufficient to even state a viable cause of action. "In civil rights and conspiracy actions, courts have recognized that more than mere conclusory

notice pleading is required." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). A complaint alleging a conspiracy may be dismissed when it contains allegations of a conspiracy that are conclusory, vague and of a general nature. *Id*. at 557. "To establish a prima facie case of conspiracy, the plaintiff must allege, among other things, that the defendants 'reached an understanding to violate [their] rights.'" *Eubank v. Leslie*, 210 F. App'x 837, 842 (11th Cir. 2006)   (citations omitted). This heightened pleading standard is imposed in conspiracy cases because "a defendant must be informed of the nature of the conspiracy which is alleged." *Id*. For that reason, "it is not enough to simply aver in the complaint that a conspiracy existed." *Id*.

Counts IX and X contain only conclusory and general allegations the Plaintiffs were subjected to "involuntary" servitude based on their race.  As outlined above, what has been alleged cannot constitute involuntary servitude.  Further, Plaintiffs do not allege that any particular employee or official from the City of Troy knew of the purportedly conspiratorial actions of other Defendants against whom the claim for violation of section 1985 is actually asserted, and there is no allegation the City of Troy somehow had actual knowledge the state's work-release program was actually a racially motivated, conspiratorial scheme.

Again, claims under section 1986 like the one Plaintiffs attempt to assert against the City of Troy must be predicated on a valid section 1985 claim. See *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997) and  *Moody v. Messer*, 228 Fed. Appx. 859 (11th Cir. 2007) at fn4.  As shown above, the intercorporate conspiracy doctrine precludes any viable conspiracy claim, and the viability of a §1986 claim is dependent upon sufficient allegations to support a §1985 claim.  But even if the doctrine itself did not preclude a

8

conspiracy claim, because Plaintiffs' Complaint does not adequately plead a cause of action under §1985, the claim based on §1986 is inherently meritless. Since the allegations contained in the Complaint are insufficient to state any viable claim for violation of section 1985 or section 1986, Count XI as to the City of Troy must be dismissed.

## V.   Plaintiffs Have Failed to Allege a Viable Claim Against the City of Troy for Unjust Enrichment.

In their response to the Defendant' motion, with the exception of a mere footnote Plaintiffs present no argument in opposition to the City of Troy's position it is entitled to immunity from the unjust enrichment claim asserted in Count XII of the Complaint.  (See generally, Doc. 178, p. 172-180).  Plaintiffs similarly fail to address the City of Troy's argument there never could have been any reasonable expectation of compensation, which is necessary to present a prima facie claim for unjust enrichment.  *Id*.  See also *Portofino Seaport Vill., LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008) (referencing required elements of claim for unjust enrichment).

Any claims for unjust enrichment against the City of Troy are barred by municipal immunity.  *Ala. Code* § 11-47-190 bars damage claims against a municipality, subject to only two exceptions: actions premised on the negligence of city employees and actions based on known defects to city streets or buildings. *Ellison v. Town of Brookside*, 481 So. 2d 890, 891-92 (Ala.1985). Because of the strict limitations on municipal liability under section 11-47-190, Plaintiffs cannot assert a claim for unjust enrichment against the City of Troy.

But Plaintiffs' unjust enrichment claim also fails for much the same reasons they cannot prevail on their claims alleging a violation of the TVPA or RICO.  The Complaint

makes clear all of the Plaintiffs at all relevant times were in the lawful custody of the Alabama Department of Corrections while serving sentences for criminal convictions. "[I]t is not involuntary servitude to offer prisoners an option of participating in a work-release program, even though the consequence of not working and remaining in jail may be "painful."" *Steirer v. Bethlehem Area Sch. Dist.*, 987 F.2d 989, 1000 (3d Cir. 1993) (citing *Watson v. Graves*, 909 F.2d 1549, 1552-53 (5th Cir. 1990)). Since there never could have been any reasonable expectation of compensation, there can be no viable claim for unjust enrichment against the City of Troy. But regardless, since Plaintiffs failed to refute the City's position it is immune from the unjust enrichment claim, that Count of the Complaint should be dismissed.

## VI.    Incorporation by Reference

Defendant City of Troy hereby incorporates by reference all of the arguments and authorities contained in the briefs submitted by any Co-Defendant on the issues posed by the claims asserted in Counts I, II, II, XI, and XII of the Plaintiffs' Complaint, including but not limited replies.

## VII.   Conclusion

Plaintiffs' *Complaint* fails to state any claims upon which relief may granted against the City of Troy. Plaintiffs' opposition fails to substantively refute the City of Troy's position on multiple points, and their novel arguments advocating for the removal of long-established safeguards which prevent the City of Troy, as a municipality, from being held liable for alleged violations of the Trafficking Victims Protection Act (TVPA), the RICO Act, or "Failure to Prevent Wrongs of KKK Act Conspiracy" are unavailing. What Plaintiffs characterize as conspiratorial violations have instead been long-established as constitutionally

permissible and indeed valuable tools for rehabilitation.  Nothing in Plaintiffs' opposition can overcome the inevitable conclusion there are no viable claims against the City of Troy.  In light of these circumstances, all claims asserted against the City of Troy in Plaintiffs' *Complaint* are due to be dismissed.

