## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT EARL COUNCIL, et al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:  2:23-cv-00712-ECM-JTA** |
| | ) | |
| **KAY IVEY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT JEFFERSON COUNTY, ALABAMA REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Defendant, Jefferson County, Alabama, a political subdivision of the State of Alabama (hereinafter, "the County" or "County") by and through undersigned counsel and submits its reply to Plaintiffs' response (Doc. 178) to its Motion to Dismiss (Doc. 141). For the following reasons in addition to those stated in County's Motion to Dismiss, Plaintiffs' claims against the County are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## I.    Introduction

Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss is replete with repetitive conclusory and unsupported factual allegations and fails to adequately address the basic and foundational jurisdictional issues of standing, time barred claims, and its improper shotgun pleadings. Plaintiffs seek to confuse the issues by improperly imputing factual allegations to all employer Defendants, regardless of whether there is in fact an actual causal relationship/connection between the alleged "bad act", intent, or alleged knowledge connecting the Plaintiffs to each individual Defendant.

Plaintiff Walker is the sole Plaintiff providing allegations which purport to allege a cause of action against the County within the Complaint.  Since Walker is unable to state a claim against the County upon which relief can be granted, the County is due to be dismissed with prejudice from the instant suit.

## **Plaintiff Walker**

It is important to note that Plaintiff Walker admits that she has not worked for the County since 2020. (Doc. 1 ¶ 147).  Further, in the Complaint, Walker admits that she is no longer incarcerated and was paroled in 2023. *Id*.  As such, at the time the lawsuit was filed, Walker was no longer under the "control" of the Alabama Department of Corrections or a participant in an ADOC "work program". *Id*.  Walker provides no factual allegations that infer she is at risk of being subjected to the

control of the Alabama Department of Corrections or a participant in a "work program" in the future. *Id.* Further, while Plaintiffs' continue to allege, without any factual support from any identified individual Plaintiff, that the County is currently engaged in the ADOC work program, the County has not been a participant in the ADOC work program since March of 2020 at the onset of the COVID pandemic. (Ex. A- Affidavit Heather Carter).[1]

## ARGUMENT

### A. Walker lacks Standing against the County

Plaintiff Walker lacks standing to bring this lawsuit against the County. Standing must be determined at the beginning of the litigation to determine whether a dispute exists and "whether the party invoking federal court jurisdiction has a personal stake in the outcome of the controversy and whether the dispute touches upon the legal relations of the parties having adverse legal interests." *Dunn v. Dunn*, 148 F. Supp. 1329, 1333 (M.D. Ala. 2014)(quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)). Plaintiffs, in their consolidated response, gloss over the standing issues of individual Plaintiffs under the guise that it is possible that at some

---

[1] Defendant, Jefferson County would argue that it is sufficient based on Walker's admission in the Complaint that she has not worked at the County since 2020, she has failed to state a claim upon which relief may be granted; however, as the Plaintiffs continue to allege without any factual support that the County is a current participant in the ADOC work program, the County offers the attached Exhibit A, Affidavit of Heather Carter, Deputy County Manager, in further support of its argument that neither Walker nor any other Plaintiff can state a claim against the County upon which relief can be granted.

point in the future the Plaintiffs as a whole or individually may be subjected to work for any of the "employer defendants" as it is a continuing program. (Doc. 178, p. 55-64). As noted previously, the County is not a current participant in the ADOC work program and has not participated since March of 2020. Exhibit A- Heather Carter Affidavit. The County assumes Plaintiffs declined to offer an argument to support individual standing against each individual Defendant as they knew such an argument would fail.

Standing is not "mere pleading requirements, but rather an indispensable part of the plaintiff's case, each element must be support in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The minimum elements of standing require that first "the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized…and (b) 'actual or imminent, not " 'conjectural' " or " 'hypothetical,'" Second, there must be a causal connection between the injury and conduct complained of-the injury has to be 'fairly…trace[able] to the challenged action of the defendant, and not …th[e] result [of] the independent action of some third party not before the court.'" "Third, it must be 'likely' as opposed to merely 'speculative', that the injury will be 'redressed by a favorable decision.'" *Id*.

**1. No causal connection between Walker's alleged injury and the County.**

While it is unclear whether Walker's allegations of injury would qualify as a legally protected interest, Walker fails to plead any facts that provide a causal connection between Walker's alleged injury and any action taken by the County. Instead, Walker's alleged injuries appear to be the action of an unnamed third party. (Doc. 1, ¶ 147).  Walker alleges that she was "coerced" and worked involuntarily for the ADOC as part of their work program and was forced to work for the County. *Id*. However, Walker provides no factual allegations that indicate Walker ever communicated to the County or any employee of the County that she was not a willing participant in the ADOC work program or that she was being subjected to any mistreatment.  Walker alleges that she was sexually harassed by a supervising officer while working for the County and was disciplined for refusing to work.  *Id*. Walker fails to identify the time period in which this sexual harassment occurred, provide any factual allegations that would indicate the County was aware that she was sexually harassed, or allege that anyone at the County had knowledge of Walker receiving any discipline from ADOC in response to her alleged complaint of sexual harassment. *Id*.

