## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT EARL COUNCIL AKA** | ) | |
| **KINETIK JUSTICE,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:23-cv-712-CLM-JTA** |
| | ) | |
| **KAY IVEY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MASONITE CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' COUNSEL'S MOTION FOR *EX PARTE* PROCEEDINGS

Defendant Masonite Corporation submits this response in opposition to the Law Firms' motion for *ex parte* proceedings to respond to Bullock's allegations. (Doc. 293 at 2; *see also* Doc. 282 at 2–3).

Bullock accused the Law Firms of fabricating a key allegation—one repeated against every other employer defendant and relied on heavily in Plaintiffs' motion-to-dismiss opposition. Bullock's public accusation waived any privilege or confidentiality concerning the subjects of his letters. While the Law Firms assert that portions of the hearing *may* implicate privileged or confidential matters as to other Plaintiffs, those issues can and should be handled if and when they arise.

The Law Firms bear the burden to demonstrate a need for *in camera* review. *See United States v. Zolin*, 491 U.S. 554, 575 (1989); *Campero USA Corp. v. ADS*

*Foodservice, LLC*, 916 F. Supp. 2d 1284, 1288 n.4 (S.D. Fla. 2012) (courts "try to avoid *ex parte* proceedings, including *in camera* review"). They cite neither cases nor facts to carry this burden. Moreover, the Law Firms do not show why privilege concerns cannot be handled as they arise—even though courts assess evidentiary privileges on a document-by-document or issue-by-issue basis. *See In re Renco Grp. Inc.*, 164 F.4th 1336, 1344, 1347 (11th Cir. 2026); *see also United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) ("[C]laims of attorney-client privilege must be asserted document by document, rather than as a single, blanket assertion."). They urge that proceeding without the defendants would alleviate privilege concerns, but handling issues as they arise is both an equally effective and a less restrictive way to handle those issues. The Law Firms cite no facts, attach no declarations, and establish no specific privilege for any specific issue.

The Law Firms' categorical approach to privilege assertion cannot work here because Bullock has waived the privilege at least as to the matters raised in his multiple submissions. (*See* Docs. 273, 277). The privilege belonged to Bullock. *United States v. Noriega*, 917 F.2d 1543, 1551 (11th Cir. 1990).[1] Neither the Law Firms nor the other Plaintiffs can preclude Bullock from waiving privilege for *his* communications. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 363 (3d Cir.

---

[1] Federal law governs because this Court is exercising federal question jurisdiction. *United States v. Gumbaytay*, 276 F.R.D. 671, 673 (M.D. Ala. 2011).

2007) (joint-client arrangement); *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 609 (S.D. Fla. 2013) (common-legal-interest arrangement).

Bullock waived his attorney-client privilege (and expectation of confidentiality) when he intentionally disclosed information to the Court, the defendants, and the public. *See, e.g.*, *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987); *In re Grand Jury Subpoena*, 204 F.3d 516, 522 (4th Cir. 2000) ("[A party] must choose between confidentiality and disclosure. He cannot have both."). Bullock's letter of November 28, 2025, waived privilege as to his communications with the Law Firms concerning the allegation that Bullock was "regularly threatened" by supervisors at the Governor's Mansion. (Doc. 273). His letter of December 23, 2025, similarly waived privilege as to what he alleged to be the Law Firms' "false presentation of an allegation" and their attempt to have Bullock submit an administrative grievance. (Doc. 277).

Bullock's public disclosure operates as a waiver as to the entire subject matter of his accusations. *See* FED. R. EVID. 502(a). His disclosures were intentional and not inadvertent. *See* FED. R. EVID. 502(a)(1). Any other communications or information about the basis for the allegation made on his behalf regarding the "regular threats" paragraph would involve "the same subject matter." *See* FED. R. EVID. 502(a)(2). And those "communication[s] or information" "ought in fairness to be considered together." *See* FED. R. EVID. 502(a)(3).

3

As to the fairness factor, the boilerplate allegation that Bullock says is fabricated (FAC ¶ 441) is repeated against every other employer defendant. Masonite addressed these allegations in its briefs. (Doc. 247 at 20–21; Doc. 259 at 10–11). And Plaintiffs relied heavily on their regular-threats allegations in their omnibus opposition. (Doc. 252 at 44–57). Implausibility was evident *before* Bullock accused the Law Firms of inventing these allegations—that issue is now at the forefront of this case. Bullock's waiver "extends to all communications concerning the same subject matters" as his accusations. *Wilcox v. Andalusia City Schs. Bd. of Educ.*, 682 F. Supp. 3d 1019, 1037 (M.D. Ala. 2023).

The issues raised by Bullock are also relevant to issues that will have to be litigated if any portion of this case survives the pending motions to dismiss. While discovery has not yet commenced, Plaintiffs have pleaded their case as a class action, which puts the adequacy of putative class counsel at issue. FED. R. CIV. P. 23(a)(4).

Additionally, the Law Firms' desire to exclude defendants from the hearing is aimed at continuing to represent the other Plaintiffs, not protecting Bullock's already-waived privilege. Any ethical issue that arises from the Law Firms' joint representation of multiple Plaintiffs whose interests have diverged can—and, perhaps, must—be handled by withdrawing. *See* ALA. R. PROF. CONDUCT 1.7, 2.2(c). In any event, such ethical issues should not be used to prevent Masonite from attending a hearing about issues that affect Masonite.

In sum, the Court should deny the Law Firms' motion to exclude Masonite and the other defendants from proceedings investigating Bullock's accusations. Doing so would be tantamount to categorically ruling that *all* communications concerning Bullock and *anything* he or the Law Firms might be required to disclose are privileged and confidential. That conclusion is irreconcilable with Bullock's waiver and with the Law Firms' burdens to (1) demonstrate that *in camera* review is appropriate and (2) show on an issue-by-issue basis that an evidentiary privilege applies. The Law Firms' motion does not discharge those burdens.

Candor requires acknowledging that thorny privilege issues may arise. But this hearing is the opposite of a speculative fishing expedition. To the contrary, there is already a big fish in the boat. A Plaintiff in this case has accused the lawyers suing Masonite of fabricating a factual allegation made in common to the employer defendants. Masonite should not be categorically excluded from the entire hearing, which will address communications for which Bullock waived his privilege and right to confidentiality. The adversarial nature of federal judicial proceedings gives Masonite a right to attend and address privilege issues as they arise.

## CONCLUSION

For the reasons above, the Court should deny the Law Firms' motion for an *in camera* hearing. (Doc. 293; *see also* Doc. 282).

Dated: March 4, 2026              Respectfully submitted,

                                        */s/ George R. Parker*
                                        George R. Parker
                                        BRADLEY ARANT BOULT CUMMINGS LLP
                                        445 Dexter Avenue, Ste. 9075
                                        Montgomery, AL 36104
                                        Phone: (334) 956-7607
                                        gparker@bradley.com

                                        */s/ J. Thomas Richie*
                                        J. Thomas Richie
                                        W. Chadwick Lamar, Jr.
                                        BRADLEY ARANT BOULT CUMMINGS LLP
                                        1819 Fifth Avenue North
                                        Birmingham, AL 35203-2119
                                        Phone: (205) 521-8348
                                        trichie@bradley.com
                                        clamar@bradley.com

                                        *Counsel for Masonite Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2026, the foregoing was served via electronic delivery through the CM/ECF system, which will forward copies to all counsel of record.

*/s/ George R. Parker*

*Counsel for Masonite Corporation*
