

*Robert Earl Council, et. al., v. Kay Ivey, et al.,*

2:23-cv-712

# Issue #3:
# First Amended Complaint,
# *Is it severable?*

# Issue #3: Amended Complaint

| Count | Set of Defendants |
| --- | --- |
| Count I: TVPA Perpetrator | All Defendants |
| Count II: TVPA Beneficiary | All Defendants |
| Count III: RICO | All Defendants |
| Count IV: Involuntary Servitude | Montgomery, Troy, Jefferson County, and all Private Employers |
| Count V: First Amendment Retaliation | Ivey and Hamm |
| Count VI: Ex Post Facto | State Defendants |
| Count VII: Equal Protection (Parole Denial) | State Defendants |
| Count VIII: Equal Protection (Parole Reconsideration) | State Defendants |
| Count IX: Substantive Due Process | State Defendants |
| Count X: 42 U.S.C. § 1985(2), (3) Conspiracy | State Defendants |
| Count XI: 42 U.S.C. § 1985(3) Conspiracy | Ivey and Marshall |
| Count XII: Unjust Enrichment | Public and Private Employer Defendants |

# Issue #3: Amended Complaint

| Count | Set of Defendants |
|---|---|
| Count I: TVPA Perpetrator | All Defendants |
| Count II: TVPA Beneficiary | All Defendants |
| Count III: RICO | All Defendants |
| Count IV: Involuntary Servitude | Montgomery, Troy, Jefferson County, and all Private Employers |
| Count V: First Amendment Retaliation | Ivey and Hamm |
| Count VI: Ex Post Facto | State Defendants |
| Count VII: Equal Protection (Parole Denial) | State Defendants |
| Count VIII: Equal Protection (Parole Reconsideration) | State Defendants |
| Count IX: Substantive Due Process | State Defendants |
| Count X: 42 U.S.C. § 1985(2), (3) Conspiracy | State Defendants |
| Count XI: 42 U.S.C. § 1985(3) Conspiracy | Ivey and Marshall |
| Count XII: Unjust Enrichment | Public and Private Employer Defendants |

# Issue #3:
## First Amended Complaint,
### *Is it a Shotgun Pleading?*

# Issue #3: Shotgun Pleading



Ballooning of the Complaint

Legend: ■ Original Complaint  ■ Amended Complaint

# Issue #3: Shotgun Pleading
## *Cut-and-paste "facts"*

An Employer Defendant "regularly threatened" class members "with violence, loss of privileges, extension of sentences, and solitary confinement" if the class members refused to work:

¶ 422: ALDOT,
¶ 429 Montgomery,
¶ 432 Troy,
¶ 436 Jefferson County,
¶ 441 Governor's Mansion
¶ 504 Gemstone
¶ 515 Ju-Young,
¶ 521 SL Alabama,
¶ 527 Hwaseung,
¶ 541 CBAK,
¶ 545 Wendy's,
¶ 554 Masonite

# Issue #3: Shotgun Pleading
## *Cut-and-paste "facts"*

An Employer Defendant's supervisor "regularly threatened [the Defendant's] incarcerated workforce with the adverse consequences they would suffer, including likely violence, from ADOC," if inmates questioned working conditions or engaged in disorderly conduct:

¶ 535 Progressive,
¶ 550 KFC,
¶ 562 Cast,
¶ 566 Southeastern Meats,
¶ 572 Koch,
¶ 578 Bama Budweiser,
¶ 585 Paramount.

# Issue #3: Shotgun Pleading *Over-Incorporation*

**COUNT I**

**Violation of the Trafficking Victims Protection Act (TVPA), <u>18 U.S.C. §1589(a)</u>**

**By Plaintiffs Moore, Walker, Cole, McDole, Campbell, Ptomey, Pritchett, English, Cartwright, Mason, Dandridge, Ball, Rashaad Clark, Morrissey, Prewitt, Trevion Clark, Jarmon, Evans, Bullock, and Thomas on Behalf of Themselves and the Forced Labor Class, USSW, and RWDSU**

