IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT EARL COUNCIL aka KINETIK JUSTICE, *et al.*,<br><br>               Plaintiffs,<br><br>     v.<br><br>KAY IVEY, *et al.*,<br><br>               Defendants. | Case No. 2:23-cv-00712-CLM-JTA<br><br>CLASS ACTION<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SEVER CLAIMS** |

**TO THE CLERK OF THE COURT, DEFENDANTS, AND ALL PARTIES AND COUNSEL:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 21, Plaintiffs Robert Earl Council aka Kinetik Justice; Lee Edward Moore Jr.; Lakiera Walker; Jerame Aprentice Cole; Frederick Denard McDole; Michael Campbell; Arthur Charles Ptomey Jr.; Lanair Pritchett; Alimireo English; Toni Cartwright; Turner Mason; Danny Dandridge; Zackary Ball; Rashaad Clark; Deckrice Morrissey; Eric Prewitt; Trevion Clark; Larry Darnell Jarmon Jr.; Cordarius Evans; Victor Thomas; Union of Southern Service Workers, Service Employees International Union; Retail, Wholesale and Department Store Union, Mid-South Council; and The Woods Foundation ("Plaintiffs") hereby respectfully move this Court to sever Plaintiffs' claims relating to the administration of Alabama's parole system (Counts VI-XI in the First Amended Complaint, ECF No.

219) from Plaintiffs' claims arising out of Defendants' alleged obtaining, provision of, and benefit from the forced labor and involuntary servitude of Plaintiffs and members of the putative class (Counts I-V and XII in the First Amended Complaint), so that Plaintiffs, having been provided leave to amend their claims (ECF No. 302), may allege their amended claims in two separate complaints. If Plaintiffs' motion to sever is granted, Plaintiffs also request to extend the deadline to file the complaint including their forced labor claims to July 1, with responses to that complaint due by July 24, a consolidated opposition to any motions to dismiss due August 21, and any replies due September 11, 2026. Plaintiffs' motion is based upon this Notice of Motion and Motion and the attached Memorandum of Points and Authorities.

No Defendant opposes Plaintiffs' motion to sever. Defendants Ivey, Marshall, Parole Board members, Hamm, Cooper, City of Montgomery, City of Troy, Jefferson County, RCF, LLC d/b/a Gemstone Foods, LLC, Koch Foods, LLC, Ju-Young Manufacturing America, Inc., SL Alabama, LLC, Hwaseung Automotive USA, LLC, Progressive Finishes, Inc., C.B.A.K. d/b/a McDonald's, Southeast Restaurant Group-Wen LLC d/b/a Wendy's, Pell City Kentucky Fried Chicken, Inc. d/b/a/ Kentucky Fried Chicken d/b/a KFC, Masonite Corporation, Cast Products, Inc., Southeastern Meats, Inc., and Paramount Services, Inc. do not oppose Plaintiffs' proposed schedule. Defendant Bama Budweiser of Montgomery,

Inc., opposes Plaintiffs' proposed changes to the schedule for the complaint focused on forced labor.

Respectfully submitted,

DATED: May 7, 2026          /s/ Amanda C. Lynch

MICHAEL RUBIN (CA SBN 80618)*
BARBARA J. CHISHOLM (CA SBN 224656)*
CONNIE K. CHAN (CA SBN 284230)*
AMANDA C. LYNCH (CA SBN 318022)*
EMANUEL WADDELL (CA SBN 350156)*
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Email: mrubin@altber.com;
bchisholm@altber.com;
cchan@altber.com; alynch@altber.com;
ewaddell@altber.com

JANET HEROLD (CA SBN 186419)*
LUKE RYDER SANDOR (CA SBN 342618)*
JUSTICE CATALYST LAW
40 Rector Street, 9th Floor
New York, NY 10008
Telephone: (518) 732-6703
Email: jherold@justicecatalyst.org;
lsandor@justicecatalyst.org

*Appearing pro hac vice

Counsel for Plaintiffs and the Proposed Classes and Subclasses

GEORGE N. DAVIES (SBN ASB-3923-A63G)

RICHARD P. ROUCO (SBN ASB-6182-R76R)
QUINN, CONNOR, WEAVER, DAVIES & ROUCO LLP
2 – 20th Street North, Suite 930
Birmingham, AL 35203
Telephone: (205) 870-9989
Email: gdavies@qcwdr.com; rrouco@qcwdr.com

