**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

ROBERT EARL COUNCIL AKA
KINETIK JUSTICE, *et al.,*

     Plaintiffs,

v.

KAY IVEY, et al.,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 2:23-CV-00712-CLM-JTA

**BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT
OF DEFENDANTS GOVERNOR KAY IVEY AND
ATTORNEY GENERAL STEVE MARSHALL**

Following this Court's order to sever, Plaintiffs (mostly) focus the Second Amended Complaint on allegations and claims "about the State of Alabama's administration of the parole system." Doc. 312 at 1. Those claims are familiar: two Ex Post Facto claims (Counts I & II), an Equal Protection claim (Count III), and a Substantive Due Process claim (Count IV). Doc. 313 at 3. And those familiar claims warrant dismissal of Governor Kay Ivey and Attorney General Steve Marshall, sued in their official capacities, for familiar reasons.

None of Plaintiffs' 279 allegations change what the Court has twice held: "Plaintiffs only have standing to sue the Parole Board members for parole related claims." Doc. 215 at 19 (MTD Order); Doc. 181 at 15 (PI Order) (holding that

1

"Plaintiffs lack standing to sue the Governor and Attorney General because … neither has the authority to force individual parole decision."). State law hasn't changed in the meantime: "[T]he decision concerning parole release [is] at the complete discretion of" the Parole Board. Ala. Code § 15-22-26(c). Causation and redressability are still lacking for those reasons. And those reasons entitle Ivey and Marshall to sovereign immunity and dismissal on the merits because they did not "subject[]" Plaintiffs to a constitutional deprivation under § 1983.

Plaintiffs' claims against Ivey and Marshall should be dismissed in full.

**Facts**

Under Alabama law, "the decision concerning parole release [is] at the complete discretion of" the three-member Parole Board. ALA. CODE § 15-22-26(c). The Board also has sole authority to decide the length of reset dates between parole considerations. *See* ALA. CODE § 15-22-37(b)(4); ALA. ADMIN CODE r. 640-X-3-.03. As Governor, Ivey appoints Board members, with the advice and consent of the Senate, and designates one Board member as Chair. ALA. CODe §§ 15-22-20(b), (d). Ivey also appoints an Executive Director to perform administrative functions, but these functions do not include the power to grant or deny parole. *Id.* §§ 15-22-21(a), (b). As Attorney General, Marshall must receive notice of a parole hearing before the Board can grant parole and may provide input on parole decisions. *Id.* §§ 15-22-23(b)(2); 15-22-36(d). Marshall's role before the Board is an extension of his general

2

duty to advocate for victims. *See, e.g., id.* §§ 15-23-83; 15-20A-41(c); 13A-6-157.1(b). However, neither Ivey nor Marshall has the power to grant or deny parole or decide reset dates—only the Board has these powers.

In 2018, Jimmy Spencer, a white man, murdered three people after he was released on parole and evaded supervision. Doc. 313 ¶ 103. In response, Governor Ivey and Attorney General Marshall summoned the members of the Board to a meeting in the Governor's office. *Id.* ¶ 105. According to then-Board Chair Lyn Head, Ivey questioned why the Board would grant parole to violent offenders and Lyn afterwards "felt pressure" to change the way she made parole decisions. *Id.* ¶¶ 106. Ivey afterward issued a moratorium on early parole consideration for 75 days or until the Board implemented a corrective action plan. *Id.* ¶ 107.

In 2019, the Alabama Legislature amended the parole statute. *See* Doc. 313 ¶ 109. The 2019 amendments gave the Governor, rather than the Board, the authority to appoint the Board's Director. *Id.* The amendments left the six factors for the Board's parole guidelines in place but added that "the board's paramount duty is to protect public safety" and that the Board was "to ensure public safety" in parole decisions. ALA. CODE § 15-22-26(a). But as with the 1951 statute and the 2015 Justice Reinvestment Act ("JRA"), the ultimate decision to grant or deny parole remained "at the complete discretion of the board." *Id.* § 15-22-26(c).

After the 2019 amendments went into effect, Ivey replaced the Board's Director with former Attorney General Charles Graddick (July 2019) and appointed former Assistant Attorney General Leigh Gwathney as Board Chair (September 2019). Doc. 313 ¶¶ 111-12, 147. Plaintiffs allege Marshall's office altered its prior practice after the 2018 meeting in the Governor's office and now submits letters "opposing parole for nearly every single parole candidate, including nearly without exception for candidates serving a sentence on a 'violent' offense" and coordinates with a victims-advocacy group, Victims of Crime and Leniency ("VOCAL"), to object to parole. *Id.* ¶ 118. But only four Plaintiffs allege that Marshall opposed his or her parole. *Contrast id.* ¶¶ 27 (Pritchett), 36 (R. Clark), 45 (Morrissey), 71 (Cole), *with id.* ¶¶ 6, (Moore), 14 (McDole), 19 (Campbell), 52 (Prewitt), 55 (T. Clark), 63 (Jarmon). Conviction for a violent offense, negative input from Marshall's office, and violation of ADOC disciplinary rules can result in an increased "score" under the Board's guidelines, with a higher score indicating an inmate should not receive parole. *Id.* ¶ 118.