WHEREFORE, Defendant City of Troy pursuant to *Fed.Civ.R.* 12(b)(6) respectfully requests that this Court dismiss all claims asserted against the City in Plaintiffs' *Complaint*, and for such other relief as the Court deems just and equitable in the premises.

Respectfully submitted,

*/s/ Brad A. Everhardt*
Brad A. Everhardt, ASB No. 3106-K42T
Randall Morgan, ASB No. 8350-R70R
*Attorneys for Defendant City of Troy*

OF COUNSEL:
**Hill, Hill, Carter, Franco,**
**Cole & Black, P.C.**
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
beverhardt@hillhillcarter.com
rmorgan@hillhillcarter.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 1st day of July, 2024 I have electronically filed the foregoing with the Clerk of the Court using PACER, which will send notification to the following via email:

Amanda Christine Lynch
Altshuler Berzon LLP
177 Post St.
Suite 300
San Francisco, CA 94108
415-421-7151
Fax: 415-362-8064
Email: alynch@altshulerberzon.com


Barbara Jane Chisholm
Altshuler Berzon LLP
177 Post St.
Suite 300
San Francisco, CA 94108
415-421-7151
Fax: 415-362-8064
Email: bchisholm@altber.com


Connie Kay Chan
Altshuler Berzon LLP
177 Post St.
Suite 300
San Francisco, CA 94108
415-421-7151
Fax: 415-362-8064
Email: cchan@altshulerberzon.com


Janet Marie Herold
Justice Catalyst Law
40 Rector Street
9th Floor
New York, NY 10008
518-732-6703
Email: jherold@justicecatalyst.org

Lauren Elaena Faraino
Faraino, LLC
2647 Rocky Ridge Lane
Birmingham
Vestavia Hills, AL 35216
917-529-2266
Email: lauren@farainollc.com


Michael Rubin
Altshuler Berzon Nussbaum Rubin & Demain
177 Post Street
Suite 300
San Fran, CA 94108
415-421-7151
Fax: 415-362-8064
Email: mrubin@altshulerberzon.com


Richard Paul Rouco
Quinn, Connor, Weaver, Davies & Rouco
Two North Twentieth Street; Suite 930
Birmingham, AL 35203
205-870-9989
Email: rrouco@qcwdr.com

Benjamin Matthew Seiss
Alabama Attorney General's Office
501 Washington Avenue
Montgomery, AL 36104
334-353-8917
Email: ben.seiss@alabamaag.gov


Brad A. Chynoweth
State of Alabama Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
334-242-7997
Fax: 334-353-8440
Email: brad.chynoweth@alabamaag.gov

Gary Lee Willford , Jr.
Alabama Bureau of Pardons and Paroles
Legal Division
301 S. Ripley Street
Montgomery, AL 36104
334-353-4495
Email: gary.willford@paroles.alabama.gov


Cameron Wayne Elkins
State of Alabama Office of the Attorney General
Civil Division
501 Washington Avenue
Montgomery, AL 36104
334-242-7300
Email: cameron.elkins@alabamaag.gov


Tara S. Hetzel
State of Alabama
Alabama Attorney General's Office
501 Washington Ave
Montgomery, AL 36130
334-242-7374
Fax: 334-353-8400
Email: tara.hetzel@alabamaag.gov

Robert David Segall
Copeland Franco Screws & Gill
PO Box 347
Montgomery, AL 36101-0347
334-834-1180
Fax: 334-834-3172
Email: segall@copelandfranco.com


Shannon Lynn Holliday
Copeland Franco Screws & Gill, PA
PO Box 347
Montgomery, AL 36101-0347
334-834-1180
Email: holliday@copelandfranco.com
Rachel V. Barlotta

Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North; Suite 1400
Birmingham, AL 35203
205-328-0480
Fax: 205-322-8007
Email: rbarlotta@bakerdonelson.com


Kayla Michelle Wunderlich
Baker, Donelson, Bearman, Caldwell & Berkowitz
420 20th St - Ste 1400
Birmingham, AL 35203
205-250-8303
Email: kwunderlich@bakerdonelson.com


George Robert Parker
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
334-956-7607
Fax: 205-956-7807
Email: gparker@bradley.com


John Thomas Richie
Bradley Arant Boult Cummings
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
205-521-8348
Fax: 205-488-6348
Email: trichie@bradley.com

Shawnna H. Smith
Office of the Jefferson County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
smithsha@jccal.org

15

Melisa Christine Zwilling
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
mzwilling@carrallison.com

Aaron G. McLeod
Jonathan Metz
Adams and Reese LLP
1901 6th Ave. N. Ste 1110
Birmingham, AL 35203
aaron.mcleod@arlaw.com
jonathan.metz@arlaw.com


Arnold W. Umbach III
Starnes Davis Florie LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama 35209
tumbach@starneslaw.com

/s/ *Brad A. Everhardt*
OF COUNSEL