**2. Walker is unlikely to have her grievance against the County addressed by a favorable decision**.

Walker alleges to have claims against the County and other Defendants under the Trafficking Victims Protection Act (TVPA); Racketeer Influenced and Corrupt Organizations Act (RICO); Section 32, Alabama Constitution; Section 1983 for First Amendment violations; Section 1986, Conspiracy; and Unjust Enrichment based on injuries she alleges occurred while she was incarcerated. (Doc. 1).

Walker admits that she is no longer incarcerated and that she was paroled prior to the lawsuit being filed in December of 2023.  In the prayer for relief, Walker is requesting that the ADOC work program be declared unlawful under TVPA, RICO, Article I Section 32 of the Alabama Constitution, the Ex Post Facto Clause of the U.S. Constitution, the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendment, and the KKK Act; and that all Defendants (including the County) cease the coercion of labor.[2] (Doc. 1, p. 124).  As it relates to Walker and the County, this relief cannot be granted to Walker as she is not incarcerated and subject to the ADOC or their Work Program, and the County has not participated in this program since March of 2020.  Therefore, Walker has no standing, as the court cannot redress a claim that does not affect Walker at the time the lawsuit was filed, and the County is due to be dismissed as Walker has failed

---

[2] Plaintiffs admit that they are pursuing only equitable relief for their state constitutional claim and are seeking "prospective relief against the local government and private Employer Defendants…." (Doc. 178, p.80-81).  Walker was paroled in 2023 and the County has not participated in the program since March of 2020.  There is no prospective relief to be granted or ordered.

to state a claim against the County under Count 1, Count II, Count III, Count IV, or Count XI.

### B. Walker is time-barred in her claims against the County

#### 1. Unjust Enrichment claim is time-barred.

Walker failed to address the statute of limitations as it applied to her claims against the County.   In addition to requesting "injunctive" relief that cannot be redressed for Walker by this court, Walker requests damages based on causes of action for which she time-barred.   Instead of admitting that the Unjust Enrichment State law claim has a two-year statute of limitations for any tort claim involving "actions for an injury to the person or rights of another not arising from contract and not specifically enumerated in this section", Plaintiffs disingenuously claim this to be a fact question that cannot be determined by the allegations outlined in the Complaint. (Doc. 178 p. 179). Ala. Code § 6-2-38-(1) 1975 as amended.

Walker and her fellow Plaintiffs cannot in good conscience state that their 126 page Complaint, which purports all manner of egregious tortious actions on the part of named and unnamed parties and seeks relief through statutes that have been specifically identified as connected to tort actions, "requires factual development and cannot be answered." *Id*.

Plaintiffs utilized the same factual allegations for their §§1983, 1985, and 1986 claims as they did for their Unjust Enrichment claim. Further, none of those allegations purport to involve a contract (verbal or otherwise) between Walker and the County.

Walker admits that she has not worked for the County since 2020. The two-year statute of limitation applies, and Walker is time-barred to bring her unjust enrichment claim against the County under Count XII of the Complaint.

### 2. **§1986 claims are time barred**.

Plaintiffs' Consolidated Response did not address Walker's individual statute of limitation issues connected with her § 1986 claim against the County. Even if Walker had standing to bring a §1986 claim against the County, she would be time barred by the requisite statute of limitations. Conspiracy claims brought under §1986 have a statutorily mandated limitation that it must be brought within one year after the cause of action accrued. 42 USCA §1986. Walker admits that she last worked for the County in 2020, therefore her § 1986 claims are time barred, and Walker has failed to state a claim against the County for which relief can be granted. Further, the County has not participated in the ADOC work program since March of 2020; therefore, all Plaintiffs are time-barred and have failed to state a claim against the County for which relief can be granted under Count XI of the Complaint.

### C. The Complaint is a shot-gun pleading

The Complaint is replete with conclusory, vague, and immaterial facts, and asserts multiple claims against multiple defendants without specifying which defendants are responsible for which acts. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).  Plaintiffs' Complaint takes the unique approach of not only providing pages of conclusory, vague and immaterial facts, but it also takes factual allegations against one Defendant and unilaterally applies those same facts against every other Defendant regardless of whether there is any actual knowledge, intent, or other related connection linking the allegation to the Defendant. Plaintiffs' Complaint is a shot gun pleading.

### Conclusion

Neither Walker nor any other Plaintiffs have stated a claim against the County upon which relief can be granted.  Therefore, the County is due to be dismissed with prejudice from the instant lawsuit.

*Respectfully Submitted*

*/s/ Shawnna H. Smith*
Shawnna H. Smith
Attorney for Jefferson County

Office of the Jefferson County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
Phone:        (205) 325-5688
Fax:           (205) 325-5840
Email:        smithsha@jccal.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Shawnna H. Smith*
OF COUNSEL