**Against All Defendants**

764.    Plaintiffs incorporate the allegations in paragraphs 1–4, 11–222, 226–747 and 752–63 by reference.

# Issue #3: Shotgun Pleading
## *Over-Incorporation*

**COUNT I**

**Violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1589(a)**
**By Plaintiffs Moore, Walker, Cole, McDole, Campbell, Ptomey, Pritchett, English,**
**Cartwright, Mason, Dandridge, Ball, Rashaad Clark, Morrissey, Prewitt, Trevion Clark,**
**Jarmon, Evans, Bullock, and Thomas on Behalf of Themselves and the Forced Labor**
**Class, USSW, and RWDSU**
**Against All Defendants**

764.    Plaintiffs incorporate the allegations in paragraphs 1–4, 11–222, 226–747 and 752–63 by reference.

| Employer Defendant | Allegations Supporting Violation of 18 U.S.C. §1589(a) |
|---|---|
| Governor's Mansion, through Governor Ivey | Parties: Parts **I.T.** (Bullock, ¶¶172, 177), **II.A.** (Ivey) |
| | Factual Allegations: Parts I.B., I.C., II.A., II.B., II.D., **II.D.5.e.**, II.F., III.A., III.B. |
| ADOC, through Commissioner Hamm | Parties: Parts **I.B.** (Moore, ¶¶11-16), **I.C.** (Walker, ¶¶17-20), **I.D.** (Cole, ¶¶21-34), **I.E.** (Ptomey, ¶¶35-43), **I.F.** (McDole, ¶¶44-51), **I.G.** (Campbell, ¶¶52-61), **I.H.** (Pritchett, ¶¶62-73), **I.I.** (English, ¶¶74-85), **I.J.** (Cartwright, ¶¶86-89), **I.K.** (Mason, ¶¶90-94), **I.L.** (Dandridge, ¶¶95-105), **I.M.** (Ball, ¶¶106-15), **I.N.** (R. Clark, ¶¶116-34), **I.O.** (Morrissey, ¶¶135-38), **I.P.** (Prewitt ¶¶139-48), **I.Q.** (T. Clark, ¶¶149-58), **I.R.** (Jarmon, ¶¶159-64), I.S. (Evans, ¶¶165-70), I.T. (Bullock, ¶¶171-77), **I.U.** (Thomas, ¶¶178-89), I.Y. (McCorvey, ¶¶193-97), **II.E.** (Hamm) |
| | Factual Allegations: Parts I., II.A., **II.B.**, **II.C.**, II.F., **III.A.**, **III.B.**, III.C. |

767.    Violations of 18 U.S.C. §1589(a)(1) by Employer Defendants.  Each Public Employer Defendant and Private Employer Defendant knowingly obtained and secured labor and/or services of at least one Forced Labor Named Plaintiff and members of the Forced Labor Class by means of force, threats of force, physical restraint, and threats of physical restraint directed to those persons, as detailed in paragraphs 11–189, 193–97, 206–22 and 229–90, and 361–626 above, and referenced in the chart below.

768.    Violations of 18 U.S.C. §1589(a)(2) by State Defendants.  Defendants Ivey, Marshall, Hamm, Gwathney, and the associate Parole Board members knowingly obtained and provided labor and/or services of Forced Labor Named Plaintiffs and the Forced Labor Class Members by means of serious harm or threats of serious harm to those persons, including physical, psychological, or reputational harm sufficiently serious under the totality of

FIRST AMENDED COMPLAINT; Case No. 2:23-cv-712-CLM
252

769.    Violations of 18 U.S.C. §1589(a)(2) by Employer Defendants.  Each Public Employer Defendant and Private Employer Defendant knowingly obtained and provided labor and/or services of at least one Forced Labor Named Plaintiff and members of the Forced Labor Class by means of serious harm or threats of serious harm to those persons, including physical, psychological, economic, or reputational harm sufficiently serious under the totality of circumstances to compel a reasonable person to perform or continue performing labor or services in order to avoid incurring those harms, as detailed in paragraphs 11–189, 193–97, 206–22 and 229–90, and 361–626 above, and referenced in the chart below.