*Counsel for Plaintiffs RWDSU and USSW*

## MEMORANDUM OF POINTS AND AUTHORITIES

At the March 10, 2026 status conference, the Court granted Plaintiffs leave to amend their complaint and raised the possibility of Plaintiffs agreeing to sever their claims and proceed with two separate cases. In light of the Court's guidance, and in an effort to facilitate the efficient adjudication of Plaintiffs' claims, Plaintiffs hereby move to sever their claims into two separate cases.[1] Consistent with the Court's categorization of Plaintiffs' claims, Plaintiffs propose that one case include claims concerning the administration of the parole system (Counts VI-XI of the First Amended Complaint, ECF No. 219, hereinafter "the Parole Claims") and the other case include Plaintiffs' claims relating to the obtaining, provision and use of, as well as benefit from, forced labor performed by workers incarcerated by the Alabama Department of Corrections (Counts I-V and XII of the First Amended Complaint, hereinafter "the Forced Labor Claims").

In conjunction with this motion to sever, Plaintiffs also seek minor adjustments to the case schedule. These proposed adjustments, which would provide a short extension of time to file the Forced Labor Claims, are intended to

---

[1] In amending the complaint, Plaintiffs anticipate updating their allegations to include the current members of the Parole Board and reserve all rights to amend the factual allegations, parties, and claims at issue in each of the two proposed cases as Plaintiffs continue their evaluation of the facts, law, and the Court's recent guidance.

minimize delay in adjudicating the Parole Claims while permitting Plaintiffs sufficient time to incorporate the Court's guidance on the Forced Labor Claims and engage in discussions with certain Defendants regarding the facts relevant to the Forced Labor Claims, which may impact the content of the complaint setting forth those claims.

## BACKGROUND

During the March 10, 2026 Status Conference, the Court raised the idea of severing the claims in Plaintiffs' case into two separate cases. *See* Mar. 10, 2026 Tr. 53:2-7, 53:20-21, 54:22-55:3. Specifically, the Court suggested that the case could be severed such that one case would address Plaintiffs' claims primarily focused on Alabama's parole practices, with the second addressing Plaintiffs' claims primarily concerning the provision and use of, and benefit from, incarcerated workers' forced labor. *See* Mar. 10, 2026 Tr. 52:25-53:7; *see also* ECF No. 302-1 at 4 (accompanying PowerPoint).

During that same Status Conference, the Court dismissed named Plaintiff Michael Bullock at his request and provided additional guidance to Plaintiffs' counsel regarding the approach to pleading a Second Amended Complaint that would best allow the Court to evaluate Plaintiffs' claims. *See* Tr. 58:18-61:3, 62:3-66:20, 66:22-68:11, 68:15-69:8; ECF No. 302-1 at 5-20.

Also during the March 10 status conference, Plaintiffs' counsel invited Defendants to reach out to Plaintiffs' counsel with any information regarding cessation of their participation in the Alabama Department of Corrections' incarcerated labor programs. *See* Tr. 72:22-73:4.

In light of the Court's guidance, and in anticipation of amending Plaintiffs' allegations to take account of intervening events and the Court's instructions, Plaintiffs now file this motion, resolution of which will inform the drafting of Plaintiffs' amended complaint(s).

## ARGUMENT

**I.   Severance of Plaintiffs' Claims Is Warranted.**

Because severing Plaintiffs' Parole Claims from the Forced Labor Claims would support the efficient adjudication of all claims at issue and would not substantially prejudice any party, the Court should grant Plaintiffs' motion. Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Severance of claims, which creates "two separate proceedings," may be appropriate "so long as the claims are 'discrete and separate.'" *Hofmann v. EMI Resorts, Inc.*, No. 09-20526-CIV, 2010 WL 9034908, at *1 (S.D. Fla. July 21, 2010) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). Relevant factors in assessing a motion to sever include "(1) 'the interest of