Parole grant rates declined, particularly for violent offenders, beginning with the 2019 amendments and Gwathney's tenure until 2022. Doc. 313 ¶¶ 121-24. But the downward trend has reversed, with grant rates in Fiscal Year 2023-2024 (20.28%) and Fiscal Year 2024-2025 (22.99%) increasing and exceeding the grant rate in Fiscal Year 2019-2020 (20.12%). *See id.* ¶ 121. Plaintiffs also allege parole

outcomes are different based on race, with black inmates less likely to get parole than white inmates and less likely to get reset dates of two years or less when compared to white inmates. *Id.* ¶¶ 149-53, 127-129.

Two other developments have occurred since the filing of the First Amended Complaint. In July 2025, Ivey appointed Hal Nash to replace Gwathney as Board Chair. Doc. 313 ¶ 78; *see id.* ¶ 213 n.60. Plaintiffs do not allege that Ivey or Marshall has "directed" Nash regarding parole. Instead, they allege that the number of parole hearings and the parole grant rates "remain[ing] below historical levels … demonstrates that [Ivey and Marshall's] directives continue to drive the Board's outcomes." *Contrast id.* ¶ 209, *with id.* ¶ 242 (alleging that Gwathney denied parole to all violent offenders "on direct orders from the Governor"). And in April 2026, Ivey signed Act 2026-372 into law, which (1) required the Parole Board to consider an inmate's employment and education history during incarceration and (2) allowed the Parole Board to "give consideration to the inmate's low risk to reoffend, as established through the validated risk and needs assessment." ALA. CODE § 15-22-26. The Parole Board's "paramount duty" remains to "protect public safety." *Id.*

### Argument

As a matter of State law, Governor Ivey and Attorney General Marshall do not control parole. Plaintiffs' injury is either the denial of their request for parole or a too-long reconsideration date. But this Court has already held that the Parole Board

is the only party Plaintiffs can sue about that. Plaintiffs thus lack standing to sue Ivey and Marshall. Eleventh Amendment immunity shields Ivey and Marshall because they lack a sufficient connection to the challenged conduct. And Plaintiffs' claims brought under § 1983 fail on the merits. Last, Plaintiffs have filed another shotgun pleading.

## A.    Plaintiffs Lack Standing to Sue Ivey and Marshall.

Standing under Article III of the Constitution requires (1) injury in fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "Plaintiffs only have standing to sue the Parole Board members for the parole related claims." Doc. 215 at 19; *accord* Doc. 181 at 15-18. That's because Plaintiffs cannot establish causation or redressability. Causation is lacking because neither Ivey nor Marshall "has denied or will deny an individual Plaintiff's parole request." Doc. 215 at 18. And redressability is lacking because "neither has the authority to force individual parole decisions." *Id.* Nothing has changed to disturb the Court's previous holding.

Neither Ivey nor Marshall cannot legally cause the denial of parole or affect reconsideration dates. Causation requires the alleged injuries to be "fairly traceable to the *challenged action of the defendant*." *Doe v. Pryor*, 344 F.3d 1282, 1285 (11th Cir. 2003) (citing *Lujan*, 504 U.S. at 560). An injury is not fairly traceable to a defendant official if the injury is the result of actions of independent officials not

6

subject to the defendant official's control. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1253-54 (11th Cir. 2020) ("Because the Supervisors are independent officials not subject to the Secretary's control, their actions to implement the ballot statute may not be imputed to the Secretary for purposes of establishing traceability.").

Causation is lacking for two reasons the Court already found. Doc. 215 at 18-19. First, "the decision concerning parole release [is] at the complete discretion of the" Parole Board. ALA. CODE § 15-22-26(c); *see also* ALA. CODE § 15-22-24(a)(1) (stating that the Parole Board is charged to "[d]etermin[e] which prisoners … may be released on parole and when and under what conditions."). And only the Parole Board can set or alter reconsideration dates. *See* ALA. CODE §§ 15-22-37(b)(4), 15-22-28(f)(1); ALA. ADMIN CODE r. 640-X-3-.03. The Legislature prevented Ivey and Marshall—by statute—from invading the Parole Board's domain. "So …, the legal cause of Plaintiffs' parole [issues] are the decisions of the Parole Board, not Ivey and Marshall." Doc. 215 at 19. Second, because the Parole Board could have injured Plaintiffs "in precisely the same way" without Ivey's and Marshall's actions, causation is lacking. *Id.* (quoting *City of S. Miami v. Governor of Fla.*, 65 F.4th 631, 645 (11th Cir. 2023)).[1]

---

[1] The Second Amended Complaint provides examples of that. At least five Plaintiffs did not allege that Marshall or other stakeholders opposed their parole, yet they were denied anyway. *See supra* at 4.