770.    Violations of 18 U.S.C. §1589(a)(3) by State Defendants.  Defendants Ivey, Marshall, Hamm, Gwathney, and the associate Parole Board members knowingly obtained and provided labor and/or services of Forced Labor Named Plaintiffs and the Forced Labor Class Members by means of the abuse or threatened abuse of law or legal process, including in

FIRST AMENDED COMPLAINT; Case No. 2:23-cv-712-CLM
253

circumstances to compel a reasonable person to perform or continue performing labor or services in order to avoid incurring those harms, as demonstrated by the allegations set forth in paragraphs 11–189, 193–97, 200–04, and 226–747 above, which mean, *inter alia*, how Defendants Ivey, Marshall, and Hamm took actions to provide and secure the labor and services of Forced Labor Named Plaintiffs and Forced Labor Class Members by serious harm, including the threat of and consistent exercise of violence and maintenance of violent, deadly detention conditions at ADOC medium- and high-security facilities, and deprivation of bare necessities, medical treatment, and visitation privileges, psychological trauma, and economic harms, and the threat thereof; and how Defendants Gwathney and the associate Parole Board members took action to secure such coerced labor and services by threatening incarcerated workers who refuse or are not able to work with increased detention and physical harm, through denial of parole release, including Named Plaintiffs Cole, McDole, Campbell, Ptomey, Pritchett, Cartwright, Mason, Dandridge, Ball, Rashaad Clark, Morrisey, Prewitt, Trevion Clark, Jarmon, Evans, Bullock, Thomas, and Forced Labor Class Members who are eligible for parole, *see supra* ¶¶641–747.

particular by abusing the parole process through the racially discriminatory and arbitrary, capricious, flagrant, and unauthorized denial of lawful parole consideration and/or parole release to and delay of parole reconsideration dates for Black incarcerated people, in a manner contrary to the purpose for which the parole law was designed, for the purpose of ensuring the availability of incarcerated labor for the State and for work-release employers, as demonstrated by the allegations set forth in paragraphs 11–189, 193–97, 200–04, and 226–747 above.

771.    Violations of 18 U.S.C. §1589(a)(4) by State Defendants.  Defendants Ivey, Marshall, and Hamm knowingly obtained and provided labor and/or services of Forced Labor Named Plaintiffs and the Forced Labor Class Members by means of a scheme, plan, or pattern intended to cause these Plaintiffs and the Forced Labor Class Members to believe that, if they did not perform such labor or services, they would suffer serious harm or physical restraint, including serious physical, psychological, financial, or reputational harm, as demonstrated by the allegations set forth in paragraphs 11–189, 193–97, 200, 201, 204, and 226–747 above.

772.    Violations of 18 U.S.C. §1589(a)(4) by Employer Defendants.  Each Public Employer Defendant and Private Employer Defendant knowingly obtained and provided labor and/or services of at least one Forced Labor Named Plaintiff and members of the Forced Labor Class by means of a scheme, plan, or pattern intended to cause these Plaintiffs and the Forced Labor Class Members to believe that, if they did not perform such labor or services, they would suffer serious harm or physical restraint, including serious physical, psychological, financial, or reputational harm, as detailed in paragraphs 11–189, 193–97, 206–22, 229–290, and 361–626 above, and referenced in the chart below.

# Count I: TVPA Perpetrator (§ 1589(a)(1))

## _Count I: Violations of 18 U.S.C. § 1589(a)(1)_

- Plaintiffs _____ bring this count under 18 U.S.C. §§ 1589(a)(1), 1595(a), which prohibit persons from obtaining another person's services by means of force, threats of force, physical restraint, or threats of physical restraint.

- These defendants are liable to one or more plaintiffs because each violated 18 U.S.C. §§ 1589(a)(1), 1595(a): _____

- For each violation/defendant, plead the specific facts that would prove elements:
  1) Defendant(s) provided or obtained the labor or services of a Named Plaintiff
  2) Defendant(s) did so 'by means of' force, threats of force, physical restraint, or threats of physical restraint
  3) Defendant(s) did so 'knowingly.'

  _See Bates v. Sequel Youth & Family Servs., LLC_, 2024 WL 3316989, at *6 (N.D. Ala. July 5, 2024) (listing the elements).