avoiding prejudice and delay;' (2) 'ensuring judicial economy;' (3) 'safeguarding principles of fundamental fairness;' and (4) 'whether different witnesses and documentary proof would be required for plaintiffs' claims.'" *Davis v. GEICO Gen. Ins. Co.*, No. 12-80487-CIV, 2013 WL 12131319, at *2 (S.D. Fla. Oct. 28, 2013) (quoting *Hofmann*, 2010 WL 9034908, at *1). "[O]ther factors that may be taken into account are 'whether the claims arise from the same transaction or occurrence, whether they present some common question of law or fact, whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the claim is severed.'" *Nelson v. Blue Eyed Holdings, Inc.*, No. 13-60569-CIV, 2013 WL 6238056, at *4 (S.D. Fla. Dec. 3, 2013) (quoting *Hartley v. Clark,* No. 3:09cv559/RV/EMT, 2010 WL 1187880, at *4 (N.D. Fla. Feb. 12, 2010)). Ultimately, whether to grant a request to sever is within the district court's "broad discretion." *Hofmann*, 2010 WL 9034908, at *1 (quoting *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983)); *see also Fisher v. Ciba Specialty Chemicals Corp.*, 245 F.R.D. 539, 541-42 (S.D. Ala. 2007) ("The determination of whether to grant a motion to sever is left to the discretion of the trial court."); *West v. Janssen Pharms., Inc.*, No. 2:15-CV-553-WKW-DAB, 2017 WL 3492871, at *2 (M.D. Ala. Aug. 4, 2017), *report and recommendation adopted*, 2017 WL 3976294 (M.D. Ala. Sept. 8, 2017).

Plaintiffs' Parole Claims are sufficiently discrete and separate from the Forced Labor Claims to support severance. Although Plaintiffs have alleged that the facts underlying their Parole Claims—including discriminatory parole practices and dramatically reduced access to parole—are part of the overall system that coerces people incarcerated by the Alabama Department of Corrections to work, the legal claims that Plaintiffs propose including in the case focusing on the Parole Claims can be fully adjudicated separately from the Forced Labor Claims. That is, none of the Parole Claims (Counts VI-XI of the First Amended Complaint) depend upon the outcome of the Forced Labor Claims (Counts I-V and XII of the First Amended Complaint), and vice versa. *See Hofmann*, 2010 WL 9034908, at *1 ("[O]ne claim must be capable of resolution despite the outcome of the other claim." (quoting *Rice*, 209 F.3d at 1016)). Thus, although Plaintiffs' claims were appropriately joined at the outset, the Court may properly grant Plaintiffs' request to sever at this time given the distinct and separate nature of the two groups of claims identified by the Court and the other factors relevant to severance discussed below. *See Sussman v. Sec'y, Fla. Dep't of Corr.*, No. 20-14152, 2022 WL 53608, at *1 (11th Cir. Jan. 6, 2022) ("Even if claims are properly joined, a district court retains discretion to sever distinct and separate claims." (citing Fed. R. Civ. P. 21 and 42(b))).

Severing the Parole Claims from the Forced Labor Claims would promote judicial economy and streamline the proceedings in each case. Based on the facts presently available to Plaintiffs, Plaintiffs anticipate that severance would create two cases that would each be more easily managed than the current larger case. Most prominently, as the Court identified during the recent Status Conference, the Parole Claims are directed against a smaller group of State Defendants: Governor Ivey, Attorney General Marshall, and members of the Parole Board. Narrowing the issues and Defendants in the Parole Claims case would simplify case management, including motion practice, discovery, and trial. Separating out the Forced Labor Claims would also meaningfully reduce the number of claims at issue in the case involving the larger group of private and public employer Defendants. Limiting the claims at issue in the case against this larger group would simplify proceedings in the Forced Labor case as well.

Further, although certain State witnesses and records may be pertinent to both proposed cases, the factual records relevant to each proposed case will focus primarily on different witnesses and documentary proof. The factual record relevant to the Parole Claims centers on the actions of the Parole Board, Governor, and Attorney General. The factual record relevant to the Forced Labor Claims focuses on Defendants' knowledge of and participation in the forced-labor scheme alleged in the First Amended Complaint, and thus will implicate different witnesses

and documentary evidence. Because the overlap in the relevant evidence for each proposed case is likely to be minimal, there is little risk of duplication. And, if each case is limited to the Parole Claims and the Forced Labor Claims, respectively, the smaller factual record relevant to each case is likely to be more manageable for the respective factfinders.