Nor can Ivey or Marshall redress Plaintiffs' injury by forcing a decision on their parole applications. Redressability exists if Plaintiffs' requested relief would "significantly increase the likelihood that [they] would obtain relief that directly redresses the[ir claimed] injury." *Lewis v. Gov. of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (en banc) (citation modified). But an order requiring Ivey "to refuse to coordinate with the Parole Board to subvert the lawful operation of the parole system" or "direct the Parole Board members to follow the evidence-based standards required by state law in making parole decisions," Doc. 313, would not "require the Parole Board to start granting parole to more individuals convicted of violent offenses or to start following the risk assessments' recommendations[,]" Doc. 215 at 19. The same goes for an order requiring Marshall "to advocate for adherence to individualized, evidence- and fact-based decision-making and analysis in the parole process." Doc. 313 ¶ 77.

Ivey and Marshall's indirect authority does not establish standing either. Ivey appoints Board members, subject to confirmation by the State Senate but has no authority to order the Board to grant or deny parole. *See* ALA. CODE § 15-22-20(b). And her "ability to suspend officials for cause" is insufficient to "establish[] traceability." *City of S. Miami*, 65 F.4th at 643 (11th Cir. 2023). Marshall's power, as Attorney General, is limited to receiving notice of parole hearings and representing victims before the Board. *See* ALA. CODE §§ 15-22-23(b)(2)(a.); 15-22-36(d); 15-

8

23-83 ("The Attorney General or district attorney may assert any right to which the victim is entitled."). While Marshall—and any other interested party—may advocate for a particular outcome before the Board, the Board is the sole arbiter of whether parole is granted or denied and of reset dates. *See Sullivan v. Smith*, 925 So. 2d 972, 975 (Ala. Civ. App. 2005) ("The acts of the Board in granting or denying parole . . . are judicial in nature.").

Because neither Ivey nor Marshall control the Parole Board's decisions regarding parole, Plaintiffs cannot establish causation or redressability. Without jurisdiction over Ivey and Marshall, the Court must dismiss them from this parole-based suit.

**B.    Sovereign Immunity Shields Ivey and Marshall.**

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). *Ex parte Young* provides a "narrow

exception" for suits seeking "prospective injunctive relief against state officials on the basis of federal claims[.]" *Id.* at 96.

Plaintiffs' claims cannot travel under that narrow exception. "[T]he doctrine of *Ex parte Young* cannot operate as an exception to Alabama's sovereign immunity where no defendant has any connection to the enforcement of the challenged law at issue." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1341 (11th Cir. 1999). For the same reasons why Plaintiffs lack standing to sue Ivey and Marshall, they likewise lack the relevant connection for purposes of *Ex parte Young*. Because Plaintiffs' claims do not come within the *Ex parte Young* exception to sovereign immunity, sovereign immunity protects Ivey and Marshall from Plaintiffs' parole-related suit. *See Summit Med. Assocs, P.C.*, 180 F.3d at 1342.

## C.     Plaintiffs Fail to State a Claim for a § 1983 Violation Against Ivey and Marshall.

Plaintiffs' jurisdictional issues continue into the merits of their claims, which they all bring under 42 U.S.C. § 1983. *See* Doc. 313 at 3. Section 1983 provides an avenue to sue a State official only when she "subjects, or causes to be subjected, any citizen … to the deprivation of any [constitutional] rights." *Cf. Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (stating that respondeat superior liability is "unavailable under section 1983."). So part of establishing a § 1983 claim is showing "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th

10

Cir. 1986) (per curiam); *accord Dixon v. Burke County*, 303 F.3d 1271, 1275 (11th Cir. 2002). And the causal connection is missing when "the continuum between Defendant's action and the ultimate harm is occupied by the conduct of deliberative and autonomous decision-makers." *Id.* Just as the Parole Board's independent authority defeats Plaintiffs' standing, it defeats their ability to succeed under § 1983.

Plaintiffs also fail to state a claim on the merits for all their claims. Because the causation-related arguments are dispositive, Ivey and Marshall do not offer merits arguments here. But for preservation purposes, Ivey and Marshall adopts the Parole Board's arguments raised in support of their motion to dismiss, their and the Parole Board's previous arguments in the motion-to-dismiss briefing, and the reasoning in the Court's previous decisions on the parole-related claims.

## Conclusion

Ivey and Marshall's Motion to Dismiss is due to be granted for all claims.

Respectfully submitted,

Brad A. Chynoweth (ASB-0030-S63K)
  *Assistant Chief Deputy, Civil Division*

/s/ Benjamin M. Seiss
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400

11

Brad.Chynoweth@AlabamaAG.gov

***Counsel for Defendants Governor Kay Ivey and Attorney General Steve Marshall***

12

## Certificate of Service

I hereby certify that on June 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Benjamin M. Seiss
*Assistant Attorney General*

13