# Count II: TVPA Perpetrator (§ 1589(a)(2))

## *Count II: Violations of 18 U.S.C. § 1589(a)(2)*

- Plaintiffs _____ bring this count under 18 U.S.C. §§ 1589(a)(2), 1595(a), which prohibit persons from obtaining another person's services by means of serious harm or threats of serious harm.

- These defendants are liable to one or more plaintiffs because each violated 18 U.S.C. §§ 1589(a)(2), 1595(a): _____

- For each violation/defendant, plead the specific facts that would prove elements:
    1) Defendant(s) provided or obtained the labor or services of a Named Plaintiff
    2) Defendant(s) did so 'by means of' serious harm or threats of serious harm
    3) Defendant(s) did so 'knowingly.'

    *See Bates v. Sequel Youth & Family Servs., LLC*, 2024 WL 3316989, at *6 (N.D. Ala. July 5, 2024) (listing the elements).

Count I: TVPA Perpetrator (§ 1589(a)(1))

Count II: TVPA Perpetrator (§ 1589(a)(2))

Count III: TVPA Perpetrator (§ 1589(a)(3))

Count IV: TVPA Perpetrator (§ 1589(a)(4))

—

Count V: TVPA Beneficiary (§ 1589(b))

# Count V: TVPA Beneficiary (§ 1589(b))

## *Count V: Violations of 18 U.S.C. § 1589(b)*

- Plaintiffs _____ bring this count under 18 U.S.C. §§ 1589(b), 1595(a), which prohibit persons from participating in a venture that has engaged in providing or obtaining services as prohibited in 18 U.S.C. § 1589(a).

- These defendants are liable to one or more plaintiffs because each violated 18 U.S.C. §§ 1589(b), 1595(a): _____

- For each violation/defendant, plead the specific facts that would prove elements:
  1) Defendant(s) knowingly benefitted
  2) From taking part in a common undertaking or enterprise involving a risk of loss or potential profit
  3) The undertaking or enterprise violated the TVPA
  4) Defendant(s) knew or had constructive knowledge that the undertaking or enterprise violated the TVPA

*See Doe #1 v. Red Roof Inns, Inc.* 21 F.4th 714, 726 (CA11 2021)

# Issue #3:
# First Amended Complaint,
# *Special matters—RICO*

# Count III: RICO (18 U.S.C. § 1962(c))

## Elements:

Defendant(s)
(1) operated or managed
(2) an enterprise
(3) through a pattern
(4) of racketeering activity that included at least two predicate acts of racketeering, which
(5) caused injury to the business or property of the plaintiff.

  *See Cisneros v. Petland, Inc.,* 972 F.3d 1204, 1211 (11th Cir. 2020).

When pleading an association-in-fact enterprise, a plaintiff must also allege that the association of persons shares these three features:
(1) a 'purpose,'
(2) 'relationships among those associated with the enterprise,' and
(3) 'longevity sufficient to permit these associates to pursue the enterprise's purpose.'

  *See id.*

# Count III: RICO (18 U.S.C. § 1962(c))

- Too vague: "Defendants conduct and participate, directly or indirectly, in the conduct of the Enterprise through a pattern of thousands of acts of racketeering activity" (¶ 796).

- Too vague: "as detailed in Claims I and II above," Defendants "committed multiple related acts" of TVPA violations (¶ 797).

If RICO count goes to trial, I will instruct the jury that to find a Defendant liable for violating RICO they must unanimously agree on which two or more predicate acts made up that Defendant's pattern of racketeering activity.
    *See* 11th Cir. Pattern Jury Instr. 7.3.

So you must PLEAD the specific predicate acts that each Defendant is responsible for, with enough facts for each predicate act that would make it indictable as a crime.

# Closing Thoughts

# Closing Thoughts

- Apply the same format and principles to all counts.

- Do not incorporate ALL facts. Plead only those facts needed for that claim.

- Court stands by its earlier determination that the counts brought against the State Defendants alone (Counts V–XI) aren't shotgun pleadings because they are "informative enough to permit a court to readily determine if they state a claim upon which relief can be granted."
  - But they could be better pleaded using the same rules / format.

—

- When briefing, be careful of the footnotes.
  - Example: 185 footnotes in a 150-page brief.



*Robert Earl Council, et. al., v. Kay Ivey, et al.,*

2:23-cv-712