Severance is also consistent with fundamental fairness and will not substantially prejudice any party. When claims are severed, they are deemed to date back to their original filing date for statute of limitations purposes. *See, e.g.*, *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) ("[W]hen a court 'severs' a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." (citations omitted)); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("As an offshoot of the original suit, Elmore's separate, severed suit, though separate from the original suit for other purposes, would not have affected the tolling of the statute of limitations by the original suit. That is, it would have been a continuation of the original suit so far as he was concerned."); *Strandlund v. Hawley*, 532 F.3d 741, 746 (8th Cir. 2008); *Ball v. McCoullough*, No. 2:16-CV-01425-RDP, 2017 WL 4650696, at *4 (N.D. Ala. Oct. 17, 2017) (citing *DirecTV, Inc.*, 467 F.3d at 845); *Harris v. Johnson's Giant Foods, Inc.*, No. 2:16-

CV-01646-RDP, 2017 WL 1372778, at *4 (N.D. Ala. Apr. 17, 2017). So long as Plaintiffs' claims relate back to their original filing dates, as they should here,[2] the only prejudice Plaintiffs face is the resources they will dedicate to repleading their claims in two separate cases, which is outweighed by the benefits of streamlining each proceeding. The large majority of Defendants will face no prejudice at all if severance is granted, because the private and public employer Defendants will face a more limited case including fewer claims, issues, and parties. Similarly, the Parole Board members, whom Plaintiffs anticipate would be Defendants only to the Parole Claims, would be named only in a single, narrower complaint. Governor Ivey and Attorney General Marshall would formally be required to respond to two separate cases, but given the modest overlap in the two sets of claims, it is unlikely that addressing the claims in two cases rather than one consolidated case will make a material difference in terms of the resources required to respond. Under these circumstances, no reasonable concern regarding prejudice weighs against severance.

---

[2] If the Court were to conclude, contrary to the cited authority, that Plaintiffs' claims will *not* relate back to their original filing dates, Plaintiffs would withdraw their motion to sever. Given the amount of time that has passed since both the original complaint and the First Amended Complaint were filed, Plaintiffs would be substantially prejudiced in the absence of relation back.

## II.    If Severance Is Granted, There Is Good Cause to Adjust the Case Schedule to Facilitate Expedited Consideration of the Parole Claims and Revision of the Forced Labor Claims.

Granting Plaintiffs' motion would facilitate expedited consideration of the Parole Claims while permitting Plaintiffs sufficient time to address the Court's concerns, explore resolution, and consult with the relevant Plaintiffs with respect to the Forced Labor Claims. If Plaintiffs are permitted to sever and separately advance their Parole Claims, Plaintiffs expect to be in a position to file a separate complaint alleging those claims by the current amended complaint deadline (June 5, 2026). Given the newly narrowed scope of a Parole-Claims-only case, Plaintiffs also anticipate that adjudication of those claims could proceed more quickly.

Although severing the Parole Claims would require Plaintiffs to revise their existing complaint more substantially, it would also provide Plaintiffs an opportunity to prepare the additional detailed allegations regarding the Forced Labor Claims suggested by the Court's recent guidance, to continue discussions with certain Defendants that responded to Plaintiffs' invitation to discuss their use of incarcerated labor, and to engage in necessary consultation with Plaintiffs. Accordingly, if the Court grants Plaintiffs' motion, there is good cause to adjust the current schedule, and Plaintiffs respectfully request that the deadline to file an amended complaint addressing the Forced Labor Claims be extended from June 5 until July 1, 2026. Plaintiffs further propose that the deadline for Defendants'

responses to the Forced Labor complaint be set for July 24, 2026; that the deadline

for Plaintiffs' consolidated opposition to any motions be set for August 21, 2026;

and that the deadline for any replies be set for September 11, 2026.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court sever

Plaintiffs' Parole Claims from their Forced Labor Claims, provide Plaintiffs until

July 1, 2026 to file an amended complaint alleging their Forced Labor Claims, and

set the briefing scheduling requested herein.

Respectfully submitted,

DATED: May 7, 2026              /s/Amanda C. Lynch

MICHAEL RUBIN (CA SBN 80618)*
BARBARA J. CHISHOLM (CA SBN
224656)*
CONNIE K. CHAN (CA SBN 284230)*
AMANDA C. LYNCH (CA SBN 318022)*
EMANUEL WADDELL (CA SBN 350156)*
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Email: mrubin@altber.com;
bchisholm@altber.com;
cchan@altber.com; alynch@altber.com;
ewaddell@altber.com

JANET HEROLD (CA SBN 186419)*
LUKE RYDER SANDOR (CA SBN 342618)*
JUSTICE CATALYST LAW
40 Rector Street, 9th Floor
New York, NY 10008

Telephone: (518) 732-6703
Email: jherold@justicecatalyst.org;
lsandor@justicecatalyst.org

*Counsel for Plaintiffs and the Proposed Classes and Subclasses*

*\*Appearing pro hac vice*

GEORGE N. DAVIES (SBN ASB-3923-A63G)
RICHARD P. ROUCO (SBN ASB-6182-R76R)
QUINN, CONNOR, WEAVER,
DAVIES & ROUCO LLP
2 – 20th Street North, Suite 930
Birmingham, AL 35203
Telephone: (205) 870-9989
Email: gdavies@qcwdr.com;
rrouco@qcwdr.com

*Counsel for Plaintiffs RWDSU and USSW*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

- Counsel for Kay Ivey and Steve Marshall: Brad A. Chynoweth, brad.chynoweth@alabamaag.gov; Benjamin Matthew Seiss; ben.seiss@alabamaag.gov

- Counsel for Leigh Gwathney, Darryl Littleton, and Gabrelle Simmons: Gary Lee Willford, Jr., gary.willford@paroles.alabama.gov

- Counsel for John Hamm: Cameron Wayne Elkins, cameron.elkins@alabamaag.gov; Tara S. Hetzel, tara.hetzel@alabamaag.gov

- Counsel for John Cooper: Steven Anthony Higgins, higginss@dot.state.al.us; William Franklin Patty, pattyw@dot.state.al.us

- Counsel for City of Montgomery: Robert D. Segall, segall@copelandfranco.com; Shannon L. Holliday, holliday@copelandfranco.com; Stacy Lott Bellinger, sbellinger@montgomeryal.gov

- Counsel for City of Troy: Brad A. Everhardt, beverhardt@hillhillcarter.com; Randall C. Morgan, rmorgan@hillhillcarter.com

- Counsel for Jefferson County: Shawnna Hass Smith, smithsha@jccal.org

- Counsel for RCF, LLC d/b/a Gemstone Foods, LLC: Michael A. Heilman, mheilman@heilmanlawgroup.com

- Counsel for Koch Foods, LLC: Rachel V. Barlotta, rbarlotta@bakerdonelson.com; Kayla Michelle Wunderlich, kwunderlich@bakerdonelson.com

- Counsel for Ju-Young Manufacturing America, Inc.; SL Alabama, LLC; and Hwaseung Automative USA, LLC: Michael Lee Lucas, mlucas@burr.com, Allison Hawkins, ahawkins@burr.com; Ingu Hwang, ihwang@burr.com

- Counsel for Progressive Finishes, Inc.: David Nikolic, david.nikolic@ogletree.com; Josh Chandler Harrison, josh.harrison@ogletreedeakins.com

- Counsel for C.B.A.K, Inc. d/b/a McDonald's: Arnold William Umbach, III, tumbach@starneslaw.com; Grace Ann Azar, gazar@starneslaw.com

- Counsel for Southeast Restaurant Group-Wen LLC: Melisa C. Zwilling, mzwilling@carrallison.com

- Counsel for Masonite Corporation: George R. Parker, gparker@bradley.com; J. Thomas Richie, trichie@bradley.com; William Chadwick Lamar, Jr., clamar@bradley.com

- Counsel for Cast Products, Inc.: John Barksdale Holmes, III, jholmes@maynardnexsen.com; Thomas Julian Butler, tbutler@maynardnexsen.com; William Brock Phillips, bphillips@maynardnexsen.com

- Counsel for Southeastern Meats, Inc.: Taffiny Smith Stewart, tstewart@lgwmlaw.com; Elliot Britton Monroe, bmonroe@lgwmlaw.com; Sarah Grey Redmond, sredmond@lgwmlaw.com

- Counsel for Paramount Services, Inc.: Kyle Thomas Smith, kyle.smith@dentons.com

- Counsel for Bama Budweiser of Montgomery, Inc.: Aaron Gavin Mcleod, aaron.mcleod@arlaw.com; Jonathan Bain Metz, jonathan.metz@usaa.com; Robert Benjamin Thomas, III, ben.thomas@arlaw.com; Emily Danielle Robinson, emily.robinson@mablawfirm.com

- Counsel for Pell City Kentucky Fried Chicken, Inc. d/b/a Kentucky Fried Chicken, Inc.: Michael A. Heilman, mheilman@hnplawyers.com

I further certify that, shortly after this document is electronically filed, my office will mail by United States Postal Service the document and notice of electronic filing to the following:

- Terry Brantley
  Swift, Currie, McGhee & Hiers, LLP
  1420 Peachtree Street, NE
  Suite 800
  Atlanta, GA 30309

Respectfully submitted,

DATED: May 7, 2026          */s/Amanda C. Lynch*

Amanda C. Lynch (CA SBN 318022)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Email: alynch@altber.com